**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANN ALTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00017 |
| | ) |
| SAMUEL ALTMAN, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW Plaintiff, Ann Altman, by and through her attorneys, Mahoney Law Firm, LLC, and for her Complaint against Defendant, Samuel Altman, states as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, Ann Altman, is a resident and citizen of the State of Hawaii.

2. Defendant, Samuel Altman ("Sam Altman"), is a resident and citizen of the State of California.

3. Plaintiff, Ann Altman, and Defendant, Sam Altman, are biological siblings.

4. All of the events and wrongful acts giving rise to Plaintiff's claims herein occurred at the parties' family home located at 22 Arundel Place, Clayton, Missouri 63105 (the "Family Home") between the approximate years of 1997 through 2006.

5. In approximately 1997, Plaintiff, Ann Altman, was three years old and residing in the Family Home with Defendant, Sam Altman.

6. Beginning at or about that time, Defendant, Sam Altman, forced Plaintiff to touch his penis and perform oral penetration on him. Sam Altman was twelve years old at the time.

7. From approximately 1997 to 1999, when Plaintiff, Ann Altman, was between the ages of three to five years old, the foregoing conduct occurred several times per week where Defendant, Sam Altman, forced Plaintiff to touch his penis and perform oral penetration on him.

8. During the aforementioned period of time, Defendant Sam Altman's acts of sexual abuse progressed to digital penetration of Plaintiff's vagina and anus, and at times he would also forcibly perform oral sex on Plaintiff.

9. At all times relevant herein, Defendant, Sam Altman, groomed and manipulated Plaintiff, Ann Altman, into believing the aforementioned sexual acts were her idea, despite the fact she was under the age of five years old when the sexual abuse began and Defendant was nearly a teenager.

10. Beginning in approximately 1999 or 2000, Defendant, Sam Altman, began to penetrate Plaintiff, Ann Altman, with his penis both vaginally and anally.

11. The foregoing level of childhood sexual abuse continued for a period of approximately eight or nine years until Plaintiff was eleven or twelve years old wherein Defendant, Sam Altman, regularly continued to commit numerous acts of rape, sexual assault, sexual abuse, molestation, sodomy, and battery upon Plaintiff, Ann Altman.

12. The last acts of rape committed by Defendant, Sam Altman, against Plaintiff, Ann Altman, occurred when Defendant, Sam Altman, was an adult and Plaintiff, Ann Altman, was a minor.

13. At all times relevant herein, there was in effect a Childhood Sexual Abuse statute in the State of Missouri that governed acts of "childhood sexual abuse" that occurred when the person abused was under the age of 18. R.S.Mo. § 537.046 (West 2025).

14. Pursuant to the Missouri Childhood Sexual Abuse statute, "[a]ny action to recover damages from injury or illness caused by childhood sexual abuse in an action brought pursuant to this section shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs." R.S.Mo. § 537.046(2) (West 2025).

15. At the time of filing this action, Plaintiff, Ann Altman, is thirty (30) years of age.

## JURISDICTION & VENUE

16. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the events, acts, and omissions giving rise to the claims herein all occurred in the Eastern District of Missouri.

## COUNT I
### *Sexual Assault*

COMES NOW Plaintiff, Ann Altman, by and through her attorneys, Mahoney Law Firm, LLC, and for Count I of her Complaint against Defendant, Samuel Altman ("Sam Altman"), states as follows:

18. Plaintiff hereby incorporates Paragraphs 1 through 17 herein as though fully set forth hereunder.

19. At no time did Plaintiff, Ann Altman, consent to the aforementioned sexual assault, sexual abuse, sexual penetration, sodomy, and/or sexual contact by Defendant, Sam Altman, nor did Plaintiff maintain the capacity to consent due to her minor status.

20. As a direct and proximate result of the aforementioned acts, Defendant, Sam Altman, created in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant Sam Altman's ability to commit an unwanted and forceful sexual assault and battery, and

Defendant, Sam Altman, by committing the aforementioned acts, thereby committed a sexual assault upon Plaintiff, Ann Altman.

21. For the approximate years of 1997 through 2006, at the times that Defendant, Sam Altman, sexually assaulted Plaintiff, Defendant, Sam Altman, intended to commit an unlawful and outrageous touching upon the person of Plaintiff, Ann Altman, without any lawful justification.

22. Defendant Sam Altman's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff, Ann Altman.

23. As a direct and proximate result of the foregoing acts of sexual assault upon Plaintiff, Ann Altman, by Defendant, Sam Altman, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced PTSD, severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical and mental health treatment for her injuries, and is expected to incur the same in the future; she has lost wages and benefits she would have otherwise received, but for the sexual assault by Defendant; and may suffer such loss of wages and benefits in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ann Altman, requests that judgment be entered on her behalf against Defendant, Samuel Altman, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT II
### *Sexual Battery*

COMES NOW Plaintiff, Ann Altman, by and through her attorneys, Mahoney Law Firm, LLC, and for Count II of her Complaint against Defendant, Samuel Altman ("Sam Altman"), states as follows:

18. Plaintiff hereby incorporates Paragraphs 1 through 17 herein as though fully set forth hereunder.

19. For the approximate years of 1997 through 2006, Defendant, Sam Altman, repeatedly and continually sexually assaulted, sexually penetrated, sexually abused, raped, sodomized, and battered Plaintiff, Ann Altman.

20. At no time did Plaintiff, Ann Altman, consent to the aforementioned sexual assault, sexual abuse, sexual penetration, sodomy, sexual contact, and/or battery by Defendant, Sam Altman, nor did Plaintiff maintain the capacity to consent due to her minor status.

21. At the time Defendant, Sam Altman, committed the aforementioned acts, he intended to commit an unlawful and outrageous touching upon the person of Plaintiff, Ann Altman, without any lawful justification.

22. As a direct and proximate result of the aforementioned acts, Defendant, Sam Altman, committed an unlawful and outrageous touching upon the person of Plaintiff, Ann Altman, without any lawful justification or consent, thereby committing a battery upon her.

23. Defendant Sam Altman's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff, Ann Altman.

24. As a direct and proximate result of the foregoing acts of sexual battery upon Plaintiff, Ann Altman, by Defendant, Sam Altman, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also

experienced PTSD, severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical and mental health treatment for her injuries, and is expected to incur the same in the future; she has lost wages and benefits she would have otherwise received, but for the sexual assault by Defendant; and may suffer such loss of wages and benefits in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Ann Altman, requests that judgment be entered on her behalf against Defendant, Samuel Altman, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

Respectfully submitted,

By: /s/ Ryan J. Mahoney
Ryan J. Mahoney, #61489 (MO)
Leigh M. Perica, #68780 (MO)
MAHONEY LAW FIRM, LLC
2220 S. State Route 157, Suite 250
Glen Carbon, IL  62034
Telephone:    618-961-8288
Facsimile:    618-961-8289
ryan@themahoneylawfirm.com
leigh@themahoneylawfirm.com
**Attorneys for Plaintiff**