**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-SEP |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMMON-LAW CLAIMS,**
**AND MOTION TO DISMISS OR STRIKE**
**PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES**

COMES NOW, Defendant Samuel Altman, by and through his attorneys, for his Motion to Dismiss Plaintiff's Common-Law Claims, and Motion to Dismiss or Strike Plaintiff's Prayer for Punitive Damages, states as follows:

1.      Counts I and II are time-barred on the face of the Complaint.  Therefore, the Court should dismiss those counts.

2.      The only potential cause of action that is not time-barred on the face of the Complaint is a cause of action made pursuant to Mo. Rev. Stat. § 537.046.  Punitive damages are unavailable as a matter of law under that statute.  The Court should therefore strike or dismiss the request for punitive damages with prejudice.

3.      Alternatively, if the Court does not dismiss or strike punitive damages in their entirety, it should dismiss the request for punitive damages for any alleged conduct while Mr. Altman was a child, which are unavailable as a matter of law.

### Count I – Sexual Assault

4.      Count I purports to state a claim for "sexual assault."  This is equivalent to a traditional assault claim under Missouri law.

5.      The statutory limitations period for assault is two years.  Mo. Rev. Stat. § 516.140.  The alleged conduct in this case ended in 2006.  Compl. ¶ 4.  The Complaint was filed in 2025.

6.      The Court should therefore dismiss Count I as time-barred on the face of the Complaint.

### Count II – Sexual Battery

7.      Count II purports to state a claim for "sexual battery."  This is equivalent to a traditional battery claim under Missouri law.

8.      The statutory limitations period for battery is two years.  Mo. Rev. Stat. § 516.140.  The alleged conduct in this case ended in 2006.  Compl. ¶ 4.  The Complaint was filed in 2025.

9.      The Court should therefore dismiss Count II as time-barred on the face of the Complaint.

### Punitive Damages – Unavailable Under Section 537.046

10.      The only potential cause of action that is not time-barred on the face of the Complaint is a cause of action made pursuant to Mo. Rev. Stat. § 537.046.

11.      Punitive damages are not available as a matter of law under § 537.046.  The statute does not reference punitive damages, but instead expressly limits recovery to "damages from injury or illness."  § 537.046.2.  The statute also does not codify a common-law tort.

12.      The Court should therefore dismiss or strike Plaintiff's request for punitive damages.

2

**Punitive Damages – Unavailable for Childhood Conduct**

13.    If the Court does not dismiss or strike punitive damages entirely, it should dismiss the request for punitive damages for any alleged conduct while Mr. Altman was a child, which comprises the majority of substantive allegations in the Complaint.

14.    If the Court finds that § 537.046 codified the common-law, then the scope of that codification tracks the scope of the common law, which did not authorize punitive damages for the conduct of children.

15.    Constitutional avoidance principles additionally counsel against adopting an interpretation of section 537.046 that allows for punitive damages for childhood conduct.

**Conclusion**

16.    In further support of this Motion, Mr. Altman adopts and incorporates herein its Memorandum, which is contemporaneously filed with this Motion.

WHEREFORE, Defendant Samuel Altman respectfully requests that this Court dismiss Plaintiff's time-barred common-law claims, and strike or dismiss Plaintiff's request for punitive damages (or alternatively, dismiss the request for punitive damages for any alleged conduct while Mr. Altman was a child).

DATED:  March 7, 2025

HEPLERBROOM LLC

By:     */s/ Thomas J. Magee*
        Thomas J. Magee No. 32871
        701 Market St., Suite 1400
        St. Louis, MO 63101
        314-241-6160
        314-241-6116 Fax
        tmagee@heplerbroom.com
        *Attorneys for Defendant*

MUNGER, TOLLES & OLSON LLP

By:     */s/ Jonathan I. Kravis*
        Jonathan I. Kavis (pro hac vice)
        Xiaonan April Hu (pro hac vice)
        601 Massachusetts Ave. NW, Suite 500E
        Washington, D.C. 20001-5369
        202-220-1100
        202-220-2300 Fax

        Hailyn J. Chen (pro hac vice)
        Cordell A. Brown (pro hac vice)
        350 South Grand Ave., 50th Floor
        Los Angeles, CA 90071-3426
        213-683-9100
        213-687-3702 Fax

        Dane P. Shikman (pro hac vice)
        560 Mission St., 27th Floor
        San Francisco, CA 94105
        415-512-4000
        415-512-4077 Fax

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Thomas J. Magee*