**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 4:25-cv-00017-SEP |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFF'S COMMON-LAW CLAIMS, AND MOTION TO DISMISS OR
STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES**

i

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................................................1

II.   RELEVANT BACKGROUND ...........................................................................2

III.  LEGAL STANDARD .........................................................................................3

IV.  ARGUMENT ......................................................................................................4

     A.    Plaintiff's Assault and Battery Claims Should Be Dismissed As Time-Barred....................................................................................................4

     B.    Plaintiff's Claim for Punitive Damages Should Be Stricken or Dismissed With Prejudice ...............................................................................5

          1.    The Statutory Language Does Not Authorize Punitive Damages ..............5

          2.    Section 537.046 Did Not Codify Any Common-Law Tort ........................6

     C.    In the Alternative, the Court Should Dismiss Plaintiff's Request for Punitive Damages Based on Mr. Altman's Alleged Conduct When He Was a Child........................................................................................10

V.   CONCLUSION .................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*,
   No. 6:20-CV-03043-RK, 2022 WL 303345 (W.D. Mo. Feb. 1, 2022) ........................2, 7, 8, 9

*Application of Gault*,
   387 U.S. 1 (1967)....................................................................................................................12

*BMW of N. Am., Inc. v. Gore*,
   517 U.S. 559 (1996)................................................................................................................12

*Brown v. First Health Grp. Corp.*,
   No. 4:07CV01852NLJ, 2009 WL 440489 (E.D. Mo. Feb. 20, 2009), *on
   reconsideration in part*, No. 4:07CV1852 SNLJ, 2009 WL 1940373 (E.D.
   Mo. July 7, 2009)......................................................................................................................3

*Dubas v. Clark Equip. Co.*,
   532 F. Supp. 3d 819 (D. Neb. 2021).........................................................................................3

*Graham v. Florida*,
   560 U.S. 48 (2010)..................................................................................................................12

*Haynes v. BIS Frucon Eng'g, Inc.*,
   No. 4:08-CV-701 CAS, 2008 WL 4561462 (E.D. Mo. Oct. 10, 2008) ....................................4

*Humphrey v. Eureka Gardens Pub. Facility Bd.*,
   891 F.3d 1079 (8th Cir. 2018) ..............................................................................................3, 4

*King v. Sw. Foodservice Excellence, LLC*,
   No. 4:17 CV 2551 CDP, 2017 WL 6316830 (E.D. Mo. Dec. 11, 2017) ..................................6

*Marx v. General Revenue Corp.*,
   568 U.S. 371 (2013)..................................................................................................................6

*McSean v. Chamberlain*,
   No. 4:23-CV-01225-MTS, 2024 WL 5118196 (E.D. Mo. Dec. 16, 2024)...............................4

*Miller v. Alabama*,
   567 U.S. 460 (2012)................................................................................................................12

*Nine v. Williams*,
   No. 4:11-CV-353 CEJ, 2013 WL 3212588 (E.D. Mo. June 26, 2013)....................................4

*Rohweder v. Aberdeen Prod. Credit Ass'n*,
   765 F.2d 109 (8th Cir. 1985) ....................................................................................................3

*Roper v. Simmons*,
    543 U.S. 551 (2005) ...................................................................................................12

*Spinks v. City of St. Louis Water Div.*,
    176 F.R.D. 572 (E.D. Mo. 1997) ................................................................................3

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003) ...................................................................................................11

*Stutzka v. McCarville*,
    420 F.3d 757 (8th Cir. 2005) .......................................................................................9

*Territory of Alaska v. Am. Can Co.*,
    358 U.S. 224 (1959) .....................................................................................................9

*Waters v. Ferrara Candy Co.*,
    No. 4:17-cv-00197-NCC, 2017 WL 2618271 (E.D. Mo. June 16, 2017) ..................6

*Whitman v. Am. Trucking Assocs.*,
    531 U.S. 457 (2001) .....................................................................................................6

*In re Winship*,
    397 U.S. 358 (1970) ...................................................................................................12

