IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00017-SEP |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, Ann Altman, by and through her attorneys, Mahoney Law Firm, LLC, and respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") filed by Defendant, Samuel Altman. For the reasons to follow, Defendant's Motion should be denied in its entirety. In the alternative, Plaintiff requests that she be allowed to amend her Complaint.

## INTRODUCTION

Defendant's Motion should be denied because Missouri's Childhood Sexual Abuse Statute, Mo. Rev. Stat. 537.046 (hereinafter "Mo. Rev. Stat. 537.046" or "Section 537.046"), appropriately governs Ann Altman's claims and dictates that her claims were timely pled before her thirty-first birthday. There is also no basis to dismiss or strike Plaintiff's request for punitive damages. Plaintiff, Ann Altman ("Annie"), properly pled a plausible claim for childhood sexual assault and sexual battery, both of which would support a plausible award of punitive damages at trial.

## RELEVANT FACTS

Plaintiff's Complaint sets forth allegations of childhood sexual abuse in the form of both sexual assault and sexual battery. (Compl. at ¶¶ 6-14, 18). From approximately three years old to

eleven or twelve years old, Annie was sexually abused by her brother, Defendant, Samual Altman ("Sam Altman"). (*Id*. at ¶¶ 5-11). The sexual abuse began when Defendant forced Annie to touch his penis and perform oral sex on him. (*Id.*). Sam Altman was twelve years old when he began sexually abusing Annie. (*Id.*). The abuse escalated from there. (*Id.*). When Annie was approximately five or six years old, Defendant penetrated Annie both vaginally and anally. (*Id*. at ¶ 10). Annie's sexual abuse at the hands of Defendant continued for at least eight years until she was approximately eleven or twelve years old, and Defendant was a legal adult (*Id.* at ¶¶ 11-12). All allegations of sexual assault and sexual battery in the Complaint arose while Annie was a minor and protected under Mo. Rev. Stat. § 537.046 (*Id.* at ¶¶ 13-15).

## <u>LEGAL STANDARD</u>

A complaint need only contain "enough facts to state a claim to relief that is plausible on its face" and there is no "heightened fact pleading of specifics." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] When considering a Rule 12(b)(6) motion, a court should assume the factual allegations of a complaint are true and construe them in the non-movant's favor. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement." The inquiry is not "whether the plaintiff will ultimately prevail" but whether a plaintiff should be allowed to present evidence of their claim. *Freeman v. Toyota Motor Sales, USA, Inc*., No. 4:19-cv-02550, 2020 WL 7041810, at *1 (E.D. Mo. Nov. 30, 2020) (Pitlyk, J.).

---

[1] Unless otherwise noted, all internal quotation marks and citations are omitted from case citations.

## ARGUMENT

**A. Plaintiff's Claims for Sexual Assault and Sexual Battery are Timely and Proper Under Missouri's Childhood Sexual Abuse Statute, Mo. Rev. Stat. 537.046.**

Defendant not only misreads Section 537.046 but entirely misses the mark as to its application to the facts of this case. The statute provides an avenue for recovery in civil childhood sexual abuse litigation with a specific statute of limitations. Defendant conveniently omits that Plaintiff's "battery" and "assault" claims are for sexual battery and sexual assault of a minor. Plaintiff's Complaint both timely and properly alleges Sexual Assault and Sexual Battery of a minor within the confines of Section 537.046.

Mo. Rev. Stat. 537.046 states:

"1. As used in this section, the following terms mean:
(1) "Childhood sexual abuse", any act committed by the defendant against the plaintiff which act occurred *when the plaintiff was under the age of eighteen years and which act would have been a violation of section 566.030, 566.040, [ ] 566.060, 566.070, [ ] , 566.090, 566.100, [ ] or section 568.020*;
…
2. Any action to recover damages from injury or illness caused by childhood sexual abuse in an action brought pursuant to this section shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs.

3. This section shall apply to any action commenced on or after August 28, 2004, including any action which would have been barred by the application of the statute of limitation applicable prior to that date.

Specifically contemplated within this statute are the criminal offenses of rape, sodomy, sexual abuse, and incest, all of which have been alleged by Plaintiff in this case. While Missouri does not have a criminal battery offense, Plaintiff's allegations regarding her sexual assault and sexual battery suffered at the hands of her brother, Defendant, Sam Altman, fall squarely within those acts contemplated by Section 537.046, and Plaintiff unequivocally pleads as such.

