IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00017-SEP |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO DISMISS AND/OR STRIKE
DEFENDANT'S COUNTERCLAIMS**

COMES NOW Plaintiff, Ann Altman, by and through her attorneys, Mahoney Law Firm, LLC, and for her Motion to Dismiss and/or Strike Defendant's Counterclaims pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, states as follows:

1. Defendant's Counterclaims, Count I (Abuse of Process) and Count II (Defamation), should be dismissed because each count lacks the required elements to support his claims, and fails to state a claim upon which relief can be granted against Plaintiff, Ann Altman ("Annie").

2. Count I of Defendant's Counterclaim for Abuse of Process cannot prove all necessary elements for an abuse of process cause of action, given that Plaintiff merely employed the judicial process to accomplish an end intended by law and which she is entitled to pursue.

3. In reality, Defendant's filing of his Counterclaim is the real abuse of process here as his claims are misleading and wrongful; a wordy denial as a way of deflecting his conduct and explaining his sister's lawsuit to the media and the public. Indeed, Defendant's attempt to frame Plaintiff's case as a mentally ill person seeking financial gain, without any basis in fact for the allegation, is the very definition of the abuse of process claim Defendant attempts to bring against Plaintiff.

4. Ann Altman had been receiving regular payments from her late father's Trust for months preceding her lawsuit against Sam Altman, making little sense why she would feel the need to "extort" her family now as Sam Altman alleges. (Counterclaim at ¶1). The timing of Plaintiff filing her Complaint coincided with the looming statute of limitations deadline (i.e. her thirty-first birthday) by which to allege childhood sexual abuse claims without forever waiving her claims. Plaintiff merely pursued her legal rights as a survivor of childhood sexual abuse, precluding Defendant's claim for abuse of process.

5. In light of these facts and applicable law, Defendant's abuse of process claim fails for two reasons: (1) Plaintiff has pursued a lawful cause of action for childhood sexual abuse within the time authorized by Missouri law seeking financial compensation for the damages she suffered arising from Sam Altman's conduct; and (2) she had no ulterior motive or improper purpose in bringing her claim, and even if she did, which Plaintiff disputes, it is irrelevant under Missouri law because she brought a cause of action she is entitled to pursue.

6. Count II of Defendant's Counterclaim for Defamation should also be dismissed, as the claim fails to satisfy the necessary elements for pleading and proving a defamation claim. Plaintiff published only truthful statements that identify Sam Altman and any other statements Defendant attributes to Plaintiff do not specifically identify Defendant, Sam Altman, by name, and/or are permissible expressions of opinion.

7. Alternatively, if the Court is inclined to deny Plaintiff's Motion with respect to Count II, the Court should strike Defendant's defamation allegations that fail to identify the Defendant specifically by name.

8.     Finally, Plaintiff respectfully requests this Court strike Defendant's prayer for relief for attorneys' fees, as there is no statute or contract that would allow for an award of attorneys' fees for Defendant's common law claims of abuse of process and defamation.

WHEREFORE, Plaintiff Ann Altman, respectfully requests this Court grant her Motion to Dismiss and/or Strike Defendant's Counterclaims in the manner stated above, and to enter an order dismissing Counts I and Count II of Defendant's Counterclaim and/or striking the portions insufficient under the law, and for such other or further relief as this Court deems just.

Respectfully submitted,

By: */s/ Ryan J. Mahoney*
    Ryan J. Mahoney #61489
    Leigh M. Perica, #68780
    MAHONEY LAW FIRM, LLC
    2220 S. State Route 157, Suite 250
    Glen Carbon, IL  62034
    Telephone:    618-961-8288
    Facsimile:     618-961-8289
    ryan@themahoneylawfirm.com
    leigh@themahoneylawfirm.com
    ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I, Ryan J. Mahoney, hereby certify that on April 23, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

    /s/ *Ryan J. Mahoney*