IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN ALTMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-00017-SEP |
| SAMUEL ALTMAN, | ) ) ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO DEFENDANT'S COUNTERCLAIMS**

COMES NOW Plaintiff/Counterclaim Defendant, Ann Altman, by and through her attorneys, Mahoney Law Firm, LLC, and for her Answer and Affirmative Defenses to Defendant/Counterclaim Plaintiff Samuel Altman's Counterclaims, states as follows:

**INTRODUCTION**

1. Plaintiff/Counterclaim Defendant asserts this paragraph is improperly pled under Fed. R. Civ. P. 8 and should be stricken. To the extent that further response is deemed necessary, Plaintiff/Counterclaim Defendant admits Sam Altman and Connie Gibstine provided her with financial support years ago. Plaintiff/Counterclaim Defendant further admits she received monthly financial support from her late father's Trust in 2024. Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 1.

**PARTIES**

2. Plaintiff/Counterclaim Defendant admits the allegations of Paragraph 2.

3. Plaintiff/Counterclaim Defendant admits the allegations of Paragraph 3 based upon Defendant/Counterclaim Plaintiff's pleadings in this case.

## JURISDICTION AND VENUE

4. Paragraph 4 asserts a legal conclusion and therefore no response is required. To the extent that further response is deemed necessary, Plaintiff/Counterclaim Defendant admits that this Court has subject matter jurisdiction over this action.

5. Paragraph 5 asserts a legal conclusion and therefore no response is required. To the extent that further response is deemed necessary, Plaintiff/Counterclaim Defendant admits she has submitted herself to the jurisdiction of this Court and that this Court has personal jurisdiction over her.

6. Paragraph 6 asserts a legal conclusion and therefore no response is required. To the extent that further response is deemed necessary, Plaintiff/Counterclaim Defendant admits the allegations and legal conclusions of Paragraph 6.

## FACTUAL BACKGROUND

7. Plaintiff/Counterclaim Defendant admits Sam Altman and Connie Gibstine provided her with financial support years ago for bills and other expenses. Plaintiff/Counterclaim Defendant further admits she received monthly financial support from her late father's Trust in 2024. Plaintiff/Counterclaim Defendant denies that Sam Altman and other family members currently provide her with monthly financial support through their late father's estate, as none of them are the Trustee for their late father's Trust and, therefore, are not authorized to make any such decision. Rather, their late father's Trust is managed by a corporate Trustee who is vested with the discretionary decision-making authority to make distributions from the Trust. Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 7.

8. Plaintiff/Counterclaim Defendant admits she has been diagnosed with PTSD as a direct and proximate result of Sam Altman sexually abusing her as a child. Plaintiff/Counterclaim

Defendant denies she is mentally ill as Sam Altman has characterized her in his Counterclaim and through social media as a way of deflecting and explaining her allegations against him. Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 8.

9. Plaintiff/Counterclaim Defendant admits that Defendant/Counterclaim Plaintiff, Sam Altman, offered to buy Plaintiff/Counterclaim Defendant a home at one point but avers that she declined the offer. Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 9.

10. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 10.

11. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 11 and avers that all allegations of childhood sexual abuse brought against Defendant/Counterclaim Plaintiff, Sam Altman, are true. Plaintiff/Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation with respect to Jack Altman as the specific accusation and/or statement is not alleged therein.

12. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 12.

13. Plaintiff/Counterclaim Defendant admits she filed the lawsuit *Altman v. Altman*, No. 4:25-cv-00017 (E.D. Mo.) in Missouri federal court on January 6, 2025, alleging Sam Altman abused her when she was a child and that she seeks compensatory and punitive damages. Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 13.

14. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 14.

15. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 15.

16. Plaintiff/Counterclaim Defendant admits she made the truthful post on Twitter (now known as X) on November 13, 2021: "I experienced sexual, physical, emotional, verbal,

financial, and technological abuse from my biological siblings, mostly Sam Altman and some from Jack Altman." Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 16.

17. Plaintiff/Counterclaim Defendant admits she made the truthful post on Twitter (now known as X) on March 14, 2023 that does not identify any particular individual: "I'm not four years old with a 13 year old 'brother' climbing into my bed non-consensually anymore. (You're welcome for helping you figure out your sexuality.)." Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 17.

18. Plaintiff/Counterclaim Defendant admits she made the truthful post on X on September 30, 2023 that does not identify any particular individual: "I experienced every single form of abuse with him – sexual, physical, verbal, pharmacological (forced Zoloft, also later told I'd receive money only if I went back on it), and technological (shadowbanning)."

19. Plaintiff/Counterclaim Defendant admits she made the truthful post on X on October 4, 2023 that does not identify any particular individual: "If only there was little sister with a bed you could uninvited crawl in, or sick 20-something sister you could withhold your dead dad's money from, to cope."

20. Plaintiff/Counterclaim Defendant denies she has made false statements about Sam Altman. Plaintiff/Counterclaim Defendant admits Sam Altman is not explicitly mentioned by name in each separate publication. Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 20.

21. Plaintiff/Counterclaim Defendant admits she put out a book of poems, entitled *HumAnnie Grief Poems,* containing poems she authored. Plaintiff/Counterclaim Defendant admits the first poem includes the following but does not identify Sam Altman: "Disturbing my bedtime with disturbing demands…Seeking his pleasure with no regard for its impact, Pimped out to the

pimp himself, and one of his/my brothers, before I could walk." Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 21.

