IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN ALTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:25-cv-00017 |
| v. | ) |
| | ) |
| SAMUEL ALTMAN, | ) |
| | ) |
| Defendant. | ) |

**STIPULATION AND ORDER GOVERNING PRODUCTION AND EXCHANGE OF
CONFIDENTIAL AND HIGHLY CONFIDENTIAL DISCOVERY MATERIAL**

By agreement of the Parties, the Court enters the following Stipulated Protective Order pursuant to Federal Rules of Civil Procedure 26(c):

**RECITALS**

WHEREAS, the parties to the above-captioned action (the "Litigation") are preparing to engage in discovery proceedings, which include, among other things, taking depositions and producing documents;

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the parties to the Litigation (the "Parties," and each a "Party") believe to be confidential and sensitive personal, financial, or business information; and

WHEREAS, this information is generally not publicly available or is commercially or personally sensitive insofar as the disclosure of such information to third-parties could cause reputational, financial, or other harm. Accordingly, the Parties seek to preserve their privacy and property interests in such information and the private and property interests of non-parties whose

1

information may be exchanged by the Parties without unduly encroaching on the public's right to be informed of judicial proceedings.

## STIPULATION

1. <u>Scope</u>. Subject to the approval of the Court, pursuant to FRCP Rule 26(c), this Stipulation and Order Governing Production and Exchange of Confidential and Highly Confidential Discovery Material (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, as well as any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

2. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

3. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Stipulation.

4. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder.  Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

5. <u>Definition of Confidential Discovery Material.</u> Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, personal, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material").

6. <u>Definition of Highly Confidential Discovery Material</u>. Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Stipulation if such party in good faith believes that the Discovery Material contains confidential, proprietary, personal, or commercially sensitive information and that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 10 of this Stipulation is substantially likely to cause injury ("Highly Confidential Discovery Material").

7. <u>Privacy of Third Parties</u>. Names of third-party individuals with whom either Party is alleged to have had an intimate relationship shall not be disclosed in public motions briefing or filings lodged with the Court. This information shall instead be redacted in public filings, with individuals referred to by an anonymous identifier (e.g., Person 1, Person 2). A party seeking to use in a docketed court filing an excerpt of a deposition transcript or document in which these names appear shall create a version of the transcript or document excerpt replacing the names with the appropriate anonymous identifiers for use in the filing and/or redact any identifying information from the transcript. The party need not move for separate relief from the Court to comply with this provision. Absent further order of the Court, the names of these individuals shall not be disclosed in docketed court filings or in open court. This Paragraph 7 does not restrict the admission or use of testimony or evidence at trial, which admission or use shall be subject to further decisions of the Court.

8. <u>Designation of Discovery Material</u>.  The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall be made in the following manner:

   a. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the words "Confidential" or "Highly Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as "Confidential" or "Highly Confidential" Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential," or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD).

   b. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten (10) business days of receipt of the final transcript designating the entire transcript or portions thereof.  All depositions and other pre-trial testimony shall be treated as Highly Confidential Discovery Material until the expiration of the tenth business day after counsel receive a copy of the final transcript, after which such deposition and other pre-trial testimony will be treated in accordance with its confidentiality designation, if any.  Only those

      portions of the transcript designated as "Confidential" or "Highly Confidential" shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material.  The Parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

  c. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material.

  d. Information prepared or derived by utilizing Confidential Discovery Material or Highly Confidential Discovery Material shall also be considered "Confidential Discovery Material" or "Highly Confidential Discovery Material" as appropriate, pursuant to this Stipulation.

  e. The designation of Discovery Material as Confidential or Highly Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Producing Party, and that there is a good faith basis for such designation.

9. <u>Use and Disclosure of Confidential Discovery Material</u>.  Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons and purposes for use in accordance with this Stipulation:

  a. Confidential Discovery Material shall be used only in this Litigation in connection with the claims and defenses at issue in this Litigation and not for any other Litigation or for any other purpose;

5

 b. Counsel who represent Parties in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;

 c. Subject to Paragraph 12, experts or consultants assisting counsel for the Parties or the staff listed in (b) of this section;

 d. Subject to Paragraph 13, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

 e. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

 f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

 g. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

10. <u>Use and Disclosure of Highly Confidential Material</u>.  Highly Confidential Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons and purposes for use in accordance with this Stipulation:

a. Highly Confidential Material shall be used only in this Litigation in connection with the claims and defenses at issue in this Litigation and not for any other Litigation or for any other purpose;

b. Counsel who represent Parties in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;

c. Subject to Paragraph 12, experts or consultants assisting counsel for the Parties or the staff listed in (a) of this section;

d. Subject to Paragraph 13, witnesses or deponents who are depicted in the photographs or videos or who are indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, and their counsel; and subject to the requirement that all Highly Confidential Discovery Material itself must remain in the possession of Counsel who represent Parties in this Litigation, and copies may not be transferred to the possession of witnesses or deponents or their counsel;

e. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

f. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto, except that the Highly Confidential Discovery Material itself must remain in the possession of Counsel who

7

represent Parties in this Litigation and copies may not be transferred to the possession of any individual identified in this subparagraph.

