# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANN ALTMAN, | ) |
| | ) |
|     Plaintiff/ | ) |
|     Counterclaim-Defendant | ) |
| | ) |
|   v. | )    Case No.: 4:25-cv-00017-SEP |
| | ) |
| SAMUEL ALTMAN, | ) |
| | ) |
|     Defendant/ | |
|     Counterclaim-Plaintiff | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMMON-LAW CLAIMS, AND MOTION TO DISMISS OR STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................2

    A. Plaintiff's Common-Law Claims Must Be Dismissed As Time-Barred Because Section 537.046 Does Not Make Them Timely .......................................2

    B. Punitive Damages Must Be Stricken Because Section 537.046 Does Not Authorize Them or Codify a Common-Law Tort......................................................3

    C. At a Minimum, the Court Should Not Construe Section 537.046 to Permit Punitive Damages for Childhood Conduct ...............................................................6

III. CONCLUSION.....................................................................................................................8

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*,
   2022 WL 303345 (W.D. Mo. Feb. 1, 2022) ....................................................................1, 4, 5

*McSean v. Chamberlain*,
   2024 WL 5118196 (E.D. Mo. Dec. 16, 2024) ............................................................................3

*Trademark Med., LLC v. Birchwood Lab'ys, Inc.*,
   22 F. Supp. 3d 998 (E.D. Mo. 2014).........................................................................................8

**STATE CASES**

*Atkins v. McPhetridge*,
   213 S.W.3d 116 (Mo. Ct. App. 2006).......................................................................................7

*Clark v. Skaggs Companies, Inc.*
   724 S.W.2d 545 (Mo. Ct. App. 1986).......................................................................................5

*Doe v. Bradshaw*,
   No. 1116-CV09480 (Mo. Jackson County Cir. Ct. Feb. 28, 2017) ..........................................6

*Doe v. Roman Catholic Diocese of Jefferson City*,
   862 S.W.2d 338 (Mo. 1993) .....................................................................................................4

*H.R.B. v. Rigali*,
   18 S.W.3d 440 (Mo. Ct. App. 2000).........................................................................................7

*O'Brien v. Loomis*,
   43 Mo. App. 29 (1890) .............................................................................................................7

*Rasmussen v. Ill. Cas. Co.*,
   628 S.W.3d 166 (Mo. Ct. App. 2021).......................................................................................7

*Ridings v. Thoele, Inc.*,
   739 S.W.2d 547 (Mo. 1987) ..................................................................................................6, 7

*Sheehan v. Sheehan*,
   901 S.W.2d 57 (Mo. 1995) .......................................................................................................4

*State ex rel. Heart of Am. Council v. McKenzie*,
   484 S.W.3d 320 (Mo. 2016) ........................................................................................1, 2, 3, 5

*Estate of Williams v. Williams*,
   12 S.W.3d 302 (Mo. 2000) ...................................................................................................1, 4

**STATUTES - OTHER**

Mo. Rev. Stat. § 537.046 ................................................................................................ passim

I.  **INTRODUCTION**

Plaintiff's opposition does not counter the dispositive points that require dismissal of Plaintiff's common-law claims and her request for punitive damages. Plaintiff advances a slew of muddled arguments, but fails to engage with controlling law from the Missouri Supreme Court, and does not dispute the legal principles that doom her request for punitive damages. The Court should grant Mr. Altman's motion to dismiss or strike as outlined below.

First, Plaintiff's common-law claims for assault and battery are time-barred and must be dismissed. She seeks refuge in the special limitations period of Missouri's "childhood sexual abuse" statute, Mo. Rev. Stat. § 537.046, arguing that it extended the time period to bring her common-law claims too, but the Missouri Supreme Court has rejected that very argument. *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 327 (Mo. 2016). In *McKenzie*, the Court clarified that section 537.046 is an independent cause of action with its own limitations period, and it "does not extend" the limitations periods for other overlapping common-law torts, including battery based on childhood sexual abuse.

