IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANN ALTMAN,                                    )
                                               )
    Plaintiff,                             )
                                               )
v.                                             )      No. 4:25-cv-00017-SEP
                                               )
SAMUEL ALTMAN,                                 )
                                               )
    Defendant.                             )

## PLAINTIFF ANN ALTMAN'S SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, Ann Altman, by and through her attorneys, Mahoney Law Firm, LLC, and for her Sur-Reply Memorandum in Response to Defendant Samuel Altman's Reply Memorandum in Support of his Motion to Dismiss (ECF No. 30), states as follows:

In his Reply Memorandum in Support of his Motion to Dismiss (ECF No. 30), Defendant Altman claims that (1) Plaintiff does not dispute that Section 537.046, "by its plain terms, does not authorize punitive damages," and (2) that punitive damages are unavailable under the statute, unless the statute codifies a common law tort. Plaintiff wholly opposes both of these arguments.

Plaintiff does not concede that punitive damages are unavailable under Section 537.046 as by its plain terms, it does not preclude punitive damages, and the statute codifies common law tort claims that were historically brought as sexual battery claims. Plaintiff provided ample argument and examples in her Response Memorandum where punitive damages have been allowed in childhood sexual abuse cases in Missouri since the enactment of Section 537.046. *See Straub v. Tull*, 128 S.W.3d 157 (Mo. Ct. App. 2003) (Section 537.046 statutory claim was only claim that survived dismissal and went to trial resulting in jury verdict of $25,000 actual damages and $85,000 in punitive damages, which was affirmed on appeal).

Defendant desperately seeks to avoid availability of punitive damages in this case by citing *Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC,* No. 6:20-CV-03043-RK, 2022 WL 303345 (W.D. Mo. Feb. 1, 2022) (Ketchmark, J.). However, *Advanced Physical Therapy* involves an entirely different statute that addresses tampering with computers that is wholly distinguishable from Section 537.046; especially in light of the legislative history with respect to Section 537.046 and the case law arising from same.

The statute at issue in *Advanced Physical Therapy* is the Missouri Computer Tampering Act ("MCTA"), a statute that explicitly limits civil recovery to compensatory damages in the plain language of the statute. The MCTA statute permits a "civil action against any person who *violates sections* **569.095 to 569.099** *for compensatory damages*. Mo. Ann. Stat. § 537.525 (West 2025). The MCTA specifically sets forth a civil action for a *violation* of a criminal statute. Section 537.046 does no such thing; it's purpose was to extend the time limitations for survivors of childhood sexual abuse to bring claims against their abusers and it broadly allows "[a]ny action to recover *damages* from injury or illness caused by childhood sexual abuse." Mo. Ann. Stat. § 537.046.2 (West 2025). The term damages is not limited to "compensatory" damages like that of the MCTA.

On its face, the plain language of Section 537.046 provides an advisory list of offenses in the *definition* section of "childhood sexual abuse" to assist the reader in defining the term for purposes of the civil statute:

1. As used in this section, the following terms mean:

(1) **"Childhood sexual abuse"**, any act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of eighteen years and which act **would have been a violation of** section 566.030, 566.040, 566.050, 566.060, 566.070, 566.080, 566.090, 566.100, 566.110, or 566.120, or section 568.020;

Mo. Ann. Stat. § 537.046(1) (West) (emphasis added).

The plain language of the statute does not explicitly limit recovery to compensatory damages, nor is it codified in criminal law simply because it provides exemplars to assist the reader in defining the term "childhood sexual abuse." The list provided in the definition of childhood sexual abuse highlights acts that may have been a violation of various criminal offenses to illustrate the conduct contemplated when the statute was defined. This is entirely different than the MCTA at issue in *Advanced Physical Therapy.* Moreover, several of the statutes included in the definition were repealed in 1994 yet remain in the definition to assist in defining the term "childhood sexual abuse." This is despite the fact that Section 537.046 was amended in 2004 and yet the Missouri legislature elected to retain the repealed criminal offenses within the statutory language to assist plaintiffs with understanding the definition of childhood sexual abuse.

The legislative history of Section 537.046 further bolsters Plaintiff's position in that the law has never prohibited punitive damages, nor indicated that the statute was codified for anything other than the common law since its inception in 1990. *See e.g., **Exhibit 1*** (1990 House Perfection Session Record, p. 31, para. 2); ***Exhibit 2*** (2004 House Perfection Calendar addressing HB 1055). Indeed, the clear intent of the Missouri legislature at the time of the statute's enactment in 1990 was expanding the time for commencement of any civil action for the recovery of damages suffered as a result of childhood sexual abuse. *See e.g., **Exhibit 1*** and ***Exhibit 2***. There was no reference whatsoever to developing a civil remedy for violations of criminal offenses and the cases arising from the enactment of the statute all demonstrate that prior to the statute's enactment, childhood sexual abuse cases were brought under common law tort claims. (See Plaintiff's Response Memorandum, Section B(ii)). (ECF No. 21).

Punitive damages are normally a remedy available to adult sexual assault survivors who bring claims for sexual assault or sexual battery. To conclude that the outcome would be different for survivors of childhood sexual abuse in Missouri was not the legislature's intent and there has been no Missouri State or Federal Court who has come to that conclusion since the enactment of the statute in 1990. Defendant cites to *Estate of Williams v. Williams*, which is actually illustrative in this context. Therein, the Missouri Supreme Court stated, "[i]f as statute is ambiguous, it is to be construed in a manner consistent with the legislative intent, giving meaning to the words used in the broad context of the legislature's purpose in enacting the law." *Williams*, 12 S.W. 302, 306 (Mo. 2000). "Where doubt exists about the meaning or intent of words in a statute, the words should be given the meaning which makes the least, rather than the most, change in the common law." *Id.* at 307. Here, Section 537.046 broadly uses the term "damages" as an available remedy and only lists criminal offenses as examples in its definition section. The legislative history also clearly demonstrates that the intent of the statute was to expand the statute of limitations for survivors of childhood sexual abuse to bring civil actions against their abusers. If this Court believes doubt exists as to the meaning or intent of the words in Section 537.046, then the meaning that makes the least change in the common law is to allow punitive damages in cases of childhood sexual abuse. Not only have such damages been allowed in cases of this nature, but they have always been allowed in Missouri in cases of sexual assault and sexual battery.

Because Section 537.046 by its plain terms does not prohibit punitive damages, codifies common law tort claims, and was intended by the legislature to expand the time for childhood sexual abuse survivors to file civil actions, Section 537.046 does not prohibit punitive damages, and Plaintiff's prayer for relief for punitive damages should be allowed with respect to all aspects of her claims.

For these reasons, in addition to those set forth in Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss, Plaintiff, Ann Altman, respectfully requests the Court to deny Defendant's Motion to Dismiss in its entirety.


Respectfully submitted,


By:   /s/ Ryan J. Mahoney
Ryan J. Mahoney #61489
Leigh M. Perica, #68780
MAHONEY LAW FIRM, LLC
2220 S. State Route 157, Suite 250
Glen Carbon, IL  62034
Telephone:    618-961-8288
Facsimile:     618-961-8289
ryan@themahoneylawfirm.com
leigh@themahoneylawfirm.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I, Ryan J. Mahoney, hereby certify that on May 23, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.


/s/ Ryan J. Mahoney