# Exhibit 1

Missouri House of Representatives

Bob F. Griffin, Speaker

85th General Assembly

Second Regular Session

1990

SUMMARIES OF

HOUSE BILLS

ON THE

HOUSE PERFECTION CALENDAR

Prepared by

House Research Staff

HCS HBs 1370, 1037, 1084 -- PROTECTION OF CHILDREN

SPONSOR: Steinmetz

COMMITTEE ACTION: Voted "do pass" by the Committee on Children, Youth and Families by a vote of 8 to 0.

This substitute directs the Department of Social Services to establish a special team within the department. The team will:

(1) Provide training, expertise and assistance to county multidisciplinary teams for investigation and prosecution of child sexual abuse cases;

(2) Assist in the investigation of child sexual abuse cases, upon the request of local law enforcement agencies, prosecutors, or Division of Family Services staff;

(3) Assist county multidisciplinary teams to develop protocols for the investigation and prosecution of child sexual abuse cases.

The substitute raises the penalty for statutory rape and statutory sodomy to a class A felony. It enhances the penalties for certain offenses when they are committed against a child in connection with a ritual or ceremony. It creates the crime of sexual malpractice and makes it a class A misdemeanor. Sexual malpractice occurs when a physician, counselor, psychotherapist or other mental health professional engages in sexual contact with a person who is a patient or former patient.

PAGE 30

The substitute changes the definition of child abuse. The filing of a petition that sets forth allegations of abuse or neglect of a child in the juvenile court shall act as an immediate stay to any proceedings filed in the circuit court under chapter 452, which involved such juvenile. The substitute prohibits a judge from ordering electronic recording of therapy sessions of a child victim for use as evidence.

The time for commencement of any civil action for damages suffered as a result of childhood sexual abuse shall be within ten years of the date the plaintiff attains the age of eighteen or within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse, whichever occurs later.

The substitute mandates the Department of Social Services to implement a pilot program to provide treatment services for juvenile sex offenders. The Division of Family Services is allowed to provide treatment services, when funds are available, for child sexual abuse victims in instances even when the perpetrator is not a person responsible for the care, custody and control of the child.

This substitute adds the standard of the best interest of the child to all dispositional hearings held to determine whether or not a child should be continued in foster care or whether the child should be returned to a parent, guardian or relative, or whether or not proceedings should be instituted to terminate parental rights and legally free such child for adoption. The substitute sets forth specific factors which a judge must consider during hearings and requires

PAGE 31

tne judge to make written finding of fact and conclusions of law.

This substitute requires the Department of Social Services, when making hotline investigations, to include an interview with the child or children who are the subject of the hotline report, outside the presence of the alleged perpetrator, whenever possible or appropriate.

FISCAL NOTE:  Not available at time of this printing.

PROPONENTS:   Supporters of HB 1370 say the team approach will provide experts for complex cases and with the new training provisions should have a significant impact on the abuse and neglect of children.  Supporters stress that a proper investigation is as important as a conviction because it is the investigation that will determine whether a child needs treatment and whether or not there are any grounds for the allegation.  Supporters urge maintaining a child's right to confidential therapy and point out that adults are not subject to court-ordered videotaping of therapy.  Twenty-three percent of former victims are abused by therapists. Supporters felt that enhanced penalties are warranted by the trauma inflicted upon children. The statute of limitations should encourage victims to come forward and provide greater accountability of offenders.  Supporters of HB 1037 say dispositional hearings for foster children are the only hearings where the standard of the best interest of the child is not included.  Under current law the only question before the court is whether the natural parent has remedied the behavior which caused the removal of the child into foster care in the first place and

PAGE   32

testimony as to the placement which is in the best interest of the child is irrelevant. Supporters testified that children are being returned to greater dangers than ever before due to the increase in the rise and trafficking of drugs.

Testifying for the bill were Representative Steinmetz; Wayne Munkel, Cardinal Glennon Hospital; Department of Social Services; Missouri Highway Patrol; Citizens for Missouri's Children; Sexual Trauma and Recovery; Provident Counseling; Juliane Midkiff; Mary Browning; Citizens to Protect Juvenile Rights; Representative Mays; Steve Burmeister; and Representative Bland.

OPPONENTS:  Those who oppose HB 1370 say that prohibiting the video taping of therapy sessions interferes with defending an alleged offender when that offender alleges that the allegations are false and that a child's testimony has been influenced by adults with leading questions. Opponents of HB 1084 say that interviewing the child alone provides no safeguards against influencing the child's responses.  Opponents of HB 1037 say that foster parents should have no say in dispositional hearings and this bill would allow foster parents to coach a child's testimony and downgrade reasonable efforts to reunite the family.

Testifying against the bill were Robert Wilson; and Cheri Lewis.

Sharon M. Busch, Research Analyst