IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN ALTMAN, | ) |
| | ) |
| Plaintiff/ | ) |
| Counterclaim-Defendant | ) |
| | ) |
| v. | ) Case No.: 4:25-cv-00017-SEP |
| | ) |
| SAMUEL ALTMAN, | ) |
| | ) |
| Defendant/ | |
| Counterclaim-Plaintiff | |

**JOINT PROPOSED SCHEDULING PLAN**

The parties, by and their undersigned counsel, have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and hereby propose the following Joint Proposed Scheduling Plan.

1. **Track Assignment.** The parties believe this case meets the criteria for a standard case that can be tried within roughly 18 months of the filing of the complaint, and therefore propose that the case be assigned to Track 2.

2. **Pending Motions.** The parties have filed pending motions challenging each other's respective pleadings. Defendant has filed a motion to dismiss and motion to dismiss/strike punitive damages. Dkt. 16. Plaintiff has filed a motion to dismiss/strike Defendant's counterclaims. Dkt. 22.

3. **Rule 16 Conference.** The parties jointly propose a Rule 16 scheduling conference at the Court's earliest availability, and are currently available to appear between August 1-7, 18-20, and 25-26.

4. **Joinder and Amendments.** The parties propose that the deadline for joinder of additional parties or amendment of pleadings be set at <u>August 29, 2025</u>. If the Court has not yet ruled on the parties' pending motions challenging the pleadings

1

(Dkts. 16 and 22), then the parties request that any deadline for joinder and amendments be set at two weeks after both parties' motions are resolved.

5. **Discovery and Case Schedule.**  The parties propose that discovery will proceed as follows:

    a. Initial disclosures.  The parties agree to exchange initial Rule 26 disclosures by July 14, 2025.

    b. Exchange of expert reports.  The parties propose the following schedule for exchange of experts.

        i. March 2, 2026 – Plaintiff serves expert reports.
        ii. April 1, 2026 – Deadline to complete depositions of Plaintiff's experts.
        iii. May 1, 2026 – Defendant serves expert reports.
        iv. June 1, 2026 – Deadline to complete depositions of Defendant's experts.

    c. Discovery cutoff.  The parties propose a discovery cutoff of July 1, 2026.

    d. Dispositive motions and motions to exclude expert testimony.  The parties propose that the deadline for dispositive motions and motions to exclude expert testimony (e.g., under *Daubert*) be set at July 22, 2026.

    e. Trial.  The parties propose to set trial on or around the presumptive trial month of November 2026.  The parties anticipate that trial will be 1-2 weeks.

6. **Other Discovery Matters.**  The parties jointly address the following additional discovery matters.

    a. ESI discovery.  The parties are in the process of exchanging search terms for an initial search of electronically stored information.

    b. Agreements regarding claims of privilege or work product.  The Court has entered a protective order in this case that addresses the parties' handling of

    privileged and work-product protected information that is inadvertently produced. Dkt. 28 at 12-14. The parties agree that privilege logs need not contain entries for communications with counsel for this litigation. The parties further agree that categorical logs will be acceptable to each side.

  c. <u>Modification of presumptive discovery limits.</u> Given the number of healthcare (or similar) providers with potentially relevant information, the parties agree to, and jointly propose, twenty (20) depositions per side, not including expert depositions. Given the breadth of Plaintiff's allegations, and the counterclaims by Defendant, the parties further agree to thirty (30) interrogatories per side, including all discrete subparts.

  d. <u>Phased discovery</u>. The parties do not currently anticipate that this case warrants discovery in phases or limitation to certain issues beyond the default limits imposed by the federal rules of civil procedure and evidence. As discovery progresses, if an issue arises requiring intervention by the Court, the parties will follow the Court's rules and procedures to present the issue for resolution.

7. **Alternative Dispute Resolution.** Given the nature of the allegations, the parties do not believe that ADR will be productive in this matter.

DATED: July 11, 2025                      HEPLERBROOM LLC

                                            By:   */s/    Thomas J. Magee*
                                                     Thomas J. Magee No. 32871
                                                     701 Market St., Suite 1400
                                                     St. Louis, MO 63101
                                                     314-241-6160
                                                     314-241-6116 Fax

                                                     *Attorneys for Defendant*

MUNGER, TOLLES & OLSON LLP

By: */s/     Jonathan I. Kravis*
Jonathan I. Kavis (pro hac vice)
Xiaonan April Hu (pro hac vice)
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
202-220-1100
202-220-2300 Fax

Hailyn J. Chen (pro hac vice)
Cordell A. Brown (pro hac vice)
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071-3426
213-683-9100
213-687-3702 Fax

Dane P. Shikman (pro hac vice)
560 Mission St., 27th Floor
San Francisco, CA 94105
415-512-4000
415-512-4077 Fax

*Attorneys for Defendant*

MAHONEY LAW FIRM, LLC

By: */s/   Ryan J. Mahoney*
Ryan J. Mahoney, #61489 (MO)
Leigh Perica, #68780 (MO)
2220 S. State Route 157, Suite 250
Glen Carbon, IL 62034
618-961-8288
618-961-8289 Fax
ryan@themahoneylawfirm.com
leigh@themahoneylawfirm.com

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on July 11, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

                                                                        */s/      Dane P. Shikman*