UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN ALTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-CV-17-ZMB |
| | ) |
| SAMUEL ALTMAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER SETTING RULE 16 SCHEDULING CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 5.03, the Court orders the following regarding preparation for and attendance at the scheduling conference in this matter.

**1.** **Scheduling Conference**: The Court sets a Rule 16 scheduling conference for **December 18, 2025, at 3:00 p.m.**, in the undersigned's chambers on the 14th Floor of the Thomas F. Eagleton U.S. Courthouse. Lead counsel must appear in person for the conference and be prepared to discuss in detail all matters covered by Rule 16 and the parties' joint proposed scheduling plan ("JSP"). A firm and realistic trial setting will be established at or shortly after the conference.

**2.** **Meeting of Counsel**: To the extent they have not already done so, no later than **December 4, 2025**, counsel must meet and confer regarding the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, initial discovery disclosures, preservation issues, the formulation of a proposed discovery plan in accordance with Rule 26(f)(3), and the JSP. At the scheduling conference, the Court will ask counsel to report on the matters discussed at this meeting, including the potential for settlement, whether the parties have exchanged settlement demands or offers (without specific details), and the case's suitability for alternative dispute resolution.

3.      **Joint Proposed Scheduling Plan**: If the parties propose any amendments to the current JSP, Doc. 35, they must file an amended JSP no later than **December 11, 2025**. If the parties elect to file an amended JSP, they must submit only one proposed scheduling plan, and counsel for all parties must sign it. Plaintiff bears the responsibility for filing the JSP. If the parties cannot agree as to any matter required to be contained in the joint plan, they must clearly and succinctly set out the disagreement in the joint proposal; the Court will resolve the dispute at or shortly after the scheduling conference.

The parties must propose dates that fall within the ranges set forth below for the applicable track.

| **Track 1: Expedited** | **Track 2: Standard** | **Track 3: Complex** |
|---|---|---|
| *Disposition w/in 12 months of filing | *Disposition w/in 18 months of filing | *Disposition w/in 24 months of filing |
| *No Rule 16 Conf; 120 days for discovery | *180-240 days from Rule 16 Conf for discovery/dispositive motions | *240-360 days from Rule 16 Conf for discovery/dispositive motions |

*See* E.D. MO. L.R. 5.01. The Court preliminarily assigns this case to **Track 2 (Standard).**

The parties' JSP must include:

a.   whether the track assignment is appropriate;

b.   dates for joinder of additional parties or amendment of pleadings;

c.   a discovery plan that includes:

   i.   any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

   ii.  any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

   iii. a date or dates by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1);

   iv.  whether discovery should be conducted in phases or limited to certain issues;

2

    v.    dates by which each party must disclose its expert witnesses' identities and reports—and whether serial or simultaneous disclosure is appropriate in the case—and dates by which each party shall make its expert witnesses available for deposition;

    vi.    whether the presumptive limits of ten depositions per side—as set forth in Federal Rule of Civil Procedure 30(a)(2)(A)—and 25 interrogatories per party—as set forth in Federal Rule of Civil Procedure 33(a)—should apply in this case and, if not, the reasons for the variance from the rules;

    vii.    whether any physical or mental examinations of parties will be requested pursuant to Federal Rule of Civil Procedure 35 and, if so, by what date that request will be made and the date the examination will be completed;

    viii.    a date by which all discovery will be completed (consistent with the track assignment above); and

    ix.    any other matters pertinent to the completion of discovery;

d. the parties' positions concerning the referral of the action to mediation or early neutral evaluation and when such a referral would be most productive;

e. the date for filing any motions to dismiss, motions for summary judgment, or motions under Federal Rules of Evidence 702 and 703 (consistent with the track assignment above);

f. the earliest date by which this case should reasonably be expected to be ready for trial (consistent with the track assignment above);

g. an estimate of the length of time expected to try the case to verdict; and

h. any other matters counsel consider helpful to include.

**4.** **Disclosure Statement**: The Court reminds all nongovernmental corporate parties that they have ongoing reporting responsibilities under Local Rule 2.09 regarding material changes to their disclosure statements.

So ordered this 14th day of November 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE