# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANN ALTMAN, | ) |
| | ) |
| Plaintiff/ | ) |
| Counterclaim-Defendant | ) |
| | ) |
| v. | )  Case No.: 4:25-cv-00017-ZMB |
| | ) |
| SAMUEL ALTMAN, | ) |
| | ) |
| Defendant/ | |
| Counterclaim-Plaintiff | |

## JOINT PROPOSED SCHEDULING PLAN

The parties, by and their undersigned counsel, have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and were unable to agree as to all deadlines in the following Joint Proposed Scheduling Plan. The positions of the parties are set forth herein and where there are disagreements in the deadlines, both dates are set forth below:

**Plaintiff's Position Statement**

It is Plaintiff's belief that a March 2027 trial setting is necessary to ensure the parties have sufficient time to complete discovery and prepare this case for resolution on the merits. Plaintiff has disclosed 42 witnesses to date—including 14 medical providers located across the United States from California to Hawaii—and that number continues to grow as additional providers and fact witnesses are identified. Defendant has proposed that each side be permitted to take 20 depositions, for a total of 40, which further underscores the scope of the discovery required. Written discovery is still ongoing and remains incomplete, with several crucially important issues which must be resolved before document production can be finalized and depositions begin, including outstanding disputes related to electronically stored information and the production of Defendant's mental health records given his counterclaim. In addition, each side anticipates disclosing expert witnesses after substantially completing fact witness depositions. Expert discovery is likely to include Rule 35 examinations and related motion practice. Given the breadth and complexity of the outstanding discovery, it is reasonable to expect that a minimum of ten months will be required to complete the process in a manner that ensures a full and fair factual record for dispositive motions and trial. Plaintiff's proposed Scheduling Order aligns with the timing contemplated in the parties' previously submitted joint Scheduling Order and simply modifies the deadlines and trial setting to reflect the actual scope of work remaining. Adequate time for discovery will enable the Court to resolve the issues on a complete evidentiary record and promote an efficient and just adjudication of the case.

**Defendant's Position Statement**

Defendant Sam Altman proposes the following schedule:

| | |
|---|---|
| Plaintiff serves expert reports | May 15, 2026 |
| Completion of depositions of plaintiff experts: | June 12, 2026 |
| Defendant serves expert reports | July 3, 2026 |
| Completion of depositions of defendant's experts: | July 31, 2026 |
| Fact discovery cutoff: | August 24, 2026 |
| Summary judgment and *Daubert* motions: | August 31, 2026 |
| Response to summary judgment and *Daubert*: | September 30, 2026 |
| Reply ISO summary judgment and *Daubert*: | October 14, 2026 |
| Trial: | December 7. 2026 |

This schedule better aligns with the Court's designation of this case as Track 2, which neither party disputes. Under the defendant's proposed schedule, discovery would be completed in 249 days and the case would be ready for trial in 2026, which is appropriate for a case that does not present any complex legal issues or include multiple defendants or plaintiffs.

---

1. **Track Assignment.**  The Court has assigned this case to Track 2.

2. **Pending Motions.**  The parties have filed pending motions challenging each other's respective pleadings.  Defendant has filed a motion to dismiss and motion to dismiss/strike punitive damages.  Dkt. 16.  Plaintiff has filed a motion to dismiss/strike Defendant's counterclaims.  Dkt. 22.

3. **Joinder and Amendments.**  If the Court has not yet ruled on the parties' pending motions challenging the pleadings (Dkts. 16 and 22), then the parties request that any deadline for joinder and amendments be set at two weeks after both parties' motions are resolved.

4. **Discovery and Case Schedule.**  Initial disclosures under Rule 26 have been exchanged.  The parties have also served initial rounds of interrogatories and document requests, as well as responses.  Discovery is ongoing.  The parties propose that the remainder of discovery will proceed as follows:

    a. <u>Fact discovery cutoff.</u>  The parties propose a fact discovery cutoff of (Pltf proposed 10/30/26)(Dft proposed 08/24/26).  (The fact discovery cutoff

2

        shall not preclude depositions after the cutoff of fact witnesses who are unavailable to attend trial.)

    b. <u>Exchange of expert reports.</u>  The parties propose the following schedule for exchange of experts (both retained and non-retained).

