UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-17-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**CASE MANAGEMENT ORDER – TRACK 2: STANDARD**

This matter is before the Court on the parties' Joint Scheduling Plan, Doc. 41, and after

consultation with counsel at the Rule 16 Conference, Doc. 42. Pursuant to Federal Rule of Civil

Procedure 16(b)(1) and Local Rule 5.04, the Court orders that the following provisions apply in

this case and will be modified only upon showing of good cause:

**I.     Scheduling Plan**

a. **Track**: The Court assigns this case to Track 2 (Standard).

b. **Joinder & Amendment**: No later than **two weeks following a ruling on the parties' motions to dismiss, Docs. 16, 22**, the parties must file any motions to join additional parties or amend the pleadings.

c. **Discovery**: No later than **August 31, 2026**, the parties must complete all discovery. Subject to a Rule 29 stipulation, they must comply with the below deadlines and procedures.

i. *Initial Disclosures.* The parties confirmed that they already have completed their initial disclosures, as required by Rule 26(a)(1). Any subsequently added parties must make their initial disclosures within 30 days of being served or joined. *See* FED. R. CIV. P. 26(a)(1)(D).

ii. *Expert Discovery.* No later than **June 1, 2026**, Plaintiff(s) must designate all expert witnesses and provide the reports and disclosures required under Rule 26(a)(2), and they must make any experts available for deposition no later than **June 29, 2026**. Likewise, no later than **July 20, 2026,** Defendant(s) must designate all expert witnesses and provide the Rule 26(a)(2) reports and disclosures, and they must make any experts available for deposition no later than **August 17, 2026**.

  iii. ***Discovery Limits.*** The parties are limited to 20 depositions per side and 35 interrogatories per party.

  iv. ***Examinations.*** The parties have indicated that physical or mental examinations under Rule 35 may be necessary. Any such examinations must be completed before the close of discovery.

  v. ***Discovery Motions.*** The Court expects the parties to resolve any discovery disputes in compliance with Local Rule 3.04. In the unusual event they fail to do so, the parties must file a joint motion requesting a conference with the Court that details their attempts to achieve a resolution, concisely describes the issues in dispute, and does not exceed three pages. Finally, if a dispute remains after the conference, either party may file a discovery motion, with a response due a week later and no reply. The Court will not consider any motion that fails to comply with these procedures, omits a certification under Local Rule 3.04, or that is filed less than one week before the close of discovery absent exceptional circumstances.

 d. **ADR**: The Court will refer this case to alternative dispute resolution on **December 1, 2026,** and the reference will terminate on **February 1, 2027**.

 e. **Dispositive & Expert Motions**: No later than **September 30, 2026**, the parties must file any motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or motion to limit or exclude expert testimony (i.e. *Daubert*). Any responses to such motions must be filed no later than **October 30, 2026**, and any replies in support must be filed no later than **November 13, 2026**. In addition to complying with Local Rule 4.01(E), any party who moves for summary judgment must attach as an exhibit a joint notice of undisputed material facts after meeting and conferring in good faith with opposing counsel.

 f. **Pretrial Conference**: On **April 21, 2027**, at **1:00 p.m.**, the Court will hold an in-person pretrial conference in Courtroom 14-South.

## II.   Order Relating to Trial

The Court sets this case for a **JURY** trial on **May 3, 2027**, at **9:30 a.m.** This is a **two-week docket**, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on 24 hours' notice.

Unless otherwise ordered by the Court upon a showing of good cause, the parties must comply with the following pretrial compliance deadlines **no later than 14 days before the pretrial conference**:

a. **Stipulation**: The parties must meet and confer to determine which facts are uncontested and file a joint stipulation that may be read into evidence absent any objections, including a brief summary of the case for use during voir dire.

b. **Witnesses**: The parties must file a list of all proposed witnesses, identifying those witnesses the party will call and those the party may call. Except for good cause shown, no party may call any witnesses not included on this witness list.

c. **Exhibits**: The parties must:

    i. Mark for identification all exhibits they intend to offer at trial, including demonstrative and illustrative aids (with Plaintiff(s) using Arabic numerals, Defendant(s) using letters and proceeding to AA, AB . . . AZ and so on if necessary, and specifying their name if needed to distinguish between parties of the same type, e.g. Pl. Jones–1, Def. Smith–A).

