**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANN ALTMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:25-cv-00017-ZMB |
| | ) |
| SAMUEL ALTMAN, | ) |
| | ) |
|    Defendant. | ) |

**DEFENDANT SAMUEL ALTMAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT; FIRST AMENDED COUNTERCLAIMS IN REPLY**

The allegations in the First Amended Complaint filed by Plaintiff Ann Altman are false. Defendant Sam Altman has never sexually abused his sister.  Plaintiff's false statements have injured Mr. Altman's reputation, and Plaintiff has brought this lawsuit for the improper purpose of pressuring him to accede to her demands for unrestricted financial support.  Accordingly, Mr. Altman answers the First Amended Complaint and brings counterclaims for abuse of process and defamation, as follows.

**GENERAL ALLEGATIONS**

1.     Plaintiff, Ann Altman, is a resident and citizen of the State of Hawaii.

**ANSWER:    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint and therefore denies them for lack of such knowledge or information.**

2.     Defendant, Samuel Altman ("Sam Altman"), is a resident and citizen of the State of California.

1

**ANSWER:   Defendant admits that he is a resident and citizen of the State of California.**

3.      Plaintiff, Ann Altman, and Defendant, Sam Altman, are biological siblings.

**ANSWER:   Defendant admits that he and Plaintiff are biological siblings.**

4.      All of the events and wrongful acts giving rise to Plaintiff's claims herein occurred at the parties' family home located at 22 Arundel Place, Clayton, Missouri 63105 (the "Family Home") between the approximate years of 1997 through 2006, and at all such times when the wrongful acts described herein occurred Plaintiff, Ann Altman, was a minor under the age of 18 years old.

**ANSWER:   Defendant denies the allegations of Paragraph 4.**

5.      In approximately 1997, Plaintiff, Ann Altman, was three years old and residing in the Family Home with Defendant, Sam Altman.

**ANSWER:   Defendant admits that in approximately 1997, he resided in the same family home as the Plaintiff and that in 1997, Plaintiff was three years old.**

6.      Beginning at or about that time, Defendant, Sam Altman, forced Plaintiff to touch his penis and perform oral penetration on him.  Sam Altman was twelve years old at the time.

**ANSWER:   Defendant denies the allegations of Paragraph 6.  Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, raped, molested, sodomized, or battered Plaintiff, Ann Altman.**

7.      From approximately 1997 to 1999, when Plaintiff, Ann Altman, was between the ages of three to five years old, the foregoing conduct occurred several times per week where Defendant, Sam Altman, forced Plaintiff to touch his penis and perform oral penetration on him.

**ANSWER:** **Defendant denies the allegations of Paragraph 7. Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, raped, molested, sodomized, or battered Plaintiff, Ann Altman.**

8. During the aforementioned period of time, Defendant Sam Altman's acts of sexual abuse progressed to digital penetration of Plaintiff's vagina and anus, and at times he would also forcibly perform oral sex on Plaintiff.

**ANSWER:** **Defendant denies the allegations of Paragraph 8. Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, raped, molested, sodomized, or battered Plaintiff, Ann Altman.**

9. At all times relevant herein, Defendant, Sam Altman, groomed and manipulated Plaintiff, Ann Altman, into believing the aforementioned sexual acts were her idea, despite the fact she was under the age of five years old when the sexual abuse began and Defendant was nearly a teenager.

**ANSWER:** **Defendant denies the allegations of Paragraph 9. Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, raped, molested, sodomized, or battered Plaintiff, Ann Altman.**

10. Beginning in approximately 1999 or 2000, Defendant, Sam Altman, began to penetrate Plaintiff, Ann Altman, with his penis both vaginally and anally.

**ANSWER:** **Defendant denies the allegations of Paragraph 10. Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, raped, molested, sodomized, or battered Plaintiff, Ann Altman.**

11. The foregoing level of childhood sexual abuse continued for a period of approximately eight or nine years until Plaintiff was eleven or twelve years old wherein

3

Defendant, Sam Altman, regularly continued to commit numerous acts of rape, sexual assault, sexual abuse, molestation, sodomy, and battery upon Plaintiff, Ann Altman.

**ANSWER:   Defendant denies the allegations of Paragraph 11.  Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, raped, molested, sodomized, or battered Plaintiff, Ann Altman.**

12.   The last acts of sexual abuse and rape committed by Defendant, Sam Altman, against Plaintiff, Ann Altman, occurred when Defendant Sam Altman, was an adult and Plaintiff, Ann Altman, was a minor.

**ANSWER:   Defendant denies the allegations of Paragraph 12.  Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, raped, molested, sodomized, or battered Plaintiff, Ann Altman.**

13.   At all times relevant herein, there was in effect a Childhood Sexual Abuse statute in the State of Missouri that governed acts of "childhood sexual abuse" that occurred when the person abused was under the age of 18.  R.S.Mo.§ 537.046 (West 2026).

**ANSWER:   Defendant avers that Paragraph 13 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that the State of Missouri has a Childhood Sexual Abuse statute, codified at R.S.Mo. § 537.046 (West 2026).**

14.   Pursuant to Missouri Childhood Sexual Abuse statute, "[a]ny action to recover damages from injury or illness caused by childhood sexual abuse in an action brought pursuant to this section shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have

4

discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs."  R.S.Mo. § 537.046(2) (West 2026).

**ANSWER:    Defendant avers that Paragraph 14 contains a statement of law to which no response is required.  To the extent a response is required, Defendant admits that R.S.Mo. § 537.046(2) states that "[a]ny action to recover damages from injury or illness caused by childhood sexual abuse in an action brought pursuant to this section shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs."**

15.     At the time of filing this action, Plaintiff, Ann Altman, is thirty (30) years of age, and thus this claim was timely brought within 10 years of Plaintiff turning 21.

**ANSWER:    Defendant admits that Plaintiff was thirty years of age at the time of the initial filing of this action on January 6, 2025.**

### JURISDICTION & VENUE

16.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

**ANSWER:    Defendant avers that Paragraph 16 characterizes Plaintiff's legal conclusions and requires no response.  To the extent a response is required, Defendant admits that Plaintiff has invoked the Court's jurisdiction pursuant to 28 U.S.C. § 1332 but denies that jurisdiction is proper only before the Court.**

17.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the events, acts, and omissions giving rise to the claims herein all occurred in the Eastern District of Missouri.

**ANSWER:    Defendant avers that Paragraph 17 incorporates a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the**

allegations in Paragraph 17, including that any acts or events described in the First Amended Complaint occurred.  Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, sodomized, molested, or had sexual contact with Plaintiff, Ann Altman.  Defendant additionally denies that venue is proper only before the Eastern District of Missouri.

WHEREFORE, having fully answered, Defendant prays to be dismissed from Plaintiff's First Amended Complaint along with its costs.

<u>COUNT I</u>
*Violation of Missouri's Childhood Sexual Abuse Statute (Mo. Rev. Stat. § 537.046)*

18.     Plaintiff hereby incorporates Paragraphs 1 through 17 herein as though fully set forth hereunder.

**ANSWER:     Defendant repeats and re-alleges its admissions and denials to Paragraphs 1 through 17 above as and for its answer to Paragraph 18 of Count I of Plaintiff's First Amended Complaint.**

19.     For the approximate years of 1997 through 2006, Defendant, Sam Altman, repeatedly and continually sexually assaulted, sexually penetrated, sexually abused, raped, sodomized, sexually battered, and committed acts of incest against Plaintiff, Ann Altman, such acts constituting sexual abuse under the Missouri Childhood Sexual Abuse statute, R.S.Mo. § 537.046 (West 2026).

**ANSWER:     Defendant denies the allegations of Paragraph 19 of Count I of the First Amended Complaint.  Sam Altman has never sexually assaulted, sexually abused, sexually penetrated, raped, sodomized, molested, sexually battered, or committed an act of incest against Plaintiff, Ann Altman.**

6

20.     At no time did Plaintiff, Ann Altman, consent to the aforementioned acts of sexual assault, sexual penetration, sexual abuse, rape, sodomy, sexual contact, sexual battery and/or incest by Defendant, Sam Altman, nor did Plaintiff maintain the capacity to consent due to her minor status.

**ANSWER:     Defendant denies the allegations of Paragraph 20 of Count I of the First Amended Complaint.  Sam Altman has never sexually assaulted, sexually penetrated, sexually abused, raped, sodomized, sexually contacted, sexually battered, and/or committed an act of incest against Plaintiff, Ann Altman.**

21.     As a direct and proximate result of the aforementioned acts, Defendant, Sam Altman, created in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant Sam Altman's ability to commit an unwanted and forceful sexual assault and battery, and Defendant, Sam Altman, by committing the aforementioned acts, thereby committed a sexual assault and sexual battery upon Plaintiff, Ann Altman, in violation of the Missouri Childhood Sexual Abuse statute, R.S.Mo. § 537.046.

**ANSWER:     Defendant denies the allegations of Paragraph 21 of Count I of the First Amended Complaint. Sam Altman has never sexually assaulted or battered Plaintiff, Ann Altman.**

22.     For the approximate years of 1997 through 2006, at the times that Defendant, Sam Altman, sexually abused Plaintiff in the manner described above, Defendant, Sam Altman, intended to commit an unlawful and outrageous touching upon the person of Plaintiff, Ann Altman, without any lawful justification.

**ANSWER:** Defendant denies the allegations of Paragraph 22 of Count I of the First Amended Complaint. Sam Altman has never sexually abused or sexually assaulted Plaintiff, Ann Altman.

23. As a direct and proximate result of the aforementioned acts, Defendant, Sam Altman, committed an unlawful and outrageous touching upon the person of Plaintiff, Ann Altman, without any lawful justification or consent, thereby committing a sexual battery upon her.

**ANSWER:** Defendant denies the allegations of Paragraph 23 of Count I of the First Amended Complaint. Sam Altman has never sexually battered Plaintiff, Ann Altman.

24. The conduct of Defendant, Sam Altman, described herein constitutes sexual abuse under Missouri law, as defined in Mo. Ann. Stat. §§ 566.030, 566.040 (now 566.031), 566.060, 566.070 (now 566.061), 566.090 (now 566.101), 566.100, and section 568.020, under the Missouri Childhood Sexual Abuse statute. R.S.Mo. § 537.046.1(1).

**ANSWER:** Defendant avers that Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 24 of Count I of the First Amended Complaint. Sam Altman has never sexually abused Plaintiff, Ann Altman.

25. Defendant Sam Altman's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff, Ann Altman.

**ANSWER:** Defendant denies the allegations of Paragraph 25 of Count I of the First Amended Complaint. Sam Altman has never sexually abused or sexually assaulted Plaintiff, Ann Altman.

8

26.     As a direct and proximate result of the foregoing acts of childhood sexual abuse upon Plaintiff, Ann Altman, by Defendant, Sam Altman, Plaintiff has suffered great physical, emotional and psychological injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced PTSD, anxiety, severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical and mental health treatment for her injuries, and is expected to incur the same in the future; she has lost wages and benefits she would have otherwise received but for the sexual assault by Defendant; and may suffer such loss of wages and benefits in the future; she has suffered substantial pain and suffering, and will continue suffering same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

**ANSWER:    Defendant denies the allegations of Paragraph 26 of Count I of the First Amended Complaint.  Sam Altman has never sexually abused or sexually assaulted Plaintiff, Ann Altman.**

WHEREFORE, having fully answered, Defendant prays to be dismissed from Plaintiff's First Amended Complaint along with its costs.

## DEFENSES

Defendant asserts the following and other defenses to the First Amended Complaint.  By doing so, Defendant does not admit any of the allegations of Plaintiff's First Amended Complaint, does not admit or acknowledge that he bears the burden of proof and/or burden of persuasion with respect to any such defense, and does not assume the burden of proof or

persuasion as to any matter on which Plaintiff has the burden of proof or persuasion. Defendant also gives notice that he intends to rely upon such other and further defenses of which he becomes aware during discovery in this action and reserves the right to amend his Answer to assert any such defenses.

**FIRST DEFENSE**
**(Failure to State a Claim)**

The <u>First Amended</u> Complaint and each claim contained therein fails to state a claim upon which relief can be granted and fails to state facts sufficient to constitute a cause of action.

**<u>SECOND</u> DEFENSE**
**(No Causation)**

The injuries and harms Plaintiff alleges, if any, were the direct result of other persons' actions, a product of Plaintiff's preexisting conditions, and/or a result of circumstances over which Defendant had no control or influence, and not the actions of Defendant, who has never sexually abused Plaintiff, and therefore are not subject to recovery in this action.

**<u>THIRD</u> DEFENSE**
**(Punitive Damages Unavailable)**

Plaintiff is barred from recovering punitive damages because Plaintiff does not state a claim for punitive damages and because such relief violates the Missouri Constitution and the United States Constitution in the following respects:

1. <u>Punitive damages are not available under R.S.Mo. § 537.046 as a matter of law.</u>

2. The Complaint does not allege facts sufficient to support a claim for punitive damages.

3. The standards for determining both the amount and/or the subsequent imposition of punitive damages are vague, supply no notice to Defendant of the potential repercussions of his alleged conduct and are subject to the unbridled discretion of the jury, thereby denying due

10

process under the Missouri Constitution, Article I, § 10 and the Fifth and Fourteenth Amendments of the United States Constitution.

4.      Plaintiff's claim for punitive damages is criminal in nature and the rights given Defendant in criminal proceedings under the Missouri Constitution, Article I, §§ 18A, 19, 21, and 22A and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable.

5.      Plaintiff's claim for punitive damages constitutes a request for and/or imposition of an excessive fine in violation of Missouri Constitution, Article I § 21 and Eighth Amendment of the United States Constitution.

**FOURTH DEFENSE**
**(Failure to Plead Punitive Damages With Specificity)**

Plaintiff has failed to plead with specificity the amount of damages sought as required by Missouri Revised Statute § 509.200; therefore, the request for such damages should be denied.

**FIRST AMENDED COUNTERCLAIMS IN REPLY[1]**

**INTRODUCTION**

1.      Defendant Sam Altman has never sexually abused his sister. Sadly, the Complaint is not the first time that Plaintiff has made these hurtful and untrue claims. Rather, Plaintiff has made false accusations against her family members—including her brother Sam Altman—when her demands for money and other assistance were not met. For years, Sam Altman and other members of Plaintiff's family have provided her with monthly financial support, as well as offers to assist with medical expenses, housing, and employment. Based on

---

[1] Per the Court's ruling at Doc. 48, at 17 granting Plaintiff's unopposed request to strike Sam Altman's prayer for attorney's fees and costs, these First Amended Counterclaims in Reply have removed any request for attorney's fees and costs. Otherwise, the First Amended Counterclaims in Reply are substantively identical to the Counterclaims filed previously at Doc. 18.

concerns about Plaintiff's mental health, her family has felt the need to be deliberate and thoughtful about the support they provide her.  When her family refused her demands for greater and unrestricted financial assistance out of concern for her wellbeing, Plaintiff began posting on social media false accusations that Sam Altman—the wealthiest individual member of her family—sexually abused her as a child.  This lawsuit is just one more attempt by Plaintiff to use false accusations of sexual abuse to extort her family into providing her with greater and greater financial support without regard for her family members' concerns about how best to support her, including through placing compassionate guardrails around such financial support in light of her mental health condition.

## PARTIES

2.      Plaintiff and Counterclaim Defendant Ann Altman has alleged she is a resident and citizen of the State of Hawaii.

3.      Defendant and Counterclaim Plaintiff Sam Altman is a resident and citizen of the State of California.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5.      This Court has personal jurisdiction over Ann Altman because she filed her Complaint in the Eastern District of Missouri.  Ann Altman has further subjected herself to personal jurisdiction in this District because she has engaged in minimum sufficient contacts with this District and has purposefully availed herself of the benefits and protections of the United States such that the exercise of jurisdiction over her would comport with due process requirements.

12

6.     Venue is proper in this District because Ann Altman filed her Complaint here and thereby consented to venue.  Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Sam Altman's claims occurred in this District.  Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because Ann Altman is subject to the personal jurisdiction of this Court.

**FACTUAL BACKGROUND**

7.     Sam Altman and the other members of the Altman family have provided Ann Altman with significant financial support over the years.  Sam Altman and the other family members currently provide Ann Altman with monthly financial support through their late father's estate, and they have offered to pay for medical expenses and other bills and to help her find employment.

8.     However, Ann Altman suffers from serious mental health issues and is prone to harmful behavior.

9.     As a result, Sam Altman and the other members of the Altman family have felt the need to be deliberate and thoughtful about the support they provide her.  For example, they have offered to buy Ann Altman a house through a trust so that she would have her own home but could not sell the house immediately.

10.    When Sam Altman and the other members of the Altman family have not agreed to Ann Altman's demands for greater and unrestricted financial support, she has made false claims against them.

11.    Most significantly, she has begun a sustained campaign to publicly defame Sam Altman (and to a limited extent, their brother Jack Altman) by accusing him of sexually assaulting her as a child.

13

12.     Angry about Sam Altman's refusal to provide more financial support to her, and unable to secure unrestricted financial support from the Altman family, Ann Altman has now invoked the machinery of the judicial process to escalate the pressure against her family, and against Sam Altman in particular.

13.     To that end, Ann Altman filed this lawsuit in a Missouri federal court against Sam Altman on January 6, 2025—just two days before her legal claim would expire under the pertinent statute of limitations.  *Altman v. Altman*, No. 4:25-cv-00017 (E.D. Mo.).  The lawsuit alleges that Sam Altman sexually abused Ann Altman when she was a child.  She seeks compensatory and punitive damages.

14.     This action was filed to try to embarrass Sam Altman in the eyes of the public and in his community, to retaliate against him and the Altman family for their failure to provide greater and unrestricted support in the past, and to pressure them to relent to her demands for greater and unrestricted financial support going forward.

15.     When it became clear that Ann Altman was not getting the unrestricted financial support she demanded from the Altman family, she began publishing knowingly false statements that Sam Altman sexually abused her when she was a child.

16.     Her false public allegations against Sam Altman began on November 13, 2021, when she posted on Twitter (now known as X):  "I experienced sexual, physical, emotional, verbal, financial, and technological abuse from my biological siblings, mostly Sam Altman and some from Jack Altman."  From that point forward, Ann Altman has published a continuous stream of false sexual abuse allegations against Sam Altman across her many social media and blog channels.

17.     For example, on March 14, 2023, she posted on Twitter (now known as X): "I'm not four years old with a 13 year old 'brother' climbing into my bed non-consensually anymore. (You're welcome for helping you figure out your sexuality.)." Readers would have reasonably concluded this post refers to Sam Altman, who is her only brother who would have been 13 years old when she was 4 years old.

18.     On September 30, 2023, she posted on X: "I experienced every single form of abuse with him – sexual, physical, verbal, pharmacological (forced Zoloft, also later told I'd receive money only if I went back on it), and technological (shadowbanning)."

19.     Less than a week later, on October 4, 2023, she posted again on X: "If only there was little sister with a bed you could uninvited crawl in, or sick 20-something sister you could withhold your dead dad's money from, to cope."

20.     This barrage of false statements continued over the last year. Although Sam Altman is not mentioned explicitly by name in each separate publication, Ann Altman had established a history of voluminous posts specifically about Sam Altman, so it would be apparent to readers that he is the primary individual whom she claims sexually abused her. Some examples are listed below.

21.     On April 17, 2024, Ann Altman published a book (available on Lulu.com) titled *HumAnnie Grief Poems*, which contains poems she authored. The first poem reads: "Disturbing my bedtime with disturbing demands . . . Seeking his pleasure with no regard for its impact, Pimped out to the pimp himself, and one of his/my brothers, before I could walk." Having established in the public domain that her sexual abuse allegations centered on Sam Altman, readers would have understood this to be a reference to Sam Altman.

15

22.     On August 9, 2024, Ann Altman posted on X that her "long term home was broken into one month after these tweets," and then included a screenshot of her prior November 2021 post in which she explicitly alleged that "Sam Altman" (and Jack Altman) subjected her to "sexual, physical emotional, financial, and technological abuse."  By reposting her prior allegation—and adding an insinuation that her home break-in was connected to that allegation—Ann Altman affirmatively reiterated her false accusation explicitly against Sam Altman for a new and different audience.  Her August 9, 2024 post on X has received nearly 45,000 views.

23.     On August 20, 2024, Ann Altman posted a video on TikTok in which she displays text stating that she was "touched by older siblings."  In the context of other videos and statements she has made, viewers would have understood this claim to have at least included Sam Altman.

24.     On October 8, 2024, she posted a video on TikTok in which she stated that "an almost tech billionaire" was "terrified of the little sibling" that he "repeatedly molested and physically abused."  In context, viewers would have understood that she was referring to her brother Sam Altman.

25.     These false statements have been painful and damaging to Sam Altman and his family.

## COUNT I
### Abuse of Process

26.     Sam Altman repeats and realleges the allegations above as if fully set forth herein.

27.     Ann Altman made an illegal and improper use of the judicial process by filing a baseless lawsuit against Sam Altman.  Her allegations of sexual abuse against Sam Altman are entirely fabricated, and there is no basis in truth for her claims.

16

28.     Ann Altman had an improper purpose in filing her lawsuit.  Ann Altman has been frustrated by the Altman family's refusal to provide unrestricted financial support to her in the past, so she filed this lawsuit to retaliate against Sam Altman and the family, to embarrass him, and to pressure him to accede to future demands for unrestricted financial support.

29.     Sam Altman has, and will continue to, sustain damages as a result of Ann Altman's improper use of the judicial process.  These damages include, but are not limited to, the costs of defending the suit, and the reputational injuries stemming from her allegations.

## COUNT II
### Defamation

30.     Sam Altman repeats and realleges the allegations above as if fully set forth herein.

31.     Ann Altman made repeated false statements to the public alleging that Sam Altman sexually abused her when she was a child.

32.     Members of the public reasonably understood that Ann Altman's statements about childhood sexual abuse involved alleged abuse by Sam Altman, whether or not she mentioned Sam Altman by name.

33.     Members of the public reasonably understood Ann Altman's statements to mean that Sam Altman had sexually abused her as a child.

34.     Ann Altman knew these statements were false or had serious doubts about the truth of these statements.  At a minimum, Ann Altman failed to use reasonable care to ensure the truth or falsity of her statements.

35.     Sam Altman has suffered reputational injury and emotional pain as a consequence of Ann Altman's false statements.  These false statements have been a substantial factor in causing those harms.

17

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Sam Altman respectfully prays for the following relief:

1.     That judgment be entered for Sam Altman on Plaintiff's First Amended Complaint and Sam Altman's First Amended Counterclaims.

2.     That Sam Altman be awarded nominal damages in the amount of one (1) dollar on his Counterclaims, as Sam Altman does not want to harm his sister financially but does want a verdict in his favor that the statements by Plaintiff are not true.

3.     That Sam Altman be granted such other relief as the Court may deem just and proper.

Respectfully submitted this 15th day of April, 2026.

HEPLER BROOM LLC

By:        */s/ Thomas J. Magee*
THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street, Suite 1400
St. Louis, MO 63101
Telephone:     (314) 480-4212

LIU SHUR KRAVIS LLP

By:        */s/ Jonathan I. Kravis*
JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone:     (202) 240-7100

18

MUNGER, TOLLES & OLSON LLP

By: _____/s/ Hailyn J. Chen_____
HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

*Attorneys for Defendant*

19

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on April 15, 2026, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.


*/s/ Adeel Mohammadi*