**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANN ALTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 4:25-cv-00017 |
| | ) |
| SAMUEL ALTMAN, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO
STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES</u>**

## I.    **INTRODUCTION**

Defendant Sam Altman unequivocally denies Plaintiff's baseless allegations that he sexually abused her when she was a child.  Plaintiff's amended complaint adds little beyond what was asserted in her original complaint.  Just two days before her 31st birthday, when her claim would have expired, Plaintiff brought this lawsuit asserting fabricated allegations of sexual abuse by Mr. Altman, purportedly occurring two decades ago when Mr. Altman himself was a child.  Mr. Altman looks forward to seeking judgment in his favor at a future stage in this litigation.

At this juncture, however, the Court should strike Plaintiff's request for punitive damages with prejudice.  Plaintiff's cause of action arises under section 537.046 of the Missouri Revised Statutes.   Punitive damages are unavailable under section 537.046 as a matter of Missouri law. When a statute creating a cause of action does not expressly authorize punitive damages, then punitive damages "will not be allowed" unless the statute codifies a common-law tort.  *See Estate of Williams v. Williams*, 12 S.W.3d 302, 307 (Mo. banc 2000) ("In cases where a statute creates a cause of action unknown to the common law, punitive damages will not be allowed unless specified in the statute.").  There is no dispute that section 537.046 omits any reference to punitive damages.  To the contrary, the statute expressly limits recovery to "damages from injury or illness." Mo. Rev. Stat. § 537.046.2.

Nor does section 537.046 codify any common-law torts.  The statute creates an entirely new cause of action unknown to the common law based on predicate criminal offenses that do not duplicate the torts of assault and battery.  A Missouri federal court recently held that a similarly structured statute did not allow for punitive damages because that statute did not codify overlapping torts and did not reference punitive damages.  *Advanced Physical Therapy, LLC v.*

1

*Apex Physical Therapy, LLC*, No. 6:20-CV-03043-RK, 2022 WL 303345, at *6 (W.D. Mo. Feb. 1, 2022).  This Court should follow *Advanced Physical Therapy*.

Even if punitive damages were available as a general matter (they are not), the Court should, at a minimum, strike Plaintiff's request for punitive damages for conduct allegedly committed when Mr. Altman was a child.  Where a prayer for punitive damages is based on a statute that purportedly codifies a common-law tort, the availability of punitive damages is limited by the scope of Missouri common law at the time of codification.  *See, e.g.*, *Ridings v. Thoele, Inc.*, 739 S.W.2d 547, 549 (Mo. banc 1987).  At the time section 537.046 was enacted (and to this day), Missouri common law had not established that punitive damages were recoverable for the conduct of a child.  In addition, constitutional avoidance principles counsel against adopting an interpretation of section 537.046 that allows for punitive damages for childhood conduct.

## II.   RELEVANT BACKGROUND

Plaintiff alleges that Mr. Altman, over a nine-year period, sexually abused her when she was a child.  Doc. 53 ("Am. Compl.") ¶¶ 5-11.  Most of her allegations concern conduct that Mr. Altman allegedly committed when he was a child, beginning when he was 12 years old.  *See id*. ¶¶ 5-6.  Plaintiff dedicates one cursory sentence to allegations about Mr. Altman's conduct that occurred when he was an adult.  *Id.* ¶ 12.  Although Plaintiff has previously falsely accused Mr. Altman of sexual abuse on social media, this is the first time she has alleged the abuse occurred when he was an adult.  For all of this alleged conduct, Plaintiff seeks punitive damages.  *Id.* at 5.

Plaintiff's operative complaint asserts one count for "Violation of Missouri's Childhood Sexual Abuse Statute," section 537.046.  *Id*. at 3.  Under this section of the Missouri code, a plaintiff may "recover *damages from injury or illness* caused by childhood sexual abuse," so long as the plaintiff brings suit before he or she turns 31. Mo. Rev. Stat. § 537.046.2 (emphasis added).

2

Plaintiff commenced this action on March 7, 2025, two days before her 31st birthday, alleging causes of action for sexual assault and sexual battery.  Doc. 1, at 3-5.  The Court dismissed Plaintiff's complaint, but granted her leave to file an amended complaint.  Doc. 48, at 17.  Plaintiff filed her amended complaint on April 1, 2026, restyling her claim as arising under section 537.046.  Doc. 53, at 3.  The substance of the allegations in her amended complaint remains essentially unchanged.

### III.     LEGAL STANDARD

A request for punitive damages can be subject to a motion to strike under Fed. R. Civ. P. 12(f).  *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997); *see also Rohweder v. Aberdeen Prod. Credit Ass'n*, 765 F.2d 109, 113 (8th Cir. 1985); Doc. 48, at 8 n.8.  Motions to strike are discretionary, though courts in this Circuit have consistently granted motions to strike punitive damages when they are shown to be unavailable as a matter of law.  *E.g.*, *Haynes v. BIS Frucon Eng'g, Inc.*, No. 4:08-CV-701 CAS, 2008 WL 4561462, at *2 (E.D. Mo. Oct. 10, 2008).

### IV.     ARGUMENT

#### A.     Plaintiff's Claim for Punitive Damages Should Be Stricken With Prejudice

Plaintiff's claim for punitive damages should be stricken with prejudice.  Under Missouri law, when a statute creating a cause of action does not expressly authorize punitive damages, then punitive damages "will not be allowed" unless the statute codifies a common-law tort.  *See Williams*, 12 S.W.3d at 307.  Applying the Missouri Supreme Court's binding rule in *Williams*, *see In re W. Iowa Limestone, Inc.*, 538 F.3d 858, 866 (8th Cir. 2008) (federal courts are "bound by a state supreme court's construction of its own law"), punitive damages are unavailable under section 537.046 as a matter of law.

3

### 1.     The Statutory Language Does Not Authorize Punitive Damages

Section 537.046, by its plain terms, does not provide for punitive damages.  Instead, section 537.046 creates an "action to recover damages *from injury or illness* caused by childhood sexual abuse."  Mo. Rev. Stat. § 537.046.2 (emphasis added).  The statute goes on to define "[i]njury" and "illness" specifically as harms that are either physical or psychological.  *Id.* § 537.046.1(2).  The phrase "[i]njury or illness" delineates the outer limit of recoverable damages—the statute does not provide that other remedies may be available, as Missouri statutes otherwise often do.  *See, e.g.*, *id.* § 441.860 (stating that specified remedies associated with expedited eviction proceedings "shall be in addition to, not in lieu of, any other remedies available at law or in equity"); *id.* § 416.658.1 (stating that Missouri statute creating a cause of action for bad-faith assertions of patent infringement "shall not be construed to limit the rights or remedies available to any person or the state under any other law"); *id.* § 407.1082.1 (stating that remedies enumerated in statute prohibiting certain telemarketing practices are "cumulative and in addition to any other remedies available by law").  Compensatory—not punitive—damages are designed to redress injury and illness.  *See e.g.*, *Payne v. Fiesta Corp.*, 543 S.W.3d 109, 130 (Mo. Ct. App. 2018).  Because section 537.046 specifically provides that a plaintiff may recover damages "from injury or illness" and provides for no other recoverable damages, only compensatory damages are available.

As the Court has recognized, the Missouri Legislature's inclusion of punitive damages in other statutes[1] also "raises an inference that the legislature did not intend punitive damages to be

---

[1] *See, e.g.*, Mo. Rev. Stat. § 407.1082.3 (claims for unlawful telemarketing practices); *id.* § 213.111 (claims for employment violations); *id.* § 182.817 (claims for release of private records by libraries); *id.* § 302.170 (claims for unlawful retention of private biometric data); *id.* § 407.025 (claims for unfair or fraudulent practices in connection with merchandise); *id.* § 408.562

an available remedy for an action brought under" a different statute that lacks such a provision. *King v. Sw. Foodservice Excellence, LLC*, No. 4:17-cv-2551-CDP, 2017 WL 6316830, at \*2 n.2 (E.D. Mo. Dec. 11, 2017) (citing *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 384 (2013)).

That inference is particularly warranted because Missouri law generally disfavors punitive damages. *See O'Riley v. U.S. Bank*, 412 S.W.3d 400, 417 (Mo. Ct. App. 2013) (punitive damages are an "'extraordinary or harsh'" remedy that "should be awarded only sparingly") (quoting *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 110 (Mo. banc 1996)); *see also Arie v. Intertherm, Inc.*, 648 S.W.2d 142, 159 (Mo. Ct. App. 1983) ("Under Missouri law punitive damages are never allowed as a matter of right."). Missouri courts not only apply "heightened pleading requirements" for punitive damages, *Waters v. Ferrara Candy Co.*, No. 4:17-cv-00197-NCC, 2017 WL 2618271, at \*3 (E.D. Mo. June 16, 2017), but also do not even allow plaintiffs to seek punitive damages absent leave of court, which can be granted only if supported by evidence establishing a reasonable basis for punitive damages, *see* Mo. Rev. Stat. § 510.261.5.

Given the extraordinary nature of punitive damages in Missouri and the Legislature's practice of expressly authorizing them in other statutes, the Legislature would not have intended punitive damages to be available under section 537.046 without expressly providing for them. *Cf. R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 430 n.12 (Mo. banc 2019) ("The legislature 'does not, one might say, hide elephants in mouseholes.'" (quoting *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001))). The sole exception to this rule, for

---

(claims for violations pertaining to interest and loan statutes); *id.* § 537.524 (claims for interference with hunting or trapping).

5

statutes creating causes of action, is when the statute codifies a common-law tort for which punitive damages are available.  *See Williams*, 12 S.W.3d at 307.

### 2.       Section 537.046 Did Not Codify Any Common-Law Tort

A statute codifies a common-law tort generally when its provisions can be traced to an action recognized at common law.  Section 537.046's text cannot be traced to a common-law tort, but instead creates an entirely new cause of action unknown to the common law based exclusively on predicate *criminal offenses*.  *See* Mo. Rev. Stat. § 537.046.1(1) (listing only criminal offenses, the violation of which constitutes actionable conduct under the statute).  No aspect of the statutory text signals an intent by the Missouri legislature to tether the statute to the common law.

A Missouri federal court has recognized that where a statute imposes liability based on the commission of predicate criminal offenses that are independent of any overlapping torts, the statute is not a codification of common-law torts and no punitive damages will be allowed.  *See Advanced Physical Therapy*, 2022 WL 303345, at *8.  *Advanced Physical Therapy*—which appears to be the only court decision addressing the availability of punitive damages for a Missouri statute that creates a cause of action based on predicate criminal offenses—is on all fours with this case.  There, the court addressed whether punitive damages are available for violations of the Missouri Computer Tampering Act ("MCTA").  Similar to section 537.046, the MCTA creates a cause of action for the commission of specified criminal offenses, which include tampering with computer data, equipment, and users.  *Id.* (citing Mo. Rev. Stat. § 537.525.1).  Notwithstanding the fact that the MCTA substantively overlapped with the "independent" torts of conversion and invasion of privacy—which allow for the recovery of punitive damages— the court concluded that punitive damages were unavailable as a matter of

6

law. *Id.* at *7-8 & n.14. It made no difference that certain violations of those computer-tampering statutes could also constitute conversion or invasion of privacy under Missouri common law.[2] *Id.* Because the statutory cause of action was based on criminal predicate statutes, it was enacted "independent" of those torts and could not have codified them. *Id.* Citing to other cases involving statutes that "codified" common-law claims simply by copying and pasting them into law—such as Missouri's dram shop liability statute (*Rasmussen v. Ill. Cas. Co.*, 628 S.W.3d 166, 180 (Mo. Ct. App. 2021)), and Missouri's public utility claims statute (*Overman v. Sw. Bell Tel. Co.*, 675 S.W.2d 419, 424 (Mo. Ct. App. 1984))—the court held that the MCTA did not similarly codify common-law claims, and thus no right of punitive damages could be implied in the statute.[3] 2022 WL 303345, at *8. And like *Advanced Physical Therapy*, at least one other courts has similarly held that punitive damages are not available under the MCTA. *See Porters Bldg. Ctrs., Inc. v. Sprint Lumber*, No. 16-06055-CV-SJ-ODS, 2017 WL 4413288, at *4 (W.D. Mo. Oct. 2, 2017).

This Court should follow *Advanced Physical Therapy*. Neither the statutory language of the MCTA nor section 537.046 expressly permits punitive damages. Instead, in creating statutory causes of action, both statutes use similar language to expressly limit the availability of damages to compensate plaintiffs for their injuries. Section 537.046 permits the recovery of

---

[2] *Compare* Mo. Rev. Stat. § 569.095.1 (MTCA prohibition on tampering with computer data); *with Fehrman v. Pfetzing*, 917 S.W.2d 600, 602 (Mo. Ct. App. 1996) (elements of conversion), *and St. Anthony's Med. Ctr. v. H.S.H.*, 974 S.W.2d 606, 609 (Mo. Ct. App. 1998) (elements of invasion of privacy).

[3] Missouri courts have concluded that a statute does codify a common law tort, and therefore authorizes punitive damages, where the statute merely proscribes the violation of "common law duties," *Overman*, 675 S.W.2d at 424, or forbids conduct in a way that mirrors the parameters of the common law, *Rasmussen*, 628 S.W.3d at 180. For the reasons discussed herein, that is not the case with section 537.046.

7

"damages from injury or illness," and the MCTA similarly permits the recovery of "compensatory damages," Mo. Rev. Stat. § 537.525(1).  *See Payne*, 543 S.W.3d at 130 ("The purpose of *compensatory* damages is to fairly and reasonably compensate a plaintiff for his or her *injury*.") (emphasis added).  By contrast, "[t]he purpose of punitive damages is to punish and deter, not to compensate" the plaintiff for her injury.  *Litchfield By & Through Litchfield v. May Dep't Stores Co.*, 845 S.W.2d 596, 598 (Mo. Ct. App. 1992).[4]

Further, just like the MCTA, section 537.046 also imposes civil liability based on the commission of specified criminal offenses.  *See also* Doc. 48, at 8 n.2 (noting that section 537.046.1(1) contains predicate "criminal statutes" (citing *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 326 n.6 (Mo. banc 2016))).  Specifically, the statute proscribes "[c]hildhood sexual abuse," which is defined as conduct against a child that is prohibited by a list of predicate criminal statutes—e.g., rape, sexual abuse, sodomy, and incest.  Mo. Rev. Stat. § 537.046.1(1).  Section 537.046's predicate offenses are *narrower* than any common-law torts that may incidentally overlap with the enumerated criminal offenses.  For example, common-law battery encompasses significantly more conduct that does not fall within the statutory definition of "childhood sexual abuse," including striking someone in the face, performing an unconsented medical procedure, or any other contact or touching that causes offense or physical harm.  *See Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238, 246 (Mo. Ct. App. 2006).  Furthermore,

---

[4] Unlike section 537.046, the MCTA authorizes recovery for compensatory damages "[i]n addition to any other civil remedy available."  Mo. Rev. Stat. § 537.525.  The court in *Advanced Physical Therapy* therefore considered whether, for the MCTA, any additional forms of damages had been codified beyond those expressly identified.  *Advanced Physical Therapy, LLC*, 2022 WL 303345, at *7.  Still, the court there concluded that no such codification occurred, and thus punitive damages were unavailable.  *Id*. at *9.  By contrast, section 537.046 has no analogous "in addition to any other civil remedy available" clause, meaning that, *a fortiori*, punitive damages are unavailable under section 537.046.

unlike common-law battery, which may lie against any class of victim, section 537.046 is limited to the commission of specified crimes against a child.  Mo. Rev. Stat. § 537.046.1.  The definition of "childhood sexual abuse" also includes conduct that would not be actionable as a common-law battery, such as incest between children when the contact is consensual.  *See id.* § 537.046 (incorporating incest statute at § 568.020, which only requires sex with a known sibling); *Cooper*, 204 S.W.3d at 246 (offense or physical harm required for battery).  Just as in *Advanced Physical Therapy*, the mere existence of common-law torts (*e.g.*, battery) that could, in specific cases, hypothetically overlap with the criminal offenses actionable under section 537.046 does not mean the statute "codified" the common-law torts of battery or assault.

If there remained any doubt, binding authority from the Missouri Supreme Court also makes clear that section 537.046 did not codify common-law claims.  As this Court is aware from its decision dismissing Plaintiff's assault and battery claims as time-barred, *State ex rel. Heart of Am. Council v. McKenzie* held that section 537.046 "created a *new statutory cause of action* and that it did not extend the limitations period for related tort claims."  Doc. 48, at 7 (citing 484 S.W.3d at 326-27) (emphasis added).

In addition, the holding of *McKenzie* makes clear that the scope of section 537.046 is narrower than the scope of common-law battery, and therefore section 537.046 cannot be said to codify a common-law tort.  In *McKenzie*, the Missouri Supreme Court held that section 537.046 did not permit liability against an organization (the Boy Scouts) for acts of sexual abuse perpetrated by an employee (a scoutmaster).  Under common-law battery, however, the plaintiff *could have* pursued a claim against the organization based on vicarious liability.  *See, e.g.*, *Clark v. Skaggs Companies, Inc.*, 724 S.W.2d 545, 550 (Mo. Ct. App. 1986).  If section 537.046 simply codified the common law, then *McKenzie* would have allowed the claim against the Boy Scouts.

9

To be sure, Missouri courts may well permit the recovery of punitive damages for childhood sexual abuse when those claims are brought as common-law torts. *E.g.*, *A.R.B. v. Elkin*, 98 S.W.3d 99, 105 (Mo. Ct. App. 2003) (claims brought for assault and battery). But that is not the case here; Plaintiff brings only one cause of action under section 537.046, which "created a new statutory cause of action" distinct from any common-law claim. Doc. 48, at 7. Accordingly, the relevant question under the *Williams* exception is not whether there is *some* hypothetical common-law tort that covers the same conduct alleged as a statutory cause of action, but whether the statute codified a common-law tort. *See* 12 S.W.3d at 307. And because section 537.046 does not codify any common-law tort, the narrow exception set forth in *Williams* does not apply here. Punitive damages are therefore unavailable for the sole cause of action Plaintiff alleges here.

**B.      In the Alternative, the Court Should Strike Plaintiff's Request for Punitive Damages Based on Mr. Altman's Alleged Conduct When He Was a Child**

Even if punitive damages were available as a general matter under section 537.046 (they are not), Plaintiff cannot recover punitive damages for conduct allegedly committed when Mr. Altman was a child, which comprises virtually all of the conduct alleged in the Amended Complaint. *See* Am. Compl. ¶¶ 5-11. At the time section 537.046 was enacted, and to this day, Missouri common law has not established that punitive damages are recoverable for the conduct of a child. So even if the Court is inclined to import common-law principles to conclude that punitive damages are, as a general matter, available under section 537.046, it should not import a right to punitive damages for childhood conduct.

Where a statutory claim for punitive damages is based on the premise that the statute codifies a common-law tort, then the availability of punitive damages under the statute is limited by the common law. *Ridings*, 739 S.W.2d at 549. For example, in *Ridings*, the Missouri

10

Supreme Court held punitive damages were not available against a franchisor that violated a statute codifying a pre-existing common-law obligation to provide notice before terminating a franchise relationship. *Id.* "Missouri common law *never has recognized the availability of punitive damages*," the Court held, "for failure to notify a franchisor of impending termination." *Id.* at 549 n.4 (emphasis added). As a result, the franchisee "enjoyed no greater in-kind remedial rights before the enactment of [the statute] than afterward, and [is] not entitled to recover punitive damages under the statute." *Id.* at 549. Other Missouri cases confirm that the scope of codification must track the scope of the common law at the time of the statute's enactment. *See, e.g.*, *Rasmussen*, 628 S.W.3d at 170.

Applying *Ridings* and *Rasmussen*, section 537.046 does not permit the recovery of punitive damages for conduct committed by a child because Missouri common law has never recognized the validity of a claim for punitive damages against a child. A century before section 537.046 became law, the Missouri Court of Appeals held punitive damages were unavailable against a 10-year-old child. *O'Brien v. Loomis*, 43 Mo. App. 29, 39 (1890). The court explained that, although children can be criminally prosecuted in some circumstances, the "*punishment*" of children cannot be "loosely extended" from criminal to civil law through the application of punitive damages. *Id.* *O'Brien* signals Missouri courts' clear reluctance to punish childhood conduct in a civil case. Indeed, since *O'Brien*, we are aware of no case interpreting Missouri law to authorize punitive damages for the conduct of a minor.

Constitutional principles also militate against construing section 537.046 to allow punitive damages for the conduct of children. Under Missouri's "constitutional avoidance" canon of construction, courts are reluctant to construe ambiguous statutes in ways that would raise significant constitutional questions. *See, e.g.*, *State ex rel. Praxair, Inc. v. Missouri Pub.*

11

*Serv. Comm'n*, 344 S.W.3d 178, 187 & n.7 (Mo. banc 2011). Here, the confluence of two lines of cases raise serious constitutional questions about the imposition of punitive damages for the conduct of a child.

In one line of cases, the Supreme Court has established that punitive damages are subject to "procedural and substantive constitutional limitations." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). For example, even though punitive damages are a form of punishment akin to criminal penalties, defendants "in civil cases have not been accorded the protections applicable in a criminal proceeding." *Id.* at 417. As a result, punitive damages may be constitutionally excessive if, among other things, they do not account for the "degree of reprehensibility" of the defendant, which is predicated on the "accepted view that some wrongs are more *blameworthy* than others." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996) (emphasis added).

In another line of cases, the Supreme Court has imposed constitutional limits on punishing the conduct of children, recognizing that children are *less blameworthy* as a class. *See, e.g.*, *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (no mandatory life without parole for juvenile offenders); *Graham v. Florida*, 560 U.S. 48, 82 (2010) (no life without parole for juvenile non-homicide offenders); *Roper v. Simmons*, 543 U.S. 551, 578 (2005) (no capital punishment for offenses committed by children). These limits are based on the notion that children have "diminished culpability and greater prospects for reform" than adults, which lessens penological justifications for harsher punishments. *Miller*, 567 U.S. at 471-72.

In view of these two doctrinal threads, substantial constitutional questions arise when imposing punitive damages for the conduct of a child. Allowing punitive damages in such circumstances would involve the state punishment of a class of persons with categorically

12

diminished culpability—as the Supreme Court has repeatedly held—without the procedural safeguards that ordinarily exist to ensure fair and adequate process for the punishment.  To be sure, juvenile offenders can be subject to delinquency proceedings in Missouri—including for the precise predicate offenses in section 537.046—but in Missouri, the juvenile justice system is designed to rehabilitate children, not punish them as punitive damages would do.  *See McKamely v. Hession*, 704 S.W.2d 701, 704 (Mo. Ct. App. 1986).  And more fundamentally, delinquency proceedings for juvenile conduct would involve procedural guardrails that do not inhere in a civil lawsuit, such as the right to confront witnesses, the right against self-incrimination, and the need for the State to meet the demanding "beyond a reasonable doubt" standard of proof.  *See Application of Gault*, 387 U.S. 1, 47 (1967); *In re Winship*, 397 U.S. 358, 368 (1970).

The Court need not decide whether these considerations actually render punitive damages for childhood conduct constitutionally infirm, but they raise sufficient constitutional questions to trigger the constitutional avoidance canon of interpretation.  The Court should adopt the interpretation of the statute that avoids these concerns, and—to the extent it finds that punitive damages are available under section 537.046 at all—it should dismiss Plaintiff's request for punitive damages associated with Mr. Altman's alleged childhood conduct.

## V.      CONCLUSION

The Court should strike with prejudice Plaintiff's request for punitive damages in its entirety.  Alternatively, the Court should strike Plaintiff's request for punitive damages based on Mr. Altman's alleged conduct as a minor, which is the gravamen of Plaintiff's Amended Complaint.

DATED:  April 15, 2026                    HEPLER BROOM LLC


                                          By:        /s/ Thomas J. Magoo
                                          THOMAS J. MAGEE #32871(MO)
                                          thomas.magee@heplerbroom.com
                                          HEPLER BROOM LLC
                                          701 Market Street
                                          Suite 1400
                                          St. Louis, MO 63101
                                          Telephone:    (314) 480-4212


                                          LIU SHUR KRAVIS LLP


                                          By:        /s/ Jonathan I. Kravis
                                          JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
                                          jonathan.kravis@lskllp.com
                                          LIU SHUR KRAVIS LLP
                                          607 14th Street N.W., Suite 625
                                          Washington, D.C. 20005
                                          Telephone:    (202) 240-7100

MUNGER, TOLLES & OLSON LLP

By: _____ */s/ Hailyn J. Chen* _____

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

*Attorneys for Defendant*

15