**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017 |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES**

## I. INTRODUCTION

Binding Missouri law makes clear that "[i]n cases where a statute creates a cause of action unknown to the common law, punitive damages will not be allowed unless specified in the statute." *Estate of Williams v. Williams*, 12 S.W.3d 302, 307 (Mo. banc 2000). Plaintiff does not dispute that this rule controls here. Nor does she dispute that the plain language of the relevant statute, Mo. Rev. Stat. § 537.046 (2004),[1] does not authorize punitive damages. So the key question before the Court is whether, in enacting the operative version of section 537.046 in 2004, the Missouri Legislature created a new statutory cause of action or merely codified the common law. This Court has already concluded that the 2004 statute "created a *new* statutory cause of action," Dkt. 48, at 7 (emphasis added) (citing *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 326 (Mo. banc 2016)), and Mr. Altman's memorandum explained why no aspect of the statutory text tethers section 537.046—a statute creating a civil cause of action for defined criminal offenses—to the common law. *See* Dkt. 56, at 6-10.

In response, Plaintiff's opposition essentially sidesteps the key question here and instead focuses on arguing the irrelevant point that punitive damages may be available for "intentional torts," like "sexual assault" and "sexual battery." *See, e.g.*, Dkt. 66 ("Opp."), at 3-5. But the Court has already dismissed her assault and battery claims, *see* Dkt. 48, at 17, and her Amended Complaint's sole cause of action is a statutory claim that was created by the Legislature when it enacted the 2004 amendment to section 537.046. Plaintiff's opposition does nothing to rebut what Mr. Altman's opening brief clearly establishes: That section 537.046 created an entirely new cause

[1] Unless otherwise noted, all references to section 537.046 are to the 2004 version of the statute, which is the operative statute in this case. *See* Dkt. 48, at 7 n.1 (concluding that Plaintiff's "only viable path forward at this point is an independent claim under the 2004 [statute]").

of action unknown to the common law based on predicate criminal offenses that do not duplicate the torts of assault and battery. It is no surprise that Plaintiff can cite no case that has ever awarded punitive damages specifically for a statutory claim under the operative statute.

If the Court nevertheless concludes that punitive damages are generally allowed under section 537.046, it should still dismiss punitive damages associated with Mr. Altman's alleged conduct as a child. Plaintiff does not dispute that the scope of a codification statute must track the scope of the common law it codified. Nor does she dispute that Missouri common law has never recognized the validity of punitive damages for childhood conduct. Her ancillary arguments do not negate these points, which are dispositive. The Court should therefore grant Mr. Altman's motion.

## II. ARGUMENT

### A. Punitive Damages Must Be Stricken Because Section 537.046 Does Not Authorize Them or Codify a Common-Law Tort

Plaintiff does not dispute that section 537.046, by its plain terms, does not authorize the recovery of punitive damages. Instead, the statute authorizes an action to recover damages for "injury" or "illness," Mo. Rev. Stat. § 537.046.2, both of which are defined to encompass only "physical . . . or [] psychological" harms, *id.* § 537.046.1(2). Nor does Plaintiff dispute that, because section 537.046 does not authorize punitive damages, they are barred unless the statute codified a common-law tort, *see Williams*, 12 S.W.3d at 307, which it did not do. Section 537.046 defines the conduct encompassed by the statutory cause of action for childhood sexual abuse based exclusively on *criminal statutes*. For this reason, section 537.046 has a very different scope from the common-law torts of battery and assault, covering conduct like incest (alleged here) that would not necessarily constitute a tort while excluding conduct (like any unconsented or offensive touching of an adult) that would constitute a tort.

Plaintiff does not attempt to address this core argument. Instead, she makes a series of arguments that have nothing to do with the key inquiry—whether section 537.046 codified a common-law tort. First, Plaintiff cites a series of cases about the availability of punitive damages in "intentional tort cases" and cases of "sexual assault" and "sexual battery." Opp. at 3; *see also id.* at 4 (discussing "battery actions" (quotation marks omitted)). But Plaintiff's Amended Complaint does not include a tort claim, and this Court has already held in dismissing Plaintiff's initial complaint that her "tort claims are no longer in play." Dkt. 48, at 6. Her sole claim is being brought under the "new statutory cause of action" that was created as a result of the 2004 amendment to section 537.046. *See id.* at 7. The cases cited by Plaintiff do not address that statutory claim.

Similarly, Plaintiff argues that Missouri courts treated childhood sexual assault claims as common-law battery claims prior to the statute's adoption, and punitive damages are available for such claims. *See* Opp. at 5. But that historical practice has no bearing on the question at issue here—whether section 537.046 codifies those common-law claims. She points to no aspect of the statutory text or relevant legislative history that signals an intent to tether it to the common law.

Next, Plaintiff contends—with no support or explanation—that cases decided around the time of the adoption of the original statute in 1990 suggest a legislative intent to codify the common law. Opp. at 5 (citing *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 342 (Mo. banc 1993) and *Sheehan v. Sheehan*, 901 S.W.2d 57, 58 (Mo. banc 1995)). But Plaintiff's claim is governed by the 2004 version of the statute, which is materially different from the 1990 version. As this Court previously noted, the 1990 version "broadly extended the limitations period for claims '*[i]n any civil action* for recovery of damages suffered as a result of childhood sexual abuse,'" Dkt. 48, at 6-7 (quoting *Harris v. Hollingsworth*, 150 S.W.3d 85, 87 (Mo. Ct. App. 2004)),

while the 2004 amendment "restricted the generous limitations period to [only] 'an action brought pursuant to this section,'" *id.* at 7 (quoting Mo. Rev. Stat. § 537.046.2[2]). Unlike the 1990 statute, the 2004 statute "created a new statutory cause of action." *Id.* Thus, relying on cases that interpret the 1990 statute to examine whether the 2004 statute codified common law is "unavailing" given that prior to 2004, section 537.046 operated to extend the time of *other* causes of action. *See id.*

Moreover, even to the extent that the cases discussing the 1990 version of the statute are relevant to the interpretation of the 2004 statute, the pair of cases Plaintiff cites (Opp. at 5) say nothing about the key question, i.e., whether the Legislature intended to codify common law in enacting section 537.046. They concern issues relating to section 537.046's limitations period (e.g., retroactivity), and have nothing to do with what the Legislature intended to codify or any other aspect of the statute's substance. *See Doe*, 862 S.W.2d at 342 (holding that the 1990 version of section 537.046 cannot be applied retroactively to permit causes of action that would have been otherwise time-barred); *Sheehan*, 901 S.W.2d at 58 (same).

Plaintiff goes on to fault Mr. Altman for not "cit[ing] to a single case" holding specifically that punitive damages are unavailable under section 537.046. Opp. at 6. But that means nothing. Nor is there any case holding that such damages are available; this issue is one of first impression. Nonetheless, Plaintiff misleadingly argues that punitive damages are "regularly" awarded to survivors of sexual abuse. *Id.* at 4. But there is no evidence that courts have *ever* awarded punitive damages for actions that involve *only* a statutory claim under the operative version of section 537.046. The cases she cites involved *common-law* claims. *See Doe v. Wentzville R-IV Sch. Dist.*, 135 F. App'x 891, 892 (8th Cir. 2005) (unpublished) (involving a "civil action for battery and

---

2 The Court's order (Dkt. 48, at 7) references "Mo. Rev. Stat. § 5<u>16</u>.046.2" (emphasis added), though that statute does not exist. Mr. Altman respectfully assumes that the Court meant to reference section 5<u>37</u>.046.2.

negligent supervision"); *A.R.B. v. Elkin*, 98 S.W.3d 99, 101 & 104 n.3 (Mo. Ct. App. 2003) (claims brought for assault and battery); Findings of Fact, Conclusions of Law and J., *Doe v. Bradshaw*, No. 1116-CV09480 (Jackson Cnty, Mo. Cir. Ct. Feb. 28, 2017)) (awarding punitive damages for the assault and battery claims specifically, not the statutory claim).[3]

Plaintiff also cites *Straub v. Tull*, 128 S.W.3d 157, 159 (Mo. Ct. App. 2004), though that case involved punitive damages based on a claim brought under the old 1990 version of section 537.046. As discussed above, *supra* at 3-4, the 1990 statute extended the limitations period "[i]n *any civil action* for recovery of damages suffered as a result of childhood sexual abuse,'" Mo. Rev. Stat. § 537.046.2 (Cum. Supp. 1990) (emphasis added), whereas the 2004 statute extended the limitations period only for actions "brought pursuant to *this section*," *id.* § 537.046.2 (emphasis added). Unlike the 1990 statute, the 2004 statute "created a new statutory cause of action." Dkt. 48, at 7. Thus, even if a court permitted punitive damages in a case brought under the 1990 statute, that would indicate only that punitive damages were available for tort claims whose limitations periods were extended by the 1990 statute; *Straub* says nothing about whether punitive damages are available under the brand-new statutory cause of action created by the 2004 statute.

Moreover, Plaintiff's opposition brief confirms that the only case cited by either party addressing the availability of punitive damages under a Missouri statute that predicates liability on the commission of criminal offenses is *Advanced Physical Therapy*. That case rejected Plaintiff's position and held that punitive damages were not recoverable. *Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, No. 6:20-cv-03043-RK, 2022 WL 303345, at *8 (W.D. Mo. Feb. 1, 2022). Plaintiff tries to distinguish *Advanced Physical Therapy* on the basis that the computer-

---

[3] Plaintiff cited to this decision (Opp. at 4), but it is not accessible on Westlaw or LexisNexis. Mr. Altman's counsel obtained the decision from the trial court in Jackson County, which is attached herein as Exhibit 1.

tampering statute there created a claim for predicate violations that were only *criminal* in nature. Opp. at 6. But the same is true of section 537.046—each of the predicate offenses (*e.g.*, rape, sexual abuse, sodomy, etc.) is defined by reference to a criminal statute. *See* Mo. Rev. Stat. § 537.046(1) (citing various provisions of the Missouri Criminal Code). To be sure, certain common-law torts may be actionable for conduct that also violates those criminal statutes because the tortious conduct incidentally overlaps with the enumerated criminal offenses. But that was also true in *Advanced Physical Therapy*, which acknowledged that the invasion-of-privacy and conversion torts could exist "separate and distinct" from the statutory cause of action for computer tampering. 2022 WL 303345, at *8 n.14. Still, the *Advanced Physical Therapy* court held that punitive damages were unavailable notwithstanding the incidental overlap between possible common-law tortious conduct and conduct that violated the MCTA's enumerated criminal predicate offenses. Plaintiff offers no sound reason to depart from *Advanced Physical Therapy*; this Court should follow it.

Plaintiff's remaining arguments are without merit. She argues punitive damages are available for outrageous conduct resulting from an evil motive, citing Missouri's form jury instructions. Opp. at 3. But again, this is irrelevant. Plaintiff just recites the standard for the trier of fact to award punitive damages *when they are available* for the particular cause of action. That standard has nothing to do with the threshold issue of whether the damages are available in the first instance.

Finally, Plaintiff invokes (Opp. at 7) recent proposed statutory amendments that would expand the scope of section 537.046 to cover not just "action[s] pursuant to this section," Mo. Rev. Stat. § 537.046.2 (2025), but rather "[a]ny action to recover damages from injury or illness caused by childhood sexual abuse," H.B. Nos. 1664, 1610, 1645 & 2182, § 537.046, 103rd Gen. Assemb.,

2d Reg. Sess. (Mo. 2026). But it is well-established that unenacted "legislative proposals are a particularly dangerous ground on which to rest an interpretation of a prior statute." *Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 531 U.S. 159, 169-70 (2001) (internal quotation marks omitted). This is because "[a] bill can be proposed for any number of reasons, and it can be rejected for just as many others." *Id.* at 170. If anything, the cited legislative proposal actually *confirms* that the Legislature understands the current section 537.046 as creating a new statutory cause of action distinct from common-law claims. If it were otherwise, the legislators proposing this amendment would have had no reason to do so.

### B. At a Minimum, the Court Should Not Construe Section 537.046 to Permit Punitive Damages for Childhood Conduct

If the Court nonetheless finds that section 537.046 codifies the common law and authorizes punitive damages, Plaintiff cannot recover such damages for conduct allegedly committed when Mr. Altman was a child. Plaintiff does not dispute the commonsense premise that, when a statute codifies a common-law tort, the availability of punitive damages is limited to what is recoverable under the common law. *See Ridings v. Thoele, Inc.*, 739 S.W.2d 547, 549 (Mo. banc 1987). Nor does she dispute that Missouri common law has never recognized the validity of punitive damages for childhood conduct. She cites no case interpreting Missouri law to hold that such damages may be available for the conduct of a minor, and we are aware of none. That should be the end of the matter. And if that were not enough, principles of constitutional avoidance and Missouri's general disfavor of punitive damages counsel in favor of a narrow construction of section 537.046 that does not extend punitive damages to childhood conduct. Dkt. 56, at 11-13. Plaintiff offers no response to these arguments.

Instead, she makes ancillary points that do not show an entitlement to punitive damages for childhood conduct. She argues, for example, that some children have the mental capacity to

understand wrongfulness even from the age of 13. Opp. at 8. But that does not mean that Missouri common law has allowed children to be punished in a civil case without the protections that inhere in a criminal or juvenile proceeding. In any event, Plaintiff cites no case involving a claim against a child wrongdoer—let alone any case involving punishment of childhood conduct or imposition of punitive damages. She relies only on a plainly inapposite case in which the court held a child *victim* must have known the sexual abuse *he suffered* was wrong. *H.R.B. v. Rigali*, 18 S.W.3d 440, 444 (Mo. Ct. App. 2000). That does not establish that Missouri common law authorizes the punishment of childhood conduct through punitive damages.

Plaintiff also tries to distinguish *O'Brien v. Loomis*, 43 Mo. App. 29, 39 (1890)—which declined to award punitive damages against a 10-year-old defendant—on the basis that Mr. Altman's alleged conduct was more egregious, and Mr. Altman is not currently a minor. Opp. at 9. But the point is not that *O'Brien* created a categorical rule against punitive damages for the conduct of children—it is that *O'Brien* signaled Missouri courts' clear reluctance to punish childhood conduct in a civil case, and since *O'Brien*, no case has interpreted Missouri law to permit punitive damages for the conduct of a child. That is dispositive of this issue. *See Ridings*, 739 S.W.2d at 549 n.4 (because "Missouri common law never has recognized the availability of punitive damages" for a specific common-law claim, a statute codifying that claim cannot have imported the right to punitive damages).[4]

---

[4] Plaintiff quibbles with Mr. Altman's reliance on *Ridings*, claiming that courts have supposedly limited *Ridings* to franchise disagreements. Opp. at 6. Her sole citation is to *Atkins v. McPhetridge*, a case that incidentally chose not to rely on *Ridings*, but *Atkins* had nothing to do with punitive damages or the scope of a codifying statute; rather, that case simply addressed the question whether union disciplinary fines constituted penalties or damages. *See Atkins v. McPhetridge*, 213 S.W.3d 116, 121-22 (Mo. Ct. App. 2006). More fundamentally, Plaintiff does not dispute the basic premise that the scope of a codifying statute must track the scope of the common law it codified. *Ridings* applied that intuitive and undisputed point, as other cases have done. *E.g.*, *Rasmussen v. Ill. Cas. Co.*, 628 S.W.3d 166, 170 (Mo. Ct. App. 2021).

## III. CONCLUSION

The Court should strike Plaintiff's request for punitive damages entirely. Alternatively, the Court should strike the request for punitive damages for any alleged conduct while Mr. Altman was a child.

DATED: June 15, 2026

HEPLER BROOM LLC

By: */s/ Thomas J. Magee*

THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

LIU SHUR KRAVIS LLP

By: */s/ Jonathan I. Kravis*

JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

MUNGER, TOLLES & OLSON LLP

By: *<u>/s/ Hailyn J. Chen</u>*

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 15, 2026, the foregoing was served electronically via email on Ann Altman, Plaintiff proceeding pro se, at Annie.F.Altman@gmail.com.

/s/ Hailyn J. Chen