**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017 |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION REQUESTING A CONFERENCE CONCERNING
DISCOVERY ISSUES**

Pursuant to Paragraph I(c)(v) of the Court's Amended Case Management Order, Dkt. 47, Defendant Sam Altman respectfully requests that the Court schedule a conference as soon as the Court's schedule permits to address Plaintiff Ann Altman's failure to produce discovery or otherwise respond to Mr. Altman's repeated discovery requests. Mr. Altman respectfully requests that the Court order Plaintiff to comply with her discovery obligations, including by producing the below-listed items of discovery, and advise Plaintiff that though she is proceeding pro se in this action, her continued failure to comply with her discovery obligations may result in the dismissal of her claim. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming the dismissal of a pro se plaintiff's action because of his failure to respond to discovery).

At the May 22, 2026 conference, the Court permitted Plaintiff to proceed pro se but reminded her that "she must follow" procedural rules, and that "she must meet all deadlines set in this case." Dkt. 63. Since then, however, Plaintiff has produced almost no discovery and largely ignored Mr. Altman's numerous discovery-related requests.[1] To date, Plaintiff has failed to:

1.  Correct deficiencies relating to Plaintiff's responses to Defendant's First Set of Requests for Production. Mr. Altman sent a detailed letter to Plaintiff on June 2, 2026, outlining outstanding issues relating to Plaintiff's prior production of documents, and requested responses by June 8, 2026, and June 18, 2026. To date, Plaintiff has not produced the requested materials or otherwise substantively engaged with Mr. Altman on those issues.

2.  Respond at all to Defendant's Second Set of Requests for Production, which were served on June 2, 2026, and due July 2, 2026. *See* Fed. R. Civ. P. 34(b)(2)(A) (setting deadline).

---

[1]   Mr. Altman is prepared to provide the Court with copies of correspondence with Plaintiff if the Court would find it helpful. The correspondence is not attached herein because it contains potentially sensitive information, including, for example, the names of Plaintiff's healthcare providers.

1

3. Correct deficiencies in Plaintiff's responses to Defendant's Second Set of Interrogatories, which Mr. Altman requested that Plaintiff do by July 2, 2026. Specifically, as laid out in a June 23, 2026 letter from Mr. Altman to Plaintiff, Plaintiff failed to provide complete answers to Interrogatories Nos. 11-15.

4. Respond at all to Defendant's Third Set of Interrogatories, which were served on June 2, 2026, and due on July 2, 2026. *See* Fed. R. Civ. P. 33(b)(2) (setting deadline).

5. Coordinate the scheduling of Plaintiff's deposition, her independent medical examination ("IME"), and eight depositions of various medical providers. Mr. Altman initially proposed a schedule for each of these events in July and August, but Plaintiff requested that they be scheduled for "the second half of August" because of her health concerns. Mr. Altman proposed a schedule accommodating this request on June 11, 2026, but Plaintiff has failed to engage further despite repeated follow-up requests from Mr. Altman.

Despite Mr. Altman's repeated good-faith requests that Plaintiff produce these outstanding items, Plaintiff has largely ignored Mr. Altman's efforts. After Mr. Altman's counsel sent a detailed discovery letter and served Plaintiff with Defendant's Second Set of Requests for Production and Third Set of Interrogatories on June 2, 2026, Plaintiff responded on June 4, 2026, stating that she "cannot meet" the requested deadlines. When Mr. Altman promptly responded by asking when Plaintiff expected to provide the outstanding discovery items, Plaintiff responded on June 8, 2026, that she was "[h]opeful to send a complete response . . . soon." Mr. Altman again sent emails to Plaintiff on June 11, 2026; June 21, 2026; June 23, 2026; July 3, 2026; and July 7, 2026, but received no response. In Mr. Altman's July 3, 2026 email, he indicated that he intended to seek relief from the Court, and asked Ms. Altman to meet and confer, but—again—he received no response. On July 7, 2026, Mr. Altman requested Plaintiff's position on the present motion by

2

email, but received no response.  Finally, on July 9, 2026, the undersigned counsel called and left a voicemail for Plaintiff, but as of the time of the filing of this motion, still received no response.

Mr. Altman is eager to defend himself against the baseless claims Plaintiff has alleged in this action, and which Mr. Altman vigorously denies.  But Plaintiff's repeated refusal to comply with her discovery obligations significantly prejudices Mr. Altman's ability to do so, as well as his ability to prosecute counterclaims related to Plaintiff's defamation and abuse of process.  As the Court is aware, the discovery window in this matter is fast closing, with all discovery to be completed by October 23, 2026.  *See* Dkt. 47 ¶ I(c); *see also* Dkt. 72 (noting that the discovery "deadline will not be extended absent the requisite showing of good cause under Federal Rule of Civil Procedure 16(b)").  There remains much to be done before that deadline, including the production and review of documents, numerous depositions, and an IME.  In denying Plaintiff's recent request for a "pause" to these proceedings, *see* Dkt. 69 at 2, the Court "cautioned [that] Annie must work diligently" to meet the discovery schedule.  Dkt. 72.  But since the withdrawal of her counsel, Plaintiff has largely ignored Mr. Altman's requests and largely refused to engage with—let alone produce discovery in response to—Mr. Altman's discovery requests, substantially jeopardizing the parties' ability to comply with the Court-ordered discovery deadline in this case.

Pursuant to Local Rule 3.04(A), the undersigned counsel certify that they made reasonable efforts to confer with Plaintiff about the subject of this discovery dispute, *see supra* at 2-3, but that Plaintiff failed to substantively respond to counsel's repeated requests.  Pursuant to Paragraph I(c)(v) of the Court's Amended Case Management Order, Dkt. 47, the undersigned counsel also made reasonable efforts by both email and phone to request Plaintiff's position on the present motion but received no response.

3

DATED:  July 9, 2026                HEPLER BROOM LLC


By:      /s/ Thomas J. Magee
THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone:    (314) 480-4212


LIU SHUR KRAVIS LLP


By:      /s/ Jonathan I. Kravis
JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone:    (202) 240-7100

4

MUNGER, TOLLES & OLSON LLP

By: _____/s/ Hailyn J. Chen_____
HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:     (202) 220-1100
Facsimile:     (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

*Attorneys for Defendant*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 9, 2026, the foregoing was served electronically via email on Ann Altman, Plaintiff proceeding pro se, at Annie.F.Altman@gmail.com.

/s/ Hailyn J. Chen