**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANN ALTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:25-cv-00017 |
| ) | |
| SAMUEL ALTMAN, ) | |
| ) | |
| Defendant. ) | |

**MOTION REQUESTING A CONFERENCE CONCERNING DISCOVERY ISSUES**

1

## I.    INTRODUCTION

Pursuant to Paragraph I(c)(v) of the Court's Amended Case Management Order, Dkt. 47, and the Court's July 10, 2026, Order, Dkt. 75, Defendant Sam Altman ("Mr. Altman") requests that the Court schedule a conference as soon as its schedule permits to address ongoing discovery disputes between the Parties.  On July 17, 2026, the Parties met and conferred pursuant to Local Rule 3.04(A) and Paragraph I(c)(v) of the Court's Amended Case Management Order, Dkt. 47, as well as the Court's July 10, 2026 Order, Dkt. 75, and were not able to resolve all issues.  Plaintiff did agree to appear personally for a deposition on Aug 17, 2026 in Hawaii and also agreed to an independent medical examination on Aug 26, 2026.

Attorneys Hailyn Chen and Thomas Magee explained to Plaintiff that the Court requires a Joint Motion for discovery disputes.  Defendant's attorneys explained that filing a Joint Motion did not mean she had to agree with the defense's statements of its positions and that she was free to state her position in the plaintiff's sections.  Plaintiff told Ms. Chen and Mr. Magee that she refused to participate in a Joint Motion and indicated she would file her own Motion.  Accordingly, pursuant to the Court's July 10 Order, the defense submits this filing with its position on the remaining discovery disputes.

## II.    DISCOVERY DISPUTES

### A.    Plaintiff's Responses to Defendant's First Set of Requests for Production

*Defendant's Position:*    Plaintiff's responses to Defendant's First Set of Requests for Production, served on March 18, 2025, are deficient in several respects. Mr. Altman explained these deficiencies in a June 2, 2026, letter to Plaintiff.  These deficiencies include, but are not limited to, Plaintiff's failure to: (1) produce the remainder of certain identified message exchanges; (2) produce all responsive Signal, Discord, Snapchat, and WhatsApp messages; (3) provide a list

2

of all messaging applications she used from 2010 to the present; (4) identify the process she used to search email accounts and mobile applications for responsive records; (5) resolve several gaps in her production of social media communications; (6) produce copies of all diaries and journals she kept during the relevant time period; and (7) produce documents or communications from a Google Drive referenced in her earlier productions.   Defendant is requesting a response to his June 2 letter.

**B.      Plaintiff's Responses to Defendant's Second Set of Requests for Production and Third Set of Interrogatories**

*Defendant's Position*:   Plaintiff has failed to respond to Defendant's Second Set of Requests for Production, which were served on June 2, 2026, and due July 2, 2026.  *See* Fed. R. Civ. P. 34(b)(2)(A) (setting deadline).  Plaintiff has also failed to respond to Defendant's Third Set of Interrogatories, which were likewise served on June 2, 2026, and due July 2, 2026.  *See* Fed. R. Civ. P. 33(b)(2) (setting deadline).

**C.      Plaintiff's Responses to Defendant's Second Set of Interrogatories**

*Defendant's Position:*  Plaintiff's responses to Defendant's Second Set of Interrogatories, served on March 10, 2026, are deficient.  Mr. Altman explained the deficiencies in a letter to Plaintiff on June 23, 2026.  Specifically, Plaintiff has failed to provide complete answers to Interrogatories Nos. 11-15.

Wherefore, the Defendant respectfully requests this Court set a Conference to resolve discovery issues at the Court's convenience.

3

DATED:  July 17, 2026                    HEPLER BROOM LLC

By:          */s/ Thomas J. Magee*
THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone:     (314) 480-4212

LIU SHUR KRAVIS LLP

By:          */s/ Jonathan I. Kravis*
JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone:     (202) 240-7100

4

MUNGER, TOLLES & OLSON LLP

By: _____/s/ Hailyn J. Chen_____
HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:      (213) 683-9100
Facsimile:       (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:      (202) 220-1100
Facsimile:       (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone:      (415) 512-4000
Facsimile:       (415) 512-4077

*Attorneys for Defendant*

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 17, 2026, the foregoing was served electronically via email on Ann Altman, Plaintiff proceeding pro se, at Annie.F.Altman@gmail.com.

<u>/s Thomas J. Magee</u>