IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Ann Altman<br>PLAINTIFF<br><br>v.<br><br>Sam Altman<br>DEFENDANT | Civil Action<br><br>NO. 4:25-cv-00017-ZMB<br><br>Hon. Zachary M. Bluestone, USDJ<br><br>**MOTION REQUESTING A CONFERENCE CONCERNING TIME SENSITIVE DISCOVERY ISSUES** |

# I. INTRODUCTION

Pursuant to Paragraph I(c)(v) of the Court's Amended Case Management Order, ECF. 47, Plaintiff Ann Altman requests that the Court schedule a conference as soon as its schedule permits[1] to address certain time sensitive discovery disputes between the Parties. On August 11, 2026 and August 17, 2026, the Parties met and conferred by videoconference and were not able to resolve all issues.

# II. DISCOVERY DISPUTES

a. Whether the August 26, 2026 IME should be deferred pending a potential motion for a protective order.

**<u>Plaintiff's Position</u>**

The IME was "agreed upon" by pro-se plaintiff without the benefit of the expert's name - Dr. James Hudson, and without his CV, which was disclosed a few days after the August 3, 2026 conference with your honor. The conditions and scope were disclosed less than one week ago on August 13, 2026, and include "SCID", which will allow the doctor to assess <u>any</u> mental disorder although *only* plaintiff's PTSD is in "controversy"[2]. And repressed memories are not in

---

[1] As the undersigned plaintiff's counsel is currently in Maui, for plaintiff's deposition which took place on August 18, 2026, it is respectfully requested that the conference be scheduled at any time beginning August 24, 2026, as I will be traveling August 20 to August 21, 2026 . The subject IME is currently scheduled for August 26, 2026.

[2] The scope also includes video recording, which requires "good cause". Plaintiff has agreed to - and expects - said video recording to take place, and for a copy of same to be forwarded to her counsel.

controversy since there is no statute of limitations issue. Consequently, the IME physician will cast a wide net - and intrusively attempt to profile the *entirety* of plaintiff's mental health even if unrelated to the issues that are *genuinely* in controversy. No foundation or factual premise has been established for this wholesale intrusion into plaintiff's entire psychiatric profile. See, e.g, *George-Sexton v. Lewis,* No. 06-6120-CV-W-HFS, 2009 WL 804070 (W.D. Mo. Mar. 25, 2009) (a sexual harassment/assault case which included a medical/psychological history, forensic and clinical examination, and a "multi axial inventory and/or SIRS/TSI tests." The court directed that the examination be **"strictly limited" to the emotional injuries asserted by the plaintiff—fear, humiliation, marital discord, etc**.)[3]

**Defendant's Position**

Plaintiff's IME should proceed as scheduled, as her last-minute challenge to the scope of the IME is without merit. As set forth in an August 13, 2026 letter to counsel, attached as Exhibit A, the IME will involve a clinical psychiatric interview, using questions based on the Structured Interview for DSM-5 (SCID) and questions regarding other disorders. The interview will involve questions about Plaintiff's personal history; details of the events that are alleged in the present case and Plaintiff's memory of them; and Plaintiff's family history of medical and psychiatric disorders. The interview will not involve any paper-and-pencil psychological tests.

This scope is entirely reasonable in light of Plaintiff's allegations. Plaintiff has alleged that she has "suffered great . . . psychological injury," including "PTSD, anxiety, severe emotional distress, mental anguish, and depression." Dkt. No. 53 ¶ 26 (emphasis omitted). In response to interrogatories, Plaintiff has stated that in 2020 she "began having flashbacks" of alleged sexual abuse, and that she has experienced "triggering events" that "bring back memories" of sexual abuse. Through these allegations, Plaintiff has put her mental health and mental condition squarely at issue in this lawsuit. And Plaintiff's contention that "only plaintiff's PTSD is in 'controversy'" is plainly incorrect.

Under these circumstances, an unrestricted clinical psychiatric interview is warranted, and Plaintiff's request to cabin the IME to PTSD alone is unfounded. As the courts have

---

[3] *See also Shannon v. Ellis*, No. 18-cv-506-JAR, 2018 WL 4698783, at *6 (E.D. Mo. Oct. 1, 2018) ("*The Gade court … ruled that plaintiff should not be examined or questioned regarding health conditions 'wholly unrelated to her lawsuit'*")

recognized, "restricting the examining physician's ability to communicate with Plaintiff would unduly restrict the examiner's ability to obtain information needed to reach medical conclusions." *Shannon v. Ellis*, 2018 WL 4698783, at *2–3 (E.D. Mo. Oct. 1, 2018) ("Questions the physician must ask during an examination . . . cannot be determined in advance and therefore cannot be restricted by the Court."). Therefore, "for the court to intervene and limit the type of examination an expert has indicated is necessary in order to analyze [a] plaintiff's claims would subvert the truth finding function inherent in Rule 35 examinations." *Aubuchon v. Tate Trucking, LLC*, 2025 WL 3012997, at *2 (E.D. Mo. Oct. 28, 2025) (cleaned up); *see also Delvecchia v. Frontier Airlines, Inc*., 2023 WL 1963162, at *2 (D. Nev. Feb. 13, 2023) (rejecting argument that plaintiff's IME should be limited only to tests assessing plaintiff's PTSD diagnosis in light of defendants' argument that the tests were necessary to assess the plaintiff's "cognitive abilities, personality traits, learning abilities, and other characteristics to make up a full picture of [the plaintiff].").

b. Whether the CMO discovery deadlines should be extended on account of entry of new counsel on August 7, 2023, and on account of numerous discovery deficiencies by defendant and plaintiff.

**<u>Plaintiff's Position</u>**

Plaintiff is seeking a three month extension of all deadlines. At her 8 hour deposition on August 18, 2026, plaintiff's detailed, graphic, and consistent testimony highlighted that further discovery, particularly into defendant's mental health, is warranted. This extension is warranted inter alia because of the presence of new counsel. The deadlines sough to be extended included the deadline for disclosure of plaintiff's experts, which was on August 3, 2026. I note that defendants too had not disclosed experts on this date. More importantly - defendants are deficient in their discovery - including the proper role of a group of potential witnesses they identified without setting forth their roles, as well as the issue of defendant's mental health records or his (relevant) "sub clinical" personality traits, which have not been disclosed - recent Request for Admissions (RFA's) having been served on defendant regarding that issue.

Plaintiff is also deficient in discovery, and has forwarded dozens of detailed responses to defendant's deficiency letters since new counsel's entry on August 7, 2026.

**<u>Defendant's Position</u>**

The defense opposes Plaintiff's request for a three-month extension of all deadlines. The

current schedule has given Plaintiff a sufficient opportunity to develop the evidentiary record, and Plaintiff's current counsel was aware of the schedule when he entered his appearance. The defense particularly opposes a retroactive extension of the deadline for Plaintiff's expert reports, which passed several weeks ago and which has been known to Plaintiff for almost a year. Such a retroactive extension would significantly prejudice the defense, as defense experts have been working diligently to meet the September 21 deadline for their reports on the assumption that they are not responding to any expert reports from Plaintiff. (Plaintiff's observation that the defense did not submit any expert reports on August 3 is a *non sequitur*—the case schedule provides separate deadlines for the disclosure of plaintiff and defense expert reports.) If the Court nevertheless grants Plaintiff's request, then the defense will reschedule the IME so that the defense expert can perform the examination after reading Plaintiff's expert reports.

DATED: August 20, 2026

By: */s/ Santos A. Perez*
SANTOS A. PEREZ, ESQ.
THE PEREZ LAW FIRM
sperez@njlawcounsel.com
Telephone: (201) 875-2266
***Attorney for Plaintiff***
***Pro Hac Vice***

By: */s/ Thomas J. Magee*

THOMAS J. MAGEE #32871(MO)
HEPLER BROOM LLC
thomas.magee@heplerbroom.com
701 Market Street, Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

By: */s/ Jonathan I. Kravis*
JONATHAN I. KRAVIS #973780(DC)
(pro hac vice)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

By: */s/ Hailyn J. Chen*
HAILYN J. CHEN #237436(CA) (pro hac vice)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (pro hac vice)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (pro hac vice)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
XIAONAN APRIL HU #1684593(DC) (pro hac vice)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
DANE P. SHIKMAN #313656(CA) (pro hac vice)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (pro hac vice)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 20, 2026, the foregoing was served electronically via ECF on all parties of record.

*/s/ Santos A. Perez, Esq.*