IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Ann Altman<br>PLAINTIFF<br><br>v.<br><br>Sam Altman<br>DEFENDANT | Civil Action<br><br>NO. 4:25-cv-00017-ZMB<br><br>Hon. Zachary M. Bluestone, USDJ<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 13.05** |

Plaintiff Ann Altman, by and through her counsel, Santos A. Perez, Esq., respectfully moves this Court pursuant to Local Rule 13.05 and Federal Rule of Civil Procedure 5.2(e) for an Order granting leave to file under seal:

1. The unredacted version of Plaintiff's Motion for a Protective Order Limiting the Defense Psychiatric Independent Medical Examination; and

2. Plaintiff seeks to seal the following documents:

    a. Brief in Support of Motion for a Protective Order
    b. Exhibit A, Deposition Transcript Excerpts (under seal)
    c. Exhibit D, Plaintiff Answers to Interrogatories (under seal)
    d. Exhibit E, Initial Disclosures (under seal)
    e. Exhibit J, Plaintiff Partial Medical Records (under seal)

In support of this Motion, Plaintiff states as follows:

1. On April 30, 2025, this Court entered a Stipulated Protective Order Governing Production and Exchange of Confidential and Highly Confidential Discovery Material (Doc. 28). Paragraph 17 of that Order

mandates that any filings containing Confidential Discovery Material must be filed under seal alongside a Motion for Sealing in compliance with Local Rule 13.05.

2. The documents at issue contain sensitive, non-public medical and psychological health histories concerning Plaintiff's diagnosis and treatment for severe Post-Traumatic Stress Disorder (PTSD) stemming directly from the underlying assault at issue in this litigation.

3. They also contain excerpts of Plaintiff's August 18, 2026 deposition, which are under a 10 day period "highly confidential" status pursuant to Paragraph 8(b) of the Protective Order, said period to expire Circa September 4, 2026.

4. The documents also contain answers to interrogatories and disclosures which may be deemed confidential pursuant to paragraph 14 of the protective order, as they contain non-public medical and psychological health histories concerning Plaintiff's diagnosis and treatment for severe Post-Traumatic Stress Disorder (PTSD) stemming directly from the underlying assault at issue in this litigation.

5. Good cause and a compelling interest exist to shield these documents from the public record. Public disclosure of these intimate clinical details on an open platform would result in acute invasions of personal privacy and presents a severe risk of clinical re-traumatization and psychological harm to Plaintiff.

6. This request is narrowly tailored. Plaintiff has concurrently submitted a fully public, redacted version of the underlying Motion for a Protective Order that preserves the public's right to monitor these legal proceedings, blacking out only the specific medical diagnostic text.

7. Pursuant to Local Rule 13.05, Plaintiff is contemporaneously filing a Sealed Memorandum in Support of this Motion, alongside the proposed unredacted sealed documents.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an Order granting her leave to file the unredacted Motion for a Protective Order and accompanying medical records under seal.

*/s/ Santos A. Perez, Esq.*
THE PEREZ LAW FIRM
sperez@njlawcounsel.com
***Attorney for Plaintiff***
***Pro Hac Vice***

DATED: August 29, 2026