# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ARON GEORGE-SEXTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.06-6120-CV-SJ-HFS |
| | ) | |
| GARRY L. LEWIS, and | ) | JURY TRIAL DEMANDED |
| GARRY LEWIS PROPERTIES | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Aron George-Sexton, by and through counsel, brings this action to obtain redress for the deprivation of her federally protected rights as hereafter alleged, and for battery, intentional infliction of emotional distress, and false imprisonment.

## PARTIES

1. Plaintiff Aron George is a citizen of the State of Missouri who resides at 1411 West Dripping Springs Road, Columbia, Missouri, 65203.

2. Defendant Garry L. Lewis is a citizen of the State of Louisiana, who does business as Garry Lewis Properties, at 4812 Santana Circle, Columbia, Missouri, 65203, as well as at other locations in Missouri and Louisiana.

3. Defendant Garry Lewis Properties is a partnership or other unincorporated entity believed to be domiciled in the State of Louisiana, doing business at 4812 Santana Circle, Columbia, Missouri, 65203. Defendants admitted that "Garry Lewis Properties" was a proper legal/sueable party in the administrative proceedings before the Missouri Commission on Human Rights and EEOC, that preceded this lawsuit.

## JURISDICTION AND VENUE

4. This action is brought and jurisdiction lies pursuant to 42 U.S.C. Section 2000e.5.

5. This Court has subject matter jurisdiction pursuant to (a) 28 U.S.C. § 1331, because the case arises under the Constitution and laws of the United States; (b) 42 U.S.C. Section 2000e.5, because this action seeks redress and damages for violation of Title VII; and (c) 28 U.S.C. § 1232, since there is diversity of citizenship and this is a civil action involving, exclusive of interest and costs, a sum in excess of $50,000.00.

6. This Court also has jurisdiction over the causes of action alleged in Counts II, III, IV and V pursuant to federal pendant jurisdiction.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. §1391(b) because the events giving rise to this Complaint occurred in this District.

## FACTS

8. In July, 2004 Plaintiff was hired by Garry L. Lewis and Garry Lewis Properties (hereafter "Defendants") and began work on or about July 13, 2004.

9. Plaintiff's was initially hired as an Assistant Property Manager and was paid $25,000 per year. In early August, 2004, Plaintiff's rate of pay was increased to $30,000 per year. Soon thereafter she was provided the use of a vehicle as an additional fringe benefit in addition to her monetary compensation.

10. The first three months of working for Defendants were pleasant and Defendant Garry Lewis was complimentary of Plaintiff's job performance.

11. On the afternoon of Friday, October 22, 2004 Plaintiff was working alone in the rental office of an apartment complex owned by Defendants. Garry Lewis came into the office and asked Plaintiff to go over certain performance numbers with him. Garry Lewis asked Plaintiff to sit next to him on a couch in the office to go over the numbers.

12. Plaintiff complied with the request and sat next to Garry Lewis on the couch because he was her employer, the owner of the company she worked for and she felt obliged to obey his request.

13. While they were discussing numbers, Garry Lewis grabbed Plaintiff's hand and put it on his penis. Plaintiff recoiled and tried to pull back, but

Mr. Lewis forcibly held her hand on his penis and said "just give it one squeeze." Lewis then groped Plaintiff, touching her through her clothing. Lewis stopped when some potential rental customers came into the office.

14. On October 22, 2004, Defendant Garry Lewis paid Plaintiff a cash bonus. Plaintiff believed that the cash bonus and Garry Lewis' sexual advances were related.

15. On Tuesday, October 26, 2004, Plaintiff told her immediate supervisor, Jennifer Welsh, about what Garry Lewis did to her on Friday October 22, 2004. Ms. Welsh responded that it had happened to her as well and she should just fight him off.

16. On Friday November 12, 2004 Plaintiff was taken out to lunch by Garry Lewis. In the afternoon Plaintiff had another encounter with Mr. Lewis alone in the rental office. Garry Lewis pulled Plaintiff up to him and made sexual advances toward Plaintiff. Plaintiff said "No" and refused his advances.

17. Defendant Garry Lewis then asked Plaintiff to come to his residence in one of the units at an adjoining property to see how the residence was decorated for an upcoming holiday party. Plaintiff did not want to accompany Mr. Lewis to the residence, but complied with this request out of fear for her job.

18. Plaintiff and Defendant Garry Lewis drove to Mr. Lewis' residence where at Lewis' direction Plaintiff pulled into the garage. Lewis then shut the garage door behind the car.

19. Plaintiff then accompanied Garry Lewis into the residence where her locked the doors, turned on the fireplace and then grabbed Plaintiff and began to kiss her and grope her.

20. Garry Lewis then took Plaintiff into the bedroom and demanded that they have sexual intercourse.

21. At no time, nor in any manner, did Plaintiff encourage Garry Lewis to turn the meeting toward a sexual liaison. To the contrary, the unwanted sexual advances made by Lewis were repugnant and abhorrent to Plaintiff who took all reasonable steps she could think to do to terminate Lewis' perverse attention and actions toward her.

22. While Plaintiff was in Lewis' residence, Plaintiff was falsely imprisoned by Lewis' intentional restriction of her personal freedom of movement without legal right. Lewis' use of force in pulling Plaintiff toward him, his words and acts, and the fact that Plaintiff's car was locked in Lewis' garage, and the door to the residence was locked, in conjunction with the impressive atmosphere of her being alone with the owner of her employer, who was also her direct superior's boss, caused her to be initially and temporarily afraid to terminate the meeting.

23. Plaintiff wanted out of the residence but was afraid for her job if she refused to have sex with Lewis. At some point prior to the sexual intercourse Plaintiff asked Garry Lewis if he would leave her alone if she gave him what he wanted.

24. Lewis proceeded to have sex with Plaintiff, including coercing her to perform oral sex on him. There were distinguishing characteristics in Lewis' genitals that were obvious to Plaintiff.

25. After the sex, Lewis made Plaintiff lie in place and he cleaned her up using a hot wet washcloth he got from the bathroom. Plaintiff was crying after the intercourse and Lewis apologized to her. Plaintiff then drove back to the office and sat at her desk and cried until her work day ended at 5:00 PM.

26. Over the weekend Plaintiff told her boyfriend what had happened and he became very upset. The encounter with Lewis placed enormous stress on Plaintiff's relationship with her boyfriend, whom she has since married, and nearly caused it to end.

27. Plaintiff was so upset by the unwanted sexual encounter, that she was very nervous about returning to work. She worked only one day the next week and called in sick on three of the days.

28. When she returned to work on Thursday or Friday November 18th or 19th, 2004 she called Garry Lewis and told him that she had told her

boyfriend what had happened and that he left her and was threatening to end the relationship permanently. Plaintiff told Lewis that she could not continue to work for him. Garry Lewis told her "I'm sorry, I wont make you do it again" and assured her that if she stayed in his employ he would take care of her.

29. Jennifer Welsh gave Plaintiff her final paycheck and Plaintiff left.

30. Defendants' actions and omissions above stated caused Defendant embarrassment, humiliation, fear, emotional distress, horror, grief, shame, marital/relational discord, loss of reputation, lost back wages, lost front wages and other monetary loss.

## COUNT I
## VIOLATION OF TITLE VII

31. Plaintiff hereby incorporates each and every allegation stated in paragraph 1 through 30 as though fully set forth herein.

32. Defendant Garry L. Lewis is an employer as defined in 42 U.S.C. Section 2000e, doing business at 4812 Santana Circle, Columbia, Missouri, 65203, as well as at other locations in Missouri and Louisiana.

33. Defendant Garry Lewis Properties is an employer as defined in 42 U.S.C. Section 2000e, doing business at 4812 Santana Circle, Columbia, Missouri, 65203, as well as at other locations in Missouri and Louisiana.

34. On or about October 22, 2004 and continuing until November 12, 2004, Defendant Garry L. Lewis subjected Plaintiff to harassment because of her sex, female. Defendant Lewis made unwanted sexual advances, forcibly placed Plaintiff's hand on his penis, and coerced her to have sex with him using his power over her as her employer.

35. On or about October 22, 2004 and continuing until November 12, 2004, Defendant Garry Lewis Properties subjected Plaintiff to harassment because of her sex, female, through the actions of Defendant Garry L. Lewis, owner of Garry Lewis Properties, who made unwanted sexual advances to Plaintiff, forcibly placed Plaintiff's hand on his penis, and coerced her to have sex with him using his power over her as her employer.

36. Defendants' conduct caused a hostile work environment that resulted in the constructive discharge of Plaintiff on or about November 19, 2004.

37. Defendants' conduct, including, but not limited to, the conversation between Plaintiff and Defendant on November 19, 2004 and the payment of a cash bonus on October 22, 2004, amounts to quid pro quo sexual harassment and discrimination.

38. Plaintiff timely filed a written complaint of discrimination with the Missouri Commission on Human Rights and Equal Employment Opportunity Commission.

39. Plaintiff received a right-to-sue letter, issued by the EEOC on July 26, 2006, a copy of which is attached. This lawsuit was filed within 90 days of Plaintiff's receipt of the right to sue letter.

40. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT II
## BATTERY

41. Plaintiff hereby incorporates each and every allegation stated in paragraph 1 through 40 as though fully set forth herein.

42. Defendant Garry L. Lewis' actions described above, including forcibly placing Plaintiff's hand on his penis, and having sex with Plaintiff under the coercion of his power over her as her employer, were intentional and willful.

43. This contact with Plaintiff was offensive to Plaintiff and caused Plaintiff bodily harm.

44. Plaintiff did not consent to the physical contact and could not consent to the intercourse since she was falsely imprisoned and under the coercion and power of Defendant Garry L. Lewis.

**COUNT III**
**OUTRAGEOUS CONDUCT**

45. Plaintiff hereby incorporates each and every allegation stated in paragraph 1 through 44 as though fully set forth herein.

46. Defendant Garry L. Lewis' actions described above, including forcibly placing Plaintiff's hand on his penis, and having sex with Plaintiff under the coercion of his power over her as her employer, were intentional and willful.

47. Lewis' actions described above were so outrageous in character, and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

48. Lewis' actions described above were outrageous because of Defendant's evil motive or reckless indifference to the rights of others including Plaintiff.

**COUNT IV**
**INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

49. Plaintiff incorporates by reference paragraphs 1 through 48.

50. The conduct of Garry L. Lewis herein set forth was odious, perverse and outrageous. Not only were the acts of sexual perversity unwelcome by

Plaintiff, but they were willful, wanton, reckless, intentional, persistent and continuous in Lewis' residence.

51. Lewis' sexual advances, assaults and battery upon, imprisonment of Plaintiff's person, and his coercive sexual intercourse involved an unreasonable risk of causing emotional distress to Plainitiff.

52. Defendant Lewis knew or by using ordinary care could have known of such risk.

53. As a direct result of the acts, omissions, negligence and failure to act by Lewis, Plaintiff sustained medically diagnosable and significant emotional distress and Plaintiff was thereby damaged.

54. Not content with the events on October 22, 2004 and in his residence on November 12, 2004, Defendant Lewis, on subsequent occasions, acting himself and through his agent, Jennifer Welsh aggravated further the initial severe emotional damage to Plaintiff.

## COUNT V
## FALSE IMPRISIONMENT

55. Plaintiff incorporates by reference paragraphs 1 through 54.

56. The conduct of Garry L. Lewis herein set forth on November 12, 2004 in Lewis' residence included intentionally restraining Plaintiff against her will.

57. While Plaintiff was in Lewis' residence on November 12, 2004, Plaintiff was falsely imprisoned by Lewis' intentional restriction of her personal freedom of movement without legal right. Lewis' use of force in pulling Plaintiff toward him, his words and acts, and the fact that Plaintiff's car was locked in Lewis' garage, and the door to the residence was locked, in conjunction with the impressive atmosphere of her being alone with the owner of her employer, who was also her direct superior's boss, kept her from being able to leave until Lewis had had sex with her and allowed her to leave.

## JURY DEMAND

Plaintiff demands trial by a jury of all claims stated herein which can be heard by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Aron George-Sexton prays for judgment against the Defendants as follows:

a. Count I, judgment against both Defendants jointly and severally for compensatory damages, including back pay, front pay, and other damages in an amount to be determined by the jury not less than $100,000.00; punitive damages for Defendant's willful, outrageous and malicious conduct, in an amount to be determined by the jury not less than

$1,000,000.00; the costs of her suit and attorneys' fees; nominal damages, and such other and further relief as the Court may deem proper.

b. Count II, judgment against Defendant Garry L. Lewis for compensatory damages in an amount to be determined by the jury not less than $100,000.00; punitive damages for Defendant's willful, outrageous and malicious conduct, in an amount to be determined by the jury not less than $1,000,000.00; the costs of her suit and attorneys' fees; nominal damages, and such other and further relief as the Court may deem proper.

c. Count III, judgment against Defendant Garry L. Lewis for compensatory damages in an amount to be determined by the jury not less than $100,000.00; punitive damages for Defendant's willful, outrageous and malicious conduct, in an amount to be determined by the jury not less than $1,000,000.00; the costs of her suit and attorneys' fees; nominal damages, and such other and further relief as the Court may deem proper.

d. Count IV, judgment against both Defendants jointly and severally for compensatory damages, including back pay, front pay, and other damages in an amount to be determined by the jury not less than $100,000.00; punitive damages for Defendant's willful, outrageous and malicious conduct, in an amount to be determined by the jury not less than

$1,000,000.00; the costs of her suit and attorneys' fees; nominal damages, and such other and further relief as the Court may deem proper.

e. Count V, judgment against Defendant Garry L. Lewis for compensatory damages in an amount to be determined by the jury not less than $100,000.00; punitive damages for Defendant's willful, outrageous and malicious conduct, in an amount to be determined by the jury not less than $1,000,000.00; the costs of her suit and attorneys' fees; nominal damages, and such other and further relief as the Court may deem proper.

f. Granting such other and further relief as the Court deems proper and appropriate in this action.

Respectfully submitted,

CREWS WAITS BROWNLEE & BERGER

/s/ Timothy R. Brownlee
Timothy R. Brownlee MO #39704
Rita L. Hoop MO #40835
401 West 89th Street
Kansas City, Missouri 64114
(816) 363-5466
FAX (816) 333-1205

ATTORNEYS FOR PLAINTIFF

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Aron George
1411 West Dripping Springs Road
Columbia, MO 65203

From: St Louis District Office - 560
Robert A. Young Bldg
1222 Spruce Street
Saint Louis, MO 63103

RECEIVED
AUG 10 2006

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28E-2005-01087 | Joseph J. Wilson, Investigator | (314) 539-7816 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Joseph Wilson

James R. Neely, Jr.,
Director

JUL 26 2006
*(Date Mailed)*

Enclosures(s)

cc: Jill L. Craft
Attorney at Law
8702 Jefferson Highway, Suite B
Baton Rouge, LA 70809

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Western District of Missouri.

**This cover sheet should be sent to ONE of the following addresses AFTER converting to a PDF document:**

| | |
|---|---|
| **Kansas City** | kcgen@mow.uscourts.gov |
| **Jefferson City** | jcgen@mow.uscourts.gov |
| **Springfield** | spfdgen@mow.uscourts.gov |

**Plaintiff(s):** **Aron George**

County of Residence: Caldwell

Plaintiff's Atty(s):

**Timothy R. Brownlee (**Aron George **)**
**Crews, Waits, Brownlee & Berger**
**401 West 89th Street**
**Kansas City, Missouri 64114-3501**
**(816) 363-3501**

**Defendant(s):** **Garry L. Lewis ; Garry Lewis Properties**

County of Residence: Outside State of Missouri

Defendant's Atty(s):

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**

Plaintiff:- **1 Citizen of This State**
Defendant:- **2 Citizen of Another State**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **442 Employment**

VI.Cause of Action: **42 U.S.C. 2000e(5)Action for unlawful sexual harassment in employment.**

VII. Requested in Complaint

Class Action:
Dollar Demand: **$1,000,000.00**
Jury Demand: **Yes**

**Signature:** **/s/ Timothy R. Brownlee**

**Date:** **10-20-06**

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. Note: You may need to adjust the font size in your browser display to make the form print properly.** **Revised: 05/09/06**