**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION REQUESTING A CONFERENCE CONCERNING TIME SENSITIVE DISCOVERY ISSUES**

**<u>Discovery Extension</u>**

**<u>Plaintiff's Position:</u>**

On August 26, 2026 defendant in an untimely production disclosed a five-year old text message referencing "sexual assault" therapy by Mr. Altman. The text message did *not* identify the subject therapist. Defendants had been served with interrogatories in August of 2025. They responded to the interrogatories in September of 2025 and February of 2026, but failed to *identify* the therapist or to produce the relevant text message. On September 2, 2026 plaintiff was advised that the **therapy records no longer existed**, although applicable record-retention laws mandated retention until 2028. On September 14, 2026, defendant disclosed the name of the therapist. The foregoing deficiency is in addition to the recent disclosure of OpenAI communications referencing **a "comm team"** that had decision-making ability as regards properly "handling" plaintiff's claims. <u>None</u> of these "comm team" members have ever been identified. **These eleventh-hour disclosures have materially prejudiced the plaintiff, e.g., relevant therapy records were unlawfully purged.**

As of even date, as a direct and proximate result of unlawful[1] private medical confidences by defendants on this Court's docket *circa* September 10, 2026, plaintiff missed her IME. She was incommunicado the entire weekend, and on Sept 15, 2026 exhibited acute physical symptoms which necessitated a visit to her physician. Communications with counsel since September 10, 2026 set forth this issue, and defendants were aware that she may not attend, a proposal to adjourn the IME having been quickly rejected.

For the foregoing reasons, an extension of discovery is warranted.

[1] Plaintiff's IME statements were confidential pursuant to ¶8(d) of the protective order.

**<u>Defendant's Position:</u>**

The defense opposes any extension of the discovery schedule. The text message referenced above has been known to Plaintiff for at least a year—Plaintiff's counsel referenced this message in a conversation with defense counsel in 2025. Plaintiff's failure to investigate this issue until the eve of fact discovery does not constitute good cause. In any event, Mr. Altman has agreed to answer questions about the therapy session referenced in the text message at his deposition.

Similarly, the defense has produced Mr. Altman's relevant communications, including with OpenAI employees about public statements concerning this litigation. Those documents identify by name the employees who communicated with Mr. Altman on this topic. Plaintiff's counsel can question Mr. Altman about those communications at his deposition. Plaintiff's counsel has not explained why these documents warrant an extension of the discovery deadline. In addition, Plaintiff's counsel did not meet and confer on this issue before filing this motion.

**<u>Deposition Designation</u>**

**<u>Plaintiff's Position:</u>**

On August 29, 2026*, defendants* designated plaintiff's deposition testimony, as well as her answers to interrogatories and initial disclosures, as CONFIDENTIAL, which plaintiff disputes. Until this dispute is resolved pursuant to ¶16 of the Protective Order (ECF 28), **this discovery remains CONFIDENTIAL,** as do derivative works (e.g. plaintiff's IME), under ¶8(d). Notwithstanding, defendant's attempts to designate are *ultra vires,* and in any event lack a substantive basis. First, ¶19 of the protective order explicitly states that plaintiff may use or disclose her "*own Discovery Material..*" Second, ¶5 explicitly defines <u>who</u> may designate, e.g., "*any <u>Producing Party</u> may designate…*" Third, ¶8 of the protective order sets forth the **mechanics** of designation, e.g. ¶8(a) – as to documents, ¶8(b) as to depositions, ¶8(c) as to other discovery,

and ¶8(d) as to derivative works (e.g. plaintiff's IME). As such, defendant has no *authority* to designate *plaintiff's* discovery, and they have not set forth a permissible substantive basis, e.g, trade secrets. Their attempts are but a continuation of defendant's **modus operandi of controlling and silencing plaintiff** — for economic benefit.

**Defendant's Position:**

The protective order permits the defense to designate portions of Ms. Altman's deposition transcript as "Confidential." These passages concern deeply personal and sensitive allegations that Mr. Altman denies. Paragraph 5 defines "Confidential" material to include "non-public…personal…information." Ms. Altman's deposition testimony about her allegations that Mr. Altman sexually abused her when they were both children plainly fall within this definition because they unquestionably constitute "personal…information." While Paragraph 5 states that a "Producing Party" may designate material as confidential, later provisions in the Protective Order make clear that the term "Producing Party" refers to document discovery, not depositions, as deposition testimony—unlike written discovery—is not "produced." Paragraph 8(b) states that deposition testimony may be designated as Confidential "by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition"— not that only counsel for the witness may do so. This interpretation is also consistent with the purpose of the Protective Order, i.e., to govern "the production of…confidential and sensitive personal…information," as the disclosure of that information to third parties "could cause reputational…harm." On plaintiff's view, the parties would have no way to designate third party deposition testimony as confidential.

Even if plaintiff were correct (and she is not), good cause supports a modification of the protective order to allow this designation. Courts have repeatedly recognized that a protective order is warranted to protect the confidentiality of deeply personal allegations like those discussed

in the relevant portions of Ms. Altman's transcript.

DATED: September 17, 2026

By: *\/s/ Santos A. Perez*
SANTOS A. PEREZ (*pro hac vice*)
THE PEREZ LAW FIRM
150 Speedwell Ave.,
Morristown, NJ, 07960
Telephone: 201-875-2266
Facsimile: 201-875-3094
sperez@njlawcounsel.com

*Attorney for Plaintiff*

DATED: September 17, 2026

By: */s/ Thomas J. Magee*
THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

LIU SHUR KRAVIS LLP

By: */s/ Jonathan I. Kravis*
JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

MUNGER, TOLLES & OLSON LLP

By: */s/ Hailyn J. Chen*

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendant*