**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017 |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 13.05**

Defendant Sam Altman, by and through undersigned counsel, respectfully requests leave of Court, pursuant to Eastern District of Missouri Local Rule 13.05, Federal Rule of Civil Procedure 26(c), and the operative protective order in this case, to file under seal the attached Joint Motion Requesting A Conference Concerning Discovery Issues with attached exhibits.

Defendant seeks leave to file under seal the following documents:

1. Certain portions of the September 17, 2026, Joint Motion Requesting a Conference Concerning Discovery Issues;
2. Exhibit 1, Excerpts from the August 18, 2026 Deposition Transcript of A. Altman; and
3. Exhibit 2, Exhibit 12 from the August 18, 2026, Deposition of A. Altman.

The materials Defendant seeks to seal reference or contain confidential information concerning Plaintiff's medical, psychiatric, and psychological history. The public's general right of access does not require unrestricted disclosure of every private medical fact appearing in a judicial filing. Further, these materials contain details regarding Plaintiff's allegations that

Defendant purportedly sexually assaulted and abused her, which are of a highly sensitive and personal nature. *See Doe v. Haynes*, No. 4:18CV1930 HEA, 2019 WL 2450813, at *3 (E.D. Mo. June 12, 2019) ("Plaintiff alleges a forceful sexual assault, making this case one of a highly sensitive and personal nature"); *Doe v. Townes*, No. 19-cv-8034 (ALC) (OTW), 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2020) ("Due to the nature of the [sexual assault] allegations, which are graphic and serious, the reputational damage risk to Defendant is high.").

Accordingly, there is good cause and a compelling interest supporting the requested sealing. *See Abbey v. Hawaii Emps. Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010), *on reconsideration in part* (Feb. 7, 2011) ("The need to protect medical privacy qualifies as a 'compelling reason' that overcomes the presumption of public access to judicial records."); *Refuerzo v. Sw. Airlines Co.*, No. 22-cv-00868-JSC, 2026 WL 1963110, at *1 (N.D. Cal. July 7, 2026) (finding good cause to seal interrogatory responses and deposition testimony where medical conditions and providers were discussed); *Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397 (S.D.N.Y. 2024) (keeping deposition transcripts under seal in their entirety where testimony involved "specific, graphic detail of the alleged non-consensual activity"); *Howington v. Taiwan Semiconductor Mfg. Co.*, 24-cv-05684-VKD, 2025 WL 621989, at *2 (N.D. Cal. Feb. 26, 2025) (granting defendant's motion to seal complaint where allegations of sexual assault by nonparties were "of such a sensitive nature that sealing is warranted"). Public disclosure of these materials would reveal information obtained through confidential discovery, undermine the operative protective order in this case, and impair the substantial privacy interests of Plaintiff and Defendant.

The confidential nature of the information at issue, particularly Plaintiff's medical information and her allegations against Defendant, will not diminish merely with the passage of

time. Accordingly, Defendant respectfully requests that the materials identified above remain under seal for so long as they contain, quote, summarize, or otherwise disclose information that remains designated "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, subject at all times to Local Rule 13.05 and further order of the Court.

This motion is supported by the forthcoming sealed memorandum of law and the unredacted documents for which sealing is requested.

DATED: September 17, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Hailyn J. Chen*

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

LIU SHUR KRAVIS LLP

By: *\/s\/ Jonathan I. Kravis*

JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

HEPLER BROOM LLC

By: */s/ Thomas J. Magee*

THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

*Attorneys for Defendant*