**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Defendant Samuel Altman, by and through his attorneys, for his Motion to Dismiss, states as follows:

The Court should dismiss with prejudice under Federal Rules of Civil Procedure 37(b)(2)(A) or 41(b).

**Dismissal with Prejudice Is Appropriate Under Rule 37(b)(2)(A)**

1. To justify a sanction of dismissal, Rule 37 requires: "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). Each of this requirements is satisfied.

2. First, Plaintiff was under a court order to attend her independent medical examination (IME). Second, she willfully and knowingly chose not to appear at the court-ordered IME. This willful violation is part of a pattern of obstruction, ignoring deadlines, and delay. Third, her decision to skip the IME has prejudiced the defense by making it effectively impossible for Defendant's experts to perform their work on the case schedule.

3. The Court should therefore dismiss under Rule 37(b)(2)(A).

**Dismissal with Prejudice Is Appropriate Under Rule 41(b)**

4. Federal Rule of Civil Procedure 41(b) "permit[s] dismissal with prejudice '[f]or failure of a plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court.'"

5. Plaintiff acted in willful disobedience of a court order to attend her IME.

6. Plaintiff's disobedience is part of a pattern of refusal to engage in discovery in good faith.

7. Lesser sanctions are futile because Plaintiff has shown that she does not listen to court orders, admonitions, or warnings.

8. The Court should therefore dismiss under Rule 41(b).

**Conclusion**

9. In further support of this Motion, Mr. Altman adopts and incorporates herein his Memorandum of Law in Support of His Motion to Dismiss, which is contemporaneously filed with this Motion.

WHEREFORE, Defendant Samuel Altman respectfully requests that this Court grant the motion to dismiss.

DATED: September 17, 2026

HEPLER BROOM LLC

By: *\/s/ Thomas J. Magee*

THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

LIU SHUR KRAVIS LLP

By: */s/ Jonathan I. Kravis*

JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

MUNGER, TOLLES & OLSON LLP

By: *\/s/ Hailyn J. Chen*

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendant*