**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017 |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF JONATHAN I. KRAVIS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

I, Jonathan I. Kravis, hereby declare:

1. I am an attorney at Liu Shur Kravis LLP, and counsel of record for Defendant Sam Altman in the above-captioned matter. I have been admitted *pro hac vice* in this case. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. After a meet and confer call on July 17, 2026, Plaintiff refused to file a joint discovery motion with the defense, despite being ordered by the Court to raise all discovery issues through joint letters to the Court. Dkt. 78, 79.

3. Plaintiff did not disclose her expert(s) by August 3, as required in the original case management order.

4. On September 14, 2026, my co-counsel Thomas Magee and I held a meet and confer session with Plaintiff's counsel to discuss various discovery-related issues. During that call, Plaintiff's counsel asked for our position on the upcoming IME. Mr. Magee and I advised

Plaintiff's counsel that Defendant would not agree to reschedule the IME and that Plaintiff must appear on September 16 as previously agreed.

5. To accommodate Plaintiff, Defendant's chosen expert, Dr. James Hudson, agreed to travel to Hawaii to perform the independent medical examination ("IME"). Dr. Hudson traveled from the East Coast by air to Hawaii, and a videographer flew in from a separate Hawaiian island.

6. Plaintiff did not appear for the IME scheduled on September 16.

7. On July 31, defense disclosed to Plaintiff the identity of the expert who would be taking her IME, together with a copy of his CV.

8. On September 2, 2026, Plaintiff's counsel requested Mr. Altman's availability for a deposition. The defense offered three dates in October. Plaintiff's counsel rejected those dates and demanded that Mr. Altman sit for a deposition in September. Mr. Altman agreed to sit for his deposition on September 21, 2026, which is Yom Kippur. Defendant Sam Altman's deposition is scheduled to occur on September 21, 2026. Plaintiff's counsel refused to agree to a deposition in October.

9. On August 24, the parties jointly filed a revised expert discovery schedule, to accommodate Plaintiff's failure to meet her original expert disclosure deadline. That joint schedule provided that Plaintiff would disclose her expert on September 10 and make the expert available for a deposition no later than September 16. In early September, the defense requested deposition dates for Plaintiff's expert during the week of September 14. Notwithstanding the requirements of the joint expert discovery schedule, Plaintiff refused to make her expert available until September 28 at 1pm. The deposition of Plaintiff's expert is scheduled for that afternoon.

10. Attached as Exhibit A is a true and correct copy of excerpts from a June 2, 2026 letter to Plaintiff from Defendant's counsel. Plaintiff did not send Defendant's counsel a substantive response to this letter.

11. Attached as Exhibit B is a true and correct copy of excerpts of Plaintiff's medical records.

12. Attached as Exhibit C is a true and correct copy of an email thread between Hailyn Chen, counsel for Defendant, and Plaintiff.

13. Attached as Exhibit D is a true and correct copy of an email from Hailyn Chen, counsel for Defendant, to Plaintiff. As reflected in Exhibits C and D, Plaintiff did not respond to defense counsel's emails and letters sent on June 11, June 21, June 23, July 3, or July 7.

14. Attached as Exhibit E is a true and correct copy of Plaintiff's publicly available Twitter posts, dating from May 14, 2026 to September 16, 2026. They were captured using the PageVault authentication tool on September 17, 2026 at 12:55 a.m. GMT.

15. Attached as Exhibit F is a true and correct copy of Plaintiff's publicly available TikTok posts, dating from May to September, 2026. They were captured using the PageVault authentication tool on September 16 and 17, 2026.

16. Attached as Exhibit G is a true and correct copy of an email exchange between Santos Perez, counsel for Plaintiff, and myself.

17. Attached as Exhibit H is a true and correct copy of an email exchange between Mr. Perez and myself.

18. Attached as Exhibit I is a true and correct copy of an email exchange between Mr. Perez and myself.

19. Attached as Exhibit J is a true and correct copy of an email from Mr. Perez to myself.

20. Attached as Exhibit K is a true and correct copy of an email exchange between Mr. Perez and my co-counsel, on which I was copied.

21. Attached as Exhibit L is a true and correct copy of an email from Mr. Perez to myself.

22. Attached as Exhibit M is a true and correct copy of a note from Plaintiff's physician, as sent to me by Mr. Perez.

23. Attached as Exhibit N is a true and correct copy of certain of Plaintiff's medical records.

24. Attached as Exhibit O is a true and correct copy of an email from myself to Mr. Perez.

25. Attached as Exhibit P is a true and correct copy of an email from Mr. Perez to myself.

26. Attached as Exhibit Q is a true and correct copy of a letter from Mr. Perez to myself.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of September, 2026, at Washington, D.C.

s/ *Jonathn I. Kravis*
Jonathan I. Kravis