# EXHIBIT A

## PUBLIC REDACTED VERSION

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GLENN D. POMERANTZ
HENRY WEISSMANN
JEFFREY A. HEINTZ
STUART N. SENATOR
KELLY M. KLAUS
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.
GINGER D. ANDERS P.C.
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ACHYUT J. PHADKE
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JOHN L. SCHWAB
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
VINCENT Y. LING
VICTORIA A. DEGTYAREVA
JOHN B. MAJOR
RACHEL G. MILLER-ZIEGLER P.C.
FAYE PAUL TELLER
STEPHANIE G. HERRERA
JULIANA M. YEE
COLIN A. DEVINE
GIOVANNI S. SAARMAN GONZÁLEZ
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDREW D. GARELICK
BRIDGET M. FITZPATRICK
ANDREW T. RADSCH
DANE P. SHIKMAN
J. MAX ROSEN
JEREMY S. KREISBERG
XIAONAN APRIL HU
NICOLE M. HOWELL
SAMUEL H. ALLEN
ROWLEY J. RICE
LAUREN E. ROSS
BENJAMIN G. BAROKH
ABE DYK
MEGAN MCCREADIE
RAQUEL E. DOMINGUEZ
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
CARRIE C. LITTEN
JAMES R. SALZMANN
SEAN P. BARRY
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
OLIVER BROWN
MATTHEW MIYAMOTO
BRIAN R. BOESSENECKER
ROBERT E. BOWEN
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PEIFFER
JAMIE LUMA
STEVEN B. R. LEVICK
JANELLE KRUMMEN
WILLIAM M. ORR

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

GABRIEL M. BRONSHTEYN
ROSIO FLORES ARRIAGA
JESSICA O. LAIRD
ERICA C. TOOCH
SARAH E. WEINER
EVAN MANN
ANDREW T. NGUYEN
SARA H. WORTH
MIRANDA E. REHAUT
STEPHANY REAVES
LAUREN E. KUHN
GARRETT SOLBERG
TED KANG
ADAM W. KWON
JOSEPH N. GLYNN
SIMON K. ZHEN
CARSON J. SCOTT
ROMAN LEAL
MATTHEW W. LINSLEY
ADEEL MOHAMMADI
TAYLOR L. BENNINGER
LORRAINE L. ABDULAHAD
CLARE KANE
SIDNEY M. EISNER
HELEN ELIZABETH WHITE
ALISON A. DOYLE
JASON D. WEISS
HENRY D. SHREFFLER
MILES W. UNTERREINER
LYNDSEY FRANKLIN
ANDREW DELAPLANE
ARIELLA PARK
LAURA PERRY STONE
JOSEPH MANTEGANI
GRAHAM J. WYATT
WESLEY P. DEVOLL
ALEXIS D. CAMPBELL
KYRA E. SCHOONOVER
WENDY Q. XIAO
DANIEL KANE
ADITI NARESH GHATLIA
ALBERTO J. DE DIEGO-HABEL
KYLE A. SCHNEIDER
CARL H. JIANG
BOBBY H. KIM
CLAIRE I. ROGERSON
LIAM GENNARI
MAGGIE BUSHELL
REBECCA J. HANSEN
CONNOR HOGE
KEVIN HAN YANG
CORDELL A. BROWN
QIANZHE DANNY ZHANG
KYLE A. GROVES
ESTHENA BARLOW
CY EMEKA RAY
SUSANNAH M. L. GAGNON
DANIEL E. RUBIN
JIN NIU
SHUYU SUN
REBECCA M. HO
SASHA YUSUF
KEVIN CHIU
NICOLE R. ALLICOCK
SHANNON E. EAGEN
KAITLYN M. RUBCICH
JAKE TODD
ANGELA A. URIBE
ANDREW J. SLOTTJE
CYNTHIA Y. LONG
GRACE I. REHAUT
JOSEPH TROY YOUNG
SEAN ST. CHARLES
ANDREW L. FENNING
ANASTASIA THATCHER
JANNET E. GOMEZ
JACOB M. GHANDOUR
CLAREANNE R. GOSCHKE
ABIGAIL H. SHIM

*OF COUNSEL*
KATHLEEN M. MCDOWELL
PATRICK J. CAFFERTY, JR.
DAVID H. FRY
BRADLEY R. SCHNEIDER
PETER E. GRATZINGER
ADAM R. LAWTON
SARAH J. COLE
ALLISON M. DAY
TERESA A. REED DIPPO
DAVID T. RYAN
LAURA M. LOPEZ

SEE MTO.COM FOR JURISDICTIONS OF ADMISSION

June 2, 2026

Writer's Direct Contact
(213) 683-9548
(213) 593-2848 FAX
hailyn.chen@mto.com

**BY EMAIL**

Ms. Ann Altman
P.O. Box 330578
Kahului, HI 96733
Annie.F.Altman@gmail.com

**Re:** ***Ann Altman v. Samuel Altman*, Case No. 4:25-CV-17-ZMB, United States District Court for the Eastern District of Missouri**

Dear Ms. Altman:

We understand that—following the status conference on Friday, May 22—you have not yet found new counsel to represent you and will be proceeding pro se (i.e. without an attorney) in this matter. We will be therefore be directing correspondence to you, rather than your prior attorneys, from this point forward.

We write to you today regarding several matters.

- The first is the "protective order," which governs the confidentiality and privacy of documents and information in this case.

- The second is the scheduling of several events that must occur in this case, and which we hope to schedule cooperatively with you.

- The third is a series of deadlines and issues related to "discovery," meaning the process by which the parties (i.e., you and the Defendant, Sam Altman) seek documents and facts from one another prior to trial.

The remainder of this letter discusses each topic in turn, and requests a response from you. You may send your response to us by email at Hailyn.Chen@mto.com. To ensure that this case proceeds in a timely manner, we request your response to each of the points below by **Monday, June 8**, except for your responses to our second set of interrogatories, which are due by **Friday, June 5**, pursuant to the Court's order.

**1. Protective Order**

As you know, a "protective order" is in effect in this case. For your convenience, we have attached a copy of the protective order to this letter as **Exhibit A**.

The protective order contains important restrictions on handling, sharing, and using documents and information that you may receive or view (or have already received or viewed) in this case. Among other things, the order limits how confidential material "may be disclosed, summarized, described, characterized, or otherwise communicated or made available" to other people. (Ex. A, paragraph 9.) You (and we) are bound by this order and must follow it. "Pro se litigants," such as yourself, "are not excused from complying with court orders or substantive and procedural law." *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988).

We therefore respectfully remind you of your obligations to keep confidential any documents or materials produced or provided to you in this case that are designated "confidential" or "highly confidential" under the protective order. Material that is designated confidential or highly confidential cannot be filed publicly on the court docket and may not be shared publicly. Designated materials also cannot be shared with nonparties, including attorneys with whom you are consulting but who you have not yet retained or engaged, with limited exceptions set forth in the protective order.

We respectfully request that, by **Monday June 8**, you confirm that you have **read, understood, and will comply with** the protective order in this case. After your confirmation, we are prepared to begin producing further documents in response to your discovery requests.

If you have any questions or concerns, we would be glad to discuss them.

**2. Case Scheduling**

The next important item is the case schedule. We have attached the Court's scheduling order to this letter as **Exhibit B**. The scheduling order sets out important deadlines in this case.

To ensure that we are timely completing elements of this case in compliance with the scheduling order, we would like to schedule the following items with you at your earliest convenience:

- Your deposition.
- Your independent medical examination, or IME.
- Third-party depositions of some of your former medical providers and therapists.

We request your response on each of these scheduling matters, as follows.

***(a) Your Deposition.*** We propose scheduling your own deposition, at a mutually convenient location in Hawaii, on Wednesday, July 1, beginning at 9:00 a.m. local time. Please let us know by **Monday, June 8** whether you are amenable to that date/time and, if not, at least two alternative dates between July 1 and July 15 on which you would be available for your deposition.

***(b) Your IME.*** We propose scheduling your IME, at a mutually convenient location in Hawaii, in the second half of August, beginning at 9:00 a.m. local time. Please let us know by **Monday, June 8** whether you are amenable to that date range and time and, if not, at least two alternative dates on which you would be available for your IME.

***(c) Third-Party Depositions.*** Prior to the withdrawal of your former attorneys from this matter, we had been cooperatively scheduling the dates of third-party depositions with them. As you may know, the lawyers for both parties typically attend third-party depositions and you have the right to attend third-party depositions as a pro se plaintiff. Our original plan was to carry out third-party depositions in the month of May. That plan changed, by necessity, when we became aware of your former attorneys' plan to withdraw from this case—a withdrawal they requested on April 27, and which the Court ultimately granted on May 22.

We have already "noticed"—meaning formally requested via a document called a "subpoena"—depositions of the following providers for whom you have provided document waivers. We propose scheduling their depositions in the following weeks and at the following locations, beginning at 9:00 a.m. local time.

[redacted]

- [redacted]

In addition, we plan to notice depositions for at least the following three providers, and propose the following weeks and locations for their depositions, beginning at 9:00 a.m. local time:

- [redacted]
- [redacted]
- [redacted]

We request your response to these proposed windows—including any days in which you are not available —by no later than **Monday, June 8**. We would be glad to discuss details and specific dates on a scheduled call.

We understand that your current physical condition—which you explained during the May 22 status conference—may limit you from attending some or all of these third-party depositions in person. If you prefer to participate in third-party depositions by Zoom, we would be glad to accommodate that request.

***(d) Motion to Compel***

Finally, we request that you state your position on a second issue related to your former medical providers.

As you are probably aware, two of your former medical providers—[redacted]—and the former employer of a third provider, [redacted], have failed to produce records of your treatment with them despite a signed authorization from you and repeated follow-up requests. After discussion, your former counsel expressed no opposition to our "moving to compel," i.e. seeking a court order compelling production of records from those third parties.

If the three former medical providers continue to fail to produce those records, we intend to move to compel production from those parties. We request that you state, by **Monday, June 8**, your position (for example, support, oppose, or take no position) on our intended motions. If we receive the requested records, we will of course produce them to you.

**3. Discovery**

As you may know, we are also currently awaiting your responses to Defendant's Second Set of Interrogatories, which we served on March 10, 2026. On April 9, 2026, your former counsel requested (and we agreed to) an extension of 14 days to serve your responses to those