# EXHIBIT G

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>
**Sent:** Thursday, September 3, 2026 12:31 PM
**To:** Jonathan Kravis <jonathan.kravis@lskllp.com>
**Cc:** Thomas J. Magee <thomas.magee@heplerbroom.com>; Chen, Hailyn <Hailyn.Chen@mto.com>; Hu, April <April.Hu@mto.com>; Santos Perez <sperezlaw@gmail.com>
**Subject:** Re: Altman, Dr. Beauchamp's calendar and Availability

Thank you Mr. Kravis. We can discuss ***United States v. Yockel***, 320 F.3d 818, 827 (8th Cir. 2003) at the conference should I not be able to obtain a September date. This case lists the five factors relevant to granting a continuance - which all weigh in favor of my **invoking footnote 1** of the stipulated revised discovery timeline to request more time for her deposition.

Dr. Beauchamp is a devout self-employed Jewish woman who owns multiple businesses, abides by Halachah, and was forced to rearrange her entire patient roster and business affairs to conduct an expedited examination, in a two-week limited time frame, of a plaintiff who resides in an inconvenient time zone with a six hour differential - she must now reschedule those patients and business affairs while remaining faithful to Halachah, which she has never violated.

Preempting a potential argument - she was not retained for the examination until after the August 21, 2026 conference with Judge Bluestone. I had emailed you her Exhibit A on August 7, 2026 - but you never "approved" same - and she had no role in this case but was rather on "stand-by" while I sought relief from the Court in light of the August 3, 2026 deadline which pro se plaintiff missed - for rational reasons.

For your convenience, I've attached a letter authored by Dr. Beauchamp, explaining her scheduling problems in more detail.

Kind Regards,

Santos A. Perez, Esq.

The **P**erez **L**aw **F**irm
sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com
http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.

On Sep 3 2026, at 10:03 am, Jonathan Kravis <jonathan.kravis@lskllp.com> wrote:

> Santos,
>
> I disagree with everything in your last two emails, particularly your suggestion that I am saying that CEO's have "greater rights than sex abuse victims." I again remind you that your client's deposition was scheduled three months out from when we first requested her deposition.
>
> Nevertheless, in an effort to resolve scheduling issues without burdening the court, Mr. Altman can be available for a deposition on September 21 in San Francisco, provided that we can start the deposition a little earlier—like 8am, rather than 10am.
>
> In that spirit, I ask you to provide better availability for your expert. You agreed to an expert discovery schedule that allowed us to depose your expert by September 16. As I have previously mentioned, we are willing to provide a few days leeway to accommodate your expert's schedule, but mid-October is too late. Also—we are entitled to a seven-hour deposition. Starting this deposition at noon is not going to work.
>
> Again—we would like to avoid having to bring more scheduling issues before the Court, but we previously agreed to a schedule for expert discovery, and we expect you to abide by the agreed-upon schedule.
>
> Thanks,
> Jonathan
>
> **Jonathan I. Kravis**
> Liu Shur Kravis LLP
>
> e: jonathan.kravis@lskllp.com

p: 202 240 7103

The Westory
607 14th Street NW Suite 625
Washington, DC 20005

www.lskllp.com

This email and any attachments may constitute an attorney-client communication that is privileged under the law and is for the exclusive and confidential use of the intended recipient. This email is not intended for transmission to, or receipt by, any unauthorized person. If you are not the intended recipient, please do not read, distribute, or act in reliance upon this message. If you have received this email in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>
**Sent:** Thursday, September 3, 2026 7:40 AM
**To:** Jonathan Kravis <jonathan.kravis@lskllp.com>; Thomas J. Magee <thomas.magee@heplerbroom.com>; Chen, Hailyn <hailyn.chen@mto.com>; Hu, April <april.hu@mto.com>
**Cc:** Santos Perez <sperezlaw@gmail.com>
**Subject:** Altman, Dr. Beauchamp's calendar and Availability

Mr. Kravis,

Enclosed please find Dr. Beauchamp’s calendar - which was rearranged in light of her examination of plaintiff (whose time zone is six hours apart) - and her availability circa Oct 12.

Additionally, she's CEO of two companies, and has commitments substantially more significant than Mr. Altman's - as they also include the more human elements of **religious observances and activities (e.g. her role as a chaplain).**

If you shall have a modicum of regard for this schedule - we can compromise the issue and depose your "busy" CEO on October 8th - although I would reserve all rights in the event additional discovery is required after his deposition.

As a reminder - and for record keeping purposes - we have been engaged in an email chain regarding your "pressing" need to have Dr. Beauchamp, within a compressed two week time window, perform an ***expedited*** examination of plaintiff, issue a report, followed by her *immediate* ***urgent*** deposition - *while* she is rearranging her busy schedule to accommodate the examination, her patients, her CEO commitments, and her religious affairs. As stated - this posture contrasts sharply with your equally zealous insistence that *your* client's deposition should take place **over one month after he was noticed - very near the discovery end date at the eleventh hour** - because of his busy schedule.

As Mr. Altman refuses to provide any substantive discovery (besides emails already in the possession of plaintiff) - I remind you that there is in fact an imbalance here - I believe the **ratio 10:1 is apropos** - for every ten relevant discovery items we have provided, you

have provided one, or sometimes none, thus signficantly underscoring the need for his timely deposition.

Please advise.

Kind regards,

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm
sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com
http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.