# EXHIBIT H

**From:** Santos A. Perez, Esq.
**To:** Jonathan Kravis
**Cc:** Chen, Hailyn; Thomas J. Magee; Santos Perez; Annie Altman
**Subject:** Re: Altman, Waiver of Confidentiality
**Date:** Friday, September 11, 2026 6:40:58 AM
**Attachments:** image001.png

ⓘ External email ❯

There is no language in the protective order which explicitly states this - and paragraph 8 does not state the inapplicability of prior paragraphs. Morever - you have no basis to designate this as confidential - you have shown that you are not concerned about plaintiff's privacy, e.g. you Sept 10 2026 filing denigrating a sex abuse victim likely solely to generate public support for your client.

**The IME portions you cited in that filing are hereby designated as a CONFIDENTIAL.**

Kindly retract and refile as redacted.

Thank you.

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm
sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com
http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.

On Sep 11 2026, at 9:33 am, Jonathan Kravis <jonathan.kravis@lskllp.com> wrote:

> We have all read the protective order.
>
> The protective order treats "information…derived" from confidential material as itself confidential. That would apply, for example, to any passages of the IME that discuss confidential discovery material, including the plaintiff's deposition transcript. We did not quote any such passages in our filing. The suggestion that we were required to treat the entire IME as confidential under the protective order simply because your expert reviewed the deposition video is not supported by the language of the protective order. This is a problem that you could have avoided by designating the IME itself as confidential. Again—if you are now designating the entire IME as confidential, just let us know. If you

would like us to give retroactive confidential treatment to the IME, let us know that too.

With respect to the designation of other materials, I think we have told you our position several times now. The term "producing party" as it is used in the protective order refers to written discovery. The subparagraph concerning the designation of deposition testimony does not use the term "producing party" because a deposition is not "produced," it is taken. Instead, that paragraph says that "counsel" may make a statement on the record at the deposition designating the transcript or portions of the transcripts as confidential. "Counsel" refers to any counsel, not just the counsel of the witness being deposed. Again—if you continue to disagree, then after the meet and confer the parties can prepare a joint motion addressing this and any other outstanding issues for the Court. Until the Court rules, the protective order requires you to treat the deposition transcript as confidential.

**Jonathan I. Kravis**

Liu Shur Kravis LLP

e: jonathan.kravis@lskllp.com

p: 202 240 7103

The Westory

607 14th Street NW Suite 625

Washington, DC 20005

www.lskllp.com

This email and any attachments may constitute an attorney-client communication that is privileged under the law and is for the exclusive and confidential use of the intended recipient. This email is not intended for transmission to, or receipt by, any unauthorized person. If you are not the intended recipient, please do not read, distribute, or act in reliance upon this message. If you have received this email in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>
**Sent:** Friday, September 11, 2026 9:04 AM
**To:** Jonathan Kravis <jonathan.kravis@lskllp.com>
**Cc:** Chen, Hailyn <hailyn.chen@mto.com>; Thomas J. Magee <thomas.magee@heplerbroom.com>; Santos Perez <sperezlaw@gmail.com>; Annie Altman <annie.f.altman@gmail.com>
**Subject:** Re: Altman, Waiver of Confidentiality

Counsel - respectfully - the protective order - which it is becoming increasingly clearer your offices never thoroughly reviewed (e.g. unawareness of Sec 8(b) 10-day grace period, and utlra vires designations) -- treats derivative discovery as confidential.

That said - you did not address my underlying argument. We designated interrogatories, disclosures, and the deposition as not confidential.

I will prepare to appeal this if necessary - but you have no plausible good faith argument that you may unilaterally challenge plaintiff's decision with respect to nearly ALL discovery she produced.

This matter fundamentally is about robbing plaintiff of her autonomy - e.g. grooming and sexual abuse - and of silencing her, either through medication, financial pressure, or "System 1" used-car-sales-like litigation shenanigans.

Your arguments fail the good faith litmus test - and as stated - I will seek sanctions, and interlocutory appeal - if it becomes necessary.

You may no longer impose your will on a sex abuse victim counsel - as a former prosecutor - you should be aware of same.

Speaking of which - I deem it plausible that you are concerned her deposition video may result in criminal process against defendant - given that there is no statute of limitations issue in Missouri with respect to child sexual abuse.

<u>That</u> is likely the sole reason your offices are acting unlawfully (ultra vires).

Rest assured - I considered cooperating with your office in that regard, given the high stakes - but given your willingness to continue abusing plaintiff - I will not challenge plaintiff's decision to forward the video to Missouri state prosecutors.

Kind regards,

cc:\\Ms. Altman

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm

sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com

http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.

On Sep 11 2026, at 8:38 am, Jonathan Kravis <jonathan.kravis@lskllp.com> wrote:

> Santos,
>
> This is not accurate.
>
> First, you never designated Dr. Beauchamp's IME report as confidential. The protective order requires a party to designate discovery as Confidential or Highly Confidential in order to receive heightened protection. If you are now designating the IME report as confidential, we will give it that treatment moving forward.
>
> Second, the notice filed last night says nothing about the results of the IME. The relevant passage identifies checklists filled out by the plaintiff, but it does not say anything about the contents of those checklists or Dr. Beauchamp's findings. If you are now designating these

materials as confidential under the protective order, and if you would like us to treat that designation as retroactive, we will ask the Court to substitute a redacted version of our filing on the public docket.

Obviously, your decision not to designate the IME as confidential has no bearing on our designation of plaintiff's deposition transcript as confidential. We maintain that designation. If you still intend to challenge that designation, then after today's meet and confer we can prepare a joint filing addressing this issue and any others that we are unable to resolve.

Jonathan

**Jonathan I. Kravis**

Liu Shur Kravis LLP

e: jonathan.kravis@lskllp.com

p: 202 240 7103

The Westory

607 14th Street NW Suite 625

Washington, DC 20005

www.lskllp.com

This email and any attachments may constitute an attorney-client communication that is privileged under the law and is for the exclusive and confidential use of the intended recipient. This email is not intended for transmission to, or receipt by, any unauthorized person. If you are not the intended recipient, please do not read, distribute, or act in reliance upon this message. If you have received this email in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>
**Sent:** Thursday, September 10, 2026 11:33 PM
**To:** Chen, Hailyn <hailyn.chen@mto.com>; Jonathan Kravis <jonathan.kravis@lskllp.com>; Thomas J. Magee <thomas.magee@heplerbroom.com>
**Cc:** Santos Perez <sperezlaw@gmail.com>; Annie Altman <annie.f.altman@gmail.com>

**Subject:** Altman, Waiver of Confidentiality

Counsel,

Although the plaintiff has given your client the courtesy of accepting your unlawful designation of confidentiality of her deposition - pending proper review by the Court - you chose on even date to denigrate - and abuse - the plaintiff publicly by setting forth the private contents of her IME.

**Kindly confirm that you have therefore waived confidentiality as to the IME - and it will be published in full - as well as the deposition which was reviewed by my examiner. And the video.**

This issue shall be referenced at tomorrow's meet and confer and shall be prioritized.

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm

sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com

http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.