# EXHIBIT J

## PUBLIC REDACTED VERSION

**From:** Santos A. Perez, Esq.
**To:** Jonathan Kravis; Hu, April; Chen, Hailyn; Thomas J. Magee; Santos Perez
**Cc:** Annie Altman; dbeauch95@gmail.com
**Subject:** Altman - Paragraph 19 of the Protective Order and Depositions, IME issue
**Date:** Sunday, September 13, 2026 3:15:02 PM

ⓘ External email ❯

Counsels,

Regarding the joint memo you are preparing - kindly also address Paragraph 19 of the protective order - which on its face seems to clearly provide plaintiff, as the producing party, with the liberty to disclose her deposition testimony - or any of *her* discovery. This includes disclosure to our expert of *her* own discovery (see *infra*). Additionally - as you know, the stipulated protective order also defines the producing party as the person providing discovery, and paragraph 8(b) does not modify or alter that - neither does it modify paragraph 19.

You are effectively interpreting the protective order as a gag order - to prevent plaintiff from making any statements whatsoever. To underscore my concerns, again, if you believe this testimony may result in criminal exposure of your client - that alone is not grounds to "gag" the plaintiff unlawfully.

Kindly address same in your joint submission.

On the issue of the defense IME - I've advised plaintiff that there will be more clarity once Judge Bluestone decides the pending motion regarding scope. I've also advised her of the possibility of sanctions - including dismissal - if this IME does not take place.

I would recommend that we address both issues - the unlawful "gag" order you've imposed on plaintiff - as well as the possibility of dismissal and sanctions should the IME not take place, in one submission. The latter issue's scope will become clearer once we are in receipt of Judge Bluestone's decision on my pending motion.

I have copied my expert on this email as you've made allegations that Dr. Hirschfeld did not sign Exhibit A. She was not required to under Paragraph 19 - since plaintiff owns her own medical records - and Dr. Hirschfeld only reviewed the conclusions of the report, and the data plaintiff (not defendant) provided. As you recall - you made that data public on the docket - and accussed the plaintiff of "having her cake and eating it to." That sentiment perfectly encapsulates the nature of your accusation of Dr. Hirschfeld (you claim she reviewed confidential discovery - yet you felt at liberty to disclose that same discovery on the public docket - which caused [redacted] - thus making her appearance at the upcoming IME less likely [redacted]

Kind Regards,

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm
sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com
http://www.NJLawCounsel.Com

-----------------------------------------------------------------------------------------------------------------------------------

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.