# EXHIBIT K

## PUBLIC REDACTED VERSION

**From:** Santos A. Perez, Esq.
**To:** Hu, April
**Cc:** Thomas J. Magee; Jonathan Kravis; Chen, Hailyn
**Subject:** Re: Altman, Meet and Confer Letter of September 10, 2026, Plaintiff"s Topics
**Date:** Monday, September 14, 2026 9:19:47 AM

ⓘ External email ❯

Ms. Hu,

1. Plaintiff was incommunicado during the entire weekend. While Rosh Hashanah may have been part of the reason - it is more likely that [redacted]

2. As such - I was unable to secure either her assurances for the IME, or her signatures for the authorization or the verification.

3. I believe both sides have more meaningful discovery to explore, however.

4. On the defense side, I am ready to prioritize a production of Justin Seitz or Kennedy Chappel documents, and I will do so at the earliest opportune moment — meaning this week. These documents are key documents to prove -- or disprove -- your abuse of process claim. To my knowledge - the only communication I've encountered where these investigators "advised" plaintiff was the email I disclosed, which explains why I chose to do so. I would prefer if you would forward case law which allows me to make this production (of email communications)- since it encompasses pre-litigation work product. The email that I forwarded was not prepared in anticipation of litigation.

5. On the plaintiff's side, we will prioritize the August 2021 text message issue, and I am hopeful we can come to an agreement here, too. Specifically, that if defendant's deposition testimony does not satisfactorily explain the disappearance of the records, or sheds no light or is evasive on the [redacted], then we will meet and confer and address potential further discovery on the issue - including subpoenas and/or a deposition of [redacted].

6. As to the defense IME, by email dated Sept 13, 2026 I advised you that plaintiff may not appear - in subsequent emails I set forth the reasons why - your Sept 11 2026 public disclosures of statements she made to her expert. These were not only referenced publicly - causing plaintiff [redacted] - but were also presented without proper context. This resulted in my inability to properly communicate with my client to resolve the purported deficiencies. **It thus appears that you have grounds to allow for a slight postponement of this IME**. And if you do not, and plaintiff does not appear, we can conference this after September 21, as per my suggestion below, followed by proper briefing and motions. It should be noted - I have the full intention of creating a detailed record on this issue, as it may result in dismissal. Please note - I will kindly request that you focus on discovery that matters - the ones above - and that you accept my September 11 missive on the diary and Weil issues, until such time as the defendant's deposition concludes - after which we can package all grievances together for one comprehensive meet and confer regarding issues to resolve as discovery winds down

As to the plaintiff's deposition designation issue - I am willing to postpone same for that post-Sept 21 meet and confer.

I believe this proposal properly structures and balances forthcoming litigation, and is in the best interests of both sides.

**I do, however, emphasize that rescheduling the IME is in the interests of all parties, and request that you do so in light of your Sept 11, 2026 disclosures on the public docket (which have not been sealed - and which the press is likely in receipt of).**

Kind regards,

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm
sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com
http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.

On Sep 14 2026, at 10:56 am, Hu, April <April.Hu@mto.com> wrote:

> Counsel:
>
> Following our meet and confer last Friday, I write to confirm our understanding of the parties' positions on the issues discussed.
>
> First, the parties are confirmed to be at an impasse on the application of the protective order to Plaintiff's deposition transcript and video. As discussed, the parties will submit a three-page, double-spaced joint filing with the Court setting forth their position on the issue, with each side entitled to 1.5 pages, double-spaced. We propose that the parties exchange position statements on September 16, 2026 and file their joint statement on September 17, 2026. Please advise if you agree with this schedule.
>
> Second, you have represented to us that you have prepared a supplemental production of approximately 300 documents and a response to our August 26, 2026 letter, which will address our pending requests for emails and text messages, any responsive excerpts of diaries, and

documents Plaintiff shared with journalists. You have also indicated that there may be an additional, second supplemental production. We received a production from you last week and an incomplete letter with redactions, the latter of which will be discussed during today's meet and confer. Given that fact discovery closes on October 23, 2026, and we require time to subpoena any additional witnesses, please confirm you will complete your productions by **October 2, 2026**.

[redacted] records from our subpoena to the Clayton School District. We agreed we would not serve the subpoena until Monday, to give you time to discuss with the Plaintiff and you agreed that we are entitled to the names of previously unnamed and unidentified [redacted]. We will discuss your redacted letter and the matter of the authorization on today's meet and confer.

Fourth, we informed you that we anticipate making one final production of records to you as well as amended responses and objections to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, which will address Plaintiff's questions regarding Interrogatories 1, 7, and 8. We made the production last Friday, September 11 and will serve our amended responses soon.

[redacted] disclose the [redacted] and permit you to question Mr. Altman at [redacted] d in the August 2021 text message; and (ii) the contents of his January 7, 2025 post on X. I infor discussed with Mr. Mahoney and Mr. Cronin the [redacted]. I attach here copies of the pertinent correspondence. We will let you know whether we can agree to your request, which we understand will resolve the parties' dispute over Defendant's [redacted].

Best,

April

**Xiaonan April Hu** | **Munger, Tolles & Olson LLP**
601 Massachusetts Ave. NW, Suite 500E | Washington, DC 20001-5369
Tel: 202.220.1123 | april.hu@mto.com | www.mto.com

---

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>

**Sent:** Thursday, September 10, 2026 10:56 AM
**To:** Thomas J. Magee <thomas.magee@heplerbroom.com>; Jonathan Kravis <jonathan.kravis@lskllp.com>; Chen, Hailyn <Hailyn.Chen@mto.com>; Hu, April <April.Hu@mto.com>
**Subject:** Altman, Meet and Confer Letter of September 10, 2026, Plaintiff's Topics

Counsels,

Please be guided by enclosed.

Kind regards,

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm

sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com

http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.