# EXHIBIT O

## PUBLIC REDACTED VERSION

**From:** Jonathan Kravis
**To:** Santos A. Perez, Esq.; Thomas J. Magee; Chen, Hailyn; Hu, April
**Cc:** Santos Perez
**Subject:** RE: Atlman - Meet and Confer Topic to Be Included in Joint Submission- One Month Discovery Extension
**Date:** Tuesday, September 15, 2026 8:31:12 AM
**Attachments:** image001.png

ⓘ External email ❯

Santos,

We do not agree to an extension of the discovery period. The August 16, 2021 message has been known to the plaintiff for at least a year—as we have previously mentioned, your predecessor counsel raised this issue with us months ago. The fact that the defense produced a copy of this message on August 26 does not justify an extension of the discovery period.

Following up on our discussion during the meet and confer yesterday—[redacted]

In terms of structuring the presentation of our various discovery disputes to the court—rather than alternating between issues (which seems unnecessarily confusing), we propose that the parties prepare two joint submissions, one setting forth the positions of both sides on the issues that you intend to raise (including the discovery extension and the challenge to our confidentiality designation of Ms. Altman's deposition transcript) and one setting forth the positions of both sides on the issues that we intend to raise (which we discussed yesterday on our meet and confer). We will send you our portions of both submissions by COB tomorrow.

I note that several of the issues we discussed on our meet and confer call yesterday can be resolved easily and without the Court's intervention:

1. The EMDR therapists—We ask that you provide us with a verified amended interrogatory response (not a letter from counsel) stating that [redacted] is the only other EMDR therapist who treated plaintiff and a signed authorization for her records and deposition testimony.
2. School records—We ask that you provide us with a signed authorization for plaintiff's records from the Clayton School District.
3. Plaintiff email addresses—We ask that you provide us with any other email

addresses used by plaintiff during the period covered by our RFPs, or written confirmation that no other email addresses exist. I note that this request has been pending for seven months.

4. Verified discovery responses—We ask that you provide us with verifications for all discovery responses, including the responses that have been pasted into your letters to us. This is a basic requirement of the Federal Rules of Civil Procedure.
5. Recordings—We ask that you provide us with copies of any recordings of conversations between Ms. Altman and her family members, or a verified interrogatory response stating that no such recordings exist. Your response that Ms. Altman possesses no "relevant" recordings is not sufficient, as our discovery request was not limited to recordings that you deem "relevant."
6. Diary Entries—We ask that you provide us with the diary entries that you previously agreed to produce. If (as you suggested for the first time on the call yesterday) Ms. Altman is no longer in possession of any diary or journal, we ask that you provide us with a verified response stating that.

Given the length of time that these requests have been pending, we intend to move to compel on some or all of these issues this week.

Jonathan

**Jonathan I. Kravis**
Liu Shur Kravis LLP

e: jonathan.kravis@lskllp.com
p: 202 240 7103

The Westory
607 14th Street NW Suite 625
Washington, DC 20005

www.lskllp.com

This email and any attachments may constitute an attorney-client communication that is privileged under the law and is for the exclusive and confidential use of the intended recipient. This email is not intended for transmission to, or receipt by, any unauthorized person. If you are not the intended recipient, please do not read, distribute, or act in reliance upon this message. If you have received this email in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>
**Sent:** Monday, September 14, 2026 9:55 PM
**To:** Jonathan Kravis <jonathan.kravis@lskllp.com>; Thomas J. Magee <thomas.magee@heplerbroom.com>; Chen, Hailyn <hailyn.chen@mto.com>; Hu, April