# **P**erez **I**njury **L**awyers

**Santos A. Perez, Esq., NJ, PR**
The Perez Law Firm
sperez@njlawcounsel.com

**MORRIS COUNTY:**
150-152 Speedwell Ave.
Morristown, NJ, 07960
Phone: (973)910-1647
Fax: (973)910-1922

**BERGEN COUNTY**
Phone: (201)875-2266
Fax: (201)875-3094

*September 14, 2026*

Ms. Hailyn Jennifer Chen, Esq.
**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor,
Los Angeles, CA 90071-3426
(213) 683-9100
Hailyn.Chen@mto.com

Mr. Thomas J. Magee, Esq.
**HeplerBroom LLC**
701 Market Street, Suite 1400, St.
Louis, MO 63101
(314) 241-6160
thomas.magee@heplerbroom.com

Mr. Jonathan Ian Kravis, Esq.
**Liu Shur Kravis LLP**
607 Fourteenth Street, N.W., Suite 625,
Washington, D.C. 20005
(202) 240-7103
jonathan.kravis@lskllp.com

**RE: Altman v. Altman**
**Docket**: 4:25-cv-00017-ZMB

**Dear Counsels**,

I write to set forth the parameters of the meet and confer. The topics below are in addition to the deposition designation issue - which per my expectation will be prioritized - as well as the August 16 2017 sexual assault text message issue - which must be resolved prior to September 21, 2026 and I deem to be the foremost issue to be resolved - as of even date, you have not agreed to produce the name of the therapist your client made the "sexual assault" reference to - and you have claimed the records of that visit no longer exist, which raises significant spoliation concerns as the visit occurred Aug 2021, the complaint was filed Jan 2025, you were served with interrogatories Aug 2025, which

you answered in Sept 2025 and Feb 2026. As of August 2025 - those records likely existed, and you were duty bound to produce the same or identify the provider for subpoenas.

This issue must be resolved promptly and I will request that it be submitted to the Judge should you not provide my office with the name of the therapist, and should you have disagreement as to the permissible scope of inquiry of this subject at the September 21, 2026 deposition.

Additionally, we may discuss these issues below which are of high priority given the September 16, 2026 IME date:

**1. Disclosure of Plaintiff's Statements to Her Expert**

I have significant concerns regarding the filing of plaintiff's statements to her retained expert on the public docket. As stated in prior emails, this disclosure was improper and has caused demonstrable harm to Ms. Altman, both emotionally and in terms of her privacy interests. I would like to discuss:

- Your initial basis for filing these materials without redaction or a request to seal;
- Whether this warrants a motion for sanctions

**2. IME Scheduling**

Plaintiff also understands that defendant considers the upcoming IME date of September 16, 2026 to be firm and has declined to reschedule although discovery ends in October 23, 2026. Plaintiff recognizes the potential consequences of non-attendance, including possible dismissal, and she takes that risk seriously. At the same time, Ms. Altman has raised legitimate concerns about her ability to attend given the stress caused by the docket disclosure, and I believe a brief accommodation is warranted under the circumstances.

I would like to discuss:

- Whether a short extension or alternative date is feasible;
- Any conditions defendant would require to agree to a modest continuance; and
- If no agreement can be reached, an efficient path to present this dispute to the Court for resolution, including whether either side intends to file a motion (e.g., a motion to compel/enforce the IME, or a motion for a protective order/extension).

I would ask that we also discuss the consequences of dismissal should plaintiff not attend the IME - mainly whether your ultra vires designation of confidentiality of my client's deposition is extinguished upon dismissal in light of paragraph 19 of the protective order, which gives plaintiff full autonomy over her own discovery.

I am available this afternoon at 3pm to discuss.

Sincerely,
*Santos A. Perez, Esq.*
SANTOS A. PEREZ, ESQ.

SAP/mp
Cc:\\Ms. Ann Altman