Case: 4:25-cv-00017-ZMB Doc. #: 120-9 Filed: 01/15/26 Page 1 of 3 PageID #: 1718

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANN ALTMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:25-cv-00017-ZMB** |
| | ) | |
| **SAMUEL ALTMAN,** | ) | |

**Defendant.**

**Plaintiff's Responses to the issues raised in Defendant's Motion for a Conference:**

-All past social media, text, and email records were provided to previous counsel to be produced. Previous counsel used a company called Lexbe to collect my records. Here is the Lexbe contact email I was provided: nmarrero@lexbe.com

-My previous counsel collected my Signal messages the same day he told me he was getting out of the case.

-Here is an email from prior attorney Ryan Mahoney from April:

April,

Please accept this email as our response to your questions below and letter dated March 25, 2026. While we await additional information from our client on some of these issues, we hope we can at least provide clarity on the majority of these items now as we work towards scheduling depositions.

With respect to document marked PLAINTIFF004532-004533, we understand that individual to be Kim Bouldin-Jones, who was disclosed in Plaintiff's Rule 26 Initial Disclosures. It is our belief she was a counselor at Burrows. See also Plaintiff's Answer to Interrogatory No. 4.

With respect to PLAINTIFF004937, we are going through Plaintiff's production to determine whether the entire exchange was produced elsewhere. You will note throughout the production with respect to Twitter, data would be pulled showing both Plaintiff's communications and the entire exchange where it hit on the search terms. We are attempting to identify this individual in an effort to determine whether the full exchange is available and can be downloaded.

Turning to your letter, we have not yet supplemented responsive Signal messages for Plaintiff. We remain in the process of recovering that data and intend to supplement any responsive records. With respect to Snapchat, we presume you are aware that Snapchat does not retain messages unless they are saved in a vault and/or the user takes a screenshot. Our client did have a Snapchat account in the past but discontinued use and she believes it is deactivated. Thus, even if we were able to access her Snapchat account, it would not contain any responsive messages as they automatically delete shortly after they are sent or received. We have inquired with our client, however, if she took any screenshots of messages that may be responsive to the search terms. When we have additional information on that issue, we will provide further clarification.

In addition to Signal, we have requested access to our client's Discord and WhatsApp for search for responsive terms (some WhatsApp messages have previously been produced). In the event we are able to access and search that data, we will supplement Plaintiff's discovery in accordance with our current agreement on search terms. However, it is difficult for us to estimate when we will be able to supplement those documents. Our hope and intent is to supplement any responsive documentation from these apps prior to Plaintiff's deposition.

-I am unsure if my Signal messages were produced on record after my previous counsel withdrew. Emailed previous counsel to see if they sent, or if I may get access to Lexbe.

**Proposed Discovery**

-I respectfully request that my Deposition scheduled for August 17th, 2026 at 9am take place via ZOOM. If in person, Sam is not allowed to be physically present. If in person, all costs for travel must be covered by the defendant.

-For my IME scheduled for August 26th, 2026, I request that you produce the expert's CV at least two weeks prior to scheduling.

-I object to the eight depositions of my providers, as they already have my medical records, and this seems like a means to harass me.

-Requesting an IME of Sam as well, for his emotional damages claim.

-Requesting a date scheduled for Sam's depositions, either via zoom, or in person, to be decided by new counsel once retained.

**Signed:** Ann Altman
**Dated: July 17, 2026**