Gmail Santos Perez <sperezlaw@gmail.com>

# Re: RE: Altman v. Altman, Deficiency Letter of August 14, 2026 by Plainitiff

**Santos A. Perez, Esq.** <sperez@njlawcounsel.com> Mon, Aug 17, 2026 at 10:58 AM
To: Jonathan Kravis <jonathan.kravis@lskllp.com>
Cc: "Hailyn\"" <hailyn.chen@mto.com>, "Thomas J. Magee" <thomas.magee@heplerbroom.com>, Santos Perez <sperezlaw@gmail.com>, "Hu, April" <april.hu@mto.com>

Thank you counsel, I've combined the issues into two broader topics:

II. DISCOVERY DISPUTES

a. Whether the August 27, 2026 IME should be deferred pending a potential motion for a protective order.

**Plaintiff's Position**

The IME was "agreed upon" by pro-se plaintiff without the benefit of the expert's name - Dr. James Hudson, and without with CV, which was disclosed a few days after the August 3, 2026 conference with your honor. The conditions and scope were disclosed on August 13, 2026, and include video recording as well as "SCID", which will allow the doctor to assess any mental disorder although *only* plaintiff's PTSD is in "controversy". And repressed memories are not in controversy since there is no statute of limitations issue. Consequently, the doctor will examine plaintiff for, inter alia, delusional disorder and every other DSM V disorder. It is respectfully submitted that no foundation or factual premise has been established for this wholesale intrusion into plaintiff's entire psychiatric profile, and as such this intrusion is akin to testing *any* plaintiff, in any case, for inter alia delusional behavior which gives rise to facts in the underlying claim. A proper foundation must be set for this intrusion.

Defendants have also been provided with an exhibit from a 2023 matter which depicted their IME physician, Dr. Hudson, as having been on the roster of "PD&A", a prominent group of psychiatric experts. Dr. Park Dietz, of PD&A, in fact once participated in a prominent trial regarding repressed memories alongside Dr. Hudson. Plaintiff's prior counsel had numerous privileged discussions with Dr. Dietz, regarding

plaintiff, thus giving rise to a *prima facie* conflict of interest.

**Defendant's Position**

b. Whether the CMO discovery deadlines should be extended on account of entry of new counsel on August 7, 2023, and on account of numerous discovery deficiencies by defendant and plaintiff.

**Plaintiff's Position**

The deadline includes the deadline for disclosure of plaintiff's experts, which was on August 3, 2026. I note that defendants too had not disclosed experts on this date. More importantly - defendants are deficient in their discovery - including the proper role of a group of potential witnesses they identified without setting forth their roles, as well as the issue of defendant's mental health records or his (relevant) "sub clinical" personality traits, which have not been disclosed - recent Request for Admissions (RFA's) having been served on defendant regarding that issue. As this issue may encompass discussions regarding material subject to the protective order, this portion of the conference with your honor should be in camera and/or "off the record" .

Plaintiff is also deficient in discovery, and her deposition is presently scheduled for August 18, 2026. Moreover, detailed responses to defendants have been submitted regarding their June 2 and June 23 deficiency letters, and steps are being taken to produce additional text-messaging discovery.

**Defendant's Position**

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm
sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com
http://www.NJLawCounsel.Com

------------------------------------------------------------------------------------------------------------------------------------

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.

On Aug 17 2026, at 9:08 am, Jonathan Kravis <jonathan.kravis@lskllp.com> wrote:

> We are available to meet and confer at 5pm Eastern today. I'll send an invite.

**Jonathan I. Kravis**

Liu Shur Kravis LLP

e: jonathan.kravis@lskllp.com

p: 202 240 7103

The Westory

607 14th Street NW Suite 625

Washington, DC 20005

www.lskllp.com

This email and any attachments may constitute an attorney-client communication that is privileged under the law and is for the exclusive and confidential use of the intended recipient. This email is not intended for transmission to, or receipt by, any unauthorized person. If you are not the intended recipient, please do not read, distribute, or act in reliance upon this message. If you have received this email in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>
**Sent:** Sunday, August 16, 2026 5:26 PM
**To:** Jonathan Kravis <jonathan.kravis@lskllp.com>
**Cc:** Hailyn" <hailyn.chen@mto.com>; Thomas J. Magee <thomas.magee@heplerbroom.com>; Santos Perez <sperezlaw@gmail.com>; Hu, April <april.hu@mto.com>
**Subject:** Re: RE: Altman v. Altman, Deficiency Letter of August 14, 2026 by Plainitiff

Dear Counsels,

As I am in Maui for the deposition I can meet and confer telephonically and potentially via Teams on the following dated and times(EST).

Aug 17, anytime after 3pm

Aug 18, ten minutes circa 2pm EST.

Aug 19 any time after 2pm Eastern

As time is of the essence, my preference is for Aug 17.

Topics:

**1. IME Scope is Overly Broad and Constitutes a Fishing Expedition**

Your notice indicates that Dr. Hudson intends to conduct a clinical psychiatric interview using the Structured Clinical Interview for DSM-5 (SCID) to test for "other disorders," and further intends to conduct a wide-ranging inquiry into the Plaintiff's general personal and family psychiatric history.

The Plaintiff has alleged PTSD and nothing more. Repressed memories are not relevant, as there is no statute of limitations issue. By employing the SCID in its entirety to fish for unrelated diagnoses, and by seeking to probe into familial medical history that has no bearing on the traumatic event at issue, the defense is attempting an unfettered expedition into the Plaintiff's entire life. This is not sustainable, the scope of this examination must be strictly tailored to the conditions placed in controversy.

**2. Unauthorized Video Recording**

Your letter states that the examination "will be videorecorded." Under the rules governing physical and mental examinations, video recording is not a matter of right. Case law consistently establishes that third-party observations and recordings of such examinations are generally disfavored.

Sincerely,

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm

sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com

http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.

On Fri, 14 Aug 2026 at 2:16 PM Jonathan wrote:

> April and I will not be at the deposition in person. Perhaps we could schedule a time to speak by Teams before the deposition starts?

**Jonathan I. Kravis**

Liu Shur Kravis LLP

e: jonathan.kravis@lskllp.com

p: 202 240 7103

The Westory

607 14th Street NW Suite 625

Washington, DC 20005

www.lskllp.com

This email and any attachments may constitute an attorney-client communication that is privileged under the law and is for the exclusive and confidential use of the intended recipient. This email is not intended for transmission to, or receipt by, any unauthorized person. If you are not the intended recipient, please do not read, distribute, or act in reliance upon this message. If you have received this email in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>
**Sent:** Friday, August 14, 2026 1:38 PM
**To:** Jonathan Kravis <jonathan.kravis@lskllp.com>
**Cc:** Hailyn" <hailyn.chen@mto.com>; Thomas J. Magee <thomas.magee@heplerbroom.com>; Santos Perez <sperezlaw@gmail.com>; Hu, April <april.hu@mto.com>
**Subject:** Re: Altman v. Altman, Deficiency Letter of August 14, 2026 by Plainitiff

Thank you Mr. Kravis - since we will be at the deposition on that day - I assumed we could confer briefly just prior to same, or just after - or on the record as per your preference.

Please advise.

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm

sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com

http://www.NJLawCounsel.Com

---

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.

On Aug 14 2026, at 12:55 pm, Jonathan Kravis <jonathan.kravis@lskllp.com> wrote:

> Dear Mr. Perez,
>
> April and I are available to meet and confer with you on August 18 regarding the IME. Let us know what time works for you and we will send a Teams invite.
>
> Thanks
>
> Jonathan
>
> **Jonathan I. Kravis**
>
> Liu Shur Kravis LLP
>
> e: jonathan.kravis@lskllp.com
>
> p: 202 240 7103
>
> The Westory
>
> 607 14th Street NW Suite 625
>
> Washington, DC 20005
>
> www.lskllp.com
>
> This email and any attachments may constitute an attorney-client communication that is privileged under the law and is for the exclusive and confidential use of the intended recipient. This email is not intended for transmission to, or receipt by, any unauthorized person. If you are not the intended recipient, please do not

read, distribute, or act in reliance upon this message. If you have received this email in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

**From:** Santos A. Perez, Esq. <sperez@njlawcounsel.com>
**Sent:** Friday, August 14, 2026 7:35 AM
**To:** Jonathan Kravis <jonathan.kravis@lskllp.com>; Hailyn" <hailyn.chen@mto.com>; Thomas J. Magee <thomas.magee@heplerbroom.com>
**Cc:** Santos Perez <sperezlaw@gmail.com>
**Subject:** Altman v. Altman, Deficiency Letter of August 14, 2026 by Plainitiff

Dear Counsels,

Please be guided by enclosed.

Kind regards,

Santos A. Perez, Esq.
The **P**erez **L**aw **F**irm

sperez@NJLawCounsel.Com
sperez@gardenstatelaw.Com

(201)875-2266
Fax: (201)875-3094
http://www.GardenStateLaw.Com

http://www.NJLawCounsel.Com

-----------------------------------------------------------------------------------------------------------------------------

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient please contact the sender at (201)875-2266, or reply by e-mail and destroy all copies of the original message.