**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017 |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF XIAONAN APRIL HU IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

I, Xiaonan April Hu, declare as follows:

1. I am an attorney at Munger, Tolles & Olson LLP, and counsel of record for Defendant Sam Altman in the above-captioned matter. I have been admitted *pro hac vice* in this case. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. **Plaintiff's Pediatric Medical Records.** On July 14, 2025, Plaintiff produced to Defendant pediatric medical records (PLAINTIFF00001-PLAINTIFF000033) documenting that [redacted]. The affidavit accompanying these medical records suggests that the records were provided to Plaintiff's counsel in March 2025.

3. **Plaintiff's Independent Medical Exam.** On December 18, 2025, I attended a Rule 16 scheduling conference held in the Court's chambers with both parties. During that conference, counsel for both parties discussed Plaintiff's independent medical examination ("IME"). Plaintiff's counsel acknowledged that defense counsel had a right to seek an

independent medical examination of the Plaintiff and requested that our designated expert schedule the exam sooner rather than later.

4. Plaintiff's in-person IME was originally scheduled and confirmed for August 26, 2026 in Maui, Hawaii. That date was selected to accommodate Plaintiff's request for both her deposition and her IME to take place in the second half of August. Following a time-sensitive motion filed by Plaintiff's counsel seeking to defer the IME, Dkt. No. 85, the parties rescheduled the in-person IME for September 16, 2026 in Maui, Hawaii to allow Plaintiff time to file a motion for a protective order regarding the scope of the IME, Dkt. No. 89.

5. On August 29, 2026, Plaintiff filed her motion for a protective order. Dkt. No. 92. On September 4, 2026, Defendant filed his opposition to Plaintiff's motion. Dkt. No. 94-1. On September 9—five days after briefing was completed on Plaintiff's motion—Plaintiff's counsel served on the defense a copy of Plaintiff's purported expert report by Dr. Darsi Beauchamp as well as copies of various mental disorder questionnaires and checklists that Plaintiff had filled out on August 31 for use by Dr. Beauchamp. These questionnaires covered conditions ranging from [redacted] and were not limited to post-traumatic stress disorder.

6. Plaintiff failed to appear for her IME on September 16, 2026, which was supposed to start at 9:00 am local time. Shortly after noon local time the same day, defense counsel were informed for the first time that [redacted]. This issue had never been raised with the defense before.

7. On September 18, 2026, defense counsel offered to reschedule Plaintiff's in-person IME for either September 24, 2026 or September 25, 2026, in St. Louis, Missouri.

Defense counsel also offered to have the IME attended by a female nurse or equivalent medical professional. Plaintiff ultimately rejected defense counsel's offer.

8. **Subpoenas to Dr. Beauchamp's Educational Institutions.** On September 10, 2026, after observing discrepancies in Dr. Beauchamp's CV and her LinkedIn page, defense counsel prepared subpoenas to Dr. Beauchamp's listed educational institutions and sent them to a process server to effectuate service. Defense counsel inadvertently did not provide Plaintiff's counsel with advance notice of these subpoenas.

9. On September 17, 2026, Plaintiff's counsel informed defense counsel that he had not received advance notice of the subpoenas and requested that defense counsel withdraw the subpoenas immediately. I instructed my team to withdraw the subpoenas and the subpoenas were all withdrawn on or before September 22, 2026.

10. On September 22, 2026, I informed counsel for Plaintiff by e-mail that defense counsel intended to re-serve the same subpoenas and I attached copies of the subpoenas, accompanying letters, and other materials we intended to serve. The subpoenas were later sent out for service.

11. **Exhibits.** Attached as Exhibit A is a true and correct copy of a September 22, 2026 email thread between counsel for Defendant, Dane Shikman, and counsel for Plaintiff, Santos Perez, discussing defense counsel's offer to reschedule Plaintiff's IME to September 24, 2026 or September 25, 2026 after she failed to show up for her September 16, 2026 IME.

12. Attached as Exhibit B is a true and correct copy of a screenshot of a video posted by "The Perez Law Firm" on YouTube, https://www.youtube.com/watch?v=dVj3zzIHix4, on September 15, 2026. Exhibit B was captured using the PageVault authentication tool on

September 29, 2026, at 21:36 GMT. The video consists of approximately the first 42 minutes of Plaintiff's deposition in this matter. The description of the video states in its entirety:

> With the authorization of my client, Ann Altman, I am releasing the first hour of her deposition testimony in her pending civil action against her sibling, Sam Altman, alleging sexual abuse. This excerpt was designated as non-confidential by both parties. We are releasing it in light of defendant's counsel separately filing, on the public docket, private statements Ms. Altman made to her retained psychological expert, a PTSD specialist. This video does not contain the more sensitive portions of her testimony.

13. Attached as Exhibit C is a true and correct copy of Plaintiff's publicly available X post dated September 18, 2026. Exhibit C was captured using the PageVault authentication tool on September 29, 2026, at 21:39 GMT.

14. Attached as Exhibit D is a true and correct copy of an April 16, 2026 email thread between me and then-counsel for the Plaintiff, Tim Cronin, discussing scheduling of Plaintiff's deposition and IME.

15. Attached as Exhibit E is a true and correct copy of a September 16, 2026 email thread between me and Mr. Perez discussing Plaintiff's failure to show up to her IME. Also included in Exhibit E is a letter attached to the email thread.

16. Attached as Exhibit F is a true and correct copy of excerpts of the transcript of the deposition of Dr. Tigist Mammo, conducted in this case on September 18, 2026.

17. Attached as Exhibit G is a true and correct copy of excerpts of the transcript of the deposition of Dr. Katherine Kreusser, conducted in this case on September 11, 2026.

18. Attached as Exhibit H is a true and correct copy of excerpts of Plaintiff's medical records documenting her visits with Dr. Tigist Mammo, produced by Dr. Mammo's clinic in response to Defendant's subpoena in this case.

19. Attached as Exhibit I is a true and correct copy of an excerpt from Defendant's First Set of Interrogatories, served on Plaintiff on July 29, 2025.

20. Attached as Exhibit J is a true and correct copy of excerpts of the transcript of the deposition of Debbie Spates, conducted in this case on September 17 and 18, 2026.

21. Attached as Exhibit K is a true and correct copy of excerpts of the rough draft transcript of the deposition of JoMarie Tyrrell, conducted in this case on September 24, 2026.

22. Attached as Exhibit L is a true and correct copy of excerpts of the transcript of the deposition of Dr. Steven Tee, conducted in this case on September 8, 2026.

23. Attached as Exhibit M is a true and correct copy of an August 5, 2026 email thread between Matthew Padgett, counsel for Debbie Spates, and me. The email thread discusses an afternoon start time for Ms. Spates's deposition to accommodate her medical needs.

24. Attached as Exhibit N is a true and correct copy of a September 3, 2026 email I sent to Mr. Padgett. The email summarizes our agreement to start Ms. Spates's deposition in the afternoon of September 17, 2026, and to continue her deposition in the afternoon of September 18, 2026, if the deposition cannot be completed on September 17.

25. Attached as Exhibit O is a true and correct copy of excerpts of the rough draft of the transcript of the deposition of Sam Altman, conducted in this case on September 21, 2026.

26. Attached as Exhibit P is a true and correct copy of a March 6, 2026 letter from me to Plaintiff's then-counsel Ryan Mahoney and Tim Cronin, which I sent in response to an inquiry Plaintiff's counsel raised regarding an August 2021 text message exchange between Plaintiff and Defendant. After I sent this letter, my colleagues, Jonathan Kravis and Hailyn Chen, and I spoke with Defendant's therapist, whose therapy session with Defendant was the subject of the text message exchange, and we asked if the therapist had retained records from that session. The

therapist informed us that he no longer had notes for that session because his general practice was to keep session notes for three years.

27. Attached as Exhibit Q is a true and correct copy of a webpage of the New Jersey Division of Consumer Affairs, License Information for Darsi Beauchamp, https://newjersey. mylicense.com/verification/Details.aspx?result=97e3947c-6986-41cb-a524-a4e5844e5f1f. Exhibit Q was captured using the PageVault authentication tool on September 30, 2026, at 02:53 GMT.

28. Attached as Exhibit R is a true and correct copy of a webpage of the New Jersey Division of Consumer Affairs' Frequently Asked Questions page, https://www.njconsumeraffairs.gov/psy/Pages/FAQ.aspx. Exhibit R was captured using the PageVault authentication tool on September 30, 2026, at 03:00 GMT.

29. On September 1, 2026, Plaintiff's counsel sent by email a copy of Exhibit A of the Stipulated Protective Order, which had been signed by Dr. Darsi D. Beauchamp.

30. Attached as Exhibit S is a true and correct copy of what I understand to be Dr. Beauchamp's LinkedIn profile on September 3, 2026. Exhibit S was captured using the PageVault authentication tool on September 3, 2026, at 17:25 GMT. On September 3, 2026, Dr. Beauchamp's profile stated that she had obtained a Ph.D in Administration from Capella University, a Ph.D in "Neuro and Brain Science Psychology" from Bircham International University, and certificates in Neuroscience from University of Pennsylvania and Harvard University. Dr. Beauchamp's profile did not state that she had a Ph.D from University of California, Irvine.

31. Attached as Exhibit T is a true and correct copy of what I understand to be Dr. Beauchamp's LinkedIn profile on September 23, 2026. Exhibit T was captured using the

PageVault authentication tool on September 23, 2026 at 18:26 GMT. On September 23, 2026, Dr. Beauchamp's profile stated she had obtained a Ph.D in Neuroscience from University of California, Irvine and included a revised description of her Ph.D from Bircham International University, which was "PhD, Neuro Brain Science courses."

32. Attached as Exhibit U is a true and correct copy of what I understand to be Dr. Beauchamp's LinkedIn profile on September 29, 2026. Exhibit U was captured using the PageVault authentication tool on September 29, 2026 at 00:23 GMT. On September 29, 2026, Dr. Beauchamp's LinkedIn profile no longer included Ph.Ds from either Bircham International University or University of California, Irvine. Her LinkedIn profile also revised her dates of attendance at University of Pennsylvania from "Jan 2025 – Aug 2025" to "Jan 2025 – Aug 2029."

33. Attached as Exhibit V is a true and correct copy of the Curriculum Vitae of Darsi D. Beauchamp, which was served on defense counsel on September 9, 2026.

34. Attached as Exhibit W is a true and correct copy of an email thread dated September 29-30, 2026, including Mr. Perez, my co-counsel, and me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2026, at Washington, D.C.

*/s/ Xiaonan April Hu*
Xiaonan April Hu