**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION REQUESTING A CONFERENCE CONCERNING DISCOVERY ISSUES**

**FILED UNDER SEAL**

**Verification of Discovery Responses**

**Defendant's Position:** Despite repeated requests, Plaintiff has failed to verify several of her interrogatory responses, as required by Federal Rule of Civil Procedure 33. Specifically, Plaintiff has failed to verify her 1st Supplemental Answers to Defendant's 1st Set of Interrogatories, originally served October 24, 2025; and her 2nd Supplemental Answers to Defendant's 1st Set of Interrogatories, originally served January 16, 2026.

**Plaintiff's Position:**

Plaintiff has not refused verification and has previously verified answers to the same interrogatories – over one dozen times. Further, as per the plaintiff's separate filing of even date, defendant's unlawful disclosure of her private medical confidences on September 10, 2026, triggered an onset of severe acute physical sequalae stemming from her known medically-supported disabilities, and she has been inaccessible since.[1]

**EMDR Therapists**

**Defendant's Position:** In response to an interrogatory asking Plaintiff to identify her health care providers, Plaintiff identified a therapist named Dr. Sophia Ben-Hamoo. Dr. Ben-Hamoo's records show that Plaintiff received Eye Movement Desensitization and Reprocessing (EMDR) therapy from several providers in February-July 2021, around when Plaintiff had purported "flashbacks" to childhood abuse. Plaintiff's social media posts and testimony also referenced additional EMDR providers who were not identified in her interrogatory responses. *See* Ex. 1 (A. Altman Dep.) 263:14-24; Ex. 2 (A. Altman Dep. Ex. 12). Plaintiff initially refused

[1] The IME confidences disclosed by defendants were confidential pursuant to ¶8(**d**) of the protective order, and defendants themselves had classified her deposition and interrogatories as confidential – which include her medical records. Pending a protective order ¶16 motion, these remain CONFIDENTIAL.

to identify these providers, claiming she did not remember their names. On September 14, after two meet and confer calls, Plaintiff's counsel sent a letter identifying one additional therapist but refusing to provide a signed records authorization (which plaintiff has provided for other medical providers). The defense requests an order compelling Plaintiff to provide an interrogatory response identifying *all* EMDR therapists and authorizations for their records and testimony.

**Plaintiff's Position:**

All known therapists have been fully disclosed and all records produced except for the recently disclosed therapist. This request is unduly burdensome as it is asking plaintiff to *create* a *list*. See FRCP 33(d) and *Soetaert v. Kansas City Coca-Cola Bottling*, 16 F.R.D. 1 (W.D. Mo. 1954) (Rule 34 does not require the *creation* of lists). Moreover, given plaintiff's known disability, she respectfully requests a reasonable accommodation, e.g. time to recover, before signing yet another authorization which targets her privacy – having previously signed dozens.

**Plaintiff's School Records**

**Defendant's Position:** Plaintiff testified that she showed signs of sexual abuse in early childhood, including sexual precociousness. *See, e.g.*, A. Altman Dep. at 137:25-140:2. Plaintiff further testified that the abuse was so constant and pervasive that she went through each day "disassociated" and "constantly panicking." *Id.* at 207:13-208:16. Based on this testimony, the defense sought an authorization from plaintiff to obtain her elementary school records. Plaintiff has refused to provide the authorization. This request is plainly relevant, and plaintiff has put the records at issue through her deposition testimony.

**Plaintiff's Position:**

Plaintiff has not refused to sign the school authorization outright and in any event the request is overbroad to the extent it seeks the entirety of her school records. Further, as set forth

*supra*, she was traumatized by the unlawful September 10, 2026 disclosure of her private medical confidences, which triggered an onset of severe acute physical symptoms related to her known disability. She has been inaccessible since and on September 15, 2026 visited a physician. It is my understanding that a subpoena has been served on the school district without the authorization.

DATED: September 17, 2026

By: *_/s/ Santos A. Perez_*

SANTOS A. PEREZ (*pro hac vice*)
THE PEREZ LAW FIRM
150 Speedwell Ave.,
Morristown, NJ, 07960
Telephone: 201-875-2266
Facsimile: 201-875-3094
sperez@njlawcounsel.com

*Attorney for Plaintiff*

DATED: September 17, 2026

By: *_/s/ Thomas J. Magee_*

THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

LIU SHUR KRAVIS LLP

By: *_/s/ Jonathan I. Kravis_*

JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

MUNGER, TOLLES & OLSON LLP

By: *Is/ Hailyn J. Chen*

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendant*