IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Ann Altman<br>PLAINTIFF<br>V.<br>Sam Altman<br>DEFENDANT | Civil Action<br>NO. 4:25-cv-00017-ZMB<br>Hon. Zachary M. Bluestone, USDJ<br>**MOTION REQUESTING A CONFERENCE CONCERNING DISCOVERY ISSUES** |

# I. INTRODUCTION

Pursuant to ¶ I(c)(v) of the Amended Case Management Order, Plaintiff requests that the Court schedule a conference as soon as its schedule permits to address certain discovery disputes. The Parties met and conferred and were not able to resolve all issues.

# II. DISCOVERY DISPUTES

## i. Discovery Extension Reconsideration With Supporting Declaration

**Plaintiff's Position**

Plaintiff respectfully requests that her discovery deadline be extended by either three months, as requested on August 21, 2026, or at the very least to the same date afforded Defendant by this Court in its October 7, 2026 ruling. Rule 16(b)(4) requires good cause, and the Eighth Circuit has held that "*[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.*" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

Plaintiff's counsel entered this case on August 7, 2026 and has proceeded diligently under an unusually compressed schedule, including extensive depositions, productions, discovery responses, interstate travel, and expert-related work. Additional discovery needs also arose only in September 2026, including Defendant's late disclosure of Dr. Kim Norman and the subsequent disclosure that relevant records had been purged.

Plaintiff submits the accompanying Declaration of Santos A. Perez solely to establish diligence, the circumstances contributing to delay, and resulting prejudice relevant to the Rule 16(b)(4) good-cause analysis. Plaintiff does not seek adjudication here of any separate discovery dispute referenced in the Declaration.

Because Defendant has now been afforded additional discovery time, Plaintiff respectfully requests the original discovery extension sought, or at the very least a more balanced same date discovery cutoff.

**Defendant's Position**

**Defendant's Position**

The Court has repeatedly denied Plaintiff's request for an extension of the discovery schedule, including twice in the last week. Plaintiff offers no sound basis for the Court to reconsider that decision. *See Westinghouse Elec. C. v. United States*, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009) (identifying possible grounds for reconsideration of interlocutory order, none of which apply here). In any event, Plaintiff's counsel's declaration does not provide a basis for an extension of her discovery deadline.

**Therapy session**. As discussed in the prior joint filing on this issue, Plaintiff has been aware of the therapy session referenced in paragraphs 23-28 since August 2021, when Mr. Altman mentioned it in a text message to her. Dkt. No. 105, at 2. And her prior counsel was aware of this issue in January 2026, when they produced the message. Dkt. 126-1, at ¶ 26; Dkt. 128-12. The defense agreed to allow Plaintiff's counsel to question Mr. Altman about this session at his deposition, and Plaintiff's counsel has agreed to accept a declaration from the provider that he no longer possesses notes from the session, pursuant to his record retention practices. Plaintiff does not explain what more there is to do, let alone why she could not have further investigated this issue during the discovery period, or why she cannot do so over the next two weeks.

**Tests administered by Plaintiff's expert**. The "raw data" from tests administered by Plaintiff's own expert likewise does not support her extension request. Plaintiff's expert has declined to produce the questions for three of the tests she administered as well as the answers for two of those tests. The defense has issued subpoenas to the third parties who publish these tests, while reserving the right to move to strike or exclude Plaintiff's expert for a violation of Rule 26. This issue does not require an extension of *Plaintiff's* discovery deadline.

**Discovery taken by the defense**. The remaining paragraphs of Plaintiff's declaration

describe discovery undertaken by the defense over the last two months. As the Court is well aware, this flurry of activity was necessitated by Plaintiff's refusal to engage in discovery or abide by deadlines between May 2026, when she fired her prior counsel, and August 2026, when her current counsel entered his appearance. Plaintiff does not explain why the *defense's* diligence somehow excuses her lack of diligence throughout the fact discovery period. *See Johnson v. Missouri Dep't of Care*, 2026 WL 177746, at *2 (E.D. Mo. Jan. 22, 2026) ("The good-cause standard is predicated on the 'the *movant's* diligence' and not the attorney's."). Plaintiff's counsel notes that he entered his appearance in early August, but "retention of new counsel by itself is not sufficient to establish good cause." *Id.* (quoting *Signa Dev. Servs. v. Am. Int'l Materials*, 2025 WL 2201092, at *4 (D. Neb. Aug. 1, 2025)); *see also Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (pro se plaintiff's "minimal efforts" to satisfy case management order's requirements did not show good cause to move deadline).

The defense requests that the Court award its fees and costs associated with this fling.

*/s/ Santos A. Perez, Esq.*
THE PEREZ LAW FIRM
sperez@njlawcounsel.com
***Attorney for Plaintiff***
***Pro Hac Vice***

**HEPLER BROOM LLC**

By: /s/ Thomas J. Magee
THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com HEPLER BROOM LLC 701 Market Street, Suite 1400 St. Louis, MO 63101 Telephone: (314) 480-4212

**LIU SHUR KRAVIS LLP**

By: /s/ Jonathan I. Kravis
JONATHAN I. KRAVIS #973780(DC) (pro hac vice) jonathan.kravis@lskllp.com LIU SHUR KRAVIS LLP 607 14th Street N.W., Suite 625

Washington, D.C. 20005 Telephone: (202) 240-7100

**MUNGER, TOLLES & OLSON LLP**

By: /s/ Hailyn J. Chen
HAILYN J. CHEN #237436(CA) (pro hac vice) hailyn.chen@mto.com ADEEL MOHAMMADI #343137(CA) (pro hac vice) adeel.mohammadi@mto.com CORDELL A. BROWN #356447(CA) (pro hac vice) cordell.brown@mto.com MUNGER, TOLLES & OLSON LLP 350 South Grand Avenue, Fiftieth Floor Los Angeles, California 90071-3426 Telephone: (213) 683-9100 Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (pro hac vice) april.hu@mto.com MUNGER, TOLLES & OLSON LLP 601 Massachusetts Ave. NW, Suite 500E Washington, D.C. 20001-5369 Telephone: (202) 220-1100 Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (pro hac vice) dane.shikman@mto.com MILES W. UNTERREINER #347959(CA) (pro hac vice) miles.unterreiner@mto.com MUNGER, TOLLES & OLSON LLP 560 Mission St., 27th Floor San Francisco, California 94105 Telephone: (415) 512-4000 Facsimile: (415) 512-4077

*Attorneys for Defendant*

DATED: Oct 9, 2026