IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Ann Altman<br>PLAINTIFF<br><br>V.<br><br>Sam Altman<br>DEFENDANT | Civil Action<br><br>NO. 4:25-cv-00017-ZMB<br><br>Hon. Zachary M. Bluestone, USDJ<br><br>**PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL** |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND REQUEST FOR EXPEDITED CONFIDENTIAL STATUS CONFERENCE**

Undersigned counsel, Santos A. Perez, respectfully moves this Court for leave to withdraw as counsel for Plaintiff Ann Altman pursuant to Missouri Rules of Professional Conduct 4-1.16(b)(5), (6), and (7), and the Court's authority to regulate the conduct of attorneys appearing before it. In support thereof, counsel states as follows:

1. Undersigned counsel entered his appearance in this matter on August 7, 2026 with the intention of diligently prosecuting Plaintiff's claims and completing the substantial outstanding discovery obligations associated with this litigation.
2. Since undertaking representation, counsel has devoted substantial professional time and resources to investigating the claims, reviewing extensive discovery materials, coordinating depositions, communicating with opposing counsel, and addressing numerous procedural and substantive

issues.

3. Notwithstanding these efforts, circumstances have arisen that have materially impaired the attorney-client relationship and rendered continued representation unreasonably difficult.
4. These circumstances include a substantial deterioration of the relationship of confidence and trust essential to effective representation, persistent difficulties concerning counsel's ability to discharge litigation responsibilities, and professional disagreements that have proven resistant to resolution despite counsel's efforts.

DETERIORATION OF ATTORNEY CLIENT RELATIONSHIP

5. These difficulties have been compounded by the continuing involvement of Plaintiff's long-standing personal counsel – who has advised plaintiff since prior to the litigation and was publicly named in her social media – and who was also referenced in connection with prior counsel's motion to withdraw at Dckt. 58. His continuing representation of plaintiff in matters concerning the conduct and management of this litigation has imposed a substantial burden upon the representation and contributed materially to a breakdown in the relationship of trust and confidence between Plaintiff and counsel of record.
6. The undersigned has undertaken exhaustive efforts with Plaintiff and said personal counsel to secure compliance with the October 16, 2026 discovery obligations set forth in this Court's Fourth Amended Case Management Order (Doc. 135).
7. Notwithstanding these exhaustive efforts, circumstances have arisen beyond the undersigned's control that have materially impeded undersigned counsel's efforts to secure timely compliance with the October 16 deadline

and continue the representation effectively.

8. The undersigned further reasonably believes that his authority to act on Plaintiff's behalf, including securing compliance with the Court's October 16, 2026 discovery deadline, has been materially compromised, thereby rendering continued representation untenable.
9. I respectfully reserve further details for the Court's confidential consideration.

NONPAYMENT OF COSTS

10. Separately, Plaintiff has failed to fulfill a material financial obligation undertaken in connection with counsel's engagement. Specifically, counsel's agreement to undertake representation was expressly conditioned upon an advance payment for anticipated litigation expenses and costs. Counsel relied upon that commitment in agreeing to represent Plaintiff, but the required advance has not been provided.
11. The failure to satisfy this material financial obligation has placed an additional burden upon counsel's ability to manage and finance the substantial discovery and litigation expenses associated with this action.
12. Counsel has made substantial efforts to address these matters and preserve the professional relationship. Nevertheless, counsel has concluded, in the exercise of his professional judgment, that the circumstances have rendered continued representation unreasonably difficult within the meaning of Rule 4-1.16(b)(6), and that additional good cause exists under Rule 4-1.16(b)(7). The failure to fulfill the agreed financial obligation further supports withdrawal under Rule 4-1.16(b)(5), provided the Court finds the applicable notice requirements satisfied.

## FOURTH CMO COMPLIANCE DIFFICULTIES

13. **Counsel recognizes the significance of the Court's discovery orders, including the October 16, 2026 deadline concerning outstanding discovery obligations and the October 23, 2026 discovery-completion deadline.**
14. Counsel further recognizes **the seriousness of the pending sanctions proceedings and the potential consequences to Plaintiff should the Court's orders not be satisfied**.
15. The present application is not intended to relitigate prior scheduling disputes, obtain an enlargement of discovery, or excuse any party's compliance with existing orders.
16. Counsel submits, however, that the current circumstances implicate his ability to continue effectively discharging his professional responsibilities and warrant the Court's prompt consideration of whether continued representation remains appropriate.

## CONCLUSIONS

17. Counsel is constrained by the obligations imposed by Missouri Rule of Professional Conduct 4-1.6 from publicly disclosing further particulars concerning the circumstances underlying this application. A more detailed public explanation could unnecessarily reveal confidential information relating to the representation or prejudice Plaintiff's interests in the pending litigation.
18. The Court has previously addressed substantially similar confidentiality concerns in connection with the motions to withdraw filed by Plaintiff's former counsel, Ryan Mahoney and Timothy Cronin, Docs. 57 and 58.

19. As reflected in the Court's May 1 and May 22, 2026 minute entries, Docs. 61 and 63, the Court inquired into the circumstances underlying those withdrawal applications outside the presence of defense counsel before ultimately granting withdrawal.
20. Counsel respectfully requests that the Court employ the same procedure here by scheduling an expedited confidential Zoom conference, at which counsel and Plaintiff may be heard concerning the professional circumstances underlying this application, without unnecessarily disclosing confidential information to opposing counsel.
21. Alternatively, should the Court determine that a written evidentiary submission is necessary, counsel requests an opportunity to seek leave to submit a narrowly tailored declaration for ex parte, in-camera consideration under appropriate confidentiality protections and consistent with counsel's obligations under Rule 4-1.6.
22. Counsel recognizes his continuing professional duties under Rule 4-1.16(d) and will take all reasonably practicable steps to protect Plaintiff's interests, including providing notice of applicable deadlines, facilitating an orderly transfer of the litigation file, and safeguarding materials governed by the Court's Protective Order.
23. Given the imminent discovery obligations and the present deterioration of the attorney-client relationship, counsel respectfully requests expedited consideration of this application and such transitional directions as the Court deems necessary to protect Plaintiff's interests and the orderly administration of this action.

**WHEREFORE**, undersigned counsel respectfully requests that this Court:

A. Grant leave for Santos A. Perez and The Perez Law Firm to withdraw as

counsel for Plaintiff Ann Altman;

B. Schedule an expedited confidential Zoom conference, preferably before October 16, 2026, to inquire into the circumstances underlying the requested withdrawal, consistent with the procedures utilized in connection with Docs. 57 and 58;

C. In the alternative, permit counsel to seek authorization for an appropriately restricted ex parte, in-camera declaration should the Court require additional factual support;

D. Establish such reasonable transitional procedures as the Court determines necessary concerning Plaintiff's representation, outstanding deadlines, and compliance with the Court's Protective Order; and

E. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, the foregoing Motion was filed electronically through the Court's CM/ECF system, which will transmit notice to all registered counsel of record. Plaintiff will be separately provided notice of this application by email.

*/s/ Santos A. Perez, Esq.*
THE PEREZ LAW FIRM
sperez@njlawcounsel.com
***Attorney for Plaintiff***
***Pro Hac Vice***

DATED: October 13, 2026