**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE REGARDING SEALING**

Defendant Samuel Altman, by and through undersigned counsel, hereby responds to the Court's request for a response (Dkt. No. 142) regarding Plaintiff Ann Altman's Motion for Leave to File Under Seal (Dkt. No. 138).

The sealed material is portions of Paragraphs 24 and 25 of a declaration by counsel for Plaintiff, Santos Perez. *See* Dkt. No. 139-1 ¶¶ 24–25 (unredacted sealed version); Dkt. No. 140-1 ¶¶ 24–25 (redacted public version). The defense does not request sealing of any part of Paragraph 25 and does not oppose the unsealing of that text. The defense requests only that the final seven words of Paragraph 24 remain under seal.

Whether a portion of judicial records should be sealed depends upon balancing the common-law right of access to records against "the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013); *see Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). Proposed redactions

should be "narrowly tailored and reasonable." *See Penman v. Hess Bakken Invs. II, LLC*, 2026 WL 687210, at *2 (D.N.D. Jan. 28, 2026) (granting leave to file redacted portions of document under seal). Under that standard, the final seven words of Paragraph 24 should remain sealed for three reasons.

First, the final seven words of Paragraph 24 implicate Defendant's sensitive and private medical history, which is of no legitimate public interest. Paragraph 24 discusses the content of a private therapy session between Defendant and his therapist. The confidentiality interest in discussions with one's therapist is exceptionally high; those discussions are sensitive and inherently private. *See United States v. Ghane*, 673 F.3d 771, 780 (8th Cir. 2012). The "interests served by maintaining confidentiality of the information sought to be sealed," *IDT Corp.*, 709 F.3d at 1223, are therefore significant and outweigh the public interest in disclosure. *See Kasso v. City of Minneapolis*, 2025 WL 18619, at *2 (D. Minn. Jan. 2, 2025) (ordering health records sealed because "[t]he personal health information of an individual is generally of a character that warrants sealing" and "the interests in maintaining the confidentiality of the details of an individual's medical condition outweighs the common-law right of access").

Second, the final seven words of Paragraph 24 are wholly unnecessary to a proper decision of Plaintiff's motion. *See IDT Corp.*, 709 F.3d at 1224 (noting that "the public's interest in access was 'weak'" where the court considered the documents "only to determine whether to seal them," the documents "had little to do with the district court's exercise of judicial power," and the documents "play[ed] only a negligible role in the performance of Article III duties" (citation omitted)). Plaintiff's motion improperly seeks to relitigate already-decided scheduling issues by seeking "reconsideration," Dkt. No. 141 at 1, of this Court's scheduling order, which was entered just last week after a thorough and exhaustive hearing. Plaintiff's

motion can and should be denied because it fails to raise any new ground for reconsideration—without needing to consider any paragraph in Plaintiff's counsel's lengthy and unnecessary declaration, including Paragraph 24. *See* Dkt. 140 at 2; *Westinghouse Elec. Co. v. United States*, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009) (identifying possible grounds for reconsideration of interlocutory order, none of which apply here). Even were that not the case, Paragraph 24 discusses a dispute as to whether records from Defendant's therapy session *exist* (they do not, *see* Dkt. No. 126-1 ¶ 26); the substance of what was discussed during that session is irrelevant to the dispute. Plaintiff's counsel has also now sought leave to withdraw as counsel (Dkt. No. 143), yet another reason to deny the motion for reconsideration. Because the final seven words of Paragraph 24 are irrelevant to a proper resolution of Plaintiff's motion, the public interest in their disclosure is slight and outweighed by Defendant's substantial privacy interests. *See United States v. Hughes*, 2022 WL 19209, at *2 (E.D. Mo. Jan. 3, 2022) (sealing medical information "not material to [defendant's] motion").

Third, unsealing the final seven words of Paragraph 24 would be unfair and prejudicial to Defendant, who did not file this lawsuit and has not placed his medical records at issue. The only reason Defendant is now having to defend the privacy of his discussions with his therapist is that Plaintiff has filed a futile motion for reconsideration of an already-settled scheduling issue, coupled with a lengthy 35-paragraph declaration that gratuitously and unnecessarily mentions (and mischaracterizes)[1] Defendant's private conversations with his therapist. Court filings

[1] Further, as Defendant has previously explained, the final seven words of Paragraph 24 factually mischaracterize the therapy session in question. *See* Dkt. No. 128-1 at 13–14. Paragraph 24 is not an original record of the session; it is Plaintiff's counsel's inaccurate and inflammatory characterization of the session. The final seven words of Paragraph 24 are accordingly of no value to the public in revealing any actual facts, much less facts that would reasonably "allow[] citizens to evaluate the reasonableness and fairness of judicial proceedings." *IDT Corp.*, 709 F.3d at 1222.

should not be used as a vehicle to place private, confidential information in the Court record unless reasonably necessary to a resolution of the motion—which is not the case here. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("access has been denied where court files might have become a vehicle for improper purposes" and "the common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal'").

The defense recognizes that sealing of materials filed with the Court should be rare. The defense does not request sealing of any part of Paragraph 25. The defense respectfully requests only that the concluding seven words of Paragraph 24 be maintained under seal. The redaction of seven words in Paragraph 24 is minimal in scope and is narrowly tailored to protect Defendant's reasonable privacy interest in his discussions with his therapist. *See Penman*, 2026 WL 687210, at *2 (granting leave to file portions of document under seal where "[t]he proposed redactions" were "narrowly tailored and reasonable").

DATED: October 13, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Hailyn J. Chen*

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

HEPLER BROOM LLC

By: *____/s/ Thomas J. Magee____*

THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

LIU SHUR KRAVIS LLP

By: *____/s/ Jonathan I. Kravis____*

JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 13, 2026, the foregoing was served electronically via ECF on Santos A. Perez, Esq., counsel for Plaintiff Ann Altman.

/s/ *Hailyn J. Chen*