**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO MODIFY PROTECTIVE ORDER**

COMES NOW, Defendant Samuel Altman, by and through his attorneys, for his Motion to Modify Protective Order, and states as follows:

The defense respectfully requests that the Court amend paragraph 28 of the parties' stipulated protective order, Dkt. No. 28, to require Plaintiff to certify that she has destroyed all confidential and highly confidential discovery (including all videos and transcripts of her deposition) within three days of dismissal of this case. The defense further requests that the Court add the following sentence to the parties' stipulated protective order that appears in the Model Protective Order for this District: "The obligations imposed by this Order shall survive the termination of this action."

**Good Cause Exists to Modify the Parties' Stipulated Protective Order**

1. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure" in question. Fed. R. Civ. P. 26(c)(1). The good-cause standard applies to protective orders that govern the handling of confidential materials after the litigation ends. *See Rounds v. Hartford*, 2021 WL 3487102, at *3, *6–7 (D.S.D. Aug. 9, 2021).

2. There is good cause to modify the parties' stipulated protective order in the manner described above because "specific facts demonstrat[e] that protection of information is necessary." *Krueger v. Ameriprise Fin., Inc.*, 2015 WL 224705, at *7 (D. Minn. Jan. 15, 2015).

3. Plaintiff and her counsel have repeatedly (and incorrectly) insisted that Plaintiff should have the right to publish the entirety of her August 18, 2026 deposition video online, notwithstanding the fact that significant portions of it have been designated confidential under the protective order. The Court has already ruled against Plaintiff on this issue at a hearing on October 2, 2026. *See* Dkt. No. 137 (Tr. of Oct. 2, 2026 Hearing) at 76:6–12.

4. Plaintiff and her counsel have repeatedly posted and reposted a nonconfidential portion of her deposition video online, garnering significant public attention.

5. Notwithstanding the Court's October 2 ruling, Plaintiff has also repeatedly contended on social media that she is being unfairly "blocked" from posting the remaining portions of her deposition video online, and she has repeatedly reshared a Change.org petition demanding the public release of the entirety of her deposition video. Plaintiff has also made hostile comments to defense counsel and reposted social media content attacking defense counsel and this Court.

6. There is significant reason to doubt that Plaintiff will respect the protective order's confidentiality provisions, particularly once this case concludes. Plaintiff has twice disobeyed Court orders to attend her independent medical examination (IME), as well as Court orders requiring her to provide written discovery and complete document productions.

7. Plaintiff's counsel has now moved to withdraw from this case, citing (among other reasons) obstacles to Plaintiff's compliance with Court orders.

8. There are serious reasons to believe that Plaintiff's true purpose in bringing this lawsuit was not to litigate her claims in good faith but rather to create discovery that she can use to drive traffic to her social media accounts and podcast.

9. In light of the above, modifications to the protective order (as set out above) are necessary to ensure that Plaintiff does not violate the order's provisions and publicly disclose confidential or highly confidential material online, including but not limited to her deposition video. Under these circumstances, the only reliable way to ensure that Plaintiff does not misuse confidential or highly confidential discovery is to require her to certify to the Court that she has destroyed all such material in her possession promptly upon conclusion of this case.

**There is No Right of Public Access to the Deposition Materials Here, Including Plaintiff's Deposition Video**

10. Additionally, Plaintiff's deposition video (and other deposition videos in this case) are not judicial records to which the common-law right of access to records attaches. *See United States v. McDougal*, 103 F.3d 651 (8th Cir. 1996); *see also Elswick v. Hall*, 2022 WL 13979063 (S.D.W. Va. Oct. 21, 2022).

11. Even if the deposition materials in this case were judicial records to which the common-law right of access attached (which they are not), confidentiality interests would outweigh their disclosure here.

**Meet and Confer**

12. The defense attempted to meet and confer with Plaintiff on this motion by advising Plaintiff's current counsel, Santos Perez, of this motion and requesting Plaintiff's position. Mr. Perez proposed a meet-and-confer call, which was scheduled for the morning of Friday, October 16. Prior to the call, another attorney, Michael Gras, emailed defense counsel to advise that Mr. Perez no longer has authority to act on Plaintiff's behalf. A few hours later, an attorney named Laura Politi filed a *pro hac vice* application. Mr. Perez then cancelled the meet-and-confer call. The defense was therefore unable to obtain Plaintiff's position before filing this motion.

**Conclusion**

13. In further support of this Motion, Mr. Altman adopts and incorporates herein his Memorandum of Law in Support of His Motion to Modify Protective Order, which is contemporaneously filed with this Motion.

WHEREFORE, Defendant Samuel Altman respectfully requests that this Court grant the motion.

DATED: October 16, 2026

HEPLER BROOM LLC

By: */s/ Thomas J. Magee*

THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

LIU SHUR KRAVIS LLP

By: */s/ Jonathan I. Kravis*

JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

MUNGER, TOLLES & OLSON LLP

By: *_/s/ Hailyn J. Chen_*

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendant*