# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANN ALTMAN, | : | |
| | : | |
| | : | |
| Plaintiff/Counterclaim | : | |
| Defendant, | : | CIVIL NO.: 4:25-cv-00017-ZMB |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| SAMUEL ALTMAN, | : | |
| | : | |
| | : | |
| Defendant/Counterclaim | : | |
| Plaintiff. | : | |
| --------------------------- | : | |

VIDEOTAPED DEPOSITION OF ANN ALTMAN

Taken on behalf of Defendant at Residence Inn, Molokai Ballroom, 75 Wailea Ike, Wailea, Hawaii, commencing at 9:00 a.m. on Tuesday, August 18, 2026.

REPORTED BY: LYNANN NICELY, RPR/RMR/CRR/CSR #354

A P P E A R A N C E S

For the Plaintiff:

SANTOS A. PEREZ, ESQ.
Perez Injury Lawyers
150 Speedwell Avenue
Morristown, NJ, 07960
Sperez@Njlawcounsel.com

For the Defendant:

HAILYN CHEN, ESQ.
CORDELL A. BROWN, ESQ.
Munger, Tolles & Olson LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Hailyn.Chen@mto.com

JONATHAN I. KRAVIS, ESQ.
Liu Shur Kravis LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Jonathan.kravis@lskllp.com
[Appearing via Zoom]

ALSO PRESENT:
Andrew Graves, Videographer

will now state their appearances and affiliations for the record, beginning with the noticing attorney. 09:31:48 09:31:51

MS. CHEN: Good morning. My name is Hailyn Chen of Munger, Tolles & Olson on behalf of defendant Sam Altman, and with me is my colleague Cordell Brown also on behalf of defendant. On Zoom is my colleague Jonathan Kravis on behalf of defendant. 09:31:52 09:31:56 09:32:01 09:32:06 09:32:09

MR. PEREZ: Good morning. For the record, attorney Santos A. Perez on behalf of the plaintiff, Ann Altman. 09:32:12 09:32:15 09:32:19

THE VIDEOGRAPHER: Thank you. Will the court reporter please swear in the witness and then counsel may proceed. 09:32:21 09:32:23 09:32:24

ANN ALTMAN, 09:32:24

having first been duly sworn, testified upon their oath as follows: 09:32:24 09:32:34

EXAMINATION 09:32:34

BY MS. CHEN: 09:32:34

Q. Good morning. Ms. Altman. Thank you for being here today. Before we begin with the deposition questions, I have some ground rules to go through and some explaining to do about what we're going to be doing today. Okay? 09:32:35 09:32:40 09:32:43 09:32:46 09:32:48

A. [Witness nodding.] 09:32:49

Q. First, I'm going to need you to answer 09:32:51

Content Not Relevant to Motion

MS. CHEN: Can I just ask the record to reflect that there is now two screens that Mr. Perez has directed towards Ms. Altman for her to view and I would like to know what those screens show, if there is messages on them that are being shown to her. 01:47:04 01:47:05 01:47:10 01:47:13 01:47:17

THE WITNESS: There is the time on the phone. 01:47:20 01:47:21

MR. PEREZ: For the record, it's the time. And I get notifications there as well. 01:47:22 01:47:24

MS. CHEN: I don't think that's appropriate. It's not something that a witness typically has access 01:47:26 01:47:28

to during a deposition. It's not information that is typically conveyed. So I would ask that you not show it to her and I also would ask that you not tilt your screen towards her. 01:47:31 01:47:34 01:47:36 01:47:39

MR. PEREZ: For the record, it is not tilted towards her. My phone is tilted probably at a roughly 25 degree angle relative to her. I can see it and it's displaying primarily the time, and she can see the time. She's entitled to see the time. This is not something that is displaying anything that is coaching her or attempting to guide her testimony, so this is permissible. 01:47:42 01:47:44 01:47:50 01:47:56 01:48:00 01:48:03 01:48:06 01:48:12

THE WITNESS: Would you like us to move farther apart? I can't see his screen, but how do we get past this? 01:48:15 01:48:16 01:48:20

MS. CHEN: I think if it's tilted so that you can't see it, that would be acceptable. 01:48:21 01:48:23

MR. PEREZ: I'm going to ask -- Ms. Altman, which would you prefer? 01:48:26 01:48:28

MS. CHEN: I think if you would move your screen so that it's tilted away from her, that would be much better. 01:48:29 01:48:30 01:48:36

MR. PEREZ: Just for the record, this is not something that she would be able to see this angle. 01:48:38 01:48:41

THE WITNESS: You can come sit here if you 01:48:44

want. 01:48:46

MR. PEREZ: This is not intentional. It's just the way I work and I lay my hands on the laptop, but there is absolutely zero attempt -- and I want the record to reflect that -- to show her anything that I'm writing. 01:48:46 01:48:48 01:48:54 01:48:58 01:49:01

And that being said, I will put at a 90-degree angle to me, perpendicular to me, so that we can move on to the substance of her testimony. 01:49:02 01:49:09 01:49:13

MS. CHEN: Okay. I appreciate that. 01:49:16

MR. PEREZ: Yeah, not a problem. 01:49:17

THE WITNESS: May I ask why that came up now? Because I feel like it's been the same setup the whole time. 01:49:18 01:49:20 01:49:23

MS. CHEN: It's possible the I only noticed it now because I was focused on my questions and your testimony. 01:49:24 01:49:25 01:49:28

THE WITNESS: Is there something else you want me to do so we don't have to go into that again? Do you want me to move or locate? I don't need to sit right next to him. 01:49:29 01:49:31 01:49:34 01:49:37

MS. CHEN: We're all good. 01:49:42

THE WITNESS: There is also video showing where my eyes have been this whole time. So you're welcome to reference the video as well. 01:49:44 01:49:46 01:49:50

MR. PEREZ: No further questions, Counsel. 06:41:26
THE VIDEOGRAPHER: We can end this deposition but stay on the record. I would like to designate the whole transcript highly confidential. 06:41:29 06:41:30 06:41:32
MR. PEREZ: Counsel, by default it's highly confidential for 10 days under section AB of the protective order. 06:41:37 06:41:40 06:41:45
That become said, we do not consent to the portions, the graphic testimony that she gave, being highly confidential or confidential. Everything is going to be made public. It's her statement. If your client fears these statements, then there's a way we can resolve this. Not by preventing her from having a voice. There is no reason to have this under Section 11 of the protective order be deemed highly confidential unless someone's safety is at issue. 06:41:46 06:41:50 06:41:54 06:41:58 06:42:04 06:42:09 06:42:14 06:42:21 06:42:26
That being said, that being said, if my client, whose home was ransacked, who suffered a home invasion, who was raped, feels that she may be in danger, then I will agree with you on that and we have a number of days after we receive the transcript to make that designation, but there is no reason to do that. 06:42:31 06:42:34 06:42:38 06:42:42 06:42:46 06:42:49 06:42:52
And your client, if you articulate a reason why his safety is in jeopardy if we designate the 06:42:53 06:42:58

entire testimony regarding the rape, I will consider it. We can talk about it after I get the transcript, but not now. As it stands I think what we can -- we are safe with accepting that by default it's confidential for 10 days under 8(b). 06:43:02 06:43:07 06:43:11 06:43:16 06:43:18

MS. CHEN: What are you referring to in 8(b)? 06:43:30 06:43:31

MR. PEREZ: I believe it's Section 8(b) of the protective order. 06:43:32 06:43:34

MS. CHEN: So under 8(b), all depositions shall be treated as highly confidential until the expiration of the tenth business day after counsel receives a copy of the final transcript. 06:43:40 06:43:42 06:43:46 06:43:49

MR. PEREZ: Correct, counsel. 06:43:52

MS. CHEN: And you agree to abide by that. 06:43:54

MR. PEREZ: I've never said that I'm not agreeing -- that's exactly -- I believe you weren't aware of that, so I made the record clear, we don't have to consent. We have 10 days. And once we receive that transcript, we will argue that there is no need for Annie's voice to be suppressed. 06:43:57 06:44:00 06:44:02 06:44:05 06:44:08 06:44:14

MS. CHEN: Well, we can discuss that. 06:44:18

MR. PEREZ: I'll be more than happy to. 06:44:20

MS. CHEN: We can go off the record. 06:44:23

THE VIDEOGRAPHER: The time is 6:44 p.m., we 06:44:24

are now off the record. 06:44:27

(Deposition concluded at 6:44 P.M. ) 06:44:28

W I T N E S S C E R T I F I C A T E

I, ANN ALTMAN, hereby certify that I have read the foregoing typewritten pages 1 through 323, inclusive, and corrections, if any, were noted by me, and the same is a true and correct transcript of my testimony.

Dated this August 24, 2026.

________________________________________

ANN ALTMAN

Signed before me this _____ day of ___________________, 2026.

_________________________________________

Altman v. Altman, Case No. 4:25-cv-00017-ZMB
08/18/2026, Lynann Nicely

C E R T I F I C A T E

STATE OF HAWAII )
) SS.
COUNTY OF MAUI )

I, LYNANN NICELY, do hereby certify:

That on August 18, 2026, appeared before me the witness whose deposition is contained herein; that prior to being examined he/she was by me duly sworn or affirmed pursuant to Act 110 of the 2010 Session of the Hawaii State Legislature.

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewritten form under my supervision; that the foregoing represents, to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

That pursuant to Rule 30(e) of the Hawaii Rules of Civil Procedure, a request for an opportunity to review and make changes to the transcript:

Xanax Was made by the deponent or a party (and/or their attorney) prior to the completion of the deposition.

Was not made by the deponent or a party (and/or their attorney) prior to the completion of the deposition.

Was waived.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

DATED this 24th day of August, 2026, in Maui, Hawaii.

LYNANN NICELY, RPR, RMR, CRR
Hawaii CSR 354

SANTOS A. PEREZ
Sperez@Njlawcounsel.com

August 25, 2026

RE: Altman, Ann v. Altman, Samuel

8/18/2026, Ann Altman (#8370294)

The above-referenced transcript is available for review.

Within the applicable timeframe, the witness should read the testimony to verify its accuracy. If there are any changes, the witness should note those with the reason, on the attached Errata Sheet.

The witness should sign the Acknowledgment of Deponent and Errata and return to the deposing attorney. Copies should be sent to all counsel, and to Veritext at (production-ca@veritext.com).

Return completed errata within 30 days from receipt of testimony.

If the witness fails to do so within the time allotted, the transcript may be used as if signed.

Yours,

Veritext Legal Solutions