UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-17-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Sam Altman's Motion to Dismiss. Doc. 109. Over the past six months, Plaintiff Ann Altman has refused to appear for an independent medical examination ("IME") despite accommodations and multiple opportunities to do so, ignored other discovery obligations, caused delays that required modifications to the case-management order, and failed to meaningfully prosecute her case—willfully violating multiple court orders along the way. The Court has repeatedly warned Annie that her failure to appear for a court-ordered IME would result in the dismissal of her case with prejudice and that any further discovery violations could lead to the same result. *See* Docs. 132, 135, 149. Because Annie has continued to violate her discovery obligations and forced this case to a halt through her intransigence, the Court has run out of options and, thus, dismisses her claims with prejudice. Additionally, the Court grants Sam's conditional request to dismiss his counterclaims without prejudice. Doc. 150 at 2. Finally, the Court denies all pending motions related to the substantive claims as moot, *see* Docs. 55, 141, and it will address the remaining procedural motions by separate order, *see* Docs. 143, 151, 155, 158.

## BACKGROUND

Annie's repeated failures to engage in the discovery process are well documented at this point. To summarize the high points, Annie failed to appear for an IME on three separate occasions in contravention of court orders. Doc. 88, 104, 132. She failed to verify interrogatories, produce documents, sign record authorizations, and identify medical providers even after promising to do so. *See* Docs. 80, 109, 132, 137. And she even failed to timely disclose experts or complete her own discovery. Doc. 88. Annie's discovery deficiencies and willful violations of this Court's orders have required four informal conferences and a hearing, *see* Docs. 61, 63, 80, 88, 132, in addition to three new scheduling orders that necessitated resetting trial, *see* Docs. 43, 47, 88, 89, 135. And by every indication, the disruptions and delays would have continued so long as the Court allowed the case to proceed. *See* Docs. 59, 69, 84, 85, 105, 132, 137, 148.

In April 2026, after her original attorneys moved to withdraw, *see* Docs. 57, 58, Annie requested additional time to respond to Sam's Motion to Strike and amended counterclaims, as well as to complete overdue discovery, Doc. 59. Over Sam's objection, the Court gave Annie several weeks to decide whether to represent herself or find a new attorney and more than a month to meet her deadlines. Doc. 62. During a subsequent status conference, Annie confirmed that she was seeking substitute counsel and, in the meantime, would rather represent herself than have her original counsel continue on the case. Doc. 63. The Court provided Annie with guidelines for proceeding *pro se* and specifically explained that she must comply with discovery obligations. *Id.* Annie confirmed her understanding and committed to meeting all deadlines in this case. *Id.*

Annie later reneged on this commitment. *See* Doc. 69. She requested another extension for overdue discovery, premised on a six-week recovery time from an elective surgery that she scheduled despite being fully aware of her obligations in this case. *Id*. The Court ultimately denied

her request, largely because Sam agreed to delay her deposition and IME and to hold them both in Hawaii for Annie's convenience. *See* Docs. 71, 72. But the Court cautioned Annie that she "must work diligently to meet the discovery-completion date of October 23, 2026, . . . *as that deadline will not be extended absent the requisite showing of good cause*." Doc. 72 (emphasis added).

At the start of August, the Court held another discovery conference due to Annie's refusal to work with opposing counsel to resolve discovery disputes. *See* Docs. 74–76, 78–80. The Court again reminded Annie of her obligation to meet all deadlines and warned her that she may face sanctions if she failed to do so or if she failed to attend her deposition on August 17. *Id.* Further, the Court addressed Annie's outstanding discovery obligations, which she acknowledged, and ordered her to either respond to all pending requests or assert a valid legal objection. *Id.*

Four days later, Annie retained new counsel and notified the Court that she "cannot logistically comply" with the August 10 document production deadline, the August 17 deposition date, or the August IME. Doc. 84; Doc. 137 at 10. On August 20, Annie asked the Court to hold another discovery conference to discuss a discovery extension and the timing and scope of the upcoming IME. Doc. 85. To allow for a ruling before the IME, the Court held a conference the next day. Doc. 86. Sam consented to Annie's untimely disclosure of experts in exchange for her agreement to an IME without a Rule 35 order and to abide by the October 23 discovery deadline. Doc. 88; *see also* Doc. 89 (joint stipulation memorializing this agreement). Despite these assurances, Annie knowingly failed to appear for the September 16 IME. *See* Doc. 137 at 29–31. Additionally, Annie still refused to produce court-ordered discovery that was due on August 10.[1] *See Id.* at 54–57. In response, Sam moved to dismiss the case with prejudice. Doc. 109.

[1] In fact, as of October 16, Annie still had not complied with these discovery obligations. *See* Doc. 150 at 7.

Given that the prior informal discovery conferences proved fruitless, the Court set a formal discovery hearing to address Sam's motion to dismiss, the missed IME, and other discovery disputes. *See* Docs. 105, 117, 133. At the hearing, the Court chronicled Annie's missed deadlines, discovery failures, disregard for court orders, and other deficiencies that required its intervention. *See* Doc. 137 at 5–17, 54–57. The Court also made findings that Annie's conduct to date amounted to "a pattern of intentional delay" and that her "explanations or excuses" were not credible. *Id.* at 67–68. Ultimately, though, the Court endeavored to give Annie one last chance and took Sam's motion to dismiss under advisement pending an IME to be completed by October 16. *Id.* at 66–67. As further encouragement, the Court granted Annie multiple accommodations to address concerns she raised about the IME, including the presence of a female nurse, the option of traveling to Boston instead of St. Louis, and ensuring she could knit. *Id.* at 24, 83–84. But the Court also cautioned—repeatedly—that Annie's failure to attend the IME would "result in the dismissal of this case with prejudice" and that any other discovery violations would "likely lead to the same result."[2] Doc. 132; *see also* Doc. 137 at 40, 60–61, 63, 67, 73, 74, 85. And to ensure that Annie understood these potential consequences, the Court directed her attorney to file a post-hearing notice confirming that she had "been advised that her failure to attend the re-scheduled defense IME on or before October 16, 2026, will result in dismissal with prejudice of her case." Doc. 129.

Shortly after the conference, the Court issued its Fourth Amended Case Management Order because Annie's dilatory conduct effectively compelled the Court to extend discovery and reset trial despite numerous warnings that it would not do so. Doc. 135. The new CMO explicitly ordered Annie to attend an in-person IME no later than October 16 and again warned her that any failure in that regard would "result in the dismissal of her case with prejudice." *Id.* at 2. The CMO further ordered Annie to comply with "all other outstanding discovery requests, including completing production of responsive materials and verifying responses" by the same date. *Id.* at 1.

[2] In other words, the Court warned Annie that, "at best, she is on thin ice" and that further discovery transgressions would result in dismissal. Doc. 137 at 66 (quoting *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1221 (8th Cir. 1998)).

In disregard of these warnings, and despite repeated requests to do so, Annie has since refused to work with her attorney and Sam's counsel to schedule an IME or produce outstanding discovery. Doc. 150 at 1; Doc. 152 ¶¶ 5, 15; *see also* Doc. 152-3 at 1. The October 16 deadline has passed without Annie making any effort to comply with either of these court-ordered obligations. The Court now takes up Sam's Motion to Dismiss, as supplemented by these recent developments.

## DISCUSSION

### I. Dismissal of Annie's Claims with Prejudice

The Court has made every effort to allow Annie to litigate her claims despite repeated setbacks, but every new accommodation has been met with further contumacious conduct. Annie was warned about the consequences of failing to attend her IME and complete outstanding discovery in unequivocal terms. Yet she willfully failed to adhere to these court-ordered obligations. Annie also has demonstrated an unwillingness to meaningfully prosecute even her own case. As such, Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b) offer independent grounds to dismiss Annie's claims given her deliberate misconduct in litigating this case.

#### ***a. Rule 37(b)(2)***

"Rule 37(b) authorizes sanctions for failure to comply with discovery orders," and district courts have "wide discretion" in fashioning the appropriate penalty. *Cincinnati Ins. Co. v. Jacob Rieger & Co.*, 58 F.4th 386 (8th Cir. 2023) (citation omitted). That discretion is not unfettered, however, as Rule 37 "require[es] that the sanction be just and that it be specifically related to the claim at issue in the discovery order." *Gleghorn v. Melton*, 195 F. App'x 535, 537 (8th Cir. 2006) (citation omitted). Because dismissal is a harsh sanction, it is appropriate only when there is "(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice to the other

party." *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (citation omitted). Additionally, a court must consider whether a less extreme sanction than dismissal is sufficient, "*unless* the party's failure was deliberate or in bad faith." *Id.* (quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)).

As detailed above, the Court finds that Annie has willfully disobeyed several court orders by failing to complete outstanding discovery responses by August 10, failing to appear for the September 16 IME despite her stipulation, and failing to complete an IME before the October 16 deadline. Together, her conduct constitutes a willful disregard for the Court's orders. Additionally, Sam has suffered prejudice as a result of Annie's actions. *See Lemair v. Monster Energy Co.*, 2018 WL 5091604, *3 (W.D. Ark Oct. 18, 2018) (finding prejudice where plaintiff deliberately violated a court order by refusing to undergo testing related to a medical condition at issue). Even after extending his discovery deadline due to Annie's previous obstructionism, discovery closes in a few weeks, and there is no real chance it can be completed now because the IME is necessary before Sam can pursue other issues. *See* Doc. 137 at 55–57. Particularly given the nature of this case, Sam has an interest in having the claims resolved—expeditiously and on the merits—whatever the ultimate outcome. Because that is no longer possible and because Annie has willfully violated court orders, dismissal is appropriate.

***b. Rule 41(b)***

Dismissal is also warranted under Rule 41(b) due to Annie's failure to prosecute her case. While "an extreme sanction," dismissal is appropriate when there has been "continued or persistent failure to prosecute a claim." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (2008) (citations omitted). Under Rule 41(b), dismissal with prejudice is appropriate "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Ribas v. Besler*, No. 4:25-CV-570-CDP, 2026 WL 1429228, at *3 (E.D. Mo. May 21, 2026) (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). Rule 41(b) does not require a finding of bad faith, "only that [the party] acted intentionally as opposed to accidentally or involuntarily." *Hunt*, 203 F.3d at 527 (citation omitted).

In addition to the litany of discovery deficiencies detailed above, Annie also has failed to advance her own case. While some of her extension requests may be understandable in isolation, at this point, it is clear that Annie has sought to intentionally delay this case. After her original attorneys moved to withdraw, the Court made it clear that Annie would be expected to complete discovery by the October 23 deadline whether she found substitute counsel or represented herself. Doc. 63. Nonetheless, Annie prioritized an elective ankle surgery and has since used the surgery as an excuse for her inability to meet her deadlines. *See* Doc. 69. Annie again requested an extension in August, this time for three months, upon the entry of her new counsel despite knowing that the Court expected her to proceed with discovery even if she elected to represent herself. *See* Docs. 84, 85. Nonetheless, at a subsequent discovery conference, the Court allowed Annie to untimely disclose her experts. *See* Doc. 88. But that was not enough. Annie yet again asked for more time a few weeks later, this time citing a need to investigate a text message disclosed no later than 2025. *See* Doc. 105 at 2. And despite her own deficiencies, Annie pressed for more time to

conduct discovery at the October 2 hearing related to her own expert, *see* Doc. 137 at 72–75, and she renewed that request a few days later, Doc. 141 at 1–2. Thus, even apart from her outstanding discovery obligations to Sam, Annie has failed to prosecute her own case.

In sum, the record before the Court more than warrants dismissal. Annie's repeated failures to abide by this Court's orders and meet discovery obligations make it clear that she has engaged in willful obstructionism that has prevented even her own claims from advancing. Moreover, Annie's repeated and consistent failures have prejudiced Sam's ability to mount a defense or have his day in court. Thus, either Rule 37 or Rule 41 independently warrant the sanction of dismissal with prejudice.

## II. Dismissal of Sam's Counterclaims and Other Housekeeping

Along with seeking the dismissal of Annie's claims, Sam has asked the Court to dismiss his counterclaims without prejudice. Doc. 150 at 2. Because Annie has answered, *see* Doc. 83, Sam's counterclaims may be dismissed only by court order, *see* FED. R. CIV. P. 41(a)(2) and (c). "When deciding whether to grant a motion for voluntary dismissal, the district court should consider . . . whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017) (citations omitted). Here, the relevant factors weigh heavily in favor of dismissal. Annie would not be prejudiced by dismissal, as she "ha[s] not invested significant effort and expense in defending [Sam's] counterclaims" independent from the effort and expenses of pursing her own claims. *See New Century Health Quality Alliance v. Humana Health Plan*, 2005 WL 2739272, at *3 (W.D. Mo. Oct. 24, 2005). In fact, she will be spared both significant litigation costs and potential

liability. And beyond the parties' collective interest, dismissal would minimize any further waste of judicial time and effort. Thus, the Court grants Sam's request.[3]

Additionally, because the Court has dismissed all relevant claims, Sam's motion to strike and Annie's motion for yet another discovery hearing are now moot. Doc. 55, 141. Sam has also requested attorneys' fees and costs in opposing Annie's discovery motion. Doc. 141 at 3. While such an award otherwise would be justified for the reasons outlined in his memorandum, the Court finds that the dismissal of Annie's claims with prejudice is a sufficient sanction and, therefore, denies his request. *See* Doc. 141.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant Samuel Altman's [109] Motion to Dismiss Plaintiff Ann Altman's claims with prejudice and his [150] conditional request to dismiss his counterclaims without prejudice. Further, the Court **DENIES** as moot Sam's [55] Motion to Strike and Annie's [141] Motion Requesting a Conference Concerning Discovery Issues. A separate Order of Dismissal will follow.

So ordered this 19th day of October 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

[3] The Court will address the remaining procedural motions in a separate order.