IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Ann Altman<br>PLAINTIFF<br><br>V.<br><br>Sam Altman<br>DEFENDANT | Civil Action<br><br>NO. 4:25-cv-00017-ZMB<br><br>Hon. Zachary M. Bluestone, USDJ<br><br>**NOTICE REGARDING DISCOVERY PURSUANT TO DKT. No. 162** |

Your Honor:

The undersigned hereby submits, as per this Court's directive at Dkt. No 162, the enclosed list of discovery in plaintiff's possession with accompanying declaration.

Respectfully submitted.

*/s/ Santos A. Perez, Esq.*
THE PEREZ LAW FIRM
sperez@njlawcounsel.com
***Withdrawing Attorney for Plaintiff***
***Pro Hac Vice***

DATED: October 23, 2026

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Ann Altman<br>PLAINTIFF<br><br>v.<br><br>Sam Altman<br>DEFENDANT | Civil Action<br><br>NO. 4:25-cv-00017-ZMB<br><br>Hon. Zachary M. Bluestone, USDJ<br><br>**DISCOVERY IN THE POSSESSION OF PLAINTIFF WITH ACCOMPANYING DECLARATION AND DESIGNATIONS** |

# I. DISCOVERY PRODUCED BY PLAINTIFF IN POSSESSION OF COUNSEL

## ORAL AND WRITTEN DISCOVERY PRODUCED BY PLAINTIFF

1. Plaintiff Deposition Transcript and Video of August 18, 2026, received by my office August 26, 2026. This deposition, with the exception of the first forty minutes, was designated as confidential by non-producing party, defendant, on August 29, 2026.[1] Perez Dec Oct 23, 2026, ¶3.

2. Plaintiff Ann Altman medical records for nearly or over one dozen providers. Plaintiff voluntarily signed multiple authorizations to permit

[1] In that August 29, 2026 missive, defendants, who are a non-producing party, also designated plaintiff's initial disclosures and interrogatories as confidential. While this Court on October 2, 2026, amended the protective order to allow defendants to designate plaintiff's deposition, the Court did not expressly in its ruling allow defendants to designate her *written* discovery.

defendants to obtain these records by subpoena.[2] Perez Dec Oct 23, 2026, ¶4.

3. Deposition Transcript dated September 18, 2026 of Dr. Tigist Mammo, M.D, received on Sept 22, 2026. Plaintiff is the producing party, having executed a medical authorization. Defendants by letter dated October 5th, 2026 designated this deposition as confidential in potential violation of the protective order.[3] Perez Dec Oct 23, 2026, ¶5/

4. September 12, 2025 Verified Interrogatory Responses, Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories. Perez Dec Oct 23, 2026, ¶6.

5. January 16, 2026 Verified Interrogatory Responses, Plaintiff's Second Supplemental Answers And Objections To Defendant's First Set Of Interrogatories. Perez Dec Oct 23, 2026, ¶7.

---

[2] These authorizations were also used to obtain *updated* medical records as well as to secure the provider depositions. In a letter dated September 23, 2026, defendants thus acknowledged that they had, *ex parte*, previously obtained updated records from provider Dr. Mammo with plaintiff's authorization. Although the records were promptly forwarded to my office upon receipt, they did not include the ex parte communications, which were forwarded to my office days later on Sept 23 after further inquiry. **These updated records are in the possession of plaintiff's counsel** and, to my knowledge, have not been designated as confidential by either party.

[3] They have similarly designated all of plaintiff providers' depositions (e.g. Spates, Tyrrell, Tee, Ishida, Kreusser) as confidential by separate correspondence. **The undersigned attended these depositions and is not in receipt of the corresponding transcripts.** *As to their designation, this Court's October 2, 2026 bench ruling amending the protective order did not expressly amend ¶19 of the protective order, which vests in plaintiff with the authority to disclose her "own Discovery Material", e.g. her medical records and provider depositions which plaintiff controls by virtue of medical authorizations that* ***do not expressly grant the recipient of records or testimony with the power to designate****.*

6. August 11, 2026 8-page Verified Interrogatory Responses to Defendant's June 23, 2026 8-page Deficiency letter. Perez Dec Oct 23, 2026, ¶8.

7. August 14, 2026, 13-page Verified Interrogatory Responses to June 2, 2026 24-page Deficiency letter. Perez Dec Oct 23, 2026, ¶9.

8. October 9th, 2026 plaintiff interrogatory supplemental verified response formally verifying two new providers. See Kravis Dec Dkt. No 152-5, Dated 10/16/2026, Exhibit 5 (October 9th, 2026 Verified Plaintiff Response).[4] Perez Dec Oct 23, 2026, ¶10.

## PLAINTIFF DOCUMENT PRODUCTIONS

9. **Over 5,358 pages of documents produced** during discovery by plaintiff are in the possession of counsel:[5] Perez Dec Oct 23, 2026, ¶11.

[SEE TABLE NEXT PAGE]

[4] One of these providers had been disclosed by my office one week prior, but not verified, and the other provider had been previously identified by defendants themselves circa March 2026, but never verified in a response. On October 9, 2026, plaintiff signed a verified response to interrogatories formally disclosing these two providers, one of whom was "new" to defendants.

[5] Plaintiff also voluntarily produced the entirety of her digital files from her phone and email, which are currently hosted by LexBe, and are in the possession of counsel. These records were used for document productions by plaintiff.

| Date | Production Name | Bates Number Range | Page Count |
|---|---|---|---|
| 9/19/2025 | Plaintiff Production 09/19/2025 | PLAINTIFF 000901 - PLAINTIFF 004137 | 3,237 pages |
| 1/28/2026 | Plaintiff Production 01/28/2026 | PLAINTIFF 004138 - PLAINTIFF 004595 | 458 pages |
| 2/27/2026 | Plaintiff Production 02/27/2026 | CONFIDENTIAL - PLAINTIFF 004596 - CONFIDENTIAL - PLAINTIFF 005378 | 783 pages |
| 9/2/2026 | Supplemental Production 09-02-2026 | PLAINTIFF 0005379 - PLAINTIFF 0005389 | 11 pages |
| 9/10/2026 | Production 09-10-2026 | PLAINTIFF_0005390 - PLAINTIFF_0005644; PLAINTIFF_0005645 - PLAINTIFF_0005651 | 262 pages |
| 9/16/2026 | Production 09-16-2026 | Plaintiff_0005645 - Plaintiff_0006251 | 607 pages |

TOTAL: **5,358 pages**

## PLAINTIFF'S IME-RELATED DISCOVERY

10. Plaintiff's Forensic Mental Health Assessment And Expert Report by Darsi Beauchamp, Ph.D., LPC, BCBA, LBA, dates of evaluation 8/27/26, 8/31/26, 9/1/26, 9/2/26, 9/6/26. This IME report is currently designated by plaintiff as confidential by virtue of paragraphs 5, 8(d), and 19, of the protective order. Perez Dec Oct 23, 2026, ¶12.

11. As discussed at Dkt. No. 126, Attachment 1, Declaration of April Hu, Esq., ¶8, ten subpoenas that had been inadvertently served on plaintiff expert's educational institutions in non-compliance with the rules were withdrawn on September 22, 2026, and then re-served. The institutions have responded to same, and have produced records which are in the possession of counsel. Perez Dec Oct 23, 2026, ¶13.

12. Raw data, questions and/answers, have been provided by one of the three testing services, are in the possession of counsel, and **are designated as confidential** by virtue of paragraphs 5, 8(d), and 19, of the protective order. Perez Dec Oct 23, 2026, ¶14.

**The foregoing plaintiff's side discovery, in whole or in part, has been designated as confidential by plaintiff and/or defendants,** ***and is subject to plaintiff's discretion under ¶19 of the stipulated protective order as amended on October 2, 2026 to designate as non-confidential.*** [6]

[6] On October 2, 2026, this Court found that to the extent the stipulated protective order did not confer on a non-producing party the authority to designate *deposition testimony* as confidential, the stipulated protective order was amended to confer such authority on non-producing parties. The stipulated protective order, ¶5, had expressly conferred that power only on a producing party, while ¶8 only set forth the *manner* of such designations. ¶19 further gave the producing party control over her own discovery. The October 2, 2026 ruling was limited to depositions and did not expressly confer designation authority as to written discovery by other parties.

## II. DISCOVERY PRODUCED BY DEFENDANT IN POSSESSION OF PLAINTIFF COUNSEL

### WRITTEN AND ORAL DISCOVERY

13. Sam Altman September 21, 2026 Deposition Transcript and Video, received October 6, 2026, designated as confidential by the producing party, defendant, by correspondence dated October 9th, 2026. Perez Dec Oct 23, 2026, ¶15.

14. September 8, 2025, Samuel Altman's Response to Plaintiff's First Set of Interrogatories. Designated as confidential by the producing party. Perez Dec Oct 23, 2026, ¶16.

15. September 8, 2025, Samuel Altman's Response to Plaintiff's First Request for Documents. Designated as confidential by the producing party. Perez Dec Oct 23, 2026, ¶17.

16. February 23, 2026, Defendant's Supplemental Responses to Interrogatories. Designated as confidential by the producing party. Perez Dec Oct 23, 2026, ¶18.

17. September 17, 2026, Defendant Samuel Altman's Responses And Objections To Plaintiff's First Set Of Requests For Admission. Designated as confidential by the producing party. Perez Dec Oct 23, 2026, ¶19.

[CONTINUED NEXT PAGE]

18. October 14, 2026, Samuel Altman's Response to Plaintiff's September 15, 2026 Request for production. Designated as confidential by the producing party.[7] Perez Dec Oct 23, 2026, ¶20.

19. October 14, 2026, Samuel Altman's Response to Plaintiff's September 14, 2026 Request for production. Designated as confidential by the producing party. Perez Dec Oct 23, 2026, ¶21.

## DEFENDANT DOCUMENT PRODUCTIONS

20. March 5, 2026 production, text messages and emails (circa two thousand). Designated as confidential by the producing party. Perez Dec Oct 23, 2026, ¶22.

21. August 25, 2026 Production - Over eight hundred emails. Designated as confidential by the producing party. Perez Dec Oct 23, 2026, ¶23.

22. September 11, 2025 Production - 640 documents, emails. Designated as confidential by the producing party. Perez Dec Oct 23, 2026, ¶24.

---

[7] The October 14, 2026 document request responses, which contained no responsive documents or substantive answers, were forwarded to plaintiff's personal counsel Gras pursuant to paragraph 9(b) of the protective order, which provides that disclosure may be made to "*counsel who represent Parties … and the partners, associates, paralegals, secretaries, clerical, **regular and temporary employees, and service vendors of such counsel** (including outside copying and litigation support services) **who are assisting** with the Litigation.*.". Additionally, plaintiff's personal counsel in a communication expressed his intent to abide by Exhibit A to the protective order.

**The foregoing discovery in possession of plaintiff's counsel has been designated in its entirety as confidential by the producing party, defendant.**

Respectfully submitted.

*/s/ Santos A. Perez, Esq.*
THE PEREZ LAW FIRM
sperez@njlawcounsel.com
***Withdrawing Attorney for Plaintiff***
***Pro Hac Vice***

DATED: October 23, 2026