**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR VACATUR OF DEPOSITION CONFIDENTIALITY DESIGNATIONS AND ALTERNATIVE LIMITED MODIFICATION**

COMES NOW, Plaintiff Ann Altman, through undersigned Counsel, respectfully moves under Fed. R. Civ. P. 7(b) and 26(c), Paragraph 16 of the Protective Order, and the Court's authority over the pending protective-order dispute for an order vacating the challenged confidentiality designations and expressly authorizing Plaintiff and her Counsel to retain, reproduce, and publicly disseminate her entire official August 18, 2026 deposition video. Alternatively, Plaintiff requests release subject to specifically justified redactions and any prospective modification necessary to implement that relief. Dkt. 28 ¶¶ 16, 28; Dkt. 162.

Defendant bears the burden of supporting the challenged designations with particular and specific facts showing particularly serious embarrassment or other concrete harm. The Court must also weigh the hardship that continued confidentiality imposes on Plaintiff. Plaintiff submits that her interest in communicating her own sworn testimony outweighs the harm Defendant has substantiated and supports full release, with specifically justified redactions only as alternative relief.

**Defendant Bears the Burden of Establishing Specific Harm**

1. Defendant's authority to designate testimony does not resolve whether the designation remains justified. Paragraph 16 preserves review and places the burden of establishing a valid designation on the designating party. Because it refers to the pendency of the litigation, Plaintiff also invokes the Court's authority over the protective-order dispute that remains pending under Dkt. 162.

2. Rule 26(c) requires a particular and specific demonstration of fact, rather than stereotyped or conclusory statements. *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Defendant must identify the disclosure at issue, the injury likely to result,

and facts supporting that injury. Calling the testimony personal or embarrassing does not satisfy that burden without the required factual showing.

3. When embarrassment is the asserted basis for protection, Defendant must demonstrate that it would be particularly serious. *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925–26 (8th Cir. 1999). Any alternative claim of harm must likewise be concrete and connected to the material withheld. A designation establishes neither the seriousness of the anticipated embarrassment nor the necessity of protecting the entire designated remainder.

4. Defendant also alleges social-media misconduct, harassment, and anticipated noncompliance. Dkt. 156 at 7–11. Those allegations warrant consideration on their actual evidence. Plaintiff requests findings connecting any demonstrated harm to the material withheld and explaining why narrower safeguards would be inadequate. Prior discovery violations do not independently establish the necessary scope of a nondisclosure restriction.

**<u>Plaintiff's Interest in Her Testimony Outweighs the Hardship Substantiated by Defendant</u>**

5. The good-cause analysis must consider the relative hardship imposed on Plaintiff by continued protection. *General Dynamics*, 481 F.2d at 1212. Plaintiff seeks to communicate her sworn answers in the context of the questions asked. Prior Counsel explained that she wanted her recorded voice heard in response to public challenges to her credibility. Dkt. 137, Oct. 2, 2026 Hr'g Tr. ("Tr.") 78:16–79:3. The recording also preserves the questions and follow-up inquiries posed by Defendant's Counsel, who had the opportunity to probe and challenge Plaintiff's account. That context permits viewers to assess her answers alongside the examination conducted on Defendant's behalf, preserving the benefit of any challenges developed through that questioning. This feature of the recording should inform the assessment of Defendant's

claimed harm from disclosure. A later retelling cannot reproduce the examination's questions, sequence, and recorded answers. Plaintiff submits that her concrete interest in communicating that exchange outweighs reputational concerns that remain unsupported by particular facts.

6. Plaintiff, an adult, chooses disclosure of her own testimony. Her choice bears on the balance concerning her privacy, while other persons' independently supported interests remain subject to protection. The Court should weigh any harm Defendant actually demonstrates against Plaintiff's intended use of the recorded examination and determine whether narrower redactions would adequately address that harm. Full release remains the primary request.

7. Privacy interests may carry less weight when a public person is subject to legitimate public scrutiny. *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 503 (D.S.D. 2009). That persuasive guidance supports assessing the information's public importance alongside the injury claimed. The Court stated that Defendant's identity would not affect its analysis. Tr. 51:4–10. Plaintiff seeks the ordinary fact-specific good-cause inquiry, with prominence considered only as it bears on legitimate scrutiny and demonstrated harm.

**<u>Paragraphs 1 and 19 and the First Amendment Support Plaintiff's Interest</u>**

8. Paragraph 1, titled "Scope," defines both "Discovery Material" and "Producing Party." Discovery Material expressly includes deposition testimony, deposition exhibits, and deposition transcripts; a Producing Party is a party or nonparty providing that material. Paragraph 19 states that the Stipulation "has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose." Dkt. 28 ¶¶ 1, 19. That limitation addresses the Protective Order as a whole. Plaintiff submits that she provides her own sworn testimony under Paragraph 1 and that Paragraph 19 preserves her ability to disclose it.

9. Those provisions should be read together with Paragraph 8, which governs the manner of designation. Subsection 8(b) supplies the procedure for depositions, including designation on the record or by timely written notice; subsection 8(a) addresses designating documents. Dkt. 28 ¶¶ 8(a)–(b). On Plaintiff's reading, that procedural difference does not remove deposition testimony from Paragraph 1's scope or displace Paragraph 19. Subsection 8(b) neither expressly redefines the governing terms nor states an exception to the limitation on the Order's application to a producer's own material.

10. The Court adopted a different construction and alternatively modified the Order orally on October 2. Tr. 76:4–12, 77:1–21. Plaintiff requests reconsideration of that construction in light of Paragraph 1's express definition and, independently, prospective modification based on the asserted harm, relative hardship, and available narrower safeguards. She seeks an express order before disclosure. Any protected information supplied by another producer requires separate consideration.

11. Plaintiff's First Amendment interest in communicating experiences known before discovery supports her request for release. *Cf. Butterworth v. Smith*, 494 U.S. 624, 632–36 (1990). Paragraph 19 expressly excludes a Producing Party's disclosure of its own Discovery Material from the Order, and Paragraph 1 includes deposition testimony within that term. Dkt. No. 28 ¶¶ 1, 19. The Court should weigh Plaintiff's interest in communicating her recorded sworn account against the particular harm Defendant has substantiated. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Plaintiff seeks application of those limits to the recording through an express judicial ruling. Her ability to repeat allegations does not eliminate the distinct expressive value of presenting the questions and her recorded answers in context.

## Any Remaining Protection Should Be Specifically Justified

12. Plaintiff recognizes the distinct standard governing modification of existing protection. See *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 342 (S.D. Iowa 1993). Her accompanying memorandum addresses that standard separately from Paragraph 16's express allocation of the designation burden to Defendant. She requests findings on the actual harm and the scope of any protection necessary to address it.

13. Plaintiff's willingness to disclose her testimony does not waive another person's privacy or establish that the video contains no protected third-party information. Only if full release is denied, Defendant should identify the transcript passages and corresponding video timestamps, the protected interest, the facts establishing harm, and why a narrower redaction would be inadequate. Plaintiff requests release of the balance after review of any disputed intervals, including in camera review if appropriate.

14. The Court should preserve the complete official recording while deciding disclosure and any timely request for review or a stay. Paragraph 28 permits Counsel to retain specified litigation materials and expressly contemplates disclosure of retained materials pursuant to court order. Dkt. 28 ¶ 28, at 15–16. Dkt. 162 separately requires Prior Counsel to retain discovery pending the protective-order ruling. Defendant's proposed three-day destruction requirement should not prevent effective disclosure relief. Dkt. 155 at 2.

## Conclusion

Plaintiff requests vacatur of the challenged designations and express authorization to retain, reproduce, and publicly disseminate the entire official video. Defendant's particularized showing of harm and the balance of relative hardship should determine whether protection remains justified. Paragraphs 1 and 19 and Plaintiff's First Amendment interest further support

the requested relief, with any necessary reconsideration or prospective modification. Alternatively, Plaintiff requests specifically justified redactions and release of the balance. The Court should preserve the complete recording, identify the authorized version and effective release date, and resolve Defendant's destruction request consistently with its disclosure ruling. Plaintiff incorporates her accompanying memorandum and requests coordinated consideration with her response to Dkt. 155.

**Certification of Good Faith Conference**

Plaintiff's Counsel, Laura Politi, conferred with Defense Counsel Thomas Magee, Jonathan Kravis, and Hailyn Chen on October 26, 2026, at 3:45 p.m. by online conference concerning vacatur.

DATED: October 30, 2026

POLITI LAW

/s/ Laura Politi, Esq.

Laura Politi #24140175 (TX) (*pro hac vice*)
Attorney for Plaintiff Ann Altman
Politi Law
PO Box 80093
Austin, Texas 78708
Telephone: 512-402-2869
Email: politi.laura1@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on Friday October 30, 2026, the foregoing was served electronically via ECF on Hailyn Chen, Cordell Brown, April Hu, Miles Unterreiner, Thomas Magee, Jonathan Kravis, Dane Shikman, Adeel Mohammadi, Counsel for Defendant Sam Altman.

/s/ Laura Politi, Esq.