**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR VACATUR OF DEPOSITION CONFIDENTIALITY DESIGNATIONS AND ALTERNATIVE LIMITED MODIFICATION**

**TABLE OF CONTENTS** **Page**

I. INTRODUCTION………………………………………………………………...1

II. FACTUAL BACKGROUND………………………………………………………..1

III. ARGUMENT………………………………………………………………………...2

A. Defendant Must Establish Particularly Serious Embarrassment or Other Concrete Harm……………………………..………………………2

B. Plaintiff's Interest in Using Her Testimony Outweighs The Hardship Substantiated by Defendant ….……………………………..……..4

C. Public Scrutiny Informs the Balance Without Displacing Defendant's Burden………………..……………………………………..…...5

D. Paragraphs 1 and 19 Support Plaintiff's Use of Her Own Testimony…….……6

E. Plaintiff's Speech Interest Supports Release of Her Recorded Testimony.……..7

F. The Court Should Exercise Its Retained Authority to Authorize Release of Plaintiff's Testimony……………………………………9

G. The Court Should Preserve the Recording, Vacate the Confidentiality Designations or, Alternatively, Limit Protection to Specifically Justified Redactions…………………………………………………………...…10

IV. CONCLUSION……………………………………………………………………...11

## I. INTRODUCTION

Plaintiff Ann Altman seeks authorization to release her entire official August 18, 2026 deposition video. The central issue is Defendant's burden under Rule 26(c) and Paragraph 16: he must substantiate the challenged designations through a particular and specific demonstration of fact, rather than stereotyped or conclusory statements. When embarrassment is the asserted injury, it must be particularly serious. Any other asserted harm must be concrete. The Court must also weigh the hardship imposed on Plaintiff by withholding her own sworn testimony. Plaintiff submits that her interest in using that testimony outweighs the hardship Defendant has substantiated.

Paragraphs 1 and 19 and Plaintiff's First Amendment interest reinforce that assessment. The Court should evaluate Defendant's claimed privacy, harassment, and compliance concerns against the actual material and Plaintiff's intended use. Dkt. 156 at 7–11. Plaintiff seeks full release, with specifically justified redactions only as alternative relief.

## II. FACTUAL BACKGROUND

Discovery in this action is governed by the stipulated Protective Order, Dkt. 28. The present dispute concerns Plaintiff's official August 18, 2026 deposition video. At the October 2 hearing, prior Counsel described the examination as an eight-hour deposition. Dkt. 137, Oct. 2, 2026 Hr'g Tr. ("Tr.") 24:6–7. Defense Counsel placed the confidentiality cutoff around minute 42 and stated that publication of the approximately 41½-minute opening did not violate the Protective Order. Tr. 50:3–15.

The Court construed the Protective Order to permit Defendant to designate Plaintiff's deposition testimony and alternatively modified the Order orally to confer that authority. Tr.

76:4–12, 77:1–21. Prior Counsel explained that Plaintiff wanted her recorded voice heard in response to public challenges to her credibility. Tr. 78:16–79:3.

Defendant seeks modification of the Protective Order's post-dismissal provisions, including destruction of protected discovery and certification within three days of dismissal, together with destruction of any independent recordings Plaintiff's Prior Counsel may have made. Dkt. 155 at 2; Dkt. 156 at 12–13. Defendant's memorandum cites certain social-media activity, prior discovery disputes, and Prior Counsel's statements as grounds for concern about dissemination. Dkt. 156 at 5–11. Plaintiff seeks resolution of the confidentiality dispute through an express Court order authorizing release of her testimony, with specifically justified redactions as alternative relief.

Following dismissal, the Court continued the Protective Order, set briefing on Defendant's motion, and required Prior Counsel to retain discovery until the protective-order ruling. Dkts. 161–162. Plaintiff seeks an express ruling authorizing disclosure through that continuing proceeding.

## III. ARGUMENT

### A. Defendant Must Establish Particularly Serious Embarrassment or Other Concrete Harm

Defendant bears the burden of establishing good cause for the challenged designations. Paragraph 16 expressly leaves that burden with the designating party. Dkt. 28 ¶ 16. Under *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), good cause requires a particular and specific demonstration of fact, rather than stereotyped or conclusory statements. *Heller v. HRB Tax Group, Inc.*, 287 F.R.D. 483, 486 (E.D. Mo. 2012),

likewise requires specific prejudice or harm. Defendant must identify what disclosure would cause injury, the injury anticipated, and the facts supporting its likelihood and severity.

Where Defendant relies on embarrassment to justify continued confidentiality, he must demonstrate that the embarrassment would be "particularly serious." *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925–26 (8th Cir. 1999); *see also Murphy v. Kmart Corp.*, 255 F.R.D. 497, 503 (D.S.D. 2009). Generalized concerns about public criticism or descriptions of allegations as personal or embarrassing do not substitute for specific facts establishing that degree of harm. A different asserted injury, such as harassment, must likewise be supported by concrete facts and connected to the restriction sought.

*Misc. Docket Matter No. 1* upheld protection of a nonparty against limited-relevance or duplicative discovery on a record supporting harassment and serious embarrassment. 197 F.3d at 925–26. Its result turns on the demonstrated harm and context. Here, the adult deponent seeks release of testimony already given. That distinction matters to her privacy interest, although it does not waive an independently supported interest of Defendant or a nonparty.

Paragraphs 5 and 8(b) of the Protective Order permit good-faith designations and prescribe the manner of designating deposition testimony, including an entire transcript. Paragraph 16 preserves substantive review. Dkt. 28 ¶¶ 5, 8(b), 16. Neither procedural authority to designate nor the October 2 ruling allowing Defendant to do so establishes that every designated passage satisfies the good-cause standard.

Defendant's allegations of harassment and noncompliance require consideration on their actual evidence. Dkt. 156 at 5–11. Plaintiff requests evaluation of their actual significance. Defendant's evidence must establish the connection between the asserted risk and the scope of

protection. A supported concern about identifying information may justify a specific redaction. It does not, without further explanation, establish the need to withhold all designated testimony or destroy the official recording. Plaintiff submits that the cited publicity and compliance concerns do not carry Defendant's burden unless he sufficiently establishes that connection and explains why narrower safeguards would be inadequate.

The designation's breadth makes that inquiry consequential. The Court should use the official recording and actual designation materials to identify the protected intervals and assess the scope of any restraint.

### B. <u>Plaintiff's Interest in Using Her Testimony Outweighs The Hardship Substantiated by Defendant</u>

*General Dynamics* also requires consideration of the relative hardship protection imposes on the party opposing it. 481 F.2d at 1212. The Court should weigh the injury Defendant establishes against Plaintiff's concrete interest in using her own testimony. Plaintiff submits that her interest outweighs the hardship substantiated by Defendant and supports release of the recording.

Continued confidentiality prevents Plaintiff from communicating the official record of her examination. Defendant acknowledges that she may discuss the allegations themselves. Dkt. 156 at 11 n.3. Her intended use is more specific: she seeks to present the questions asked, her sworn answers, and the sequence of the examination in response to public challenges to her credibility. Prior Counsel explained that purpose at the hearing. Tr. 78:16–79:3. The recording also preserves the questions and follow-up inquiries posed by Defendant's Counsel, who had the opportunity to probe and challenge Plaintiff's account. Disclosure would permit viewers to evaluate her answers alongside that questioning, preserving the benefit of any challenges developed through the Defense's examination. The Court should consider that context when

assessing Defendant's claimed harm from disclosure. A later retelling cannot reproduce the recorded exchange. Plaintiff submits that her interest in communicating that exchange outweighs reputational concerns unsupported by particular facts.

Plaintiff's voluntary choice to disclose her own testimony also bears on the privacy balance. Protection imposed for her benefit carries different weight when she affirmatively seeks disclosure. Her choice does not determine Defendant's or a nonparty's separate interests. If Defendant demonstrates particularly serious embarrassment or other concrete harm, the Court should assess its nature, likelihood, severity, and scope against Plaintiff's intended use and consider whether specific redactions can protect that interest while permitting the balance to be released.

## C. Public Scrutiny Informs the Balance Without Displacing Defendant's Burden

*Murphy v. Kmart Corp.*, 255 F.R.D. 497, 503 (D.S.D. 2009), recognizes diminished privacy interests when a public person is subject to legitimate public scrutiny and considers the purpose of disclosure and the public importance of the information. At the hearing, Defense Counsel linked concern about YouTube publication to Defendant's identity. Tr. 50:16–24. The Court responded that Defendant's identity would not enter its analysis. Tr. 51:4–10. Plaintiff seeks application of the ordinary good-cause standard, focused on the information's public importance and the specific harm Defendant must substantiate.

*Shingara v. Skiles*, 420 F.3d 301, 305–08 (3d Cir. 2005), directed vacatur of a broad protective order where concerns about media disclosure lacked adequate factual support. That persuasive reasoning reinforces Plaintiff's position that anticipated publicity alone does not establish good cause to withhold her testimony. Disclosure serves the public interest by allowing informed evaluation of Plaintiff's sworn account alongside the questions posed by Defendant's

Counsel and the public challenges to her credibility. That interest weighs in favor of authorizing release.

### D. <u>Paragraphs 1 and 19 Support Plaintiff's Use of Her Own Testimony</u>

The Protective Order's Paragraph 1, titled "Scope," defines the terms "Discovery Material" and "Producing Party" that govern the Stipulation. Discovery Material expressly includes deposition testimony, deposition exhibits, and deposition transcripts, together with information "produced, given or exchanged." A Producing Party is a party or nonparty providing that material. Dkt. 28 ¶ 1. Plaintiff submits that giving sworn answers constitutes providing deposition testimony within that definition. The scope provision expressly encompasses the testimony she supplies.

Paragraph 19 then provides that the Stipulation "has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose." Dkt. 28 ¶ 19. The text limits application of the Protective Order as a whole to that use or disclosure. Read with Paragraph 1, it supports Plaintiff's position that the Order does not restrict her disclosure of her own sworn testimony. Paragraph 19 separately preserves disclosure of lawfully and independently acquired information otherwise unrestricted. Plaintiff's preexisting knowledge also implicates that provision. Both clauses support her interest in communicating her own account, subject to distinct protection for information supplied by others.

The Order should be read as a whole. Paragraph 1 supplies its scope and definitions; Paragraph 5 addresses designation by a Producing Party; Paragraph 8 prescribes the manner of designation; and Paragraph 19 limits the Stipulation's application to a producer's use of its own material. Dkt. 28 ¶¶ 1, 5, 8, 19. Subsection 8(b) is the deposition-specific part of Paragraph 8. It provides for designation on the record or by timely written notice, while subsection 8(a) provides

methods for marking documents and other materials. That difference addresses how designations are made.

On Plaintiff's reading, subsection 8(b) operates within the Order's defined scope. It does not expressly redefine Producing Party, remove deposition testimony from Discovery Material, or state an exception to Paragraph 19. Giving effect to the separate deposition procedure therefore also requires giving effect to the scope provision and the own-material limitation. Designation procedure and a producer's ability to disclose its own material address distinct questions. This reading leaves protection available for another producer's confidential information appearing in the examination, including exhibits or information that require separate review.

The Court previously read Producing Party differently, reasoning that submitting to a deposition ordinarily differs from producing documents and that depositions have a separate designation provision. It alternatively modified the Order orally to permit Defendant's designation. Tr. 76:4–12, 77:1–21. Plaintiff respectfully asks the Court to reconsider that construction with Paragraph 1's defined terms and Paragraph 19's reservation read together. Independently, she requests prospective modification based on the adequacy of Defendant's showing, relative hardship, and narrower safeguards. The October 2 ruling remains operative until the Court grants relief.

### E. <u>Plaintiff's Speech Interest Supports Release of Her Recorded Testimony</u>

Plaintiff's interest in communicating her sworn account warrants meaningful weight in assessing continued confidentiality. In *Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, Inc.*, 59 F.3d 764, 766 (8th Cir. 1995), the Eighth Circuit reversed restrictions on a party's communications about class litigation because the findings inadequately

supported the restrictions and failed to give sufficient consideration to the party's First Amendment rights. Applying *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981), the Court required specific findings supporting the restriction and careful limits on its interference with speech. That reasoning supports Plaintiff's request for an evidence-based assessment of the need to restrict disclosure of her own testimony.

Discovery-specific authority reinforces the need for substantive justification. In *Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858–59 (7th Cir. 1994), addressing the use of deposition testimony in another proceeding, the Court explained that even an agreed protective order requires an independent determination of good cause. Agreement to confidentiality does not itself establish that the information warrants judicial protection. This supports examining the actual testimony and demonstrated harm when deciding whether the challenged restrictions should continue.

Plaintiff seeks to communicate her sworn answers alongside the questions and follow-up inquiries posed by Defendant's Counsel. The recording permits the public to assess her account as it was examined and challenged, giving concrete expressive value to the requested disclosure. Plaintiff submits that this interest favors release and outweighs concerns unsupported by particular facts. Defendant must substantiate the harm attributed to disclosure and justify the breadth of the restriction sought. The Court should authorize full release or, alternatively, limit any continuing protection to specifically justified redactions.

Defendant relies on *United States v. McDougal*, 103 F.3d 651, 656–59 (8th Cir. 1996), which rejected a press demand to copy President Clinton's criminal-trial deposition video and also upheld denial of access on an alternative discretionary ground. Dkt. 156 at 11–12. That

authority forecloses treating public interest as an automatic entitlement to a court's copy of a recording. Plaintiff instead invokes the Court's power to review and modify a civil discovery restriction at the deponent's request. Defendant must substantiate the challenged confidentiality designations and justify the additional destruction measures he seeks; invoking limits on public access does not satisfy either burden.

Plaintiff seeks express authorization to release her own official deposition video. Paragraph 17 separately governs filing protected materials with the Court, and the Court distinguished discovery confidentiality from the treatment of material submitted for adjudication. Dkt. 28 ¶ 17; Tr. 51:16–52:14. The Court can grant the requested relief while preserving its separate sealing orders. It should authorize release of Plaintiff's recorded testimony and deny Defendant's request to destroy the recording.

### F. The Court Should Exercise Its Retained Authority to Authorize Release of Plaintiff's Testimony

Paragraph 16 refers to objections during the pendency of the litigation. Plaintiff invokes both that procedure and the Court's authority over the Protective-Order dispute remaining before it. Dkt. 162 continued the Order, set briefing on Defendant's motion, and required Prior Counsel to retain discovery until the ruling. The dismissal order does not itself authorize disclosure, and Plaintiff seeks a prospective ruling rather than alteration of the dismissal. Dkts. 161–162.

Plaintiff seeks the designation review expressly preserved by Paragraph 16, which places the burden of establishing confidentiality on Defendant. Dkt. No. 28 ¶ 16. Any necessary modification presents the separate question whether intervening circumstances have eliminated the prejudice supporting existing protection. *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 342 (S.D. Iowa 1993). That inquiry does not establish the validity of each challenged designation.

Plaintiff requests findings tied to the actual testimony and the particular harm Defendant substantiates, with disclosure authorized wherever continued protection lacks the required factual support.

Plaintiff requests review of the challenged designation, reconsideration of the Paragraphs 1 and 19 construction, and any necessary prospective modification. Her request calls for findings identifying the protection still justified by particular and specific facts, rather than conclusory statements, proving particular seriousness, and weighing that protection against the hardship of withholding her testimony. *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973); *Heller v. HRB Tax Group, Inc.*, 287 F.R.D. 483, 486 (E.D. Mo. 2012); *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925–26 (8th Cir. 1999); *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 503 (D.S.D. 2009). The availability of narrower safeguards bears on the scope of relief even where some confidentiality remains warranted.

### G. **The Court Should Preserve the Recording, Vacate the Confidentiality Designations or, Alternatively, Limit Protection to Specifically Justified Redactions**

Paragraph 28 addresses return or destruction after the specified final-disposition and written-request conditions, including exhaustion of appeals. It also permits Counsel to retain court papers, transcripts, and litigation files containing protected discovery. Its final proviso bars disclosure of retained materials except pursuant to court order, producing-party agreement, or law. Dkt. 28 ¶ 28, at 15–16. That language contemplates a later disclosure order; it does not itself authorize public release.

Defendant seeks destruction and certification within three days of dismissal, including official deposition materials, and separately seeks destruction of any independent recordings made by Prior Counsel. Dkt. 155 at 2; Dkt. 156 at 12–13. The Court should preserve the official

recording needed to decide and implement disclosure relief. Plaintiff's request does not establish that any independent recording exists or seek publication of Defendant's deposition.

If the Court declines full release, it should require a precise designation log stating the transcript pages and lines, corresponding video timestamps, protected information or audiovisual feature, supporting facts, and why a narrower redaction would be inadequate. Plaintiff should have an opportunity to respond, with protected submissions handled under Paragraph 17 and disputed intervals reviewed in camera if appropriate. This process would permit findings tied to the actual material.

The review should address any minor identifiers, intimate third-party information, protected exhibits, or material derived from another producer's protected discovery. Paragraph 7 specifically addresses third-party intimate-relationship identities in public filings and open court; the Court should separately specify any corresponding redactions required in a public video. Dkt. 28 ¶¶ 7, 8(d).

**IV. CONCLUSION**

The Court should authorize Plaintiff to release her entire official August 18, 2026 deposition video. Plaintiff seeks to present her sworn account in the context in which Defendant's Counsel examined and challenged it. The recording preserves her answers, the defense's questions, and the sequence of that exchange. Her interest in communicating this record, reinforced by the public interest in evaluating it, weighs in favor of release.

Defendant bears the burden of substantiating the challenged designations with particular facts demonstrating especially serious embarrassment or other concrete harm. Generalized conclusory concerns about publicity and reputation do not establish why the designated

testimony must remain confidential. Paragraph 1 expressly includes deposition testimony within Discovery Material, and Paragraph 19 excludes a Producing Party's disclosure of her own material from the Order's restrictions. Read as a whole, those provisions support Plaintiff's requested disclosure. Her First Amendment interest and the hardship of withholding her recorded testimony further strengthen the case for release.

Plaintiff therefore respectfully requests that the Court vacate the challenged designations and expressly authorize Plaintiff and her Counsel to retain, reproduce, and publicly disseminate the entire official video, granting any necessary reconsideration or prospective modification. Alternatively, redactions should be limited to identified portions supported by specific findings of sufficient good cause. The Court should deny Defendant's requested destruction measures and preserve the complete recording through resolution of this dispute and any timely review.

Defendant must justify withholding Plaintiff's sworn testimony through particular and specific facts, rather than stereotyped or conclusory statements. The Court must also consider the hardship continued protection imposes on Plaintiff. *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Where embarrassment is the asserted injury, Defendant must demonstrate that it would be particularly serious. *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). Plaintiff submits that Defendant has not met said burden and that her concrete interest in communicating her sworn answers, alongside the questions posed by Defendant's Counsel, outweighs the harm he has substantiated.

The Court should vacate the challenged designations and authorize full release.

DATED: October 30, 2026

POLITI LAW

/s/ Laura Politi, Esq.

Laura Politi #24140175 (TX) (*pro hac vice*)
Attorney for Plaintiff Ann Altman
Politi Law
PO Box 80093
Austin, Texas 78708
Telephone: 512-402-2869
Email: politi.laura1@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Friday October 30, 2026, the foregoing was served electronically via ECF on Hailyn Chen, Cordell Brown, April Hu, Miles Unterreiner, Thomas Magee, Jonathan Kravis, Dane Shikman, Adeel Mohammadi, Counsel for Defendant Sam Altman.

/s/ Laura Politi, Esq.