**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY PROTECTIVE ORDER**

COMES NOW, Plaintiff Ann Altman, through undersigned Counsel, responds in opposition to Defendant's Motion to Modify Protective Order (Dkt. No. 155) and respectfully states:

Defendant requests destruction of protected discovery and certification within three days of dismissal, along with an express survival provision. Dkt. No. 155 at 2. The Court should deny accelerated destruction and preserve Plaintiff's complete official deposition recording for resolution of her request for full release.

Plaintiff incorporates her accompanying motion to vacate the confidentiality designations and authorize release, and its supporting memorandum, including its Paragraphs 1 and 19 and First Amendment arguments.

**<u>Defendant Must Justify the Additional Restrictions</u>**

Defendant must establish good cause through particular and specific facts, rather than stereotyped or conclusory statements. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Paragraph 16 leaves the designation burden with Defendant. Dkt. No. 28 ¶ 16. Embarrassment must be particularly serious; other asserted harm must be concrete. *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925–26 (8th Cir. 1999). Defendant must also justify destruction despite existing confidentiality safeguards.

Defendant must connect his publicity and compliance concerns to specific facts justifying the scope of confidentiality and requested destruction. Dkt. No. 156 at 5–11. Defense Counsel acknowledged that publication of the approximately 41½-minute opening excerpt did not violate the Order, and the Court accepted that clarification. Dkt. No. 137, Oct. 2, 2026 Hr'g Tr. at 50:3–15, 75:21–76:3. Plaintiff now seeks judicial authorization before releasing designated material.

*United States v. McDougal*, 103 F.3d 651, 656–59 (8th Cir. 1996), addressed media access to recorded criminal-trial testimony. It does not establish a need to destroy Plaintiff's civil-deposition recording. Defendant must justify the additional protection he requests under Fed. R. Civ. P. 26(c).

**The Protective Order Supports Preservation and Review**

Paragraph 28 of the Protective Order conditions return or destruction on notice of final disposition, including exhaustion of appeals, and a producing party's written request. It provides thirty (30) days, permits return instead of destruction, and authorizes Counsel to retain specified litigation materials. Retained material may be disclosed pursuant to court order, producing-party agreement, or as otherwise required by law. Dkt. No. 28 ¶ 28, at 15–16. Defendant has not justified displacing those safeguards.

The Court has continued the Protective Order pending decision, recognized substitute Counsel's appearance, and directed Prior Counsel to retain discovery. Dkt. No. 162 at 1–2. That posture answers Defendant's prediction that Plaintiff would lack Counsel answerable to the Court after dismissal. Dkt. No. 156 at 10. Continued custody under the Court's restrictions preserves confidentiality and permits effective review of the disclosure request.

In *Rounds v. The Hartford*, cited by Defendant, the Court approved a provision allowing confidentiality challenges that could prevent post-litigation destruction upon good cause. No. 4:20-CV-04010-KES, 2021 WL 3487102 (D.S.D. Aug. 9, 2021) (discussion of proposed Paragraph 12). Here, preservation is necessary to evaluate the designations and implement disclosure relief.

Paragraph 1 defines the Order's scope, includes deposition testimony and transcripts within "Discovery Material," and identifies the provider as a "Producing Party." Paragraph 19

provides that the entire Stipulation "has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose." Dkt. No. 28 ¶¶ 1, 19. Read as a whole, those provisions support Plaintiff's position that she may disclose her own sworn testimony.

Paragraph 8(b)'s deposition-designation procedure should be read consistently with Paragraphs 1 and 19 and remains subject to Paragraph 16 review. Plaintiff's accompanying motion seeks reconsideration of the Court's October 2 construction and alternative oral modification. Dkt. No. 137, Hr'g Tr. at 76:4–12, 77:1–21. Plaintiff will comply pending the decision. Destruction should not precede resolution of that request.

**The Court Should Preserve the Recording for Release**

The Court must weigh the relative hardship to Plaintiff. *Gen. Dynamics*, 481 F.2d at 1212. She seeks to have her recorded voice heard in response to public credibility challenges. Dkt. No. 137, Hr'g Tr. at 78:16–79:3. Including Defense Counsel's questions and follow-up inquiries gives Defendant the benefit of the examination and permits informed public assessment of Plaintiff's sworn answers. A later retelling cannot reproduce that exchange.

Plaintiff chooses disclosure of her own testimony. Her expressive interest and the public interest in evaluating the recorded examination weigh in favor of release. Plaintiff submits that those interests outweigh the harm Defendant has substantiated.

Any survival provision should preserve authorized retention, the Court's disclosure ruling, and further modification. Defendant's request concerning any independent recordings by Prior Counsel should be addressed separately from Plaintiff's official recording. Dkt. No. 156 at 12–13. Plaintiff makes no representation that an independent recording exists.

Full release remains Plaintiff's primary request. Alternatively, Defendant should identify each proposed redaction by transcript passage and video timestamp, sufficiently supported by specific facts. Plaintiff should have an opportunity to respond, with the balance released and the complete original preserved for review.

WHEREFORE, Plaintiff respectfully requests denial of accelerated destruction and certification, preservation of the complete official recording, and coordinated consideration of her accompanying motion for full release. Alternatively, protection should extend only to specifically justified redactions. Defendant must substantiate his asserted harm and justify the restrictions sought. Plaintiff submits that he has not carried that burden. The Court should deny accelerated destruction and authorize release.

DATED: October 30, 2026

POLITI LAW

/s/ Laura Politi, Esq.

Laura Politi #24140175 (TX) (*pro hac vice*)
Attorney for Plaintiff Ann Altman
Politi Law
PO Box 80093
Austin, Texas 78708
Telephone: 512-402-2869
Email: politi.laura1@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on Friday October 30, 2026, the foregoing was served electronically via ECF on Hailyn Chen, Cordell Brown, April Hu, Miles Unterreiner, Thomas Magee, Jonathan Kravis, Dane Shikman, Adeel Mohammadi, Counsel for Defendant Sam Altman.

/s/ Laura Politi, Esq.