**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN ALTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:25-cv-00017-ZMB |
| | ) | |
| SAMUEL ALTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION OF VACATUR OF DEPOSITION CONFIDENTIALITY DESIGNATIONS**

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Plaintiff's Motion Is Untimely and Should Be Denied on That Basis ........ 2

B. Defendant's Confidentiality Designations Are Proper ........ 4

C. Plaintiff Fails to Meet the Standard for Reconsideration of the Court's Prior Ruling on the Confidentiality Designations ........ 5

D. The Good-Cause Inquiry of Rule 26(c) Does Not Apply and Even If It Did, That Test Is Easily Met Here ........ 6

1. The Dispute Does Not Require an Independent Sealing Analysis Under Rule 26(c) ........ 6

2. Even If the Rule 26(c) Good Cause Standard Applies, It Is Easily Met Here ........ 7

3. Maintaining Confidentiality Here Does Not Affect Plaintiff's First Amendment Rights ........ 10

III. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bond v. Utreras*,
585 F.3d 1061 (7th Cir. 2009) ....................8

*Caine v. City of Chicago*,
No. 11 C 8996, 2012 WL 13059125 (N.D. Ill. June 28, 2012) ....................8, 9

*Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*,
No. 3:09–CV–05078–DGK, 2010 WL 3522476 (W.D. Mo. Sept. 2, 2010) ....................5

*Dunne v. Resource Converting, LLC*,
No. 4:16-CV-1351, 2019 WL 1227456 (E.D. Mo. Mar. 15, 2019) ....................5

*General Dynamics Corp. v. Selb Mfg. Co.*,
481 F.2d 1204 (8th Cir. 1973) ....................7

*Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, Inc.*,
59 F.3d 764 (8th Cir. 1995) ....................11

*IDT Corp. v. eBay*,
709 F.3d 1220 (8th Cir. 2013) ....................8, 10

*Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter*,
575 U.S. 650 (2015) ....................2

*Kuether v. Posley*,
No. 23-CV-948, 2025 WL 484533 (E.D. Wis. Feb. 13, 2025) ....................8

*Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*,
197 F.3d 922 (8th Cir. 1999) ....................2, 3, 8, 10

*Murphy v. Kmart Corp.*,
255 F.R.D. 497 (D.S.D. 2009) ....................11

*Norman v. Ark. Dep't of Education*,
79 F.3d 748 (8th Cir. 1996) ....................2

*Poliquin v. Garden Way, Inc.*,
989 F.2d 527 (1st Cir. 1993) ....................8

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20 (1984) ....................3

*Seidl v. Am. Century Companies, Inc.*,
No. 10-4152-CV-W-ODS, 2014 WL 10937513 (W.D. Mo. July 2, 2014) ...............................7

*Stern v. Cosby*,
529 F. Supp. 2d 417 (S.D.N.Y. 2007)..........................................................................9

*United States v. McDougal*,
103 F.3d 651 (8th Cir. 1996) ...........................................................................8, 10

**FEDERAL RULES**

Federal Rule of Civil Procedure 26 .......................................................................... *passim*

## I. INTRODUCTION

After Plaintiff Ann Altman's deposition, the defense timely designated as confidential portions of the deposition transcript discussing highly sensitive (and false) accusations pursuant to the consent protective order entered in this case. Now that the case has been dismissed based on her failure to comply with Court orders concerning discovery, Plaintiff asks the Court to "vacate" those designations so that she can publish her deposition in its entirety. The Court should deny that request as untimely and meritless.

Plaintiff's motion is untimely because the protective order requires challenges to confidentiality designations to be made "[d]uring the pendency of this Litigation." Dkt. No. 28 ¶ 16. That temporal limitation exists because, after a case ends, there is generally no ongoing need for designations to be vacated, since the designated material will no longer be used in litigation.

Plaintiff's motion is meritless because the designations are entirely proper and Plaintiff's reason for challenging the designations—to publish discovery online—is completely improper. The protective order allows either party to designate "any Discovery Material" as "Confidential" if the party believes in good faith that the material "contains non-public, confidential, [or] personal" information. Dkt. No. 28 ¶ 5. The designated deposition testimony clearly meets this standard, and Plaintiff's motion makes no specific argument to the contrary. And because this case is now concluded, the confidentiality designations at issue do not require the Court to rule on a motion to seal any additional materials (other than a request to continue sealing materials already submitted), and so the good-cause standard cited by Plaintiff does not apply to Plaintiff's motion here. The designations at issue unquestionably meet the standard set forth in the protective order, and that alone is enough to resolve Plaintiff's motion.

But even under Rule 26's good-cause standard, the balance of parties' interests favors maintaining the confidentiality of these designations. Courts have repeatedly recognized the harm from unrestricted disclosure of videotaped deposition testimony that can be excerpted into out-of-context clips and spread online. And Plaintiff's motion confirms she has no legitimate ongoing need for vacating the designations now that the case is over. In fact, she admits that the sole purpose of her challenge to the confidentiality designations is to clear the way to publish the deposition video, but it is settled that publicity is not a proper use of discovery. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925–26 (8th Cir. 1999).

## II. ARGUMENT

### A. Plaintiff's Motion Is Untimely and Should Be Denied on That Basis

Plaintiff's motion challenging Defendant's confidentiality designations to her deposition transcript is untimely. Under the terms of the parties' stipulated protective order, any objections to confidentiality designations must be made "[d]uring the pendency of this Litigation." *See* Dkt. No. 28 ¶ 16. The litigation ceased to be "pending" on October 19, 2026, when the Court issued an order dismissing Plaintiff's claims with prejudice based on her repeated refusal to comply with Court orders concerning discovery.[1] Dkt. Nos. 160 & 161; *see also Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter*, 575 U.S. 650, 664 (2015) (holding, under the False Claims Act, that a lawsuit "ceases to be 'pending' once it is dismissed"); *Norman v. Ark. Dep't of Education*, 79 F.3d 748, 751 (8th Cir. 1996) (concluding that a "case was no longer pending"

[1] As part of its dismissal order, this Court granted Plaintiff's request to set a briefing schedule on Defendant's Motion to Modify Protective Order but did not grant her permission to file any other motions, including any further challenges to Defendant's confidentiality designations. *See* Dkt. No. 162.

once the court dismissed it *without* prejudice). Plaintiff filed this motion after dismissal, on October 30. The motion is thus untimely.

The parties included this limitation in the protective order for good reason: once the litigation is no longer "pending," disputes about confidentiality designations are not relevant and therefore there is no reason to allow post-litigation challenges to those designations. As the Eighth Circuit has explained, discovery "is provided *for the sole purpose* of assisting in the preparation and trial, or the settlement, of litigated disputes." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925–26 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)) (emphasis added). The protective order allowed the parties to challenge confidentiality designations while the litigation was pending to remove undue restrictions on the use of discovery *in the litigation*. There is no litigation-related need for a party to challenge a confidentiality designation after a case ends.

Plaintiff had ample opportunity to challenge Defendant's confidentiality designations before her claims were dismissed. Indeed, Plaintiff previously challenged Defendant's *ability* to make confidentiality designations of her deposition at all, but said nothing about the merits of Defendant's designations. At the conclusion of Plaintiff's deposition on August 18, 2026, Plaintiff's counsel announced on the record: "[W]e do not consent to the portions, the graphic testimony that she gave, being highly confidential or confidential. Everything is going to be made public. It's her statement." Dkt. No. 156-2 at 320:8–11. On August 30, nearly two months before the case ended, Defendant sent Plaintiff a letter timely identifying the specific portions of her testimony he was designating confidential pursuant to the protective order.[2]

[2] Contrary to Plaintiff's suggestion in her Motion (*see* Dkt. No. 165 ¶ 13), the defense *has* specifically "identif[ied] the transcript passages" designated as confidential. *See* Chen Decl., Ex. A. Plaintiff's and her counsel's widespread dissemination of one non-confidential portion of her

Declaration of Hailyn J. Chen ("Chen Decl."), Ex. A. Plaintiff's counsel responded that same day arguing that the defense could not designate *any* portion of Plaintiff's deposition transcript as confidential, because (according to Plaintiff's counsel) only the "producing party" could do so. Chen Decl., Ex. B. The dispute was included in a joint discovery brief filed by the parties on September 17, *see* Dkt. No. 105 at 2–3, and at a hearing on October 2, the Court rejected Plaintiff's flawed interpretation of the protective order. *See* Dkt. No. 137 at 76:6–12.

At no point while this dispute was pending did Plaintiff challenge the grounds for the particular defense designations. She offers no explanation for the delay. Having lost her challenge to Defendant's ability to make the designations in the first place, Plaintiff should not be allowed to continue making seriatim challenges beyond the "pendency" of the case.

**B. Defendant's Confidentiality Designations Are Proper**

In addition to being untimely, Plaintiff's challenge to the defense confidentiality designations is also without merit. Paragraph 5 of the protective order allows for the designation of "any Discovery Material" as "Confidential" so long as the material contains "non-public, confidential, proprietary, personal or commercially sensitive information that requires the protections provided in" the order. Dkt. No. 28 ¶ 5. The designated portions of Plaintiff's deposition transcript unquestionably meet this standard—they contain deeply personal, sensitive, and completely untrue allegations about the Defendant. *See* Chen Decl. ¶ 2.

Plaintiff's motion does not dispute that the designated testimony falls within the protective order's definition of "Confidential." Rather, Plaintiff's argument relies on the Rule 26 good-cause inquiry. But the protective order does not say that the Court must engage in a

---

deposition video show that Plaintiff is well aware that Defendant has not designated Plaintiff's entire deposition confidential. Defendant designated only the portions of the deposition that relate to Plaintiff's graphic, inflammatory allegations, leaving more than two hours of testimony undesignated. *Id.* ¶ 2, Ex. A.

renewed Rule 26 good-cause inquiry for any challenged material. Dkt. No. 28. *See infra* Section D.1. The Court should deny Plaintiff's motion as untimely—and, even if it were timely, for failing to show that the designated testimony falls outside the definition of "Confidential."

**C. Plaintiff Fails to Meet the Standard for Reconsideration of the Court's Prior Ruling on the Confidentiality Designations**

The Court has already rejected Plaintiff's arguments for why only *she* has the power to designate portions of her deposition as confidential, *see* Dkt. No. 166 at 6–7, and Plaintiff fails to show that reconsideration is warranted. *See* Dkt. No. 137 at 75–76.

Courts in this Circuit have applied a strict standard for reconsideration of interlocutory discovery rulings: it should be granted "only if the moving party demonstrate[d] (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Dunne v. Resource Converting, LLC*, No. 4:16-CV-1351, 2019 WL 1227456, at *2 (E.D. Mo. Mar. 15, 2019) (quoting *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09–CV–05078–DGK, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010)). On the first prong, as described above, Plaintiff had a "fair opportunity" to raise challenges to the basis of Defendant's confidentiality designations alongside her challenge to his ability to make designations in the first place, and she has offered no explanation at all for why she did not do so. *See supra*, p. 5.

On the second prong, Plaintiff has not attempted to show that the Court's previous decision constituted "significant error." It was not error at all. As Defendant argued previously (Dkt. No. 105 at 3), the totality of the protective order makes clear that "Producing Party" refers to document discovery, not depositions, because deposition testimony, unlike written discovery, is not "produced." Paragraph 8(b) further allows *any* "counsel"—not just counsel for the testifying witness—to designate deposition testimony as confidential "by a statement on the

record." What is more, allowing either side to designate portions of a deposition as confidential furthers the purpose of the protective order: to govern "the production of . . . confidential and sensitive personal . . . information," because the disclosure of that information to third parties "could cause reputational . . . harm." *See* Dkt. No. 105 at 3.

In any event, the Court stated on the record that it was willing to make "adjustments . . . to the protective order," if needed, to allow Defendant to designate portions of Plaintiff's deposition as confidential. Dkt. No. 137 at 76:13–14. Given that the Court was willing to adjust the protective order to allow Defendant to make the challenged confidentiality designations, there can be no "significant error" requiring correction in the Court's earlier conclusion that the protective order already allowed Defendant to make such designations.

### D. <u>The Good-Cause Inquiry of Rule 26(c) Does Not Apply and Even If It Did, That Test Is Easily Met Here</u>

The Court need not consider the good cause standard of Federal Rule of Civil Procedure 26(c), which Plaintiff relies on, as it does not apply. Even if it did, good cause exists to protect Defendant from the "annoyance, embarrassment, [and] oppression" that public disclosure would occasion, and Plaintiff can offer no legitimate countervailing reasons for disclosure, particularly after the case has concluded, that outweigh those considerations.

#### 1. The Dispute Does Not Require an Independent Sealing Analysis Under Rule 26(c)

The Court need not conduct an independent Rule 26(c) good-cause inquiry merely because Defendant designated portions of Plaintiff's deposition as confidential. To be sure, a challenge to the designation of discovery material as confidential pursuant to a protective order may implicate the good cause standard in Federal Rule of Civil Procedure 26(c) in some instances—because the designation would require the parties to ask the court to seal references to the designated material in court filings, for example. In that circumstance, where the

confidentiality designation is the predicate for a request to seal discovery material, a court looks to Rule 26 to determine whether sealing is appropriate. *See, e.g.*, *Seidl v. Am. Century Companies, Inc.*, No. 10-4152-CV-W-ODS, 2014 WL 10937513, at *7 (W.D. Mo. July 2, 2014) (applying Rule 26(c) to determine whether sealing was appropriate pursuant to confidentiality designations).

But that is not the case here. There is no pending or anticipated filing requiring the Court to determine whether Defendant's confidentiality designations justify restricting public access to judicial records. Other than a request to continue sealing materials already submitted, the Court is not expected to need to address future sealing requests. *See* Dkt. Nos. 155, 156. Therefore, there is no need for an independent Rule 26 inquiry to determine if designations made under a blanket protective order are proper. The case is over, so Rule 26 is inapplicable.

**2. Even If the Rule 26(c) Good Cause Standard Applies, It Is Easily Met Here**

Nonetheless, the Rule 26(c) good cause standard is easily met here. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To determine good cause, courts consider the relative hardships to the parties, and weighs the competing interests in disclosure and protection. *General Dynamics Corp. v. Selb Mfg. Co*., 481 F.2d 1204, 1212 (8th Cir. 1973); *see also* Fed. R. Civ. P. 26(c). Here, the highly inflammatory and salacious nature of Plaintiff's (false) allegations, which are the subject of the designated deposition testimony, as well as Plaintiff's demonstrated campaign to harm Defendant's reputation, outweigh her asserted interest in distributing unused discovery after the case has been dismissed. And any hardship this imposes on Plaintiff is negated by the fact that she remains free to share

her own independent account with the public, as she has already done repeatedly, absent the deposition transcript or video.

As the Eighth Circuit has explained, the purpose of discovery is preparation for adjudication, "*not to educate or titillate the public*." *Miscellaneous Docket*, 197 F.3d at 926 (citation omitted) (affirming order quashing a deposition subpoena in the face of potential dissemination of detailed sexual allegations). And the Eighth Circuit has held "as a matter of law that [a deposition] videotape itself is not a judicial record to which the common law right of public access attaches." *United States v. McDougal*, 103 F.3d 651, 656 (8th Cir. 1996). Where, as here, the discovery at issue played no role in the adjudication, courts have afforded no presumption of public access. *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013) (treating public-access interests as minimal where a complaint played a negligible role in adjudication); *see also Bond v. Utreras*, 585 F.3d 1061, 1066 (7th Cir. 2009) (rejecting journalist's claimed public-access entitlement to unfiled discovery after settlement and explaining that Rule 26(c) creates no presumption of public access); *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532–35 (1st Cir. 1993) (upholding protection after settlement for discovery not introduced at trial).

Moreover, courts have protected deposition videos and transcripts from public disclosure under Rule 26(c) where such disclosure would subject a party to "annoyance, embarrassment, or oppression." For example, in *Kuether v. Posley*, No. 23-CV-948, 2025 WL 484533 (E.D. Wis. Feb. 13, 2025), the court restricted a deposition video's dissemination under Rule 26(c) because the deposition would be used to "embarrass and harass the defendants and their counsel." *Id.* at *7. In *Caine v. City of Chicago*, No. 11 C 8996, 2012 WL 13059125 (N.D. Ill. June 28, 2012), the court restricted dissemination of deposition videotapes in part because "[t]he videotaped depositions can be cut and spliced, used as sound bites, and disseminated widely over an array of

media." *Id*. at *2. And in *Stern v. Cosby*, 529 F. Supp. 2d 417 (S.D.N.Y. 2007), the court protected a deposition video and transcript from release because such disclosure would invade the deponent's privacy and aggravate media exploitation. *Id*. at 422–23. In doing so, the court recognized the risk that video could be edited into misleading soundbites. *Id*. And the court reasoned that "[v]ideotaped depositions are permitted to facilitate the presentation of evidence to juries; they are not intended to provide a vehicle for generating content for broadcast and other media." *Id.* (internal quotation and citation omitted).

That is precisely how Plaintiff intends to use the deposition video and transcript—to generate content for social media and other platforms to embarrass and harass Defendant. As detailed in Defendant's motion to modify the protective order, Dkt. No. 156 at 3–6, Plaintiff has engaged in a sustained social media and publicity campaign apparently aimed at damaging Defendant's reputation. The confidentiality designations at issue indisputably concern detailed descriptions of Plaintiff's inflammatory allegations of sexual abuse, all of which Defendant maintains are false. Defendant faces concrete reputational risk from unrestricted disclosure of that detailed testimony, particularly a videotaped deposition that can be excerpted into out-of-context clips and spread online, and on the news, indefinitely. *See Caine*, 2012 WL 13059125, at *2 (noting that "videotape deposition testimony may reach many viewers–especially in isolated clips"). Indeed, Plaintiff's prior counsel recognized the reputation-harming effect of Plaintiff's deposition testimony, as he relied on the prospect of disclosing the "graphic testimony" to try to pressure Defendant to settle this case, telling defense counsel at the close of Plaintiff's deposition, "If your client fears these statements, then there's a way we can resolve this." Dkt. No. 156-2 at 320:8–13).

Plaintiff admits in her motion that her sole reason for challenging the designations is to publish the entire deposition video and her statements to the Court confirm that her goal is to get the public to believe her story. Dkt. No. 166 at 4 ("Disclosure would permit viewers to evaluate her answers . . . ."); Dkt. No. 167 at 3. Her conduct only underscores this stated intent. She has promoted the deposition across numerous platforms, reposted claims that her voice is being blocked, and circulated a Change.org petition for its full release. Dkt. No. 156 at 4. Remarkably, Plaintiff even stated in a recent interview that she "might have not done" her August deposition "if [she] knew [she] would have been blocked" from publishing it. Dkt. No. 168-2 at 13:27. But as the Eighth Circuit has explained, the purpose of discovery is preparation for adjudication, "*not to educate or titillate the public*." *Miscellaneous Docket*, 197 F.3d at 926 (citation omitted) (affirming order quashing a deposition subpoena in the face of potential dissemination of detailed sexual allegations). Plaintiff has offered no legitimate purpose for disclosure that outweighs Defendant's undisputed privacy and harassment concerns.

### 3. Maintaining Confidentiality Here Does Not Affect Plaintiff's First Amendment Rights

Nothing about maintaining confidentiality here encroaches on Plaintiff's First Amendment rights. As discussed above, Eighth Circuit case law holds there is no public right of access to discovery that played no role in an adjudication. *See supra* p. 9; *IDT Corp.*, 709 F.3d at 1224; *McDougal*, 103 F.3d at 656.

Plaintiff can (as she has done extensively) speak publicly about her allegations against Defendant—including on the very same topics she covered in her deposition. Before she even filed suit, Plaintiff made multiple statements across her social media accounts and to reporters about the alleged abuse. *See* Dkt. No. 73 ¶¶ 21–24. She continued that campaign even after filing the lawsuit. *See* Dkt. No. 156 at 5. Even since her claims have been dismissed, Plaintiff

has posted about her allegations on her social media accounts. *See* Chen Decl., Ex. C. In the past week, she has appeared on a YouTube show in which, among other topics, she discussed this lawsuit and the reasons (in her view) that it was dismissed; the video has been viewed over 190,000 times as of this filing. *See* Chen Decl., Ex. D. And a reporter has published a lengthy article about Plaintiff's allegations after speaking with her. *See* Dkt. No. 168-5.

This case is therefore different from *Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, Inc*., 59 F.3d 764, 766 (8th Cir. 1995), upon which Plaintiff relies, in which the court entered an order limiting a party's out-of-court statements about the merits of the lawsuit. Plaintiff is not so limited here. Plaintiff remains free to talk about her (false) allegations publicly. What Plaintiff cannot do is disclose the confidential portions of her deposition transcript and the corresponding video.

Plaintiff argues that she needs to be able to publicize "her sworn answers alongside the questions and follow-up inquiries posed by Defendant's Counsel" so that the public can "assess her account as it was examined and challenged." Dkt. No. 166 at 8. But she cites no case for that proposition. She does cite *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 503 (D.S.D. 2009), for the proposition that privacy interests are "diminished" when a "public person [is] subject to legitimate public scrutiny." *Murphy* is inapposite; it addressed the scope of a corporate representative's deposition, not public release of the deposition. *Id.*

In sum, even if the Court were to re-apply the Rule 26(c) standard here, that standard is easily met. Plaintiff has advanced no legitimate reason for disclosure or demonstrated any hardship that outweighs Defendant's undisputed privacy interests here.

## III. <u>CONCLUSION</u>

Plaintiff's motion should be denied.

DATED: November 13, 2026 MUNGER, TOLLES & OLSON LLP

By: *\/s/ Hailyn J.Chen*

HAILYN J. CHEN #237436(CA) (*pro hac vice*)
hailyn.chen@mto.com
ADEEL MOHAMMADI #343137(CA) (*pro hac vice*)
adeel.mohammadi@mto.com
CORDELL A. BROWN #356447(CA) (*pro hac vice*)
cordell.brown@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

XIAONAN APRIL HU #1684593(DC) (*pro hac vice*)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

DANE P. SHIKMAN #313656(CA) (*pro hac vice*)
dane.shikman@mto.com
MILES W. UNTERREINER #347959(CA) (*pro hac vice*)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

DATED: November 13, 2026 HEPLER BROOM LLC

By: *     /s/ Thomas J.Magee*

THOMAS J. MAGEE #32871(MO)
thomas.magee@heplerbroom.com
HEPLER BROOM LLC
701 Market Street
Suite 1400
St. Louis, MO 63101
Telephone: (314) 480-4212

DATED: November 13, 2026 LIU SHUR KRAVIS LLP

By: *     /s/ Jonathan I. Kravis*

JONATHAN I. KRAVIS #973780(DC) (*pro hac vice*)
jonathan.kravis@lskllp.com
LIU SHUR KRAVIS LLP
607 14th Street N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 13, 2026, the foregoing document was served electronically via ECF on counsel for Plaintiff Ann Altman.

*/s/ Hailyn J. Chen*