**STATE CASES**

*Cooper v. Albacore Holdings, Inc.*,
    204 S.W.3d 238 (Mo. Ct. App. 2006) ........................................................................8

*Fehrman v. Pfetzing*,
    917 S.W.2d 600 (Mo. Ct. App. 1996) ........................................................................7

*McKamely v. Hession*,
    704 S.W.2d 701 (Mo. Ct. App. 1986) ......................................................................12

*O'Brien v. Loomis*,
    43 Mo. App. 29 (1890) ..............................................................................................11

*O'Riley v. U.S. Bank*,
    412 S.W.3d 400 (Mo. Ct. App. 2013) ........................................................................6

*Overman v. Sw. Bell Tel. Co.*,
    675 S.W.2d 419 (Mo. Ct. App. 1984) ....................................................................7, 8

*Payne v. Fiesta Corp.*,
    543 S.W.3d 109 (Mo. Ct. App. 2018) ........................................................................5

*R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*,
    568 S.W.3d 420 (Mo. 2019) .......................................................................................6

*Rasmussen v. Ill. Cas. Co.*,
    628 S.W.3d 166 (Mo. Ct. App. 2021)..............................................................7, 8, 10

*Ridings v. Thoele, Inc.*,
    739 S.W.2d 547 (Mo. 1987) ........................................................................2, 10, 11

*Rodriguez v. Suzuki Motor Corp.*,
    936 S.W.2d 104 (Mo. 1996) ....................................................................................6

*St. Anthony's Med. Ctr. v. H.S.H.*,
    974 S.W.2d 606 (Mo. Ct. App. 1998)......................................................................7

*State ex rel. Heart of Am. Council v. McKenzie*,
    484 S.W.3d 320 (Mo. 2016) ............................................................................1, 4, 9

*State ex rel. Praxair, Inc. v. Missouri Pub. Serv. Comm'n*,
    344 S.W.3d 178 (Mo. 2011) ..................................................................................11

*Estate of Williams v. Williams*,
    12 S.W.3d 302 (Mo. 2000) ........................................................................1, 5, 6, 10

**STATE STATUTES**

Mo. Rev. Stat. § 407.1082 ...............................................................................................5

Mo. Rev. Stat. § 407.1082.3 ............................................................................................5

Mo. Rev. Stat. § 416.658 .................................................................................................5

Mo. Rev. Stat. § 441.860 .................................................................................................5

Mo. Rev. Stat. § 510.261.5 ..............................................................................................6

Mo. Rev. Stat. § 516.140 .............................................................................................1, 4

Mo. Rev. Stat. § 537.046 ........................................................................................ *passim*

Mo. Rev. Stat. § 537.046 .................................................................................................8

Mo. Rev. Stat. § 537.046.1 ..............................................................................................8

Mo. Rev. Stat. § 537.046.1(1) .........................................................................................8

Mo. Rev. Stat. § 537.046.1(2) .........................................................................................5

Mo. Rev. Stat. § 537.046.2 .........................................................................................2, 5

Mo. Rev. Stat. § 537.525.1 ..............................................................................................7

Mo. Rev. Stat. § 568.020 ...........................................................................................8

Mo. Rev. Stat. § 569.095.1 .........................................................................................7

Mo. Rev. Stat. § 573.046 ...........................................................................................9

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................3

Fed. R. Civ. P. 12(f) ..................................................................................................3

Fed. R. Evid. 201(b) ..................................................................................................9

**LEGISLATIVE MATERIALS**

S. 325 § A, 96th Gen. Assemb., 1st Reg. Sess. (Mo. 2011), codified at § 516.098,
    https://tinyurl.com/2ytwaam7 ...........................................................................9

S. 655, 99th Gen. Assemb., 2d Reg. Sess. (Mo. 2018), codified at § 556.037,
    https://tinyurl.com/3yek4vvf...............................................................................9

S. 831 § A, 102nd Gen. Assemb., 2d Reg. Sess. (Mo. 2024),
    https://tinyurl.com/5zk4ufrd ...............................................................................9

## I.     <u>INTRODUCTION</u>

Defendant Sam Altman unequivocally denies Plaintiff's baseless allegations that he sexually abused her when she was a child. Just two days before her 31st birthday, when her claim would have expired, Plaintiff brought this lawsuit alleging fabricated claims of sexual abuse against Mr. Altman that are two decades old, purportedly when Mr. Altman himself was a child. Plaintiff asserts common-law claims that are time-barred, and requests punitive damages to which she is not entitled as a matter of law.

Plaintiff's common-law claims for assault and battery are time-barred under the applicable two-year statute of limitations. Mo. Rev. Stat. § 516.140.[1] Missouri's "childhood sexual abuse" statute, § 537.046, does not extend that limitations period, but instead creates a new cause of action with its own time limit to file suit. *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 322, 326–27 (Mo. 2016). Plaintiff's existing claims for assault and battery should therefore be dismissed.

Plaintiff's request for punitive damages should likewise be stricken or dismissed with prejudice. Without a common-law claim for assault and battery, Plaintiff's only potential cause of action arises under section 537.046. That statute allows a victim of "childhood sexual abuse"— defined as conduct against a child that would have violated certain specified criminal statutes—to bring a civil suit, up until the victim's 31st birthday, to recover damages from resulting injuries and illnesses. § 537.046.

Punitive damages are unavailable under section 537.046 as a matter of Missouri law. When a statute creating a cause of action does not expressly authorize punitive damages, then punitive damages "will not be allowed" unless the statute codifies a common-law tort. *See Estate of*

---

[1] All subsequent statutory citations will be to "Mo. Rev. Stat.," unless otherwise noted.

1

*Williams v. Williams*, 12 S.W.3d 302, 307 (Mo. 2000). There can be no dispute that section 537.046 omits any reference to punitive damages. To the contrary, the statute expressly limits recovery to "damages from injury or illness." § 537.046.2.

Nor does section 537.046 codify any common-law torts. The statute creates an entirely new cause of action unknown to the common law based on predicate criminal offenses that do not duplicate the torts of assault and battery. A Missouri federal court recently held that a similarly structured statute did not allow for punitive damages because it did not codify overlapping torts and did not reference punitive damages. *Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, No. 6:20-CV-03043-RK, 2022 WL 303345, at *6 (W.D. Mo. Feb. 1, 2022). This Court should follow *Advanced Physical Therapy*.

Even if punitive damages were available as a general matter (they are not), the Court should, at a minimum, dismiss Plaintiff's request for punitive damages for conduct allegedly committed when Mr. Altman was a child. Where a prayer for punitive damages is based on a statute that purportedly codifies a common-law tort, the availability of punitive damages is limited by the scope of Missouri common law at the time of codification. *See, e.g.*, *Ridings v. Thoele, Inc.*, 739 S.W.2d 547, 549 (Mo. 1987). At the time section 537.046 was enacted (and to this day), Missouri common law had not established that punitive damages were recoverable for the conduct of a child. In addition, constitutional avoidance principles counsel against adopting an interpretation of section 537.046 that allows for punitive damages for childhood conduct.

## II.     RELEVANT BACKGROUND

Plaintiff alleges that Mr. Altman, over a nine-year period, sexually abused her when she was a child. Compl. ¶¶ 4, 6-12. Most of her allegations concern conduct that Mr. Altman allegedly committed when he was a child, beginning when he was 12 years old. *See Id*. ¶ 6-11. Plaintiff

dedicates one cursory sentence to allegations about Mr. Altman's conduct that occurred when he

was an adult.  *Id.* ¶ 12.  Although Plaintiff has previously falsely accused Mr. Altman of sexual

abuse on social media, this is the first time she has alleged the abuse occurred when he was an

adult.  For all of this alleged conduct, Plaintiff seeks punitive damages.  *Id.* at 6.

Plaintiff asserts counts for "Sexual Assault" and "Sexual Battery."  Compl. at 3, 5.  The

Complaint also cites to Missouri's "childhood sexual abuse" statute, section 537.046, quotes the

statute's language establishing that a plaintiff must bring suit before he or she turns 31 years old,

and alleges that Plaintiff is 30 years old.  Compl. ¶¶ 13-15.

## III.    LEGAL STANDARD

Courts dismiss claims under Fed. R. Civ. P. 12(b)(6) if the complaint establishes that they

are time-barred.  *E.g.*, *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th

Cir. 2018).  Courts in this circuit have also granted motions to dismiss punitive damages under

Rule 12(b)(6).  *See, e.g.*, *Dubas v. Clark Equip. Co.*, 532 F. Supp. 3d 819, 832 (D. Neb. 2021).  On

a motion to dismiss, the court may also narrow or limit particular categories of damages to what

is available as a matter of law.  *See, e.g.*, *Brown v. First Health Grp. Corp.*, No. 4:07CV01852NLJ,

2009 WL 440489, at *6 (E.D. Mo. Feb. 20, 2009), *on reconsideration in part*, No. 4:07CV1852

SNLJ, 2009 WL 1940373 (E.D. Mo. July 7, 2009).

A request for punitive damages can also be subject to a motion to strike under Fed. R. Civ.

P. 12(f).  *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997); *see also*

*Rohweder v. Aberdeen Prod. Credit Ass'n*, 765 F.2d 109, 113 (8th Cir. 1985).  Although motions

to strike are technically discretionary, courts in this circuit facing a motion to strike punitive

damages have consistently granted the motion when they are shown to be unavailable as a matter

of law.  *E.g., Haynes v. BIS Frucon Eng'g, Inc.*, No. 4:08-CV-701 CAS, 2008 WL 4561462, at *2 (E.D. Mo. Oct. 10, 2008).

## IV.    ARGUMENT

### A.    Plaintiff's Assault and Battery Claims Should Be Dismissed As Time-Barred

Count I ("Sexual Assault") and Count II ("Sexual Battery") should be dismissed as time-barred.  Under Missouri law, these claims are equivalent to the common-law torts of assault and battery.  *McSean v. Chamberlain*, No. 4:23-CV-01225-MTS, 2024 WL 5118196, at *2 (E.D. Mo. Dec. 16, 2024) ("[E]ven though the conduct at issue might, in common parlance, be referred to by other terms, like sexual assault, Plaintiff's state law tort claims are for assault and battery.").  A cause of action for assault or battery must be commenced within two years after the claim accrues. § 516.140.  The alleged tortious conduct in this case ended in 2006, Compl. ¶ 4, but Plaintiff did not bring this lawsuit until 2025.  The applicable statute of limitations for assault and battery therefore requires dismissal of Plaintiff's purported claims for assault and battery.  *See, e.g.*, *Humphrey*, 891 F.3d at 1081 (dismissal of time-barred claim at pleading stage).

Section 537.046 does not salvage these time-barred claims.  It is settled that section 537.046 "*does not extend* the statute of limitations for . . . common law claims," including battery, but instead creates an entirely "new cause of action for childhood sexual abuse."  *McKenzie*, 484 S.W.3d at 322, 326–27 (emphasis added); *accord Nine v. Williams*, No. 4:11-CV-353 CEJ, 2013 WL 3212588, at *2 (E.D. Mo. June 26, 2013) (recognizing separate causes of action with independent limitations periods).  Count I ("Sexual Assault") and Count II ("Sexual Battery") therefore must be dismissed.[2]

---

[2] At a minimum, if the Court declines to dismiss these claims as a formal matter, it should construe the complaint as asserting only an independent claim under section 537.046, and not claims for assault or battery.

4

**B.    Plaintiff's Claim for Punitive Damages Should Be Stricken or Dismissed With Prejudice**

Plaintiff's claim for punitive damages should be stricken or dismissed with prejudice.  The only claim available to Plaintiff that is even arguably not time-barred is a claim under section 537.046.  Punitive damages are not available under that statute.  Under Missouri law, when a statute creating a cause of action does not expressly authorize punitive damages, then punitive damages "will not be allowed" unless the statute codifies a common-law tort.  *See Williams*, 12 S.W.3d at 307.  Applying the *Williams* rule to section 537.046, punitive damages are unavailable as a matter of law.

**1.    The Statutory Language Does Not Authorize Punitive Damages**

Section 537.046, by its plain terms, does not provide for punitive damages.  Instead, section 537.046 creates an "action to recover damages *from injury or illness* caused by childhood sexual abuse."  § 537.046.2 (emphasis added).  The statute goes on to define "[i]njury" and "illness" as harms that are either physical or psychological.  § 537.046.1(2).  The phrase "[i]njury or illness" delineates the outer limit of recoverable damages—the statute does not provide that other remedies may be available, as Missouri statutes often do.  *See, e.g.* §§ 441.860; 416.658; 407.1082.  Compensatory—not punitive—damages are designed to redress injury and illness.  *See e.g.*, *Payne v. Fiesta Corp.*, 543 S.W.3d 109, 130 (Mo. Ct. App. 2018).

As the Court has recognized, the Missouri Legislature's inclusion of punitive damages in other statutes[3] also "raises an inference that the legislature did not intend punitive damages to be

---

[3] *See, e.g.*, § 407.1082.3 (claims for unlawful telemarketing practices); § 213.111 (claims for employment violations); § 182.817 (claims for release of private records by libraries); § 302.170 (claims for unlawful retention of private biometric data); § 407.025 (claims for unfair or fraudulent practices in connection with merchandise), § 408.562 (claims for violations pertaining to interest and loan statutes), § 537.524 (claims for interference with hunting or trapping).

an available remedy for an action brought under" a different statute that lacks such a provision. *King v. Sw. Foodservice Excellence, LLC*, No. 4:17 CV 2551 CDP, 2017 WL 6316830, at *2 n.2 (E.D. Mo. Dec. 11, 2017) (citing *Marx v. General Revenue Corp.*, 568 U.S. 371, 384 (2013)).

That inference is particularly warranted in light of the fact that Missouri law generally disfavors punitive damages. *See O'Riley v. U.S. Bank*, 412 S.W.3d 400, 417 (Mo. Ct. App. 2013) (punitive damages are an "'extraordinary or harsh'" remedy that "should be awarded only sparingly") (quoting *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 110 (Mo. 1996)). Missouri courts not only apply "heightened pleading requirements" for punitive damages, *Waters v. Ferrara Candy Co.*, No. 4:17-cv-00197-NCC, 2017 WL 2618271, at *3 (E.D. Mo. June 16, 2017), but also do not even allow plaintiffs to seek punitive damages absent special court permission, which can be granted only if supported by evidence establishing a reasonable basis for punitive damages, *see* § 510.261.5.

Given the extraordinary nature of punitive damages in Missouri and the Legislature's practice of expressly authorizing them in other statutes, it is unlikely that the Legislature would have intended punitive damages to be available under section 537.046 without expressly providing for them. *Cf. R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 430 (Mo. 2019) ("The legislature 'does not, one might say, hide elephants in mouseholes.'" (quoting *Whitman v. Am. Trucking Assocs.*, 531 U.S. 457, 468 (2001))). The sole exception to this rule, for statutes creating causes of action, is when the statute codifies a common-law tort for which punitive damages are available. *See Williams*, 12 S.W.3d at 307.

### 2.    Section 537.046 Did Not Codify Any Common-Law Tort

A statute codifies a common-law tort generally when its provisions can be traced to an action recognized at common law. Section 537.046's text cannot be traced to a common-law tort,

6

but instead creates an entirely new cause of action unknown to the common law based on predicate criminal offenses.

A federal court in Missouri has recognized that where a statute imposes liability based on the commission of predicate criminal offenses that are independent of any overlapping torts, the statute is not a codification of common-law torts and no punitive damages will be allowed. *See Advanced Physical Therapy*, 2022 WL 303345, at *8. *Advanced Physical Therapy* is on all fours with this case. There, the court addressed whether punitive damages are available for violations of the Missouri Computer Tampering Act ("MCTA"). Similar to section 537.046, the MCTA creates a cause of action for the commission of specified criminal offenses, which include tampering with computer data, equipment, and users. *Id.* (citing § 537.525.1). Notwithstanding the fact that the MCTA substantively overlapped with the "independent" torts of conversion and invasion of privacy—which allow for the recovery of punitive damages— the court concluded that punitive damages were unavailable as a matter of law. *Id.* at *7-8 & n.14. It made no difference that certain violations of those computer-tampering statutes could also constitute conversion or invasion of privacy under Missouri common law.[4] *Id.* Because the statutory cause of action was based on criminal predicate statutes, it was enacted "independent" of those torts and could not have codified them. *Id.* Citing to other cases involving statutes that "codified" common-law claims simply by copying and pasting them into law—such as Missouri's dram shop liability statute (*Rasmussen v. Ill. Cas. Co*., 628 S.W.3d 166, 180 (Mo. Ct. App. 2021)), and Missouri's public utility claims statute (*Overman v. Sw. Bell Tel. Co.*, 675 S.W.2d 419, 424 (Mo. Ct. App.

---

[4] *Compare* § 569.095.1 (MTCA prohibition on tampering with computer data); *with Fehrman v. Pfetzing*, 917 S.W.2d 600, 602 (Mo. Ct. App. 1996) (elements of conversion), *and St. Anthony's Med. Ctr. v. H.S.H*., 974 S.W.2d 606, 609 (Mo. Ct. App. 1998) (elements of invasion of privacy).

1984))—the court held that the MCTA did not similarly codify common-law claims, and thus no right of punitive damages could be implied in the statute.[5]  2022 WL 303345, at *8.

This Court should follow *Advanced Physical Therapy*, which appears to be the sole authority addressing the availability of punitive damages for a Missouri statute that creates a cause of action based on predicate criminal offenses.  Like the MCTA, section 537.046 also imposes civil liability based on the commission of specified criminal offenses, and says nothing about punitive damages.  What is more, section 537.046's predicate offenses are narrower than the common-law torts of assault and battery.  The statute proscribes "childhood sexual abuse," which is defined as conduct against a child that is prohibited by a list of predicate criminal statutes—e.g., rape, sexual abuse, sodomy, and incest.  § 537.046.1(1).  But common-law battery encompasses significantly more conduct that does not fall within the statutory definition of "childhood sexual abuse," including striking someone in the face, performing an unconsented medical procedure, or any other contact or touching that causes offense or physical harm.  *See Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238, 246 (Mo. Ct. App. 2006).  Furthermore, unlike common-law battery, which may lie against any class of victim, section 537.046 is limited to the commission of specified crimes against a child.  § 537.046.1.  The definition of "childhood sexual abuse" also includes conduct that would not be actionable as a common-law battery, such as incest between children when the contact is consensual.  *See* § 537.046 (incorporating incest statute at § 568.020, which only requires sex with a known sibling); *Cooper*, 204 S.W.3d at 246 (offense or physical

---

[5] Missouri courts have concluded that a statute does codify a common law tort, and therefore authorizes punitive damages, where the statute merely proscribes the violation of "common law duties," *Overman*, 675 S.W.2d at 424, or forbids conduct in a way that mirrors the parameters of the common law, *Rasmussen*, 628 S.W.3d at 180.  For the reasons discussed herein, that is not the case with section 537.046.

harm required for battery).  Just as in *Advanced Physical Therapy*, the mere existence of common-law torts (e.g., battery) that could, in specific cases, overlap with the criminal offenses actionable under section 537.046 does not mean the statute "codified" the common-law torts of battery or assault.

Finally, section 537.046 does not function, even as a practical matter, as an extension of the two-year statute of limitations for assault and battery and therefore does not codify those common law torts.  As noted, *supra*, at 4, *McKenzie* rejected the notion that section 573.046 just "extends" the statute of limitations for overlapping torts.  484 S.W.3d at 322, 326-27.  The Missouri Supreme Court explained that the "special statute of limitations" for section 537.046 claims "applies *only* to 'an action brought pursuant to [section 537.046].'"  *Id.* at 327 (quoting § 537.046) (emphasis added).  The Legislature knows how to extend the statute of limitations when it wants to do so, including for conduct involving sexual abuse of minors.  *E.g.*, S. 655, 99th Gen. Assemb., 2d Reg. Sess. (Mo. 2018), codified at § 556.037 (eliminating criminal statute of limitations for unlawful sexual offenses against a minor), https://tinyurl.com/3yek4vvf; S. 325 § A, 96th Gen. Assemb., 1st Reg. Sess. (Mo. 2011), codified at § 516.098 (extending limitations period for land survey actions), https://tinyurl.com/2ytwaam7.  In fact, a bill is now pending before the Legislature to extend the limitations period for the torts of assault and battery based on sexual abuse.  *See* S. 831 § A, 102nd Gen. Assemb., 2d Reg. Sess. (Mo. 2024), https://tinyurl.com/5zk4ufrd.[6]  That bill would not be necessary if section 573.046 already effectively achieved that result.

---

[6] Defendant requests that the Court take judicial notice of the pending bill.  *See* Fed. R. Evid. 201(b); *Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 227 (1959) (judicial notice of legislative history); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (judicial notice of public records).

Because section 537.046 does not codify any common-law tort, the narrow exception set forth in *Williams* does not apply here.  Punitive damages therefore are not available for a violation of section 537.046, the only arguably timely cause of action that Plaintiff could plausibly assert in this case.

### C.     In the Alternative, the Court Should Dismiss Plaintiff's Request for Punitive Damages Based on Mr. Altman's Alleged Conduct When He Was a Child

Even if punitive damages were available as a general matter under section 537.046 (they are not), Plaintiff cannot recover punitive damages for conduct allegedly committed when Mr. Altman was a child, which comprises the majority of the conduct alleged in the Complaint.  *See* Compl. ¶¶ 5-12.  At the time section 537.046 was enacted, and to this day, Missouri common law has not established that punitive damages are recoverable for the conduct of a child, so section 537.046 did not import a right to punitive damages for childhood conduct.

Where a statutory claim for punitive damages is based on the premise that the statute codifies a common-law tort, then the availability of punitive damages under the statute is limited by the common law.  *Ridings*, 739 S.W.2d at 549.  In *Ridings*, the Missouri Supreme Court held punitive damages were not available against a franchisor that violated a statute codifying a pre-existing common-law obligation to provide notice before terminating a franchise relationship.  *Id.*  "Missouri common law *never has recognized the availability of punitive damages*," the Court held, "for failure to notify a franchisor of impending termination."  *Id.* at n.4 (emphasis added).  As a result, the franchisee "enjoyed no greater in-kind remedial rights before the enactment of [the statute] than afterward, and [is] not entitled to recover punitive damages under the statute."  *Id.* at 549.  Other Missouri cases confirm that the scope of codification must track the scope of the common law at the time of the statute's enactment.  *See, e.g.*, *Rasmussen*, 628 S.W.3d at 170.

10

Under *Ridings*, section 537.046 does not permit the recovery of punitive damages for conduct committed by a child because Missouri common has never recognized the validity of a claim for punitive damages against a child. A century before the section 537.046 became law, a Missouri court of appeals held punitive damages were unavailable against a 10-year-old child. *O'Brien v. Loomis*, 43 Mo. App. 29, 39 (1890). Acknowledging that children could be criminally prosecuted, the court held that the "*punishment*" of children should not be "loosely extended" from criminal to civil law, which is what applying punitive damages to children would achieve. *Id.* (emphasis in original). Since *O'Brien*, we are aware of no case interpreting Missouri law holding to the contrary, establishing that punitive damages are available for the conduct of a minor.

Constitutional principles also militate against construing section 537.046 to allow punitive damages for the conduct of children. Under Missouri's "constitutional avoidance" canon of construction, courts are reluctant to construe ambiguous statutes in ways that would raise significant constitutional questions. *See, e.g.*, *State ex rel. Praxair, Inc. v. Missouri Pub. Serv. Comm'n*, 344 S.W.3d 178, 187 & n.7 (Mo. 2011). Here, the confluence of two lines of cases raise serious constitutional questions about the imposition of punitive damages for the conduct of a child.

In one line of cases, the Supreme Court has established that punitive damages are subject to "procedural and substantive constitutional limitations." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). For example, even though punitive damages are a form of punishment akin to criminal penalties, defendants "in civil cases have not been accorded the protections applicable in a criminal proceeding." *Id.* at 417. As a result, punitive damages may be constitutionally excessive if, among other things, they do not account for the "degree of reprehensibility" of the defendant, which is predicated on the "accepted view that some wrongs

11

are more *blameworthy* than others." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996) (emphasis added).

In another line of cases, the Supreme Court has imposed constitutional limits on punishing the conduct of children, recognizing that children are *less blameworthy* as a class. *See, e.g.*, *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (no mandatory life without parole for juvenile offenders); *Graham v. Florida*, 560 U.S. 48, 82 (2010) (no life without parole for juvenile non-homicide offenders); *Roper v. Simmons*, 543 U.S. 551, 578 (2005) (no capital punishment for offenses committed by children). These limits are based on the notion that children have "diminished culpability and greater prospects for reform" than adults, which lessens penological justifications for harsher punishments. *Miller*, 567 U.S. at 471–72.

In view of these two doctrinal threads, substantial constitutional questions arise when imposing punitive damages for juvenile conduct. Allowing punitive damages for the conduct of minors would involve a State punishment of a class of persons with categorically diminished culpability—as the Supreme Court has repeatedly held—without the procedural safeguards that ordinarily exist to ensure fair and adequate process for the punishment. To be sure, juvenile offenders can be subject to delinquency proceedings in Missouri—including for the precise predicate offenses in section 537.046—but in Missouri, the juvenile justice system is designed to rehabilitate children, not punish them as punitive damages would do. See *McKamely v. Hession*, 704 S.W.2d 701, 704 (Mo. Ct. App. 1986). And more fundamentally, delinquency proceedings for juvenile conduct would involve procedural guardrails that do not inhere in a civil lawsuit, such as the right to confront witnesses, the right against self-incrimination, and the need for the State to meet the demanding "beyond a reasonable doubt" standard of proof. *See Application of Gault*, 387 U.S. 1, 47 (1967); *In re Winship*, 397 U.S. 358, 368 (1970).

The Court need not decide whether these considerations actually render punitive damages for childhood conduct constitutionally infirm, but they raise sufficient constitutional questions to trigger the avoidance canon of interpretation.  The Court should adopt the interpretation of the statute that avoids these concerns, and dismiss Plaintiff's request for punitive damages associated with Mr. Altman's alleged childhood conduct.

## V.    <u>CONCLUSION</u>

The Court should dismiss Plaintiff's claims for assault and battery as time-barred.  The Court should also strike or dismiss with prejudice Plaintiff's request for punitive damages in its entirety.  Alternatively, the Court should dismiss Plaintiff's request for punitive damages based on Mr. Altman's alleged conduct as a minor, which is the gravamen of Plaintiff's Complaint.

DATED:  March 7, 2025

HEPLERBROOM LLC

By:    */s/ Thomas J. Magee*
       Thomas J. Magee No. 32871
       701 Market St., Suite 1400
       St. Louis, MO 63101
       314-241-6160
       314-241-6116 Fax
       tmagee@heplerbroom.com
       *Attorneys for Defendant*

MUNGER, TOLLES & OLSON LLP

By:    */s/ Jonathan I. Kravis*
       Jonathan I. Kavis (pro hac vice)
       Xiaonan April Hu (pro hac vice)
       601 Massachusetts Ave. NW, Suite 500E
       Washington, D.C. 20001-5369
       202-220-1100
       202-220-2300 Fax

       Hailyn J. Chen (pro hac vice)
       Cordell A. Brown (pro hac vice)
       350 South Grand Ave., 50th Floor
       Los Angeles, CA 90071-3426
       213-683-9100
       213-687-3702 Fax

       Dane P. Shikman (pro hac vice)
       560 Mission St., 27th Floor
       San Francisco, CA 94105
       415-512-4000
       415-512-4077 Fax

       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Thomas J. Magee*

14