In fact, the Eastern District of Missouri has specifically addressed the statute of limitations for childhood sexual abuse cases and recognizes that Mo. Rev. Stat. 537.046 applies equally to sexual assault, battery, and sexual abuse of a minor:

> "***Missouri's assault and battery/sexual abuse of a child is governed by a special statute***, which provides:
>
> Any action to recover damages from injury or illness caused by childhood sexual abuse in an action brought pursuant to this section shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs.

*McCormick v. Johnston*, No. 4:09-CV-140-CEJ, 2012 WL 4793992, at *4 (E.D. Mo. Oct. 9, 2012) (Jackson, J.) (emphasis added).; *Doe v. Roman Cath. Archdiocese of St. Louis,* No. 4:20-CV-331 PLC, 2020 WL 7240353, at *5 (E.D. Mo. Dec. 8, 2020) (Cohen, J.) (same).

Statutes extending the limitations period for actions involving childhood sexual abuse also encompass the statutory period for a sexual assault or sexual battery cause of action arising out of childhood abuse. *Straub v. Tull*, 128 S.W.3d 157, 163 (Mo. Ct. App. 2004) *citing Ridder v. Hibsch*, 94 S.W.3d 470, 472-73 (Mo. Ct. App. 2003) ("[T]here is precedent for allowing such causes of action to be brought within another statute of limitations, section 537.046 ... so long as the statutes of limitations for the tort causes of action had not expired prior to the effective date of section 537.046...."). Given that Mo. Rev. Stat. 537.046 was enacted on August 28, 1990, and the legislature has since extended the limitations period from "commencement of the action [ ] within five years of the date the plaintiff attains the age of eighteen," *K.G. v. R.T.R.*, 918 S.W.2d at 798 *quoting* Mo. Ann. Stat. § 537.046 (1990), to commencement "within ten years of the plaintiff attaining the age of twenty-one," Mo. Ann. Stat. §537.046 (2024), it is clear that the Legislature intended to allow additional time for minors to bring claims rooted in childhood sexual abuse. Missouri Appellate Courts have reasoned that it "is apparent that the legislature wanted to create a

separate statute of limitations for incest or other sexual conduct involving close family members. It also appears that the legislature felt that this type of contact by a close family member deserved a longer statute of limitations." *Ridder v. Hibsch*, 94 S.W.3d 470, 475 (Mo. Ct. App. 2003); *Straub v. Tull*, 128 S.W.3d 157, 162 (Mo. Ct. App. 2004). Given the current statute of limitations in Section 537.046, Plaintiff unequivocally maintains timely sexual assault and sexual battery claims arising from childhood sexual abuse committed by her brother, Defendant, Sam Altman, and indeed, pleads the elements of Section 537.046 in each Count of her Complaint. (Compl. at ¶¶ 13-15, 18).

Defendant relies on *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320 (Mo. 2016) in an attempt to argue that Plaintiff's claims are time barred. However, the Court's ruling in *McKenzie* is inapposite. In *McKenzie*, John Doe sought to hold the Boy Scouts vicariously liable for battery and sexual abuse committed by his scoutmaster. *McKenzie*, 484 S.W.3d at 323. The Court held that a non-perpetrator could not be held vicariously liable for said claims and therefore, John Doe failed to state a claim against the Boy Scouts under Mo. Rev. Stat. 537.046. *Id*. at 327. The Court reasoned that the statute creates a cause of action against the perpetrators of sexual abuse only, not non-perpetrators. *Id*. at 327. While *McKenzie* addressed that Section 537.046 created a cause of action for childhood sexual abuse, it does not stand for the proposition that Plaintiff's claims are time barred here.

In the present case, Annie's allegations are exclusively against the individual perpetrator of her abuse, Sam Altman, not an institutional non-perpetrator third-party, and Plaintiff's causes of action, both sound under Section 537.046 and specifically allege as such. It should also be noted that John Doe's remaining claims against his scoutmaster in *McKenzie* prevailed at trial and he was awarded both compensatory and punitive damages for the childhood sexual abuse and sexual

battery he suffered. *John Doe v. Scott A. Bradshaw*, No. 1116-CV-09480 (16th Jud. Cir., Jackson Cty.) (Feb. 28, 2017).

Not only are Annie's claims against the individual perpetrator of her abuse, but each Count specifically incorporates Section 537.046 within her Complaint, so as to not leave any doubt about the applicability of that statute to the facts of this case. Plaintiff has also alleged that over the course of approximately nine years, she was raped, sodomized, sexual abused, and a victim of incest by Defendant Sam Altman – the exact offenses contemplated within the statute. (Compl. at ¶¶ 5-12). Accordingly, the Court should deny Defendant's Motion to Dismiss in its entirety as both childhood sexual assault and sexual battery fall within Mo. Rev. Stat. 537.046 and Plaintiff has properly pled her causes of action.

Pleading hypothetically, and in the alternative, should the Court determine that Plaintiff may only plead one cause of action for childhood sexual abuse under Mo. Rev. Stat. 537.046, Plaintiff seeks leave to amend her Complaint to combine Counts I and II into one cause of action.

**B. Plaintiff's Request for Punitive Damages Is Both Proper and Well Taken Under Mo. Rev. Stat. 537.046**

*i. Punitive Damages are Regularly Awarded to Survivors of Sexual Assault and Childhood Sexual Abuse.*

Under Missouri law, it is clear that survivors of childhood sexual abuse may pursue punitive damages as a component of their claims. Punitive damages are available serving as both a deterrent and a mechanism for punishment. For intentional tort cases, "punitive damages require a showing of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act or reckless disregard (from which evil motive is inferred) for an act's consequences." *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994). Missouri Approved Instruction 10.01 allows punitive damages to be awarded as a result of intentional torts and outrageous conduct

on the part of a defendant if the jury finds that the conduct of the defendant "was outrageous because of defendant's evil motive or reckless indifference to the rights of others." Mo. Approved Jury Instr. (Civil) 10.01 (8th ed). It should be noted that Plaintiff cites to the M.A.I. for the purpose of demonstrating punitive damages are contemplated for Missouri causes of action arising from childhood sexual abuse. However, the present case was brought in federal court and federal pleading standards therefore apply with respect to seeking punitive damages in Plaintiff's Complaint. *See Kilburn v. Autosport Acquisitions, LLC*, No. 1:20-CV-211-ACL, 2021 WL 307550 (E.D. Mo. Jan. 29, 2021) (Crites-Leoni, J.); *see also, Gaydos v. Gully Transportation, Inc.*, No. 4:21-CV-388-SPM, at *2-3 (E.D. Mo. Oct. 26, 2021 (Mensah, J.).

Defendant cites a number of cases regarding unavailability of punitive damages, yet he fails to cite a single case that specifically addresses the availability of punitive damages for childhood sexual abuse. With the entire purpose of punitive damages being that they are reserved for the most egregious misconduct, there is no question that punitive damages should be available in cases of childhood sexual abuse, sexual assault, and sexual battery.

> "Punitive damages punish a defendant for outrageous, intentional, or malicious conduct, and deter similar extreme conduct in the future. It is a question of fact whether a defendant's conduct was motivated by an evil motive or involves reckless indifference to the federally protected rights of others."

*Schaub v. VonWald*, 638 F.3d 905, 922–23 (8th Cir. 2011).

Cases involving childhood sexual abuse in Missouri regularly result in punitive damages awards. *See, e.g., A.R.B. v. Elkin*, 98 S.W.3d 99, 105 (Mo. Ct. App. 2003) (punitive damages authorized where father's acts of childhood sexual abuse were outrageous and were committed with evil motive or reckless indifference to the rights of his children); *Straub v. Tull*, 128 S.W.3d 157 (Mo. Ct. App. 2004) (jury verdict of $25,000 in actual damages and $85,000 in punitive damages affirmed on appeal in case arising from acts of childhood sexual abuse); *John Doe v. Scott*

*A. Bradshaw*, No. 1116-CV09480 (16th Jud. Cir., Jackson Cty.) (Feb. 28, 2017) (child sexual abuse survivor awarded $25 million in compensatory damages and $75 million in punitive damages against abuser in bench trial); *Doe v. Wentzville R-IV Sch. Dist.*, 135 F. App'x 891, 892 (8th Cir. 2005) (punitive damages award upheld in civil battery action involving sexual molestation of minor). The foregoing Missouri precedent makes clear that punitive damages are recognized and have been allowed where plaintiffs have pursued claims under Section 537.046.

> ### ii. *Missouri Law Recognizes the Availability of Punitive Damages in Sexual Assault, Sexual Battery, and Childhood Sexual Abuse Cases.*

It goes without saying, but generally, "acts of sexual abuse involve acts of touching, and hence are battery actions." *Harris v. Hollingsworth*, 150 S.W.3d 85, 88 (Mo. App. Ct. 2004). At their core, "there is no claim of sexual abuse which is not at its essence an unconsented touching." *Id.* It is important Courts do not lose sight of this simple fact when analyzing Mo. Rev. Stat. 537.046. Many cases concerning childhood sexual abuse involve family members and the clergy. When Missouri courts have analyzed these types of cases over the years, particularly around the time Section 537.046 was enacted, it is clear that Missouri courts viewed the statute as codifying common law claims of sexual assault and sexual battery. This is evident by the numerous decisions where Missouri courts analyzed childhood sexual abuse claims in the context of the applicable statute of limitations. Historically, prior to the enactment of Section 537.046, childhood sexual abuse cases were filed as common law tort cases and two statutes of limitation controlled – the two-year statute for assault or battery, and the five-year statute applicable to any other injury to the person. *See, Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 342 (Mo.banc. 1993); *see also, Sheehan v. Sheehan*, 901 S.W.2d 57, 58 (Mo.banc. 1995). Section 537.046 created a longer statute of limitations for childhood sexual abuse but it did not apply retroactively to revive

a childhood sexual abuse claim that was already time barred at the time the statute became effective. *Doe*, 862 S.W.2d at 342.

Extending this one step further, both sexual assault and sexual battery causes of action in Missouri traditionally have allowed for punitive damages. *See, e.g., Weaver v. African Methodist Episcopal Church, Inc.*, 54 S.W.3d 575, 589 (Mo. App. Ct. 2001) (punitive damages award upheld against elder for sexual battery where grabbed plaintiff's breast). Punitive damages arising from a physical assault have been allowed in Missouri for over 100 years. *See, e.g., Gieske v. Redemeyer*, 224 S.W. 92 (Mo. App. Ct. 1920) (where an assault is committed maliciously, the assaulted party may be allowed punitive damages).[2] If Missouri courts view childhood sexual abuse cases as battery actions, it explains why punitive damages are allowed in cases brought under Section 537.046, as cited above in Section B(i).

Consistent with this approach, Plaintiff is not aware of any Missouri or federal court ***ever*** holding that punitive damages are unavailable under Mo. Rev. Stat. 537.046 since its enactment in 1990, and indeed, Defendant does not cite to a single case reaching that conclusion. While Defendant relies on *Ridings v. Thoele, Inc.,* 739 S.W.2d 547 (Mo.banc 1987) for the premise that punitive damages are unavailable to Plaintiff, Defendant's application of *Ridings* is not persuasive with respect to the availability of punitive damages for childhood sexual abuse cases such as this. *Ridings* addresses whether punitive damages are allowable in a statutory action brought pursuant Mo. Ann. Stat. § 407.410, by a franchisee against a franchisor for termination of a franchise. *Ridings* held that the remedial language of the statute pursuant to which the action was brought did not permit the award of punitive damages. 739 S.W.2d at 549**.** This case is neither brought under the statute to which the holding in *Ridings* applied, nor is it an action in any way

---

[2] *Gieske v. Redemeyer*, 224 S.W. 92 (Mo. App. Ct. 1920) is an unpublished opinion. Accordingly, Plaintiff attached a copy of the opinion to the filing of this Memorandum.

relating to a franchise agreement. In fact, courts have limited the *Ridings* holding and declined to extend its analysis outside of the contractual or franchise context. *See, e.g., Atkins v. McPhetridge*, 213 S.W.3d 116, 121 (Mo. Ct. App. 2006). It is therefore inapplicable here.

Defendant further attempts to equate the case of *Advanced Physical Therapy* with the present case, suggesting it is on all fours with this case. Such an argument is a significant stretch. The court in that case addressed whether punitive damages were available for violations of the Missouri Computer Tampering Act ("MCTA"), a statute that created a civil cause of action for tampering with computer data, computer equipment, or with computer users. *Advanced Physical Therapy v. Apex Physical Therapy*, 2022 WL 303345, *8 (Feb. 1, 2022). The court specifically acknowledged that the statute effectively created a civil cause of action for "what is otherwise *only* a criminal offense." *Id.* It is for this reason, it distinguished *Rasmussen v. Ill. Casualty Co.*, 628 S.W.3d 166 (Mo. App. Ct. 2021) as the MCTA did not codify a common law claim "analogue in the same way *Rasmussen* relied on the statutory codification of a common law claim for dram shop liability." *Id.*

Tampering with computer data, computer equipment, or with computer users is a very specific offense for which a common law claim was not previously recognized. This is unlike the present case where prior to the enactment of Section 537.046, survivors of childhood sexual abuse filed common law tort claims sounding in battery against their abusers, which was recognized time and again by Missouri courts analyzing the applicable statutes of limitation. *See, supra, Doe*, 862, S.W.2d at 342; *see also, Sheehan*, 901 S.W.2d at 58. Missouri courts, likewise, have traditionally recognized that punitive damages are allowed in common law claims for sexual assault and sexual battery. *See, supra, Weaver*, 54 S.W.3d at 589. *Advanced Physical Therapy* is not "on all fours,"

as Defendant alleges in his Memorandum. (Dkt. No. 17 at 7). If it was, it would specifically address Section 537.046 and the application of punitive damages.

In light of the foregoing, not only does Missouri recognize the availability of punitive damages for claims of sexual assault and sexual battery, but such claims were codified under Mo. Rev. Stat. 537.046 and have been upheld in childhood sexual abuse cases where punitive damages were awarded.

### iii.    *Defendant Possessed the Requisite Mental Capacity to Warrant Punitive Damages.*

Defendant's claim that punitive damages are unavailable due to the Defendant's age at the time he sexually abused his sister also fails. Not only does Plaintiff sufficiently allege that Defendant was an adult at certain times that he sexually abused her (Compl. at ¶¶ 11-12), which is enough to warrant a request for punitive damages at the pleading stage, but Missouri Courts have also addressed the mental state of children and at what age they contemplate right from wrong. Missouri Courts have held that children as young as thirteen possess the requisite mental state to understand right from wrong. In fact, a Missouri Appellate Court found that a plaintiff, who was thirteen or fourteen at the time he was sexually abused by a priest, had the requisite mental capacity to possess "full knowledge of the events and knew they were wrongful" at the time the abuse occurred, so much so that his claims against the archdiocese for intentional failure to supervise the priest were time-barred as a result. *H.R.B. v. Rigali,* 18 S.W.3d 440, 444 (Mo. App. 2000).

Here, Plaintiff sufficiently pleads that Defendant, Sam Altman, while he was approximately thirteen to twenty years old, sexually abused Plaintiff.  Given his age at the time of abuse, Plaintiff has sufficiently pled facts demonstrating that Defendant possessed the requisite mental capacity at the time of the abuse to warrant a request for punitive damages at this stage of the litigation. Given Sam Altman is referred to as a prodigy of his generation and has been named

one of the 100 most influential people in the world, it may very well be that Defendant's mental capacity at the age of twelve or thirteen far surpassed that of his peers.

Defendant cites *O'Brien v. Loomis*, 43 Mo. App. 29, 39 (1890) for the proposition that punitive damages are unavailable for actions of a minor. However, in *O'Brien*, the defendant was a minor at the time judgment was sought and the action was based on simple negligence. *Id.* at 30-31. Unlike *O'Brien*, Defendant is not currently a minor, nor is Plaintiff attempting to hold a minor responsible "for an injury inflicted through mere recklessness and childish indiscretion." *Id.* at 40. Instead, Plaintiff adequately pleads that Defendant, Sam Altman, intentionally assaulted and abused her for several years while he was both a teenager and an adult. (Compl. at ¶¶ 7-12).

Plaintiff's Complaint clearly sets forth facts supporting a plausible claim for punitive damages based on her allegations that she endured both sexual assault and sexual battery as a young child. Liberally granting Plaintiff all favorable inferences from her pleading, the Court should find that her Complaint provides sufficient facts to demonstrate that Defendant Sam Altman's frequent sexual abuse of his young sister was done willfully, wantonly, or maliciously. Therefore, any punitive damages award relating to Plaintiff's sexual assault and sexual battery claims withstands a Rule 12(b)(6) or 12(f) challenge at this stage and is more appropriate for a jury to decide.

### C.  In the Alternative, the Court Should Grant Plaintiff Leave to Amend her Complaint.

If the Court is persuaded that there is some defect in Plaintiff Ann Altman's Complaint—something that Plaintiff continues to deny— the Court should allow leave to amend to correct any pleading defect at issue. There is simply no warrant for depriving Plaintiff of her right to pursue childhood sexual abuse claims and punitive damages as part of her claims at this stage of the litigation.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff, Ann Altman, respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety. In the alternative, if the Court is inclined to grant all or part of Defendant's motion, Plaintiff respectfully requests that the Court grant leave to amend her Complaint to correct any deficiencies identified by the Court.


Respectfully submitted,


By:   */s/ Ryan J. Mahoney*
      Ryan J. Mahoney #61489
      Leigh M. Perica, #68780
      MAHONEY LAW FIRM, LLC
      2220 S. State Route 157, Suite 250
      Glen Carbon, IL  62034
      Telephone:    618-961-8288
      Facsimile:     618-961-8289
      ryan@themahoneylawfirm.com
      leigh@themahoneylawfirm.com
      ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I, Ryan J. Mahoney hereby certify that on April 23, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

 /s/ *Ryan J. Mahoney*