22. Plaintiff/Counterclaim Defendant admits that on August 9, 2024, she posted on X the truthful statement that her "long term home was broken into one month after these tweets," and included a screenshot of her prior November 13, 2021 post on Twitter (now known as X) that referenced Sam Altman and Jack Altman. Plaintiff/Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation as to how many views the post has received. Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 22.

23. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 23. To the best of her knowledge and belief, Plaintiff/Counterclaim Defendant further avers she did not post any videos on TikTok on August 20, 2024.

24. Plaintiff/Counterclaim Defendant admits that on October 8, 2024, she posted a video on TikTok in which she made the truthful statement that "an almost tech billionaire" was "terrified of the little sibling" that he "repeatedly molested and physically abused." Plaintiff/Counterclaim Defendant denies the remaining allegations of Paragraph 24.

25. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 25. Plaintiff/Counterclaim Defendant further asserts that any allegations asserting damages for non-parties should be stricken.

## COUNT I
### Abuse of Process

26. Plaintiff/Counterclaim Defendant hereby incorporates the above Paragraphs herein as though fully set forth hereunder.

27. Plaintiff/Counterclaim Defendant denies the allegations and legal conclusions of Paragraph 27.

28. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 28.

29. Plaintiff/Counter-Defendant denies the allegations of Paragraph 29.

WHEREFORE, Plaintiff/Counterclaim Defendant, Ann Altman, prays that this Court deny the relief sought in Defendant/Counterclaim Plaintiff Samuel Altman's Counterclaims, enter judgment in favor of Plaintiff/Counterclaim Defendant, Ann Altman, against Defendant/Counterclaim Plaintiff, Samuel Altman, award Plaintiff/Counterclaim Defendant her costs of suit, and for such other or further relief as this Court deems just.

## COUNT II
### Defamation

30. Plaintiff/Counterclaim Defendant hereby incorporates the above Paragraphs herein as though fully set forth hereunder.

31. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 31.

32. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 32.

33. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 33.

34. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 34.

35. Plaintiff/Counterclaim Defendant denies the allegations of Paragraph 35.

WHEREFORE, Plaintiff/Counterclaim Defendant, Ann Altman, prays that this Court deny the relief sought in Defendant/Counterclaim Plaintiff Samuel Altman's Counterclaims, enter judgment in favor of Plaintiff/Counterclaim Defendant, Ann Altman, against Defendant/Counterclaim Plaintiff, Samuel Altman, award Plaintiff/Counterclaim Defendant her costs of suit, and for such other or further relief as this Court deems just.

## **AFFIRMATIVE DEFENSES**

By way of further answer and as affirmative defenses to Defendant/Counterclaim Plaintiff's Counterclaims, Plaintiff/Counterclaim Defendant, Ann Altman, states as follows:

1. For her First Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's claims are barred in whole or in part pursuant to the doctrine of laches.

2. For her Second Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff fails to state a claim upon which relief can be granted and fails to state facts sufficient to constitute a cause of action.

3. For her Third Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's abuse of process claims are barred in whole or in part as Plaintiff/Counterclaim Defendant, Ann Altman, has merely employed the judicial process to accomplish an end intended by law and which she is entitled to pursue, i.e. pursue a lawful cause of action for childhood sexual abuse within the time authorized by Missouri law seeking financial compensation for the damages she suffered arising from Sam Altman's conduct.

4. For her fourth Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's defamation claims are barred in whole or in part as Ann Altman's statements are truthful.

5.	For her Fifth Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's defamation claims are barred in whole or in part where the statements do not identify Sam Altman by name.

6.	For her Sixth Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's defamation claims are barred in whole or in part where the statements are permissible expressions of opinion.

7.	For her Seventh Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's defamation claims are barred in whole or in part where the statements are protected under the First Amendment.

8.	For her Eighth Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's defamation claims are barred in whole or in part as Sam Altman cannot demonstrate any actual injury resulting from a defamatory falsehood.

9.	For her Ninth Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's defamation claims are barred in whole or in part as Sam Altman cannot demonstrate any reputational harm resulting from any purported statements made by Ann Altman given accusations lodged against him and his companies by various other individuals in the public.

10. For her Tenth Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's defamation claims are barred in whole or in part as Sam Altman is a well-known public figure and cannot demonstrate actual malice on the part of Ann Altman.

11. For her Eleventh Affirmative Defense, Plaintiff/Counterclaim Defendant states, without admitting any of the allegations of Defendant/Counterclaim Plaintiff's Counterclaims, that Defendant/Counterclaim Plaintiff's claim for relief of attorney's fees are barred in whole or in part as attorneys' fees are not recoverable for claims for abuse of process and/or defamation.

WHEREFORE, Plaintiff/Counterclaim Defendant, Ann Altman, prays that this Court deny the relief sought in Defendant/Counterclaim Plaintiff Samuel Altman's Counterclaims, enter judgment in favor of Plaintiff/Counterclaim Defendant, Ann Altman, against Defendant/Counterclaim Plaintiff, Samuel Altman, award Plaintiff/Counterclaim Defendant her costs of suit, and for such other or further relief as this Court deems just.

Respectfully submitted,

By: /s/ Ryan J. Mahoney
Ryan J. Mahoney #61489
Leigh M. Perica, #68780
MAHONEY LAW FIRM, LLC
2220 S. State Route 157, Suite 250
Glen Carbon, IL  62034
Telephone:     618-961-8288
Facsimile:      618-961-8289
ryan@themahoneylawfirm.com
leigh@themahoneylawfirm.com
**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I, Ryan J. Mahoney, hereby certify that on April 23, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　／s/ *Ryan J. Mahoney*