11. To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

12. Notwithstanding Paragraphs 9 and 10 above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert, accountant, or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert, accountant, or consultant is using said Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.  Upon written request, counsel in possession of the original undertaking shall provide a copy of the undertaking to the Party requesting such undertaking within three business days.  For the avoidance of doubt, Confidential Discovery Material and Highly

Confidential Discovery Material may be shared with experts, accountants, or consultants retained by counsel in this Litigation through secure filetransfer methods.

13. Notwithstanding Paragraphs 9 and 10, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation. Counsel for the Party showing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Upon written request, counsel in possession of the original undertaking shall provide a copy of the undertaking to the Party requesting such undertaking within five business days.

14. <u>Inadvertent Failure to Designate</u>. A party's inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Highly Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly

9

Confidential Discovery Material or (ii) in a manner consistent with Paragraph 8.  Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material or Highly Confidential Discovery Material, including in the case of Highly Confidential Discovery Material destroying any copies in the possession of non-counsel, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward.  The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly-designated information are immediately treated as containing Confidential Discovery Material or Highly Confidential Discovery Material.  In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the

Discovery Material prior to its designation as "Confidential," or "Highly Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential or Highly Confidential when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraphs 9 and 10 of this Stipulation.

15. <u>Third-Party Discovery</u>.  Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.  The production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Stipulation.

10

16. <u>Objections to and the Effect of Designations.</u>  During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.  While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Stipulation.  The provisions of this Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential Discovery Material, which burden remains on the party that designates such Discovery Material or testimony as Confidential or Highly Confidential.

17. <u>Filing with the Court</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interest persons, a Party may not file in the public record in this action any Confidential or Highly Confidential Discovery Material.  Filings that contain Confidential or Highly Confidential Discovery Material must be filed under seal alongside a Motion for Sealing or Motion for Continued Sealing and comply with Local Rule 13.05.  If a Party's request to file documents that contain Confidential or Highly Confidential Discovery Material is denied by the Court, then the filing may be filed in the public record unless otherwise instructed by the Court.

18. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

a. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

b. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

c. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

d. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

e. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

f. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

19. This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

20. <u>Inadvertent Production of Privileged Information</u>.  If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable

12

privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

21. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

22. If a claim of inadvertent production is made pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

23. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

24. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

25. Additional Parties. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

26. Use of Discovery Material at Trial or Hearing. This Order does not expressly govern the use of Confidential Discovery Material or Highly Confidential Discovery Material at the trial or hearing of this Case. Any restrictions on the use of Discovery Material at trial or hearing shall be addressed in subsequent orders of the Court. Until such time as this Court issues an order governing the use of such Discovery Material at trial or hearing, any Party intending to present Confidential or Highly Confidential information at trial or hearing shall provide the opposing Party with at least twenty-one (21) days' notice, or with reasonable notice in advance of the hearing date if set less than twenty-one (21) days from notice thereof, identifying therein the documents or information at issue as specifically as possible (i.e., by Bates number, deposition page and line number, etc.) to enable the Producing Party to seek judicial guidance on the use or handling of such information at trial or hearing. The parties agree to meet and confer in good faith on any disagreement with respect to proposed exhibits for use at trial or hearing before seeking judicial guidance.

27. No Receiving Party shall reveal any Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material or Highly

14

Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiving Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiving Party responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.  The Receiving Party responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

28. <u>Obligations on Conclusion of Litigation</u>.  Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation (including any appeal), or any other proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall either (i) return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) destroy all such Confidential Discovery Material or Highly Confidential Discovery Material and certify to that fact in writing to counsel for the Producing Party.  However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not

disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

**So Ordered** this 30th day of April, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE


HEPLERBROOM LLC

By:   */s/ Thomas J. Magee*
      Thomas J. Magee No. 32871
      701 Market St., Suite 1400
      St. Louis, MO 63101
      314-241-6160
      314-241-6116 Fax
      tmagee@heplerbroom.com

      *Attorneys for Defendant/Counterclaim-Plaintiff*

MUNGER, TOLLES & OLSON LLP

By:   */s/ Jonathan I. Kravis*
      Jonathan I. Kavis (pro hac vice)
      Xiaonan April Hu (pro hac vice)
      601 Massachusetts Ave. NW, Suite 500E
      Washington, D.C. 20001-5369
      202-220-1100
      202-220-2300 Fax

        Hailyn J. Chen (pro hac vice)
        Cordell A. Brown (pro hac vice)
        350 South Grand Ave., 50th Floor
        Los Angeles, CA 90071-3426
        213-683-9100
        213-687-3702 Fax

        Dane P. Shikman (pro hac vice)
        560 Mission St., 27th Floor
        San Francisco, CA 94105
        415-512-4000
        415-512-4077 Fax

        *Attorneys for Defendant/Counterclaim-Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 28, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

                                      */s Thomas J. Magee*