Second, because her common-law claims cannot survive, Plaintiff is left only with a potential statutory claim under section 537.046, but punitive damages are not available under that statute. Plaintiff does not dispute that section 537.046, by its plain terms, does not authorize punitive damages. Nor does she dispute that punitive damages are therefore unavailable under section 537.046 unless that statute codifies a common-law tort. *See Estate of Williams v. Williams*, 12 S.W.3d 302, 307 (Mo. 2000). It does not. The conduct proscribed by section 537.046 is defined by *criminal statutes*, and has substantially different scope from common-law battery or assault. Plaintiff's opposition makes no meaningful effort to engage with any of these arguments on the structure or scope of section 537.046. Nor does she offer a basis to depart from *Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, which held that punitive damages were not allowed under a statute that—like section 537.046—predicates liability on the commission of criminal offenses. No. 6:20-cv-03043-RK, 2022 WL 303345, at *6 (W.D. Mo. Feb. 1, 2022). It is no surprise that Plaintiff can find no case that has ever awarded punitive

1

damages specifically for a section 537.046 claim. Because section 537.046 supplies the only timely cause of action on the facts in the Complaint, and because that statute does not permit punitive damages, the Court should strike Plaintiff's request for punitive damages with prejudice.

Finally, if the Court nevertheless concludes that punitive damages are generally allowed under section 537.046, it should dismiss punitive damages associated with Mr. Altman's alleged conduct as a child. Plaintiff does not dispute that the scope of a codification statute must track the scope of the common law it codified. Nor does she dispute that Missouri common law has never recognized the validity of punitive damages for childhood conduct. Her ancillary arguments do not negate these points, which are dispositive. The motion should be granted.

## II. ARGUMENT

### A. Plaintiff's Common-Law Claims Must Be Dismissed As Time-Barred Because Section 537.046 Does Not Make Them Timely

Plaintiff's common-law claims for assault and battery must be dismissed as time-barred. Plaintiff tries to save these claims from dismissal by arguing that section 537.046's special limitations period applies to her common-law claims. But in *McKenzie,* the Missouri Supreme Court unequivocally foreclosed that argument. In that case, the plaintiff brought a lawsuit for childhood sexual abuse that allegedly occurred while he was in the Boy Scouts, asserting common-law claims for battery and negligence as well as a statutory claim of childhood sexual abuse under section 537.046. *McKenzie*, 484 S.W.3d at 322. The Missouri Supreme Court explained that section 537.046 created an independent cause of action with a different limitations period from those of the common-law claims. *Id.* at 326.

The Court ordered the dismissal of the common-law claims as time-barred, and rejected the plaintiff's argument that section 573.046 applies to those claims. *Id.* at 322; *see also id.* at 327. That statute, the Court held, has a "special statute of limitations"—allowing a plaintiff to bring a claim up until his or her 31st birthday—which "applies *only* to statutory claims of childhood sexual abuse brought under that section." *Id.* at 322 (emphasis added). For that reason, "the statute of limitation set forth in section 537.046 *does not extend* the statute of

2

limitations for plaintiff's negligence and battery claims." *Id.* at 327 (emphasis added).  Those common-law claims, which included a battery claim based on childhood sexual abuse, were therefore ordered dismissed as time-barred.  *Id.*  Just as in *McKenzie*, the Court must dismiss Plaintiff's common-law claims as time-barred.[1]

Plaintiff does nothing to distinguish *McKenzie* on this point.  She simply notes that *McKenzie* addressed whether the Boy Scouts could be held vicariously liable under section 537.046.  Although it is true that the Court *also* held that section 537.046 does not permit a claim against non-perpetrators, *see infra*, at 5, the Court so held only after it dismissed the common-law claims as time-barred as described above.  *McKenzie*, 484 S.W.3d at 326-27.

*McKenzie*, a recent Missouri Supreme Court decision, supersedes and controls over the pre-*McKenzie* decisions from lower courts that Plaintiff cites for a supposed contrary rule.  And in any event, unlike *McKenzie*, none of the cases she cites actually analyzed the question whether section 537.046's limitations period should apply to overlapping common-law torts.  Plaintiff's common-law claims for battery and assault must be dismissed.[2]

## B. Punitive Damages Must Be Stricken Because Section 537.046 Does Not Authorize Them or Codify a Common-Law Tort

All that Plaintiff has left is a potential statutory claim under section 537.046.  But punitive damages are not available under that statute.  Plaintiff does not dispute that section 537.046, by its plain terms, does not authorize the recovery of punitive damages.  Instead, the statute authorizes an action to recover damages for "injury" or "illness," § 537.046.2, both of which are defined to encompass only physical or psychological harms, § 537.046.1(2).  Nor does

---

[1] Plaintiff notes that she styled her claims for "sexual" assault and "sexual" battery. As explained in Mr. Altman's opening brief (Def's Mem. of Law in Support of his Mot. to Dismiss ("Mem.") at 4, ECF No. 17), there is no magic to that prefatory adjective.  These are claims for assault and battery under the common law.  *See McSean v. Chamberlain*, No. 4:23-cv-01225-MTS, 2024 WL 5118196, at *2 (E.D. Mo. Dec. 16, 2024).

[2] Mr. Altman has no objection to Plaintiff's request (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss ("Opp.") at 6, ECF No. 21) to amend her complaint to reformulate her common-law claims into a single statutory claim under section 537.046.

3

Plaintiff dispute that, because section 537.046 does not authorize punitive damages, they are barred unless the statute codified a common-law tort. *See Williams*, 12 S.W.3d at 307. It did not. Section 537.046 defines the conduct encompassed by the statutory cause of action for childhood sexual abuse based on *criminal statutes*. For this reason, section 537.046 has a very different scope from the common-law torts of battery and assault, covering conduct like incest (alleged here) that would not necessarily constitute a tort while excluding conduct (like any unconsented or offensive touching of an adult) that would constitute a tort.

Plaintiff does not attempt to address this core argument. Instead, she makes a series of arguments that have nothing to do with the key inquiry—whether section 537.046 codified a common-law tort. First, Plaintiff contends, with no support or explanation, that cases around the time of the statute's adoption in 1990 suggest a legislative intent to codify the common law. Opp. at 8. But the pair of cases she cites say no such thing. They concern issues relating to section 537.046's limitations period (e.g., retroactivity), and have nothing to do with codification, let alone the statute's substance. *See Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 342 (Mo. 1993); *Sheehan v. Sheehan*, 901 S.W.2d 57, 58 (Mo. 1995).

Plaintiff also argues that Missouri courts treated childhood sexual assault claims as common-law battery claims prior to the statute's adoption, and punitive damages are available for such claims. *See* Opp. at 9. But that historical practice has no bearing on the question whether section 537.046 codifies those common-law claims. She points to no aspect of the statutory text—or even legislative history—that signals an intent to tether it to the common law.

Plaintiff argues there is no case holding specifically that punitive damages are unavailable under section 537.046. But that means nothing. There is also no case holding that they are available. This issue is one of first impression. And the only case cited by either party addressing the availability of punitive damages under a Missouri statute that predicates liability on the commission of criminal offenses, *Advanced Physical Therapy*, rejected Plaintiff's position and held that punitive damages were not recoverable. 2022 WL 303345, at *8. Plaintiff tries to distinguish *Advanced Physical Therapy* on the basis that the computer-tampering statute there

4

created a claim for predicate violations that were only *criminal* in nature.  Opp. at 10.  But the same is true of section 537.046—the predicate offenses themselves (e.g., rape, sexual abuse, sodomy, etc.) are directed only to criminal liability.  To be sure, certain common-law torts may be actionable for conduct that also violates those criminal statutes, but that was also true in *Advanced Physical Therapy*, which acknowledged that the invasion-of-privacy and conversion torts could exist "separate and distinct" from the statutory cause of action for computer tampering.  2022 WL 303345, at *8 n.14.  Plaintiff offers no sound reason to depart from *Advanced Physical Therapy*; this Court should follow it.

Plaintiff notes that the Missouri Supreme Court rejected the doctrine of vicarious liability for section 537.046 claims, Opp at 5, but that only *confirms* that section 537.046 could not have codified common-law battery, which does allow for vicarious liability.  In *McKenzie*, after dismissing the victim's common-law claims as time-barred (*see supra*, at 2-3), the Court analyzed whether section 537.046 allowed a claim against the Boy Scouts organization based on the scoutmaster's sexual abuse.  484 S.W.3d at 323, 327.  Relying on the requirement that the abuse be "committed by the defendant," § 537.046.1(1), the Court held that section 537.046 did not permit liability against the organization because it was not the actual perpetrator.  484 S.W.3d at 327.  Under common-law battery, however, the plaintiff *could have* pursued a claim against the organization based on vicarious liability.  *See, e.g.*, *Clark v. Skaggs Companies, Inc*. 724 S.W.2d 545, 550 (Mo. Ct. App. 1986).  The Court thus limited section 537.046 claims beyond the scope of common-law battery.  If section 537.046 simply codified the common law, as Plaintiff here argues, then *McKenzie* would have allowed the claim against the Boy Scouts.  *McKenzie* therefore shows why the Court should grant this motion.

Plaintiff's remaining arguments are without merit.  She argues punitive damages are available for outrageous conduct resulting from an evil motive, citing Missouri's form jury instructions.  Opp. at 6-7.  But Plaintiff just recites the standard for the trier of fact to award punitive damages *when they are available* for the particular cause of action.  That standard has nothing to do with the threshold issue of whether the damages are available in the first instance.

5

Plaintiff also argues that punitive damages are "regularly" awarded to survivors of sexual abuse. *Id.* at 7-8. But there is no evidence that courts have ever awarded punitive damages for actions that involve *only* a statutory claim under section 537.046. Every case she cites involved *common-law* claims too, including battery. She even reaches for a Missouri trial court judgment that awarded punitive damages, *Doe v. Bradshaw*, but the records of that decision show that the Court awarded punitive damages for the assault and battery claims specifically, not the statutory claim. See Exhibit 1, Findings of Fact, Conclusions of Law and J. at 6, 12, *Doe v. Bradshaw*, No. 1116-CV09480 (Mo. Jackson County Cir. Ct. Feb. 28, 2017).[3] And finally, there are no cases that analyze the availability of punitive damages under section 537.046 specifically—as noted, *Advanced Physical Therapy* is the closest case, and it denied punitive damages.

### C. At a Minimum, the Court Should Not Construe Section 537.046 to Permit Punitive Damages for Childhood Conduct

If the Court nonetheless finds that section 537.046 codifies the common law and authorizes punitive damages, Plaintiff cannot recover such damages for conduct allegedly committed when Mr. Altman was a child. Plaintiff does not dispute the commonsense premise that, when a statute codifies a common-law tort, the availability of punitive damages is limited to what is recoverable under the common law. *See Ridings v. Thoele, Inc.*, 739 S.W.2d 547, 549 (Mo. 1987). Nor does she dispute that Missouri common law has never recognized the validity of punitive damages for childhood conduct. She cites no case interpreting Missouri law to hold that such damages may be available for the conduct of a minor, and we are aware of none. That should be the end of the matter. To the extent the Court has doubts about that result, principles of constitutional avoidance and Missouri's general disfavor of punitive damages counsel in favor of a narrow construction of section 537.046 that does not extend punitive damages to childhood conduct. Mem. at 6, 11-13. Plaintiff offers no response to these arguments.

---

[3] Plaintiff cited to this decision multiple times, but it is not accessible on Westlaw or LexisNexis. We obtained the decision from the trial court in Jackson County, and now attach it as Exhibit 1 to this reply brief for the Court's consideration.

6

Instead, she makes ancillary points that do not show an entitlement to punitive damages for childhood conduct. She argues, for example, that some children have the mental capacity to understand wrongfulness even from the age of 13. Opp. at 11-12. But that does not mean that Missouri common law has allowed children to be punished in a civil case without the protections that inhere in a criminal or juvenile proceeding. In any event, Plaintiff cites no case involving a claim against a child wrongdoer—let alone any case involving punishment of childhood conduct or imposition of punitive damages. She relies only on a plainly inapposite case in which the court held a child *victim* must have known the sexual abuse *he suffered* was wrong. *H.R.B. v. Rigali*, 18 S.W.3d 440, 444 (Mo. Ct. App. 2000). That does not establish that Missouri common law authorizes the punishment of childhood conduct through punitive damages.

Plaintiff also tries to distinguish *O'Brien v. Loomis*, 43 Mo. App. 29, 39 (1890)—which declined to award punitive damages against a 10-year-old defendant—on the basis that Mr. Altman's alleged conduct was more egregious, and Mr. Altman is not currently a minor. Opp. at 12. But the point is not that *O'Brien* created a categorical rule against punitive damages for the conduct of children—it is that *O'Brien* signaled Missouri courts' clear reluctance to punish childhood conduct in a civil case, and since *O'Brien*, no case has interpreted Missouri law to permit punitive damages for the conduct of a child. That is dispositive of this issue. *See Ridings*, 739 S.W.2d at 549 n.4 (Because "Missouri common law never has recognized the availability of punitive damages" for a specific common-law claim, a statute codifying that claim cannot have imported the right to punitive damages.).[4]

---

[4] Plaintiff quibbles with Mr. Altman's reliance on *Ridings*, claiming that courts have supposedly limited *Ridings* to franchise disagreements. Opp. at 10. Her sole citation is to *Atkins v. McPhetridge*, a case that incidentally chose not to rely on *Ridings*, but *Atkins* had nothing to do with punitive damages or the scope of a codifying statute; rather, that case simply addressed the question whether union disciplinary fines constituted penalties or damages. *See Atkins v. McPhetridge*, 213 S.W.3d 116, 121-22 (Mo. Ct. App. 2006). More fundamentally, Plaintiff does not dispute the basic premise that the scope of a codifying statute must track the scope of the common law it codified. *Ridings* applied that intuitive and undisputed point, as other cases have done. *E.g.*, *Rasmussen v. Ill. Cas. Co.*, 628 S.W.3d 166, 170 (Mo. Ct. App. 2021).

7

The Court should deny Plaintiff's request for leave to amend on this issue. There is no additional detail that would cure the legal defect at issue in this aspect of Mr. Altman's motion, which challenges Plaintiff's effort to obtain punitive damages based on Mr. Altman's alleged conduct as a child. Amendment would therefore be futile, as it would be subject to a renewed motion to dismiss on precisely the same ground. *See, e.g.*, *Trademark Med., LLC v. Birchwood Lab'ys, Inc.*, 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014) (leave to amend denied for futility).

### III.    CONCLUSION

The Court should dismiss Plaintiff's common-law claims as time-barred, and strike or dismiss with prejudice Plaintiff's request for punitive damages entirely. Alternatively, the Court should dismiss with prejudice the request for punitive damages based on Mr. Altman alleged childhood conduct.

DATED:  May 14, 2025                                        HEPLERBROOM LLC

By:     */s/ Thomas J. Magee*
        Thomas J. Magee No. 32871
        701 Market St., Suite 1400
        St. Louis, MO 63101
        314-241-6160
        314-241-6116 Fax

        tmagee@heplerbroom.com
        *Attorneys for Defendant*


MUNGER, TOLLES & OLSON LLP

By:     */s/ Jonathan I. Kravis*
        Jonathan I. Kavis (pro hac vice)
        Xiaonan April Hu (pro hac vice)
        601 Massachusetts Ave. NW, Suite 500E
        Washington, D.C. 20001-5369
        202-220-1100
        202-220-2300 Fax

8

        Hailyn J. Chen (pro hac vice)
        Cordell A. Brown (pro hac vice)
        350 South Grand Ave., 50th Floor
        Los Angeles, CA 90071-3426
        213-683-9100
        213-687-3702 Fax

        Dane P. Shikman (pro hac vice)
        560 Mission St., 27th Floor
        San Francisco, CA 94105
        415-512-4000
        415-512-4077 Fax

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on May 14, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

        */s/ Thomas J. Magee*