        i. (Pltf proposed 06/30/26)(Dft proposed 05/15/26) – Plaintiff serves expert reports.

        ii. (Pltf proposed 07/31/26)(Dft proposed 06/12/26) – Deadline to complete deposition of Plaintiff's experts.

        iii. (Pltf proposed 08/31/26)(Dft proposed 07/03/26) – Defendant serves expert reports.

        iv. (Plft proposed 09/30/26)(Dft proposed 07/31/26) – Deadline to complete deposition of Defendant's experts.[1]

    c. <u>Dispositive motions and motions to exclude expert testimony.</u>  The parties propose that the deadline for dispositive motions and motions to exclude expert testimony (e.g., under *Daubert*) be set at (Pltf proposed 11/30/26)(Dft proposed 08/31/26).

    d. <u>Trial.</u>  The parties propose to set trial in the presumptive trial month of (Pltf proposed March 2027)(Dft proposed December 7, 2026).  Plaintiff anticipates that trial will be 1-2 weeks. Defendant anticipates that trial will be 1 week.

5. **Other Discovery Matters.**  The parties jointly address the following additional discovery matters.

    a. <u>ESI discovery.</u>  The parties are in the process of exchanging search terms, and documents are being collected and produced.

---

[1] The parties are still considering whether any examinations will be requested pursuant to Federal Rule of Civil Procedure 35.  If any such examination is requested, the parties will meet and confer on the request and a deadline for completing the examination within the fact discovery period.

    b. <u>Agreements regarding claims of privilege or work product.</u>  The Court has entered a protective order in this case that addresses the parties' handling of privileged and work-product protected information that is inadvertently produced.  Dkt. 28 at 12-14.  The parties agree that privilege logs need not contain entries for communications with counsel.  The parties further agree that categorical logs will be acceptable to each side.

    c. <u>Modification of presumptive discovery limits.</u>  Given the number of healthcare (or similar) providers with potentially relevant information, the parties agree to, and jointly propose, twenty (20) depositions per side, not including expert depositions.  Given the breadth of Plaintiff's allegations, and the counterclaims by Defendant, the parties further agree to thirty-five (35) interrogatories per side.

    d. <u>Phased discovery.</u>  The parties do not currently anticipate that this case warrants discovery in phases or limitation to certain issues beyond the default limits imposed by the federal rules of civil procedure and evidence.  As discovery progresses, if an issue arises requiring intervention by the Court, the parties will follow the Court's rules and procedures to present the issue for resolution.

6. **Alternative Dispute Resolution.**  Given the nature of the allegations, the parties do not believe that ADR will be productive in this matter.

DATED:  December 11, 2025        HEPLERBROOM LLC

        By:   /s/ _Thomas J. Magee_____
              Thomas J. Magee No. 32871
              701 Market St., Suite 1400
              St. Louis, MO 63101
              314-241-6160
              314-241-6116 Fax

              *Attorneys for Defendant*

4

MUNGER, TOLLES & OLSON LLP

By: */s/ Xiaonan April Hu*
Jonathan I. Kavis (pro hac vice)
Xiaonan April Hu (pro hac vice)
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
202-220-1100
202-220-2300 Fax

Hailyn J. Chen (pro hac vice)
Cordell A. Brown (pro hac vice)
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071-3426
213-683-9100
213-687-3702 Fax

Dane P. Shikman (pro hac vice)
560 Mission St., 27th Floor
San Francisco, CA 94105
415-512-4000
415-512-4077 Fax

*Attorneys for Defendant*

MAHONEY LAW FIRM, LLC

By: */s/  Ryan J. Mahoney*
Ryan J. Mahoney, #61489
Leigh Perica, #68780
2220 S. State Route 157, Suite 250
Glen Carbon, IL 62034
618-961-8288
618-961-8289 Fax

THE SIMON LAW FIRM, P.C.

By: */s/  Timothy M. Cronin*
John G. Simon, #35231
Timothy M. Cronin, #63383
Nathan S. Perlmutter, #73896
1001 Highlands Plaza Drive, Suite 300
St. Louis, MO 63110
314-241-2929

*Attorneys for Plaintiff*

5

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on December 11, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Angie Rucker*