        1. **No later than 7 days before the pretrial conference**, the parties must file any objections to the exhibits. Before doing so, the parties must meet and confer telephonically or in-person and attempt to resolve any issues. The Court may will consider as waived any objections not made in writing at least 7 days before the pretrial conference. **No later than 3 days before the pretrial conference**, the proponent must file a response or the exhibit will not be admitted.

    ii. Submit copies of their exhibits and any certifications under Federal Rule of Evidence 902(11) or (12) to opposing counsel for examination.

    iii. File a list of all exhibits, identifying those exhibits the party will introduce and those the party may introduce and indicating whether the party intends to authenticate any business record under Federal Rule of Evidence 902(11) or (12). Except for good cause shown, no party may offer any exhibits not identified in the exhibit list or submitted for examination by opposing counsel.

d. **Depositions, Interrogatory Answers, and Requests for Admission**: The parties must file a list of all interrogatory answers, deposition excerpts (identified by page and line numbers), and answers to requests for admissions the parties intend to offer in evidence. Because parties may use depositions at trial only in compliance with Federal Rule of Civil Procedure 32, the parties must include a concise explanation of why these requirements are satisfied. Except for good cause shown, no party will be permitted to offer any interrogatory answer, deposition excerpt, or answer to a request for admissions not included in a timely filing.

    i. **No later than 7 days before the pretrial conference**, each party must file any objections to such evidence and identify any proposed counter-designations. Before filing any objections, the parties must meet and

3

confer and attempt to resolve any issue with such testimony. The Court will consider as waived any objections not made as required above.

e. **<u>Jury Instructions</u>**: The parties must exchange proposed jury instructions and verdict forms, with each request supported by at least one pertinent citation. Thereafter, the parties must meet and confer and attempt to resolve any contested issue. To that end, lead counsel must personally speak before submitting any instructions to the Court.

Unless otherwise ordered by the Court upon a showing of good cause, the parties must comply with the following pretrial compliance deadlines **no later than 7 days before the pretrial conference**:

f. **<u>Proposed Voir Dire</u>**: Voir dire will be conducted by the Court, with counsel allowed to ask follow-up questions to specific panel members based on their responses. The parties must submit any requests for specific questions they would like the Court to ask during voir dire.

g. **<u>Pretrial Brief</u>**: The parties must each file a pretrial brief stating the legal and factual issues and authorities relied on and discussed any anticipated substantive or procedural problems.

h. **<u>Exhibits</u>**: Each party must separately submit copies of the exhibits they expect to introduce at trial to Judge Bluestone's Judicial Assistant, Erica Wall. Prior to this deadline, each party must contact chambers to determine how to submit exhibits (e.g., email, Dropbox, hard copy, or USB drive).

i. **<u>Jury Instructions</u>**: The parties must jointly file a single document that: (1) identifies the agreed-on final jury instructions, (2) indicates the disputed instructions with each party's proposed language, and (3) includes the proposed verdict forms. The parties must support each request by at least one pertinent citation. The parties must also email a Microsoft Word version of the jointly filed document and a clean copy to chambers.

    i. The parties need not submit any jury instructions to be given at the beginning of trial; Judge Bluestone has his own standard set.

j. **<u>Motions in Limine</u>**: The parties must file all motions in limine to exclude evidence. Before filing a motion in limine, the parties must meet and confer and attempt to resolve any contested issues. If the parties agree that certain evidence should be excluded, the parties must jointly file a stipulation regarding which evidence should be excluded.

    i. **No later than 3 days before the pretrial conference**, the parties must file responses to motions in limine. The parties need not file a reply.

Pursuant to Local Rule 8.04, if the parties terminate or settle a case and fail to immediately notify the Court in time to cancel the jury attendance or use the summoned jurors in another trial,

the Court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties.   The Court reminds the parties that the failure to comply with these deadlines will result in sanctions, including the dismissal of this action, entry of default judgment, or restrictions on the admissibility of evidence. *See* FED. R. CIV. P. 16(f)(1)(C); E.D. MO. L.R. 5.04.

So ordered this 19th day of December 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE